| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**FOX ROTHSCHILD LLP**<br>49 Market St.<br>Morristown, NJ 07960<br>Joseph J. DiPasquale, Esq.<br>Michael R. Herz, Esq.<br>Joseph A. Caneco, Esq.<br>jdipasquale@foxrothschild.com<br>mherz@foxrothschild.com<br>jcaneco@foxrothschild.com<br>Telephone: (973) 992-4800<br>Facsimile: (973) 992-9125<br><br>*Proposed Counsel to the Debtor*<br>*And Debtor in Possession* |

| | |
|---|---|
| In re:<br><br>ASSUNCAO BROS., INC.,<br><br>                                     Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-16159<br><br>Judge: |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO PAY AND HONOR PRE-PETITION EMPLOYEE WAGES, SALARIES, BENEFITS, EXPENSES, AND OTHER OBLIGATIONS

The debtor and debtor-in-possession, Assuncao Bros., Inc. (the "Debtor"), in the above captioned chapter 11, subchapter V case (the "Subchapter V Case"), by and through its proposed counsel, Fox Rothschild LLP, hereby files this motion (the "Employee Wages Motion" or the "Motion") and respectfully states as follows:

### RELIEF REQUESTED

1.      By this Employee Wages Motion, the Debtor seeks entry of an order, substantially in the form attached hereto, (i) authorizing the Debtor to (a) pay certain prepetition employee

135859803

wages, salaries, and bonuses (the "Employee Claims"); (b) continue, in the ordinary course of business, the maintenance of all employee benefit programs, including health insurance, paid time off (vacation and sick leave), workers' compensation, 401k plan, and other benefit programs set forth herein (the "Employee Benefits"); (c) reimburse employees for prepetition expenses that employees incurred on behalf of the Debtor in the ordinary course of business (the "Employee Expenses"); (d) pay all related prepetition payroll taxes and withhold and remit other deductions (the "Employee Withholdings"); and (e) to the extent that any of the foregoing programs are administered, insured, or paid through a third-party administrator or provider, to pay any prepetition claims of such administrator and provider in the ordinary course of business to ensure the uninterrupted delivery of payments or other benefits to the employees (collectively, the foregoing enumerated items are the "Employee Obligations"); and (ii) directing the Debtor's bank(s), when requested by the Debtor in its discretion, to honor and process any checks or electronic transfers drawn on the Debtor's bank accounts which are issued to pay any prepetition Employee Obligations described herein, whether or not such checks or other requests were submitted prior to or after the Petition Date, provided that sufficient funds are available to make such payments, and that the banks be authorized to rely on the Debtor's designation of any particular check or electronic transfer request as approved pursuant to this Employee Wages Motion.

2. In the absence of a court order granting the relief requested herein, the Debtor will be prohibited from paying or otherwise satisfying the Employee Obligations, and the checks, wire transfers, and direct deposit transfers issued with respect to the prepetition Employee Obligations may be dishonored. If the relief requested herein is not granted, the Debtor's Employees (as defined below) may suffer great hardship and, in many instances, financial difficulties, given that

135859803

these monies are needed to enable them to meet their own personal obligations. To maintain Employee morale and to minimize personnel attrition due to any hardship the Debtor's Employees and their dependents may experience if the Employee Obligations are not paid when due, the Debtor seeks authority to honor the Employee Obligations.

3. The Debtor's Employees are also vital to the Debtor's continuing operations and the ultimate ability of the Debtor preserve the estate's value and to succeed in this Subchapter V Case. The Debtor is reliant on its Employees' skills, knowledge and understanding of the Debtor's business and operations to sustain the Debtor during this critical time. The worked performed by the Debtor's Employees requires specialized sets of skills and knowledge. Therefore, the Debtor believes it is in its best interest and the best interest of its estate to minimize Employee turnover and attrition during the course of the Subchapter V Case, and to continue to utilize those Employees who are the most equipped to perform for the Debtor and ensure that the estate's value is protected.

4. If the Debtor suffers a decline in its workforce, which is likely if the Debtor is not authorized to provide the relief sought in the Employee Wages Motion, it will cause irreparable harm and have a deleterious impact on the Debtor's estate and its creditors. The Debtor simply cannot afford a reduction to its employee base at this time. Accordingly, the Debtor requests authorization to honor, in its discretion, the Employee Obligations, without interruption, to encourage the employees to remain employed while the Debtor proceeds in bankruptcy.

## JURISDICTION

5. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

135859803

6. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief requested herein are sections 105(a), 363(b), and 507(a) of 11 U.S.C. §§ *et seq.* (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

8. On August 3, 2022, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, subchapter V, of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court"). The Debtor is continuing in possession of its property and is operating and managing its business, as debtor-in-possession, pursuant to Bankruptcy Code section 1184.

9. The factual background, including an overview of the Debtor's business, information on the Debtor's debt structure and information relating to the events leading to the filing of the Subchapter V Case, are set forth in detail in the *Declaration of Martin Assuncao* (the "Assuncao Declaration") filed contemporaneously herewith and incorporated herein by reference.

**A.    Employee Claims**

10. As of the Petition Date, the Debtor employed 23 employees (the "Employees").

11. The Debtor pays its Employees in the ordinary course on a weekly basis. The Debtor's gross payroll per pay period is approximately $47,300.00.

12. The last payroll date for the Debtor's Employees was on July 29, 2022. The Debtor's first post-petition payroll is scheduled to be paid to Employees on August 5, 2022. Consequently, of the Debtor's next payroll, $18,920 is expected to be in respect of prepetition wages. To the extent such amounts for compensation for the next payroll are related to prepetition

135859803

periods, the Debtor expects that any such amounts would be well within the cap for priority wage claims pursuant to section 507(a)(4) of the Bankruptcy Code.

13. For the avoidance of doubt, for the purposes of this Motion the term "Employee Claims" consists of Employee compensation as described above.

**B.    Employee Benefits**

14. In the ordinary course of business, the Debtor maintains various employee benefit plans and policies, including without limitation, the following (collectively, the "Employee Benefit Programs"):

**i.    Time Off Benefits and Leave Programs**

15. The Debtor provides various time off benefits and leave programs to eligible Employees including, but not limited to paid and unpaid time off, in the form of holidays, personal days, sick time, vacation days, bereavement days and jury service (collectively, the "Time Off Policies").

16. By this Employee Wage Motion, the Debtor seeks to continue its Time Off Policies uninterrupted.  These forms of compensation are usual, customary and necessary if the Debtor is to retain qualified Employees to operate its business.  Additionally, the Debtor believes that its Employees will use any paid time-off in the ordinary course of business without resulting in any material impact on the Debtor's cash flow beyond its normal payroll obligations.

**ii.    Union Payments**

17. The Debtor's Employees and eligible dependents receive benefits from various union or multi-employer benefit plans, which require contributions from the Debtor monthly pursuant to contract (the "Union Payments").

135859803

18. The Debtor incurs approximately $28,000 of Union Payments per pay period based on its current Employee base, and, based on the Petition Date and the last payroll, the debtor will have incurred 100% of this amount for prepetition Union Payments because amounts are calculated as of the last day of each month (July 31, 2022 in this case).

19. The Debtor seeks authorization, but not direction, to pay pre-petition Union Payments up to the amount set forth as a cap for priority employee benefit claims in Section 507(a)(5) of the Bankruptcy Code, and to continue to pay post-petition Union Payments during the pendency of this Subchapter V Case in the ordinary course of business.

20. For the avoidance of doubt, for the purposes of this Motion the term "Employee Benefits" consists of Time Off Policies and Union Payments.

C. **Employee Expenses**

21. In the ordinary course of their employment, certain Employees may have expended their own personal funds (with prior authorization from the Debtor) for supplies and materials on behalf of and for the benefit of the Debtor. These Employee Expenses are reimbursable by the Debtor.

22. To the knowledge of the Debtor, there are not any unpaid pre-petition Employee Expenses. However, in the event that any Employee Expenses incurred prior to the Petition Date, the Debtor seeks authorization to pay such amounts in the ordinary course of business.

D. **Employee Withholdings**

23. Certain federal and state laws require that the Debtor withhold certain amounts from Employees' gross pay related to federal, state, and local income taxes for remittance to the appropriate federal, state, or local taxing authorities. Other amounts are withheld from Employees as required by statute including garnishments, child support, and Social Security and Medicare

taxes (the "Withholding Obligations"). As of the Petition Date, the Debtor withhold and subsequently remit approximately $11,500.00 per pay period on account of Withholding Obligations for their Employees.

24.     The Debtor also routinely deduct certain amounts from Employees' paychecks, including pre-tax and after-tax deductions payable pursuant to certain Employee Benefit plans discussed herein, such as an Employee's share of Union Payments, union dues, and miscellaneous deductions (collectively, the "Deductions") and forward such amounts to various third-party recipients. As of the Petition Date, the Debtor withhold and remit approximately $1,850 per pay period on account of Deductions.

25.     As of the Petition Date, the Debtor estimate that $740.00 of Withholding Obligations and Deductions due with the next regular payroll are in respect of prepetition period. The Debtor seek authority to continue to pay such prepetition amounts and amounts in the ordinary course of business consistent with past practices on a postpetition basis.

26.     In addition to the Withholding Obligations and Deductions described above, the Debtor is required by applicable statutory authority to match from their own funds Social Security, Medicare taxes, and other similar statutory obligations (the "Payroll Taxes"). As of the Petition Date, the Debtor pays and remits approximately $7,800 per pay period on account of the Payroll Taxes. The Debtor estimates that, for the next payroll, approximately $3,120 of Payroll Taxes will be in respect of the prepetition period.

27.     The Debtor seeks authority to remit the unpaid Payroll Tax as relates to the last payroll date and to continue to honor and process the Payroll Taxes on a postpetition basis in the ordinary course of business and consistent with past practices.

135859803

28. For the avoidance of doubt, for the purposes of this Motion the term "Employee Withholdings" consists of Withholding Obligations, Deductions, and Payroll Taxes.

E. **Direction to Banks**

29. All of the Debtor's Employee Obligations flow through its bank account at Bank of America. Accordingly, the Debtor seeks an order authorizing Bank of America to receive, process, honor and pay all of the Debtor's prepetition checks and fund transfers on account of any Employee Obligations, and prohibiting the bank from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for the Employee Obligations. The Debtor also seeks an order authorizing it to issue new post-petition checks or effect new post-petition fund transfers on account of the Employee Obligations to replace any prepetition checks or fund transfers that may be dishonored or rejected, provided that there are sufficient funds on deposit in the applicable accounts to cover such payments.

## BASIS FOR RELIEF REQUESTED

I. **The Court Should Authorize, But Not Direct, The Debtor, In Its Discretion, To Pay Or Otherwise Honor The Employee Obligations**

30. Paying the Employees' compensation and honoring all Employee Obligations are essential to preserve Employee morale and to maintain positive relations between the Debtor and its Employees. If the relief requested herein is not granted, the success of the Debtor's reorganization will be placed in substantial jeopardy. Thus, the relief requested in this Motion is in the best interest of the Debtor, its estate, and creditors.

31. Sections 105(a) and 363(b) of the Bankruptcy Code, in conjunction with section 507(a)(4) of the Bankruptcy Code, enable this Court to authorize the Debtor to make payments with respect to the Employee Obligations. Section 507(a)(4) of the Bankruptcy Code provides, in pertinent part, a fourth priority claim for "allowed unsecured claims, but only to the extent of

8

135859803

$13,650 for each individual . . . earned within 180 days before the date of filing of the petition . . . for - (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; . . ." See 11 U.S.C. § 507(a)(4). To the Debtor's knowledge, none of the Employees are owed an amount in excess of the statutory cap under section 507(a)(4).

32. Even without the Employees' entitlement to a priority claim, the Debtor's payment of the Employee Obligations is justified under Section 363(b)(1) of the Bankruptcy Code, which empowers the Court to allow the Debtor to, "use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A debtor's decision to use, sell, or lease assets outside the ordinary course of business must be based upon its sound business judgment. In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999). Courts emphasize that the business judgment rule is not an onerous standard and may be satisfied "as long as the proposed action *appears* to enhance the debtor's estate," and such request is not manifestly unreasonable or made in bad faith. Crystalin, LLC v. Selma Props., Inc., 293 B.R. 455, 463-64 (B.A.P. 8th Cir. 2003) (quoting Four B. Corp. v. Food Barn Stores, Inc., 107 F.3d 558, 566 n.16 (8th Cir. 1997)).

33. Further, section 105(a) of the Bankruptcy Code and the well-established "doctrine of necessity" permits the payment of the Employee Obligations. The Court is empowered to utilize the doctrine of necessity in furtherance of its inherent powers of equity and its statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out of the provisions of this title." 11 U.S.C. § 105(a); see also Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 506 (9th Cir. 2002).

34. The immediate payment of the Employee Obligations is necessary to retain the Debtor's Employees. Therefore, such payments are critical to maintaining the Debtor's ongoing business and reorganization efforts. Courts have held that pursuant to sections 105(a), 363(b), and

135859803

507(a)(4) of the Bankruptcy Code, prepetition wage claims may be payable outside of a plan of reorganization by virtue of their necessity, as well as their priority. See In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (approving payment of prepetition wages to current employees where it was necessary to pay such claims "in order to preserve and protect its business and ultimately reorganize, retain its currently working employees and maintain positive employee morale"); See In re Just for Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999) (stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the doctrine of necessity should be invoked to permit payment); see also In re NVR, L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor" (citing Ionosphere Clubs, Inc., 98 B.R. at 176 (Courts possess "the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor."))). The necessity of payment of the Debtor's Prepetition Employee Obligations are wholly warranted in this case. The maintenance of the Debtor's Employee workforce is necessary to ensure that the Debtor can operate seamlessly as it attempts to achieve the goals set forth in the Assuncao Declaration for this Subchapter V Case. Based on the nature of the Debtor's services and the current labor market, it will be difficult to find replacement employees if the Debtor were forced to do so. The cost of replacing and retraining Employees far outweighs the cost of honoring the Employee Obligations.

35. Moreover, the payment of the Employee Withholdings will not prejudice general unsecured creditors of the Debtor's estate because (i) Withholdings and Deductions are held in trust and not property of the estate, and (ii) the relevant Payroll Tax claims (and certain other taxes) are generally entitled to priority under section 507(a)(8) of the Bankruptcy Code. See 11 U.S.C. § 507(a)(8).

36. The seamless continued operation of the Debtor's business is critical to maximizing the value of the assets and the business, which is best accomplished through Employee retention and satisfaction. The continued service and loyalty of the Debtor's Employees are critical to ensure the Debtor optimizes its operations and maximizes the value of the Debtor's business through the reorganization process. Thus, it is critical that the Debtor be permitted to pay any prepetition Employee Obligations due and owing on the Petition Date and that the Debtor continues, in the ordinary course, its payment policies and procedures that were in effect prior to the Petition Date, which create the Employee Obligations, to ensure a smooth transition into the post-petition period.

## II. The Court Should Authorize Banks to Honor and Process Debtor's Payments On Account Of The Employee Obligations

37. The Debtor represents that it has sufficient funds to pay the amounts described herein in the ordinary course of business by virtue of expected cash flows from ongoing business operations. As a result of the commencement of this Subchapter V Case and in the absence of an order of the Court providing otherwise, the Debtor's checks and electronic funds transfers, in respect of the Employee Obligations, may be dishonored or rejected by financial institutions. The Debtor submits that any bank should be authorized to rely on the representations of the Debtor with respect to whether any check drawn or transfer request issued by the Debtor prior to the Petition Date should be honored pursuant to this Employee Wages Motion.

38. For the reasons set forth above, the Debtor submits that the relief requested herein is in the best interests of the Debtor, its estate and its creditors, and, therefore, should be granted.

## RESERVATION OF RIGHTS

39. Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any appropriate party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement,

contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's right to dispute such claim subsequently.

## IMMEDIATE RELIEF REQUESTED

40. Pursuant to Bankruptcy Rule 6003, the Court may grant relief within twenty-one (21) days after the filing of the petition regarding a motion to use property of the estate only if such relief is necessary to avoid immediate and irreparable harm. For the reasons already set forth herein, the Debtor submits that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor, its estate and its creditors. Most particularly, honoring the Debtor's Employee Obligations are essential to the retention of the Debtor's Employees and, consequently, the Debtor's continued operations.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

41. The Debtor further seeks a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." Accordingly, because any such stay would significantly disrupt Debtor's business, the Debtor submits that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable. Further, the Debtor respectfully requests a finding that the notice requirements under Bankruptcy Rule 6004(a) are met.

## WAIVER OF MEMORANDUM OF LAW

135859803

42. The Debtor represents that the facts and circumstances set forth herein do not present novel questions of law, and, as such, respectfully requests that this Court waive the requirement of filing a memorandum of law in accordance with Rule 9013-1 of the United States Bankruptcy Court, District of New Jersey (the "Local Rules").

## NO PRIOR REQUEST

43. No prior motion for the relief requested herein has been made to this or any other court.

## NOTICE

44. The Debtor will provide notice of this Motion to: (i) the Office of the United States Trustee; (ii) the entities appearing on the Debtor's list of twenty (20) largest unsecured creditors on a consolidated basis; (iii) counsel to the Prepetition Lender; (iv) the Office of the United States Attorney; (v) the Attorney General for the State of New Jersey; (vi) the Internal Revenue Service; (vii) the Small Business Administration; (viii) NGM Insurance Company; and (ix) those persons who have formally appeared in Subchapter V Case and requested service pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order with respect hereto will be served in accordance with Local Rule 9013-5(b), (c), and (f). In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary under the circumstances.

**WHEREFORE**, the Debtor respectfully requests that the court enter an order in the form submitted herewith: authorizing, but not directing, the Debtor, in its sole discretion: (i)(a) to pay certain prepetition Employee Claims; (b) to honor any prepetition obligations in respect of, and continue in the ordinary course of business until further notice (but not assume), certain Employee Benefits; (c) to reimburse employees for Employee Expenses; (d) to pay all related Employee Withholdings; and (e) to the extent that any of the Employee Obligations are administered, insured,

or paid through a third-party administrator or provider, to pay any prepetition claims of such administrator and provider in the ordinary course of business; and (ii) directing banks to honor prepetition checks or to fund transfer requests for payment of prepetition Employee Obligations; and (iii) granting such other and further relief as the Court deems appropriate.

DATED: August 3, 2022					**FOX ROTHSCHILD LLP**

*Proposed Counsel for the Debtor and Debtor-in-Possession*

By:	*/s/ Joseph J. DiPasquale*
	Joseph J. DiPasquale, Esq.

135859803