| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**FOX ROTHSCHILD LLP**<br>49 Market St.<br>Morristown, NJ 07960<br>Joseph J. DiPasquale, Esq.<br>Joseph A. Caneco, Esq.<br>jdipasquale@foxrothschild.com<br>jcaneco@foxrothschild.com<br>Telephone:  (973) 992-4800<br>Facsimile:   (973) 992-9125<br><br>*Proposed Counsel to the Debtor*<br>*And Debtor in Possession* |
| In re:<br><br>ASSUNCAO BROS., INC.,<br><br>                 Debtor. |

Chapter 11 (Subchapter V)

Case No. 22-16159

Judge:

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE CONTINUED USE OF (A) EXISTING CASH MANAGEMENT SYSTEM AND (B) EXISTING BANK ACCOUNTS AND BUSINESS FORMS, (II) PROVIDING THE UNITED STATES TRUSTEE WITH A 60-DAY OBJECTION PERIOD, AND (III) GRANTING RELATED RELIEF**

The debtor and debtor-in-possession, Assuncao Bros., Inc. (the "Debtor"), in the above captioned chapter 11, subchapter V case (the "Subchapter V Case"), by and through its proposed counsel, Fox Rothschild LLP, hereby files this motion (the "Cash Management Motion" or the "Motion") and respectfully states as follows:

**RELIEF REQUESTED**

1. The Debtor seeks entry of an order, substantially in the form attached hereto, (i) authorizing the Debtor to (a) continue to use the existing cash management system and (b) maintain its existing bank account and business forms, (ii) providing the United States Trustee with a 60-

day objection period; and (iii) granting related relief such as authorization to implement changes to its cash management system and bank account in the ordinary course, including, but not limited to, opening new bank accounts and closing existing bank accounts.

2. In connection with this relief, the Debtor also requests that the Court authorize and direct the financial institutions at which the Debtor maintains its bank accounts to (i) continue to maintain, service, and administer the Debtor's bank accounts, and (ii) debit the bank accounts in the ordinary course of business on account of (a) wire transfers or checks drawn on the bank accounts, provided that any payments drawn, issued, or made prior to the filing of this Subchapter V Case shall not be honored absent direction of the Debtor and a separate order of the Court authorizing such pre-petition payment, or (b) undisputed service charges and other fees owed to the Banks for maintenance of the Debtor's cash management System (collectively, the "Bank Charges"), if any.

## JURISDICTION

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are sections 105(a) and 363 of 11 U.S.C. §§ *et seq.* (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

1. On August 3, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, subchapter V, of the Bankruptcy Code in the United States Bankruptcy

Court for the District of New Jersey (the "Court"). The Debtor is continuing in possession of its property and is operating and managing its business, as debtor-in-possession, pursuant to Bankruptcy Code section 1184.

2. The factual background, including an overview of the Debtor's business, information on the Debtor's debt structure and information relating to the events leading to the filing of the Subchapter V Case, are set forth in detail in the *Declaration of Martin Assuncao* (the "Assuncao Declaration") filed contemporaneously herewith and incorporated herein by reference.

## THE DEBTOR'S CASH MANAGEMENT SYSTEM

**A.  Overview of Prepetition Cash Management System and Prepetition Bank Accounts**

3. The Debtor maintains a cash management system as part of the ordinary course of its business that allows the Debtor to efficiently collect, transfer, and disburse funds, to fund its weekly payroll. Post-petition, the Debtor proposes to retain its current cash management system and prepetition bank accounts (collectively, the "Cash Management System").

4. Prior to the Petition Date, the Debtor maintained three (3) bank accounts (the "Bank Accounts") at the following banks:

| Bank | Account Number (last 4) | Description (i.e. used for payroll, disbursements to healthcare etc.) |
| --- | --- | --- |
| Manasquan Bank Operating | -7803 | Operating |
| TD Bank | -8707 | Operating |
| TD Bank | -7430 | Payroll |

5. It is imperative for the Debtor to maintain its Bank Accounts and Cash Management System in order to manage its payroll, facilitate its projects, and monitor expenses that occur in the ordinary course of business. As a matter of convenience and internal control, it is important for the Debtor to continue to operate its business without disrupting the status quo as it navigates through the early stages of this Subchapter V Case.

6.     Accordingly, the Debtor proposes to maintain its existing Bank Accounts post-petition. The Bank Accounts are essential for the Debtor's continued use of the Cash Management System.

**B.     Existing Business Forms**

7.     In the ordinary course of business, the Debtor uses numerous types of business forms. To minimize expenses to its estate and avoid confusion on the part of employees, customers, vendors, and subcontractors, the Debtor respectfully requests that the Court authorize the Debtor to continue to use all correspondence and business forms (including, without limitation, checks, letterhead, purchase orders, and invoices (collectively, the "Business Forms") as such forms were in existence immediately before the Petition Date, with a stamped notation of "Debtor-In-Possession. Case No. 22-_____" on all checks, *provided however,* that upon depletion of the Debtor's Business Forms stock, the Debtor will obtain new check stock reflecting its status as a debtor-in-possession. With such authorization, the Debtor will be able to avoid the expense and delay of ordering entirely new business forms and the significant disruption to the Debtor that such delay will cause.

**C.     The Cash Management System's Compliance with U.S. Trustee Guidelines and Section 345 of the Bankruptcy Code.**

8.     The Debtor's Bank Accounts are maintained at institutions insured by the Federal Deposit Insurance Corporation ("FDIC") in accordance with the *Operating Guidelines Chapter 11 Cases* (revised September 16, 2021) of the U.S. Trustee for Region 3 (the "Guidelines").

9.     Moreover, the cash that is kept in the Bank Accounts are not invested in any money market or other types of short-term securities. The Debtor therefore does not believe that the Bank Accounts are "investment accounts" as contemplated by section 345(b) of the Bankruptcy Code.

**D.     Benefits of the Cash Management System.**

10. Many companies use cash management systems because such systems provide numerous benefits. Among these benefits is the ability to control corporate funds and ensure cash availability, to reduce administrative expenses, and to have easy access to timely and accurate financial information. The most important benefit of maintaining the Debtor's current Cash Management System is to avoid disruption of the Debtor's ability to effectively and efficiently operate its business during the pendency of the Subchapter V Case.

11. To avoid the operational and administrative delay that would necessarily result if the Debtor closed its prepetition Bank Accounts, which are integral to its Cash Management System, and to ensure a smooth transition into chapter 11, the Debtor seeks authority to maintain its Cash Management System, including its Bank Accounts.

12. Requiring the Debtor to rearrange its current Cash Management System would have a harmful impact on the Debtor's business. Thus, it is in the best interest of the Debtor, its creditors, and the estate to maintain the Debtor's current Cash Management System.

**BASIS FOR RELIEF REQUESTED**

**A.    The Debtor Should be Authorized to Maintain its Existing Cash Management System.**

13. Section 363(c)(1) of the Bankruptcy Code authorizes the debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." *See* 11 U.S.C. § 363(c)(1). The purpose of section 363(c)(1) of the Bankruptcy Code is to provide a debtor in possession "flexibility to engage in ordinary transactions" required to operate its business without unneeded oversight by its creditors or the court. In re Roth Am., Inc., 975 F.2d 949, 952 (3d Cir. 1992) ("Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets.'") (quoting U.S. ex rel. Harrison v. Estate of

5

Deutscher (In re H&S Transp. Co.), 115 B.R. 592, 599 (M.D. Tenn. 1990)); see also In re Nellson Nutraceutical, Inc., 369 B.R. 787, 796 (Bankr. D. Del. 2007) (citing to In re Roth, Am., Inc.). Included within the scope of section 363(c) is a debtor's ability to continue the "routine transactions" necessitated by a debtor's cash management system. Amdura Nat'l Distrib. Co. v. Amdura Corp (In re Amdura Corp.), 75 F.3d 1447, 1453 (10th Cir. 1996).

14. Notably courts in the Third Circuit have recognized that allowing a debtor to maintain its existing cash management system is often an appropriate and necessary expedient in chapter 11 cases. See e.g., In re L'Occitane, Inc., Case No. 21-10632 (MBK) (Bankr. D.N.J. February 25, 2021); In re SLT Holdco Inc., Case No. 20-18368 (MBK) (Bankr D.N.J. July 29, 2020); In re TP RemainCo, LLC, Case No. 20-11049 (LSS) (Bankr. D. Del. June 4, 2020); In re Genesis Health Ventures, Inc., 402 F.3d 416, 424 (3d Cir. 2005).

15. Additionally, section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." See 11 U.S.C. § 105(a). Courts have long recognized that the power granted by section 105(a) was expressly meant to be exercised to effectuate the rehabilitation of the debtor and courts generally enter orders approving the continuation of the debtor's cash management system. See In re Ionosphere Clubs, Inc., 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989) (citing H.R. Rep. No. 95-595, at 16 (1977)); see also e.g. In re Lehman Brothers Holdings, Inc., 2008 WL 4902202, at *2 (Bankr. S.D.N.Y. Nov. 6, 2008) (court authorized the debtor to continue using their prepetition cash management system and bank accounts pursuant to sections 105(a) and 363(c) of the Bankruptcy Code). The relief requested in the Motion is critical to the Debtor's uninterrupted operation, and is justified under section 105(a) of the Bankruptcy Code.

16.     The Debtor has utilized its Cash Management System in its current structure for a number of years as part of its ordinary and usual business practices. Given the financial structure of the Debtor, it would be difficult and inefficient for the Debtor to establish an entirely new cash management system. The delay that would result from opening new accounts, receiving new cash management procedures and instructing customers to redirect payments would disrupt the Debtor's operations.

**B.      The Debtor Should be Authorized to Maintain its Existing Bank Accounts.**

17.     The Office of the United States Trustee has established the Guidelines. Among other things, the Guidelines require that debtors-in-possession (a) establish one debtor-in-possession bank account for all estate monies required for the payment of taxes, including payroll taxes; (b) close all existing bank accounts and open new debtor in possession accounts; (c) maintain a separate debtor in possession account for cash collateral; and (d) obtain checks that bear the designation "debtor-in-possession" and reference the bankruptcy case number and type of account on such checks.

18.     The Debtor respectfully seeks a waiver of the Guidelines requiring that it close its Bank Accounts and open new postpetition bank accounts as depositories authorized by the United States Trustee. The Debtor seeks the authority to convert its Bank Accounts to "debtor-in-possession" accounts and to continue to utilize the accounts as necessary to best serve its business needs.

19.     Requiring the Debtor to open new accounts would not only complicate the Debtor's Cash Management System, but it would needlessly increase operating costs and Debtor's workload while slowing payments to important vendors and employees with no discernible benefit. The Cash Management System is critical to the continued operation of the Debtor's business during

the pendency of this Subchapter V Case. Any disruption to the Cash Management System resulting from closing the Bank Accounts would have a severe and adverse impact upon the Debtor's estate. The stability and maintenance of the Cash Management System is therefore in the best interest of all parties-in-interest.

20. Courts in the Third Circuit have waived the strict enforcement of bank account closing requirements and replaced them with alternative procedures that provide the same protections. These Courts have recognized that strict enforcement of the requirement that a debtor-in-possession close its bank accounts does not serve to further the process and purposes of chapter 11. Accordingly, courts in this district have waived this requirement and replaced it with procedures similar to those requested by this Motion. See, e.g., In re SLT Holdco, Case No. 20-18368 (MBK) (Bankr. D.N.J. July 29, 2020); In re Modell's Sporting Goods, Inc., Case No. 20-14179 (VFP) (Bankr. D.N.J. June 24, 2020); In re New England Motor Freight, Inc., Case No. 19-12809 (JKS) (Bankr. D.N.J. May 22, 2019). Similar authorization is appropriate in this Subchapter V Case.

C. **The Debtor Should Be Authorized to Continue to Use Existing Business Forms.**

21. As described above, in the ordinary course of business, the Debtor uses numerous varieties of Business Forms, and it seeks the Court's authorization to continue the use of these forms postpetition.

22. By virtue of the nature and scope of the Debtor's business operations, requiring the Debtor to use new business forms will increase the Debtor's costs, as well as create delays in the Debtor's operations which could critically hinder the Debtor's operations and reorganization efforts. To minimize expenses and disruption and delay to the estate, the Debtor requests authority to continue to use all correspondence and Business Forms (including, but not limited to, checks,

8

letterhead, purchase orders and invoices) as such forms were in existence immediately prior to the Petition Date, *provided however*, that upon depletion of the Debtor's business forms stock, the Debtor will obtain new business forms reflecting its status as "Debtor-in-Possession." In addition, to avoid any confusion, the current checks shall be stamped with the designation "Debtor-in-Possession, Case No. 22-_____." The Debtor will order new checks with a "Debtor-in-Possession, Case No. 22-_____" designation once existing check stocks are depleted. The Debtor submits that these efforts are prudent and sufficient to protect the interests of parties dealing with the Debtor on a postpetition basis, while avoiding unnecessary expenses and administrative delays at this critical time. Because parties doing business with the Debtor undoubtedly will be aware of the Debtor's status as a debtor-in-possession, changing business forms would be unnecessary and unduly burdensome.

**D.    60-Day Objection Period for U.S. Trustee.**

23.    The Debtor proposes that the U.S. Trustee be given sixty (60) days after the date an order granting this Motion is entered to review the Diocese's Cash Management System and Bank Accounts and to object to the relief granted pursuant to this Motion, if necessary.

24.    If the U.S. Trustee does not file a written objection within sixty (60) days from the date of an order granting this Motion, the Debtor will be authorized to maintain and utilize its Cash Management System and Bank Accounts on a permanent basis. If the U.S. Trustee files a written objection within the 60-day period, the Court will schedule the matter for a hearing. In such event, the Debtor will be authorized to maintain its Cash Management System and Bank Accounts and will be excused from opening debtor-in-possession accounts, pending further order of the Court.

## RESERVATION OF RIGHTS

25. Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any appropriate party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's right to dispute such claim subsequently.

## WAIVER OF MEMORANDUM OF LAW

26. The Debtor represents that the facts and circumstances set forth herein do not present novel questions of law, and, as such, respectfully requests that this Court waive the requirement of filing a memorandum of law in accordance with Rule 9013-1 of the United States Bankruptcy Court, District of New Jersey (the "Local Rules").

## IMMEDIATE RELIEF REQUESTED

27. Pursuant to Bankruptcy Rule 6003, the Court may grant relief within twenty-one (21) days after the filing of the petition regarding a motion to use property of the estate only if such relief is necessary to avoid immediate and irreparable harm. For the reasons already set forth herein, the Debtor submits that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor, its estate and its creditors. Most particularly, the uninterrupted continued use of the Debtor's Cash Management System and Bank Accounts are vital for the Debtor's continued operations as it transitions into this Subchapter V Case.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

28. The Debtor further seeks a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." Accordingly, because any such stay would significantly disrupt Debtor's business, the Debtor submits that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable. Further, the Debtor respectfully requests a finding that the notice requirements under Bankruptcy Rule 6004(a) are met.

## **NO PRIOR REQUEST**

29. No prior motion for the relief requested herein has been made to this or any other court.

## **NOTICE**

30. The Debtor has provided Notice of this Motion to: (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Debtor's top twenty (20) unsecured creditors; (iii) the Banks at which the Debtor maintains the Bank Accounts identified herein; and (iv) all other parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice be provided.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order in the form submitted herewith: (i) continue to use the existing cash management system and (ii) maintain its existing bank account and business forms, (iii) providing the United States Trustee with a 60-day objection period; (iv) granting related relief such as authorization to implement changes to its cash management system and bank account in the ordinary course, including, but not limited to, opening

11

new bank accounts and closing existing bank accounts; and (v) granting such other relief as the Court deems appropriate.

DATED: August 3, 2022  **FOX ROTHSCHILD LLP**

Proposed Counsel for the Debtor and Debtor-in-Possession

By:  /s/ *Joseph J. DiPasquale*
Joseph J. DiPasquale, Esq.

135868184