| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**FOX ROTHSCHILD LLP**<br>49 Market St.<br>Morristown, NJ 07960<br>Joseph J. DiPasquale, Esq.<br>Joseph A. Caneco, Esq.<br>jdipasquale@foxrothschild.com<br>jcaneco@foxrothschild.com<br>Telephone:  (973) 992-4800<br>Facsimile:   (973) 992-9125<br><br>*Proposed Counsel to the Debtor*<br>*And Debtor in Possession* |

| | |
|---|---|
| In re:<br><br>ASSUNCAO BROS., INC.,<br><br>        Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-16159<br><br>Judge: |

### DEBTOR'S MOTION PURSUANT TO BANKRUPTCY RULE 1007(c) FOR ENTRY OF ORDER GRANTING ADDITIONAL TIME FOR FILING SCHEDULES OF ASSETS AND LIABILITIES, STATEMENT OF FINANCIAL AFFAIRS, AND SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The debtor and debtor-in-possession, Assuncao Bros., Inc. (the "Debtor"), in the above captioned chapter 11, subchapter V case (the "Subchapter V Case"), by and through its proposed counsel, Fox Rothschild LLP, hereby files this motion (the "Extension Motion" or the "Motion") and respectfully states as follows:

### RELIEF REQUESTED

1. The Debtor seeks entry of an order, substantially in the form attached hereto pursuant to Federal Rule of Bankruptcy Procedure 1007, extending the date by which the Debtor shall file certain documents.

2. Although the Debtor has commenced the extensive process of gathering the necessary information to prepare and finalize its schedules and statements (the "Schedules and Statements"), the fourteen (14) day time period provided by Bankruptcy Rule 1007(c) likely will be insufficient for the Debtor to complete the Schedules and Statements given the speed at which the Debtor was forced to file its petition and the attention that it and its professionals must dedicate to ensuring that the Sale (as defined in the Sale Motion[1].) closes and the Debtor can realize the proceeds therefrom.

## JURISDICTION

3. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

6. On August 3, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, subchapter V, of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court"). The Debtor is continuing in possession of its property and is operating and managing its business, as debtor-in-possession, pursuant to Bankruptcy Code section 1184.

---

[1] See *Debtor's Motion for Entry of an Order (i) Authorizing the Sale of Substantially All of the Debtor's Assets and (ii) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases in Connection with Sale*, filed contemporaneously with this Extension Motion.

2

7. The factual background, including an overview of the Debtor's business, information on the Debtor's debt structure and information relating to the events leading to the filing of the Subchapter V Case, are set forth in detail in the *Declaration of Martin Assuncao* (the "Assuncao Declaration") filed contemporaneously herewith and incorporated herein by reference.

**BASIS FOR RELIEF REQUESTED**

8. Pursuant to Bankruptcy Rules 1007(a)(5) and 1007(c), an extension of time to file the Schedules and Statements may be granted "for cause." While the Bankruptcy Rules do not define or delineate the parameters necessary to establish cause, courts have held that "cause" is a liberal standard, and extensions of time to file schedules and statements of financial affairs should be granted in the absence of prejudice or bad faith. See Bryant v. Smith, 165 B.R. 176, 181-82 (W.D. Va. 1994).

9. The Debtor recognizes that its Schedules and Statements must provide complete and accurate information. Furthermore, the Schedules and Statements must provide complete and accurate information and evidence the financial condition of the Debtor as of the Petition Date. In order to prepare the Schedules and Statements as required by section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(b), the Debtor must gather information from books, records and documents relating to a multitude of parties, transactions, and contracts. Consequently, collection of the information requires an expenditure of substantial time and effort on the part of the Debtor's employees. Given the substantial amount of work required to compile the Schedules and Statements, along with the additional tasks inherent upon filing a chapter 11 proceeding, the Debtor will not be in a position to prepare the Schedules and Statements within fourteen (14) days of the Petition Date as provided by Bankruptcy Rule 1007(c).

10. At this time, the debtor anticipates that it will need additional time beyond the current deadline, to prepare and file the Schedules and Statements in the appropriate format prescribed by the Bankruptcy Code and the Bankruptcy Rules.

11. By this Extension Motion, the Debtor requests that the Court extend the fourteen (14) day period for the Debtor to file its Schedules and Statement to thirty (30) days from the Petition Date, without prejudice to the Debtor's right to request further extension upon cause.

12. Bankruptcy Rule 1007(c) authorizes the Court to grant, when cause exists, an extension of time for filing Schedules and Statements. Bankruptcy Courts in this District have frequently granted the relief requested herein. See, e.g., In re RTW Retailwinds, Inc., Case No. 20-18445 (JKS) (Bankr. D.N.J. July 15, 2020); In re SLT Holdco, Inc., Case No. 20-18368 (MBK) (Bankr. D.N.J. July 13, 2020); In re Modell's Sporting Goods, Inc., Case No. 20-14179 (VFP) (Bankr. D.N.J. Mar. 11, 2020); In re Hollister Construction Services, LLC, Case No. 19-27439 (MBK) (Bankr. D.N.J. Sept. 16, 2019); In re Mountain Creek Resort, Inc., Case No. 17-19899 (SLM) (Bankr. D.N.J. May 17, 2017); In re C. Wonder LLC, Case No. 15-11127 (MBK) (Bankr. D.N.J. Jan. 28, 2015); In re Crumbs Bake Shop, Inc., Case No. 14-24287 (MBK) (Bankr. D.N.J. July 16, 2014); In re MEE Apparel LLC, Case No. 14-16484 (CMG) (Bankr. D.N.J. Apr. 7, 2014); In re Ashley Stewart Holdings, Inc., Case No. 14-14383 (MBK) (Bankr. D.N.J. Mar. 11, 2014).

13. The Debtor contends that in light of the already substantial burdens placed on its employees as a consequence of this bankruptcy filing, and the amount of information that must be assembled and compiled in order to complete the Schedules and Statements, sufficient cause exists for the requested extension. Additionally, the requested relief will not prejudice any party-in-interest. The Debtor intends to cooperate with the Office of the United States Trustee for the

District of New Jersey and other parties-in-interest to provide access to relevant information regarding the Debtor's business and financial affairs.

## NO PRIOR REQUEST

14. No previous request for the relief sought herein has been made to this Court or any other court.

## NOTICE

15. The Debtor will provide notice of this Motion to: (i) the Office of the United States Trustee; (ii) the entities appearing on the Debtor's list of twenty (20) largest unsecured creditors on a consolidated basis; (iii) secured creditors; (iv) the Office of the United States Attorney; (v) the Attorney General for the State of New Jersey; (vi) the Internal Revenue Service; and (vii) those persons who have formally appeared in Subchapter V Case and requested service pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order with respect hereto will be served in accordance with Local Rule 9013-5(b), (c), and (f). In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary under the circumstances.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order, substantially in the form submitted herewith granting the relief requested herein, and for such other and further relief as may be just and proper.

DATED: August 3, 2022

FOX ROTHSCHILD LLP
*Proposed Counsel for the Debtor and Debtor-in-Possession*
By:    */s/ Joseph J. DiPasquale*
      Joseph J. DiPasquale, Esq.