McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Gary D. Bressler, Esq.
Adam R. Schwartz, Esq.
Scott A. Levin, Esq.
Virginia T. Shea, Esq.
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ  07962-2075
Tel: (973) 993-8100
Fax: (973) 425-0161
gbressler@mdmc-law.com
aschwartz@mdmc-law.com
slevin@mdmc-law.com
vshea@mdmc-law.com
*Counsel to Creditor NGM Insurance Company.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERESEY**

| | |
|---|---|
| In re:<br><br>Assuncao Bros., Inc.<br><br>                                Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-16159 (CMG)<br><br>Judge Christine M. Gravelle |

**NGM INSURANCE COMPANY'S LIMITED OBJECTION TO THE DEBTOR'S MOTION FOR ENTRY OF AN INTERIM ORDER AUTHORIZING (A) POST-PETITION FINANCING AND (B) USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; (II) MODIFYING THE AUTOMATIC STAY; AND (III) <u>SCHEDULING A FINAL HEARING</u>**

Creditor NGM Insurance Company ("<u>NGM</u>") through its undersigned counsel, hereby files this Limited Objection to the *Debtor's Motion for Entry of an Interim Order Authorizing (A) Post-Petition Financing and (B) Use of Cash Collateral and Affording Adequate Protection; (II Modifying the Automatic Stay; and (III) Scheduling a Final Hearing* ("<u>DIP Motion</u>"). NGM is a surety which has issued bonds to the Debtor with respect to various projects that it has worked on. In order to induce NGM to issue such bonds, the Debtor, along with Martin

1

Assuncao and Lisa Assuncao, executed Indemnity Agreements in favor of NGM, on or about July 20, 2012 and January 30, 2019.

The proposed Interim Order authorizes post-petition financing in the amount of $200,000 for non-bonded jobs, and that payment on bonded jobs should be paid into a segregated fund for payments on bonded jobs. Nevertheless, the proposed Interim Order gives liens to the new lender and preplacement liens to the old lender, and could be construed as priming NGM's trust fund claims and or lien claims. NGM asserts that the proposed Interim Order should clarify that NGM's existing trust fund claims and/or liens are not primed. Further, to the extent the Debtor may be using cash collateral of NGM, NGM should be granted a replacement lien. Additionally, paragraph 9 of the proposed Interim Order recognizes that secured lenders have valid liens, and NGM asserts that this should not apply to it or any other creditor, at the beginning of the case.

Accordingly, NGM respectfully suggests that the following language be added to the Interim Order:

> Nothing in this Interim Order, the Motion or the DIP Loan documents shall in any way prime or affect the rights of NGM Insurance Company, or its past, present or future parents, subsidiaries or affiliates (the "Surety") as to: (a) any funds that the Surety is holding and/or that are being held for the Surety presently or in the future, whether in trust, as security, or otherwise, including any proceeds due or to become due to the Debtor in relation to contracts bonded by the Surety; (b) any substitutions or replacements of said funds including accretions to and interest earned on said funds; or (c) any letter of credit related to any indemnity, collateral trust, bond or agreements between or involving the Surety and the Debtor (collectively (a) to (c), the "Surety Assets"). Nothing in the Interim Order, the Motion or the DIP Loan documents shall affect the rights of the Surety under any indemnity agreement, collateral trust agreement, and/or any related agreements between or involving the Surety and any of the Debtor or any of the Debtor's non-debtor affiliates as to the Surety Assets or otherwise, including, but not limited to, the Agreements of Indemnity executed by the Debtor, Martin Assuncao and Lisa Assuncao on or about July 20, 2012 and January 30, 2019. In addition, nothing in the Interim Order, the Motion or the DIP Loan documents shall prime or otherwise impact: (x) setoff and/or recoupment rights or trust fund claims and/or the lien rights of the Surety or of any party to whose rights the Surety has or may become subrogated; and/or (y) any subrogation or other common law rights of the Surety. In addition, notwithstanding anything in the Interim Order, the Motion or the DIP Loan documents to

the contrary, the rights, claims and defenses of the Surety, including but not limited to, the Surety's rights under any properly perfected liens and claims and/or claim for equitable rights of subrogation are fully preserved.  Nothing herein is an admission by the Surety or the Debtor, or a determination by the Bankruptcy Court, regarding any claims under any bonds, and the Surety and the Debtor reserves any and all rights, remedies and defenses in connection therewith.  Paragraph 9 of this Interim Order shall not be binding on Creditors or Parties in Interest other than the Debtor.  Notwithstanding anything herein to the contrary, and subject to the terms herein, the Debtor hereby agrees that, during the pendency of these proceedings, the Debtor shall, in accordance with and subject to applicable law, reimburse the Surety for attorneys' fees incurred and to be incurred by the Surety.  To the extent, if any, that the Debtor's use of funds constitute the use of the Surety's cash collateral, the Surety shall have a replacement lien in the Debtor's assets to the same extent, amount and priorities as existed as of the petition date. In addition, the Surety reserves its rights as to any issues concerning the Debtor's use of funds.

## **RESERVATION OF RIGHTS**

1. The submission of this Limited Objection by NGM is not intended as, and shall not be construed as: (a) NGM's admission of any liability or waiver of any defenses or limitation of any rights of NGM with respect to any claims against any one or more of the bonds or under any indemnity agreements in favor of the NGM; (b) NGM's waiver or release of any right to exoneration it may have against anyone with respect to any of the bonds; (c) NGM's waiver or release of its right to be subrogated to the rights of one or more of the parties paid in connection with the bonds; (d) an election of remedy; or (e) consent to the determination of the Debtor's liability to NGM by any particular court, including, without limitation, the Bankruptcy Court.

2. NGM reserves the rights to object and put forth any argument in relation to any amended DIP financing proposed by the Debtor, and to raise any arguments by any other party in their objection(s) to this DIP Motion or any future DIP financing.

3. NGM reserves the right to object and put forth any argument in relation to any motion filed by the Debtor for the Bankruptcy Court's authorization of assumption and

assignment of executory contracts and unexpired leases, and to raise any arguments by any other party in their objection(s) to the DIP Motion.

4. NGM expressly reserves, and does not waive, any and all of its rights, claims, defenses, limitations, and/or exclusions in connection with the Debtor's rights and obligations under the Indemnity Agreements, the bonds, applicable law, or otherwise. NGM further reserves all rights to assert any and all such rights, claims, defenses, limitations and/or exclusions in any appropriate manner or forum whatsoever (including, without limitation, any of its rights to have any non-core matter relating to the interpretation of its contractual rights and Debtor's contractual obligations adjudicated by the United States District Court).

5. NGM further reserves all of its rights to raise any issues contained in this Limited Objection and any other related issues in any procedurally appropriate contested matter and/or adversary proceeding, including, without limitation, (i) objections to confirmation of any plan; (ii) a separate adversary proceeding requesting any appropriate declaratory and/or injunctive relief; (iii) or an objection to any subsequent motion seeking approval of an asset sale to any prospective asset purchaser with respect to any contractual rights that may be adversely affected by a sale motion or the confirmation of any plan.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, NGM Insurance Company respectfully requests that the foregoing limited objections be addressed in any Interim Order approving the DIP Motion.

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Dated: August 4, 2022

/s/ *Gary D. Bressler*
Gary D. Bressler, Esq.
Adam R. Schwartz, Esq.

Scott A. Levin, Esq.
Virginia T. Shea, Esq.
1300 Mount Kemble Ave.
Morristown, NJ 07960
Phone: 973-993-8100
Facsimile: 973-425-0161
gbressler@mdmc-law.com
aschwartz@mdmc-law.com
slevin@mdmc-law.com
vshea@mdmc-law.com