| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-1(b) |
| **FOX ROTHSCHILD LLP**<br>49 Market Street<br>Morristown, NJ 07960<br>Telephone:  (973) 992-4800<br>Fax:  (973) 992-9125<br>Joseph J. DiPasquale, Esq.<br>Michael R. Herz, Esq.<br>Joseph A. Caneco, Esq.<br>jdipasquale@foxrothschild.com<br>mherz@foxrothschild.com<br>jcaneco@foxrothschild.com<br>*Proposed Attorneys for Debtor, Assuncao Bros. Inc.* |

| | |
|---|---|
| In Re:<br><br>ASSUNCAO BROS., INC.,<br><br>　　　　　　Debtor. | Chapter 11, Subchapter V<br><br>Case No. 22-16159<br><br>Judge:  Christine M. Gravelle |

**ORDER (I) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS TO VOLLERS EXCAVATING AND CONSTRUCTION, INC., (II) APPROVING SETTLEMENT WITH MANASQUAN BANK AS SECURED LENDER, (III) AUTHORIZING THE DEBTOR TO ENTER INTO SUBCONTRACTS WITH VOLLERS FOR NON-BONDED PROJECTS, AND (IV) AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The relief set forth on the following pages, numbered two (2) through twenty-five

(25), is hereby **ORDERED**.

| | |
|---|---|
| DEBTOR: | Assuncao Brothers Inc. |
| CASE NO: | 22-16159-CMG |
| CAPTION: | **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases** |

**THIS MATTER** having been brought before the Court upon the motion (the "Motion")[1] of Assuncao Brothers Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11, subchapter v case (the "Subchapter V Case"), by and through its proposed attorneys, Fox Rothschild LLP, seeking entry of an order pursuant to 11 U.S.C. §§ 105(a), 363, and 365, Rules 6003, 6004, 6006 and 9019 of the Federal Rules of Bankruptcy Procedure, and D.N.J. LBR 6004-1, (i) authorizing the Debtor to sell certain of its assets to Vollers Excavating and Construction, Inc. (the "Buyer" or "Vollers") as more particularly set forth in sections 1.01 and 1.02 of the Asset Purchase Agreement (the "Purchased Assets") free and clear of any and all claims, liens, rights, interests, and encumbrances, (ii) approving a settlement among Debtor, Vollers, and Manasquan Bank as secured lender to Debtor, (iii) authorizing the Debtor enter into the Subcontracts with Vollers for Vollers to perform Debtor's remaining obligations under the Subcontracted Projects free and clear of any and all claims of Debtor's pre-petition subcontractors, vendors, suppliers and materialmen (the "Asset Purchase Agreement"), and (iv) authorizing the Debtor to assume and assign to Vollers the Assigned Equipment Loans; and due and sufficient notice of the Motion having been provided; and the Court having considered the papers submitted, including opposition, if any, as well as the arguments presented at the hearing, if any; and the Court having jurisdiction over the Debtor's Subchapter V Case and the Motion under 28 U.S.C. §§ 1334(b) and 157, and the *Standing*

---

[1] Capitalized terms not otherwise defined shall have the same meaning as set forth in the Motion.

DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

*Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and the Court having found and determined that the relief requested in the Motion and provided for herein is proper, lawful, necessary, appropriate, and in the best interest of the Debtor, its estate, creditors, and all parties-in-interest; and for good cause shown, it is hereby

**FOUND AND DETERMINED THAT**:[2]

A.       The statutory predicate for the relief granted herein are sections 105(a), and 363 of the Bankruptcy Code, Bankruptcy Rule 6003, 6004, 6006 and 9019, and D.N.J. LBR 6004-1.

B.       Good and sufficient notice of the Motion and the Debtor's proposed entry of the Subcontracts  and assumption and assignment of the Assigned Equipment Loans and related cure costs, if any, was given to Subcontracted Project owners and other interested parties including, but not limited to, Debtor's pre-petition subcontractors, vendors, suppliers and materialmen on Non-Bonded Projects, as well as counterparties to the Assigned Equipment Loans, in accordance with the directive of the Court and as otherwise required by applicable law, and was fair, reasonable, and sufficient under the circumstances.

C.       The record establishes that there are (i) good, valid, and sound business

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

purposes for the sale of the Purchased Assets under the Asset Purchase Agreement, the execution of the Subcontracts, and assumption and assignment to the Buyer of the Assigned Equipment Loans free and clear of any claim or interest of any of Debtor's prepetition subcontractors, vendors, suppliers and materialmen on the Non-Bonded Projects, and (ii) compelling circumstances for the Debtor to enter into the Asset Purchase Agreement and consummation of the transactions contemplated therein (the "Sale" or "Vollers Transaction") pursuant to section 363(b) of the Bankruptcy Code prior to confirmation of a chapter 11 plan.    Manasquan Bank (i) is owed at least $1,309,232.14, plus additional fees, costs, and expenses, as of the Petition Date; and (ii) has properly perfected lien rights in all of the Debtor's assets through the prepetition liens related to the Manasquan Loan and through the Adequate Protection Liens provided under the Cash Collateral/DIP Motion.

D.    Manasquan Bank has asserted that the value of its collateral, along with certain litigation rights against the Debtor, would result in the repayment in full of the Manasquan Loan, an assertion disputed by the Debtor.  In lieu of costly litigation that would burden the estate with substantial administrative expense and reduce recoveries to creditors, the Debtor, Manasquan Bank, and Vollers have agreed to the following settlement, the terms of which are hereby approved pursuant to Fed. R. Bankr. P. 9019 (the "Manasquan Bank Settlement"):

    (1) Debtor and Vollers acknowledge that through the prepetition liens related to the Manasquan Loan and through the Adequate Protection

DEBTOR:             Assuncao Brothers Inc.
CASE NO:            22-16159-CMG
CAPTION:            **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                    Excavating and Construction, Inc., (II) Approving Settlement with
                    Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                    into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                    Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                    and Unexpired Leases**

Liens to be provided under the Cash Collateral/DIP Motion, Manasquan

Bank has properly perfected lien rights in all of the Debtor's assets, and

that Debtor and Vollers require the consent of Manasquan Bank to

proceed with the Vollers Transaction;

(2) In settlement of the properly perfected prepetition liens and Adequate

Protection Liens provided under the Cash Collateral/DIP Motion in

favor of Manasquan Bank, and the other consideration to be provided

by Manasquan Bank, Vollers has agreed to pay Manasquan Bank

$975,000 (the "Manasquan Settlement Amount") on the Closing Date

(as defined in section 2.01 of the Asset Purchase Agreement);

(3) Manasquan Bank has agreed to accept the Manasquan Settlement

Amount in exchange for the release of its liens and consent to the

Vollers Transaction if, and only if, the Manasquan Settlement Amount

is actually paid directly to Manasquan Bank at the closing of the Vollers

Transaction; Manasquan Bank will not consent to the Vollers

Transaction or the release of its liens if, for any reason, payment of the

Manasquan Settlement Amount is delayed beyond, or otherwise cannot

be made directly to Manasquan Bank at or before the Closing Date;

Debtor and Vollers likewise acknowledge and agree that the Vollers

Transaction cannot proceed absent the consent of Manasquan Bank and

the Manasquan Settlement Amount being paid directly to Manasquan

DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers**
                 **Excavating and Construction, Inc., (II) Approving Settlement with**
                 **Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter**
                 **into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)**
                 **Authorizing the Debtor to Assume and Assign Certain Executory Contracts**
                 **and Unexpired Leases**

Bank on the Closing Date;

(4) Upon receipt of the Manasquan Settlement Amount, Manasquan Bank will immediately pay $25,000 from the Manasquan Settlement Amount to the Subchapter V Case professionals as a reimbursement of expenses related to the Vollers Transaction;

(5) After payment of the Manasquan Settlement Amount to Manasquan Bank, Manasquan Bank will have an agreed upon allowed unsecured deficiency claim against Debtor of $359,232.14;

(6) Notwithstanding this settlement and its receipt of the Manasquan Settlement Amount, Manasquan Bank will continue to have the right to pursue any guarantors of the Manasquan Loan for any amounts of the Manasquan Loan remaining unpaid, including remaining principal, interest, default interest, fees, expenses, attorney's fees, and costs;

(7) On the Closing Date, Debtor and its estate, and Vollers shall release Manasquan Bank and related parties from any and all claims and causes of action, whether known or unknown, that may exist against Manasquan Bank.  On the Closing Date, subject to receipt of the Manasquan Settlement Amount, Manasquan Bank shall release Vollers and related parties from any and all claims and causes of action, whether known or unknown, that Manasquan Bank may possess against Vollers as may be related in any way to this Subchapter V Case.  In no event

DEBTOR:            Assuncao Brothers Inc.
CASE NO:           22-16159-CMG
CAPTION:           **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers**
                   **Excavating and Construction, Inc., (II) Approving Settlement with**
                   **Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter**
                   **into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)**
                   **Authorizing the Debtor to Assume and Assign Certain Executory Contracts**
                   **and Unexpired Leases**

shall the releases contained in this Manasquan Bank Settlement be deemed to release any claims against any principal or related party of the Debtor, including without limitation any guarantor of the Manasquan Loan.

E.      The foregoing Manasquan Bank Settlement is fair and reasonable and falls within the range of reasonableness under Fed. R. Bankr. P. 9019 under the circumstances of this Subchapter V Case, and is approved.

F.      Each party that claims any interest in any of the Purchased Assets to be sold under the Asset Purchase Agreement has either consented to the Sale or could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest pursuant to section 363(f) of the Bankruptcy Code.

G.      The Debtor is the sole and lawful owner of the Purchased Assets. Accordingly, the transfer of the Purchased Assets to the Buyer will be a legal, valid, and effective transfer of the Purchased Assets, free and clear of all claims (including any "claim" as defined in section 101(5) of the Bankruptcy Code), reclamation claim and/or claims for reimbursement, covenants, restrictions, judgments, and/or orders of any court, product liability claims, successor liability, tax and other claims of any nature, causes of action, and any other manner of claim, liens (including consensual and non-consensual liens and statutory liens), security interests, rights, other interests, or encumbrances, whether known or unknown pursuant to section 363(f) of the Bankruptcy Code and all other applicable laws, except with respect to such liens and claims expressly assumed by

DEBTOR:        Assuncao Brothers Inc.
CASE NO:       22-16159-CMG
CAPTION:       **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers**
               **Excavating and Construction, Inc., (II) Approving Settlement with**
               **Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter**
               **into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)**
               **Authorizing the Debtor to Assume and Assign Certain Executory Contracts**
               **and Unexpired Leases**

the Buyer in the Asset Purchase Agreement.

H.       Adequate assurance exists that the Buyer will fully perform all future obligations under the Assigned Equipment Loans.  Assumption and assignment of such executory contracts and unexpired leases is an appropriate exercise of the Debtor's business judgment.

I.       The Buyer is not an "insider" or "affiliate" of the Debtor as those terms are defined in the Bankruptcy Code.  The Debtor and the Buyer have at all times acted in good faith and in accordance with applicable law.  The Buyer is acting in good faith within the meaning of section 363(m) of the Bankruptcy Code.  The Sale of the Purchased Assets to the Buyer pursuant to the Asset Purchase Agreement is a sale in good faith within the meaning of section 363(m) of the Bankruptcy Code, and the Buyer is entitled to the protections of section 363(m) of the Bankruptcy Code.  The Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction, and there has been no evidence that any activity prohibited under section 363(n) of the Bankruptcy Code occurred.

J.       The Debtor has full authority and power to execute and deliver the Asset Purchase Agreement and related agreements and all other documents contemplated by the Asset Purchase Agreement, to perform the obligations thereunder, and to consummate the transactions contemplated therein.  No other consent or approvals are necessary or required for the Debtor to perform its obligations under the Asset Purchase Agreement and to consummate the transactions contemplated therein.

K.       The Seller may sell the Purchased Assets to the Buyer free and clear of all

DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                 Excavating and Construction, Inc., (II) Approving Settlement with
                 Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                 into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                 Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                 and Unexpired Leases**

liens, claims, rights, interest, and encumbrances against the Debtor, the Debtor's estate, or

any of the Purchased Assets, because one or more of the requirements set forth in section

363(f)(1) through (5) of the Bankruptcy Code has been satisfied.  Those holders of liens or

claims against the Debtor, the Debtor's estate, or any of the Purchased Assets, who did not

object, or who withdrew their objections to the Motion are deemed to have consented to

the Sale pursuant to section 363(f)(2) of the Bankruptcy Code, *provided, however,* that

secured creditor Manasquan Bank shall be deemed to have consented to the Sale only upon

receipt of the settlement payment in accordance with the terms of the Manasquan Bank

Settlement approved herein.  Subject to the proviso in the preceding sentence, those holders

of liens or claims against the Debtor, the Debtor's estate, or any of the Purchased Assets,

who did object, who did not object, or who withdrew their objections fall within one more

of the other subsections of section 363(f) and are deemed adequately protected.

      L.    The Buyer would not have entered into the Asset Purchase Agreement and

would not have consummated the transactions contemplated therein, thus materially

affecting the Debtor, the Debtor's estate, and creditors, if the Sale of the Purchased Assets

and the assumption and assignment to the Buyer of certain executory contracts and

unexpired leases were not, as to the Debtor free and clear of all liens, claims, rights, interest,

and encumbrances, or if the Buyer would be liable for any Excluded Liabilities as such

term is defined in section 1.04 of the Asset Purchase Agreement.

      M.    Except for the Assumed Liabilities as defined in section 1.03 of the Asset

Purchase Agreement, the transfer of the Purchased Assets to the Buyer, and (ii) the

Page 10 of 25
DEBTOR:                    Assuncao Brothers Inc.
CASE NO:                   22-16159-CMG
CAPTION:                   **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                           Excavating and Construction, Inc., (II) Approving Settlement with
                           Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                           into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                           Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                           and Unexpired Leases**

assumption and assignment to the Buyer of the Assigned Equipment Loans does not and

will not subject the Buyer to any liability whatsoever with respect to the operation of the

Debtor's business before the Closing Date or by reason of such transfer under the laws of

the United States, any state, territory, or possession thereof, based on, in whole or in part,

directly or indirectly, any theory of law or equity, including, without limitation, any theory

of equitable law, including without limitation, any theory of antitrust or successor or

transferee liability.

N.       Pursuant to Bankruptcy Rule 6003, entry of this Order approving the

proposed Sale to the Buyer, approving the Manasquan Bank Settlement, approving the

Debtor to enter into the Subcontracts free and clear of any lien, claim or interest of any of

Debtor's prepetition subcontractors, vendors, suppliers or materialmen on the Non-Bonded

Projects, and approving assumption and assignment of the Assigned Equipment Loans

sooner than 14 days after the Petition Date is necessary and appropriate to avoid immediate

and irreparable harm to the Debtor and the estate.

O.       This Order constitutes a final and appealable order within the meaning of

28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and (d), the Court finds

that there is no just reason for delay in the implementation of this Order.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.       The Motion is granted in accordance with the provisions of this order.

2.       Any and all objections or responses to the Motion and the relief requested

therein that have not been withdrawn, resolved, or addressed in this Order, are overruled.

DEBTOR:          Assuncao Brothers Inc.

CASE NO:         22-16159-CMG

CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

3.       The Asset Purchase Agreement and the transactions contemplated therein including the Sale of the Purchased Assets and the execution of the Subcontracts free and clear of any lien, claim or interest of any lien, claim, right, interest, and encumbrance including, but not limited to any lien, claim, right, interest and encumbrance of the Debtor's creditors, subcontractors, vendors, supplier and materialmen are hereby approved. Pursuant to section 363 of the Bankruptcy Code, the Debtor is hereby authorized to sell, or cause to be sold, the Purchased Assets to the Buyer. Pursuant to section 105 and of the Bankruptcy Code, the Debtor is authorized to execute the Subcontracts, without further application to or order of the Court. Pursuant to section 365 of the Bankruptcy Code the Debtor is authorized to assume and assign to the Buyer the Assigned Equipment Loans.

4.       The terms of the Manasquan Bank Settlement are hereby approved pursuant to Fed. R. Bankr. P. 9019. Buyer shall pay the Manasquan Settlement Amount (i.e., $975,000) to Manasquan Bank on the Closing Date. Upon the receipt by Manasquan Bank of the Manasquan Settlement Amount by or on the Closing Date:

    a.   Manasquan Bank shall release its liens on the Debtor's assets;

    b.   Manasquan Bank shall immediately pay $25,000 of the Manasquan Settlement Amount to the Subchapter V Case professionals as a reimbursement of expenses related to the Vollers Transaction;

    c.   Manasquan Bank shall possess an agreed upon allowed unsecured deficiency claim against Debtor of $359,232.14;

    d.   Debtor, its estate, and Vollers shall be deemed to have released

DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers**
                 **Excavating and Construction, Inc., (II) Approving Settlement with**
                 **Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter**
                 **into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)**
                 **Authorizing the Debtor to Assume and Assign Certain Executory Contracts**
                 **and Unexpired Leases**

Manasquan Bank (and its agents, employees, officers, directors, affiliates, and counsel) from any and all claims and causes of action, whether known or unknown, that may exist against Manasquan Bank;

e.  Manasquan Bank shall be deemed to have released Vollers (and its agents, employees, officers, directors, affiliates, and counsel) from any and all claims and causes of action, whether known or unknown, that Manasquan Bank may possess against Vollers as may be related in any way to this Subchapter V Case;

f.  In no event shall the releases contained in the preceding subparagraphs be deemed to have released any claims against any principal or related party of the Debtor, including without limitation any guarantor of the Manasquan Loan;

5.     Notwithstanding its participation in the Manasquan Bank Settlement and its receipt of the Manasquan Settlement Amount, Manasquan Bank shall retain and continue to possess all of its rights to pursue any guarantors of the Manasquan Loan for any amounts remaining unpaid under the Manasquan Loan documents and guarantees, including remaining principal, interest, default interest, fees, expenses, attorney's fees, and costs.

6.     Notwithstanding any other provision of this Order to the contrary, the relief provided in this Order, including the approval of the Sale and the release of liens on the Debtor's assets, shall be expressly subject to the payment of the Manasquan Settlement Amount on or before the Closing Date.

Page 13 of 25
DEBTOR:            Assuncao Brothers Inc.
CASE NO:           22-16159-CMG
CAPTION:           **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers**
**Excavating and Construction, Inc., (II) Approving Settlement with**
**Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter**
**into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)**
**Authorizing the Debtor to Assume and Assign Certain Executory Contracts**
**and Unexpired Leases**

7.        Subject to the full payment by Buyer of the Manasquan Settlement Amount

to Manasquan Bank on the Closing Date, the transfer of the Purchased Assets, the

execution of the Subcontracts, and assumption and assignment to the Buyer of the Assigned

Equipment Loans pursuant to this Order and the Asset Purchase Agreement shall a

constitute legal, valid, binding, and effective transfer, and shall vest the Buyer with good

and valid title to the Purchased Assets and with all rights under the Subcontracts and the

all documents and agreement pertaining to the Assigned Equipment Loans pursuant to

section 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, free and clear of all liens,

claims, rights, interests, and encumbrances, except for those Assumed Liabilities as defined

in section 1.03 of the Asset Purchase Agreement.

8.        Subject to the full and timely payment by Buyer of the Manasquan

Settlement Amount to Manasquan Bank, on the Closing Date, all liens, claims, rights,

interests, and encumbrances against or upon the Purchased Assets and all liens, claims,

rights, interests, and encumbrances of any of Debtor's prepetition subcontractors,

suppliers, vendors and materialmen, shall be unconditionally released, terminated, and

discharged and shall attach to the Sale proceeds with the same priority, validity, force, and

effect that they had before the Sale of the Purchased Assets, subject to any claims and

defenses that the Debtor and the Debtor's estate may have with respect thereto, and no

person or entity may assert any liens, claims, rights, interests, and encumbrances against

the Buyer in any way related (i) the Purchased Assets and incurred or otherwise arising

prior to the Closing Date; (ii) the Subcontracts or the Buyer's interest in the Purchased

DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

Assets; or (iii) by reason of the Sale of the Purchased Assets to and execution of the Subcontract with the Buyer.

9.      The provisions of this Order (i) authorizing the Sale of the Purchased Assets by the Debtor to the Buyer free and clear of all liens, claims, rights, interests, and encumbrances, (ii) authorizing the Debtor to execute the Subcontracts, and (iii) authorizing the Debtor to assume and assign the Assigned Equipment Loans to the Buyer, shall be self-executing and neither the Debtor, the Buyer, nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof with respect to such Sale and Subcontracts; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Manasquan Bank Settlement and Asset Purchase Agreement.

10.     To the extent necessary or appropriate, this Order shall constitute a bill of sale of the Purchased Assets to the Buyer and authority to enter into the Subcontracts, free and clear of all liens, claims, rights, interests, and encumbrances, and assumption and assignment to the Buyer of the Assigned Equipment Loans as provided herein.  All persons and entities (including, without limitation, all filing, registration, or recording officers or agents, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all others that may be required by operation of law, the duties of their offices, or contract, to accept, file, register, or record or release any documents or

DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers**
                 **Excavating and Construction, Inc., (II) Approving Settlement with**
                 **Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter**
                 **into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)**
                 **Authorizing the Debtor to Assume and Assign Certain Executory Contracts**
                 **and Unexpired Leases**

instruments, or that may be required to report or insure any title or state of title in or to any

of the Purchased Assets are hereby authorized to (i) accept this Order as sole and sufficient

evidence of the transfers of all right, title, and interest in, to, and under the Purchased

Assets, and may rely on this Order in consummating, or facilitating the consummation of,

the transactions contemplated by the Asset Purchase Agreement, including the assumption

and assignment of the Assigned Equipment Loans to the Buyer and (ii) accept, file, register,

and/or record all documents and instruments of transfer including, without limitation,

deeds, leases, and assignments, modifications, and terminations of leases (if any), that may

be filed, registered, and/or recorded under the terms of this Order or the Asset Purchase

Agreement, and are forever barred, prohibited and enjoined from taking any action that

would adversely affect or interfere with the ability of the Buyer to transfer the Purchased

Assets to the Buyer, including with respect to the assumption and assignment of the

Assigned Equipment Loans to Buyer in accordance with the terms of this Order and the

Asset Purchase Agreement, free and clear of all liens, claims, interests, rights and

encumbrances, and from otherwise interfering with the Buyer's enjoyment of the

Purchased Assets, the Subcontracts, and the Assigned Equipment Loans.

11.     Except with respect to the Assumed Liabilities as defined in section 1.03 of

the Asset Purchase Agreement, and subject to the full payment by Buyer of the Manasquan

Settlement Amount to Manasquan Bank on the Closing Date, all persons and entities,

including, but not limited to, all debt security holders, equity security holders,

governmental, tax and regulatory authorities, lenders, trade creditors, subcontractors,

Page 16 of 25
DEBTOR:              Assuncao Brothers Inc.
CASE NO:             22-16159-CMG
CAPTION:             **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers**
                     **Excavating and Construction, Inc., (II) Approving Settlement with**
                     **Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter**
                     **into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)**
                     **Authorizing the Debtor to Assume and Assign Certain Executory Contracts**
                     **and Unexpired Leases**

vendors, suppliers, materialmen, litigation claimants and other creditors holding any liens, claims, rights, interest, or encumbrances of any kind or nature whatsoever against or in all or any portion of the Purchased Assets and Subcontracts (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated or subordinate), arising under or out of, in connection with, or in any way relating to the Debtor, the Purchased Assets, the operation of the Debtor's business prior to the Closing Date or the transfer of the Purchased Assets to the Buyer, hereby are forever barred, estopped and permanently enjoined from asserting, against the Buyer, any of its affiliates, successors or assigns, their property, owners on any of the Non-Bonded Projects or their sureties, or the Purchased Assets, such persons' or entities' liens, claims, rights, interest, or encumbrances, other than with respect to any Assumed Liabilities, in and to the Purchased Assets, including, without limitation the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Buyer, any of its affiliates, successors, assets or properties or any owner or surety on any Non-Bonded Project; (ii) enforcing, attaching, collecting or recovery in any manner any judgment, award, decree or order against the Buyer, any of its affiliates, successors, assets or properties or any owner or surety on any Non-Bonded Project; (iii) creating, perfecting or enforcing any lien or claim against the Buyer, or any of its affiliates, successors, assets or properties or any owner or surety on any Non-Bonded Project; (iv) asserting any setoff or right of subrogation of any kind against any obligation of the Buyer, any of its affiliates or successors; (v) commencing or continuing any action in any manner or place, that does not

16

DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers**
                 **Excavating and Construction, Inc., (II) Approving Settlement with**
                 **Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter**
                 **into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)**
                 **Authorizing the Debtor to Assume and Assign Certain Executory Contracts**
                 **and Unexpired Leases**

comply or is inconsistent with the provisions of this Order other orders of the Court, or the

agreements or actions contemplated or taken in respect thereof; or (vi) revoking,

terminating or failing or refusing to transfer or renew any license, permit or authorization

to operate any of the Purchased Assets or conduct any of the business operated with the

Purchased Assets.

12.     Subject to the full payment by Buyer of the Manasquan Settlement Amount

to Manasquan Bank on the Closing Date:

    a.  The sale of the Purchased Assets, execution of the Subcontracts, and

        assumption assignment to the Buyer of the Assigned Equipment Loans,

        with the exception of any liens, claims, rights, and interests held by any

        counterparties to the Assigned Equipment Loans, shall be free and clear

        of all liens, claims, rights, and interests, and encumbrances pursuant to

        section 363(f) and 105 of the Bankruptcy Code;

    b.  The holders of any liens, claims, rights, and interests, and encumbrances

        that did not object, or that withdrew their objections, to the Motion are

        hereby deemed to have consented to the Sale of the Purchased Assets,

        the execution of the Subcontracts, and the assumption and assignment

        of the Assigned Equipment Loans (except for counterparties to the

        Assigned Equipment Loans as noted above) free and clear of their liens,

        claims, rights, interests, and encumbrances pursuant to section 363(f)(2)

        of the Bankruptcy Code.

DEBTOR:            Assuncao Brothers Inc.

CASE NO:          22-16159-CMG

CAPTION:          **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

    c.   To the extent the consideration to be received under the Asset Purchase Agreement exceeds the value of all liens, claims, rights, interests, and encumbrances in the Purchased Assets, section 363(f)(3) is satisfied.

    d.   Section 363(f)(5) is satisfied because, among other things, under applicable state law, the holders of liens, claims, rights, interests, and encumbrances could be compelled in a legal or equitable proceeding to accept money satisfactions of their interests.

    e.   All liens, claims, rights, interests, and encumbrances are adequately protected as they will attach to the Sale proceeds with the same priority, validity, force, and effect that they had before the Sale of the Purchased Assets and assumption assignment of executory contracts and unexpired leases to the Buyer, subject to any claims and defense that the Debtor and the Debtor's estate may have with respect thereto.

13.    All persons and entities that are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed at such person's or entity's sole expense, to surrender possession of the Purchased Assets prior to the Closing Date, or as otherwise directed by the Buyer and in accordance with the Asset Purchase Agreement.

14.    Except for the Assumed Liabilities as defined in section 1.03 of the Asset Purchase Agreement, the consummation of the transactions contemplated by the Asset Purchase Agreement, including, without limitation, the transfers of the Purchased Assets,

DEBTOR:             Assuncao Brothers Inc.
CASE NO:            22-16159-CMG
CAPTION:            **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

the execution of the Subcontracts, and the assumption and assignment of the Assigned Equipment Loans, shall not subject the Buyer or their respective affiliates, successors, and assigns to any liability or responsibility for any liability or other obligation of the Debtor or the Debtor's estate arising prior to the Closing Date, including, without limitation, liabilities arising, accruing, or payable under, out of, in connection with, or in any way relating to the Purchased Assets, the Non-Bonded Projects, the Assigned Equipment Loans, or other assets, operations, activities, or businesses of the Debtor, except that (i) Buyer shall be responsible for payment to Manasquan Bank of the Manasquan Settlement Amount on the Closing Date, and (ii) any outstanding balances due on any of the Assigned Equipment Loans shall be cured prior to the assumption and assignment of any such Assigned Equipment Loan to the Buyer, and the Buyer shall thereafter be responsible for all ongoing and future obligations arising under any of the Assigned Equipment Loans.

15.    To the extent that the consideration described in Section 1.06(e) of the Asset Purchase Price is payable, Buyer is authorized to pay such amounts directly to the Debtor's Subchapter V Case professionals.

16.    To the greatest extent available under applicable law, the Buyer shall be authorized, as of the Closing Date, to operate under any transferred license, permit, registration and governmental authorization or approval of the Debtor with respect to the Purchased Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Buyer as of the Closing Date.

DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                 Excavating and Construction, Inc., (II) Approving Settlement with
                 Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                 into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                 Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                 and Unexpired Leases**

17.     Consummation of the Asset Purchase Agreement does not effect a de facto merger of the Debtor and the Buyer, nor does it result in the continuation of the Debtor's businesses under the Buyer's control.  Except to the extent the Buyer assumes the Assumed Liabilities pursuant to the Asset Purchase Agreement, the Buyer shall not be deemed a "successor" or alter-ego of the Debtor or the Debtor's estate by reason of any theory of law or equity, and except as expressly provided in the Asset Purchase Agreement or this Order, the Buyer shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of the Debtor and/or the Debtor's estate including, but not limited to, any bulk sales law, successor liability, liability or responsibility for any liens, claims, rights, interests, or encumbrances against the Debtor or against an insider of the Debtor, or similar liability except as otherwise expressly provided in the Asset Purchase Agreement, provided that Buyer provides payment to Manasquan Bank of the Manasquan Settlement Amount on the Closing Date.

18.     As of the Closing Date, the Buyer shall have any and all rights, claims, defenses, and offsets held by the Debtor or the Debtor's estate with respect to the Assumed Liabilities under the Asset Purchase Agreement.

19.     Any provision in any of the Assigned Equipment Loans purporting in any way to restrict, condition, or prohibit the Debtor's ability to assume and assign such contract or lease to the Buyer or to impose any similar restraints on alienation is unenforceable and no such provision shall prevent or in any way impair the Debtor's ability

DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                 Excavating and Construction, Inc., (II) Approving Settlement with
                 Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                 into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                 Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                 and Unexpired Leases**

to assume and assign such Assigned Equipment Loans to the Buyer or interfere with the

Buyer's enjoyment of the Debtor's rights thereunder following such assignments.

20.      Subject to the terms of the Manasquan Settlement and the Asset Purchase

Agreement, all requirements and conditions under sections 363 and 365 of the Bankruptcy

Code are satisfied.   The Debtor is authorized to assume and assign to the Buyer the

Assigned Equipment Loans pursuant to and in accordance with sections 105 and 365 of the

Bankruptcy Code without further application to or order of the Court, and upon the Closing

(as defined in section 2.01 of the Asset Purchase Agreement), the Assigned Equipment

Loans shall be assumed by the Debtor and assigned to and vested in the Buyer.  Such

assignments shall be free and clear of all liens, claims, rights, interests, and encumbrances,

except for the Assumed Liabilities set forth in section 1.03 of the Asset Purchase

Agreement, with all such liens, claims, rights, interests, and encumbrances deemed

unconditionally released, terminated, and discharged and, following assignment, the Buyer

shall be fully and irrevocable vested with all such assigned executory contracts and

unexpired leases. Pursuant to section 365(k) of the Bankruptcy Code, the Debtor and the

Debtor's estate shall be relieved from any liability for any breach of an executory contract

and unexpired lease assigned to the Buyer pursuant to this Order and the Asset Purchase

Agreement occurring after the effective date of the applicable assignment.

21.      The counterparties to any of the Assigned Equipment Loans assigned to the

Buyer pursuant to this Order and the Asset Purchase Agreement shall be obligated to

perform under their respective lease or contract, subject to the terms thereof.  Any provision

Page 22 of 25

DEBTOR:          Assuncao Brothers Inc.
CASE NO:        22-16159-CMG
CAPTION:        **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

in any executory contract or unexpired lease assumed and assigned to the Buyer pursuant to this Order and the Asset Purchase Agreement that purports to declare a breach, default or payment right as result of an assignment or a change of control in respect of the Debtor is unenforceable, and all such assumed and assigned executory contracts and unexpired leases shall remain in full force and effect, subject only to payment of the appropriate cure amount, if any.  No sections or provisions of any executory contract or unexpired lease assumed and assigned to the Buyer pursuant to this Order and the Asset Purchase Agreement that purports to provide for additional payments, rent accelerations, assignment fees, increases, payments, charges or any other fees charged to the Buyer or the Debtor as a result of the assumption and the assignment of any such executory contract or unexpired lease shall not have any force and effect with respect to the transactions contemplated by the Asset Purchase Agreement and as authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under Section 363(f) of the Bankruptcy Code. The Buyer shall not be required, pursuant to section 365(l) of the Bankruptcy Code or otherwise, to provide any additional deposit or security with respect to any assumed and assigned executory contract or unexpired lease to the extent not previously provided by the Sellers.

22.    The Buyer has satisfied all requirements under sections 365(b)(1) and (f)(2) of the Bankruptcy Code to provide adequate assurance of future performance under the Assigned Equipment Loans to be assumed and assigned to the Buyer.

DEBTOR:        Assuncao Brothers Inc.
CASE NO:       22-16159-CMG
CAPTION:       **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

23.    The Asset Purchase Agreement may not be modified, amended, or supplemented by the parties thereto without further order of the Court, provided that Manasquan Bank has consented to any such modification, amendment, or supplement, and that it is either (a) not material or (b) not less favorable to the Debtor than existing applicable provisions.

24.    This Court shall retain exclusive jurisdiction to (a) enforce this Order, the Asset Purchase Agreement, any and all amendments or modifications to any of the foregoing, and any and all waivers or consents under or in connection with any of the foregoing, (b) compel delivery of the Purchased Assets to the Buyer, payment of the Manasquan Settlement Amount to Manasquan Bank, and assignment of the Assigned Equipment Loans, (c) resolve any disputes arising under or relating to this Order or the Asset Purchase Agreement, (d) enjoin and adjudicate the assertion of any lien, claim, right, interest, or encumbrance against or in respect of the Buyer, or any assignee of the Buyer, the Purchased Assets, or any of the Assigned Equipment Loans, and (e) otherwise interpret, implement, and enforce the provisions of this Order and the Asset Purchase Agreement.

25.    Unless otherwise expressly agreed by the Buyer or Manasquan Bank in writing, nothing contained in any subsequent order of this Court or in any plan of reorganization or liquidation confirmed in this Subchapter V Case shall alter, conflict with, or derogate from the provisions of the Asset Purchase Agreement or the terms of this Order.

26.    The Buyer is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code, including, without

DEBTOR:        Assuncao Brothers Inc.
CASE NO:       22-16159-CMG
CAPTION:       **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

limitation, the transfer of the Purchased Assets and the assignment of executory contracts and unexpired leases in connection therewith, as provided in this Order and the Asset Purchase Agreement.

27.    The failure to include specifically any particular provision of the Asset Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Asset Purchase Agreement be authorized and approved in its entirety.

28.    The terms of this Order and the Asset Purchase Agreement shall in all respects be binding upon and enforceable against all persons and entities, including, without limitation, the Debtor and the Debtor's estate, any and all trustees thereof, any committees appointed in the Debtor's bankruptcy proceedings, all creditors of any Debtor, and all other parties in interest and their respective successors and assigns, including but not limited to any creditor asserting any lien, claim, right, interest, or encumbrance against any of the Purchased Assets.

29.    This Order shall be effective immediately upon entry and any stay of execution pursuant to Bankruptcy Rules 6004(h) or 6006(d) is hereby waived.

30.    No bulk sales law, bulk transfer law or similar law of any state or other jurisdiction shall apply in any way to the transactions contemplated by the Asset Purchase Agreement or this Order.  Except as otherwise expressly provided in the Asset Purchase Agreement, all obligations of the Debtor relating to taxes, whether arising under any law,

Page 25 of 25
DEBTOR:              Assuncao Brothers Inc.
CASE NO:            22-16159-CMG
CAPTION:            **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

by the Asset Purchase Agreement, or otherwise, shall be the obligation of and fulfilled and

paid by the Debtor.

31.    To the extent permitted by section 525 of the Bankruptcy Code, no

governmental unit may revoke or suspend any permit or license relating to the operation of

the Purchased Assets sold, transferred or conveyed to the Buyer on account of the filing or

pendency of this Subchapter V Case, or the consummation of the transaction contemplated

by the Asset Purchase Agreement.

32.    The Buyer shall not be required to seek or obtain relief from the automatic

stay under section 362 of the Bankruptcy Code to enforce any of its rights or remedies

under or in connection with the Asset Purchase Agreement.