**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Joseph J. DiPasquale, Esq.
Michael R. Herz, Esq.
Joseph A. Caneco, Esq.
jdipasquale@foxrothschild.com
mherz@foxrothschild.com
jcaneco@foxrothschild.com
Telephone: (973) 992-4800
Facsimile: (973) 992-9125

*Proposed Counsel to the Debtor*
*And Debtor in Possession*

In re:

ASSUNCAO BROS., INC.,

                Debtor.

Chapter 11 (Subchapter V)

Case No. 22-16159

Judge: Hon. Christine M. Gravelle

**APPLICATION FOR ORDER SHORTENING TIME WITH RESPECT DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS TO VOLLERS EXCAVATING AND CONSTRUCTION, INC., (II) APPROVING SETTLEMENT, (III) AUTHORIZING DEBTOR TO ENTER INTO SUBCONTRACTS WITH VOLLERS FOR CERTAIN NON-BONDED PROJECTS, AND (IV) AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO:  THE HONORABLE CHRISTINE M. GRAVELLE,
       UNITED STATES BANKRUPTCY JUDGE

       Assuncao Bros., Inc., the debtor and debtor-in-possession (the "Debtor") in the above captioned chapter 11, subchapter V case (the "Subchapter V Case"), by and through its proposed counsel, Fox Rothschild LLP, requests that the time period to notice a hearing on the

*Debtor's Motion for Entry of an Order (i) Authorizing Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (ii) Authorizing Debtor to Enter Into Subcontracts with Vollers for Non-Bonded Projects, and (iii) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases* (the "Sale Motion") [1], as required by Fed. R. Bankr. P. 2002, be shortened pursuant to Fed. R. Bankr. P 9006(c)(1), for the reasons set forth below:

1. A shortened time hearing is requested because: The Debtor has spent a significant amount of time in the days and weeks leading up to this Subchapter V Case negotiating a sale of certain assets to Vollers. The sale of such assets is critical to a global resolution of the Debtor's affairs because it will bring much needed assets into the Debtor's estate that will be used to pay down the secured debt to Manasquan Bank. Additionally, if the Sale Motion is approved and the Subcontracts are authorized, Vollers will continue to fund the Subcontracted Projects which could lead to a source of revenue for the Debtor as accounts receivable are collected on such projects (based on a revenue sharing provision with Vollers). Additionally, Vollers is providing the DIP Loan in this Subchapter V Case and continued and extended advances after an interim period are contingent on the Sale Motion being approved no later than approximately two weeks after the Petition Date. Additionally, unless a sale is consummated quickly and the Subcontracts are authorized, the Debtor will not have funds to complete its projects and will therefore lose any hope of collecting accounts receivable and unbilled balances and will be forced to liquidate its assets for the benefit of secured creditors.

2. State the hearing dates requested: The Debtor respectfully requests that the Court hear the Motions on August 22, 2022 at 10:00 a.m. (EST).

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Sale Motion.

3. Reduction of the time period is not prohibited under Fed. R. Bankr. P 9006(c)(1).

The applicant respectfully requests entry of the proposed order shortening time submitted herewith.

Date:   August 5, 2022                                                         */s/ Joseph J. DiPasquale*

136434034