**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Joseph J. DiPasquale, Esq.
Michael R. Herz, Esq.
Joseph A. Caneco, Esq.
jdipasquale@foxrothschild.com
mherz@foxrothschild.com
jcaneco@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:   (973) 992-9125

*Proposed Counsel to the Debtor
And Debtor in Possession*

Order Filed on August 4, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

ASSUNCAO BROS., INC.,

                Debtor.

Chapter 11 (Subchapter V)

Case No. 22-16159

Judge:

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTOR TO PAY AND HONOR PRE-PETITION EMPLOYEE
WAGES, SALARIES, BENEFITS, EXPENSES, AND OTHER OBLIGATIONS**

    The relief set forth on the following page(s) numbered two (2) through five (5) is hereby **ORDERED.**

**DATED: August 4, 2022**

_____
Honorable Christine M. Gravelle
United States Bankruptcy Judge

DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-
CAPTION: **Order Granting Debtor's Motion for Entry of an Order Authorizing the Debtor to Pay and Honor Pre-Petition Employee Wages, Salaries, Benefits, Expenses, and Other Obligations**

The Court, having reviewed and considered the *Debtor's Motion for Entry of an Order Authorizing the Debtor to Pay and Honor Pre-Petition Employee Wages, Salaries, Benefits, Expenses, and Other Obligations* (the "Employee Wages Motion" or the "Motion")[1], seeking an order (i) authorizing the Debtor to (a) pay certain prepetition employee wages, salaries, and bonuses (the "Employee Claims"); (b) continue, in the ordinary course of business, the maintenance of all employee benefit programs, including health insurance, paid time off (vacation and sick leave), workers' compensation, 401k plan, and other benefit programs set forth herein (the "Employee Benefits"); (c) reimburse employees for prepetition expenses that employees incurred on behalf of the Debtor in the ordinary course of business (the "Employee Expenses"); (d) pay all related prepetition payroll taxes and withhold and remit other deductions (the "Employee Withholdings"); and (e) to the extent that any of the foregoing programs are administered, insured, or paid through a third-party administrator or provider, to pay any prepetition claims of such administrator and provider in the ordinary course of business to ensure the uninterrupted delivery of payments or other benefits to the employees (collectively, the foregoing enumerated items are the "Employee Obligations"); and (ii) directing the Debtor's bank(s), when requested by the Debtor in its discretion, to honor and process any checks or electronic transfers drawn on the Debtor's bank accounts which are issued to pay any prepetition Employee Obligations (as more fully set forth in the Motion); and the Court having jurisdiction to consider the Motion and the relief requested therein is in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

---

[1] All capitalized, undefined terms shall have the meaning ascribed to them in the Motion.

DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-
CAPTION: **Order Granting Debtor's Motion for Entry of an Order Authorizing the Debtor to Pay and Honor Pre-Petition Employee Wages, Salaries, Benefits, Expenses, and Other Obligations**

§§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), and it appearing that no other further notice need be provided; and upon consideration of the *Declaration of Martin Assuncao in Support of Voluntary Petition and First Day Motions* and the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, its creditors, its stakeholders, and all other parties-in-interest, and that the legal and factual basis set forth in the Motion establishes just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtor shall be and hereby is authorized to pay and honor (including to any third parties that provide or aid in the monitoring, processing or administration of the Employee Obligations), in its sole discretion, the Employee Obligations, including but not limited to Employee Claims, up to the limit set forth in 11 U.S.C. § 507(a)(4), Employee Benefits up to the limit set forth in 11 U.S.C. 507(a)(5), Employee Expenses, Employee Withholdings, Payroll Taxes for the most recent prepetition payroll, and any administrative fees incurred in connection with providing the Employee Obligations, as and when such obligations are due, upon entry of this order.

Page 4 of 5
DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-
CAPTION: **Order Granting Debtor's Motion for Entry of an Order Authorizing the Debtor to Pay and Honor Pre-Petition Employee Wages, Salaries, Benefits, Expenses, and Other Obligations**

3. The Debtor is further authorized to pay any pre-petition amounts owed to its third-party payroll administrator to the extent necessary ensure that the relief granted by this Order can be carried out, and the Debtor may continue to pay such third-party payroll administrator in the ordinary course of business post-petition.

4. The Debtor shall be and hereby is authorized, in its sole discretion, to honor and continue its Employee Obligations that were in effect as of the Petition Date; provided, however, that such relief shall (a) not be construed as an admission as to the validity of any claim against the Debtor; (b) not constitute or be deemed an assumption or an authorization to assume any of such Employee Obligations, including, policies, plans or programs under 11 U.S.C. § 365(a); (c) waive, affect or impair any of the Debtor's or any appropriate party-in-interest's rights, claims or defenses, including, but not limited to, those arising from 11 U.S.C. § 365, other applicable law and any agreement; (d) grant third-party beneficiary status or bestow any additional rights on any third party; or (e) be otherwise enforceable by any third party.

5. The Debtor's banks shall be and hereby are authorized to receive, process, honor and pay all pre and postpetition checks, drafts, wires, and ACH payments, and other fund transfers on account of the Employee Obligations that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

6. The Debtor's banks shall be and hereby are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an employee of the Debtor or other party for any Employee Obligations, provided that sufficient funds are on deposit in the applicable accounts to cover such transfers.

DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-
CAPTION: **Order Granting Debtor's Motion for Entry of an Order Authorizing the Debtor to Pay and Honor Pre-Petition Employee Wages, Salaries, Benefits, Expenses, and Other Obligations**

7. The Debtor is authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected subject to the limit under 11 U.S.C. § 507(a)(4) and (5).

8. The Debtor is authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9. Authorizations given to the Debtor in this Order empower, but do not direct, the Debtor to effectuate the payments specified herein, the Debtor retaining the business judgment to make or not make said payments, and in all instances subject to the condition that funds are available to make any payment, and in no event shall any person (Debtor, officer, director or otherwise) be personally liable for any amounts authorized for payment herein but not paid.

10. The requirements of Fed R. Bankr. P. 6003(b) have been satisfied.

11. The requirements of Fed. R. Bankr. P. 6004(a) are waived.

12. This Order shall be effective and enforceable immediately upon entry hereof.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

135863389

United States Bankruptcy Court

District of New Jersey

In re:  Case No. 22-16159-CMG

Assuncao Bros., Inc.  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3  User: admin  Page 1 of 2
Date Rcvd: Aug 04, 2022  Form ID: pdf903  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 06, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Assuncao Bros., Inc., 29 Wood Avenue, Edison, NJ 08820-3503 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 06, 2022  Signature:  /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 4, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Curtis M Plaza | on behalf of Creditor Manasquan Bank cplaza@riker.com sdechoyan@riker.com |
| Douglas G. Leney | on behalf of Interested Party Martin Assuncao dleney@archerlaw.com ahuber@archerlaw.com,chansen@archerlaw.com |
| Douglas G. Leney | on behalf of Interested Party Lisa Assuncao dleney@archerlaw.com ahuber@archerlaw.com,chansen@archerlaw.com |
| Joseph A. Caneco | on behalf of Debtor Assuncao Bros. Inc. jcaneco@foxrothschild.com |
| Joseph J. DiPasquale | on behalf of Debtor Assuncao Bros. Inc. Jdipasquale@foxrothschild.com, cbrown@foxrothschild.com;ShavoneGreen@foxrothschild.com |
| Louis A. Modugno | |

District/off: 0312-3     User: admin     Page 2 of 2
Date Rcvd: Aug 04, 2022     Form ID: pdf903     Total Noticed: 1

on behalf of Other Prof. Vollers Excavating and Contractors  Inc. lmodugno@tm-firm.com

Margaret Mcgee

on behalf of U.S. Trustee U.S. Trustee maggie.mcgee@usdoj.gov

Michael R. Herz

on behalf of Debtor Assuncao Bros.  Inc. mherz@foxrothschild.com, cbrown@foxrothschild.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea

on behalf of Creditor NGM Insurance Company vshea@mdmc-law.com
mtaranto@mdmc-law.com;kpatterson@mdmc-law.com;gbressler@mdmc-law.com;lmodugno@mdmc-law.com

TOTAL: 10