**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Joseph J. DiPasquale, Esq.
Joseph A. Caneco, Esq.
jdipasquale@foxrothschild.com
jcaneco@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:  (973) 992-9125

*Proposed Counsel to the Debtor
And Debtor in Possession*

Order Filed on August 4, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

ASSUNCAO BROS., INC.,

      Debtor.

Chapter 11 (Subchapter V)

Case No. 22-16159

Judge: Christine M. Gravelle

**ORDER AUTHORIZING (I) THE CONTINUED USE OF (A) EXISTING CASH MANAGEMENT SYSTEM AND (B) EXISTING BANK ACCOUNTS AND BUSINESS FORMS, (II) PROVIDING THE UNITED STATES TRUSTEE WITH A 60-DAY OBJECTION PERIOD, AND (III) GRANTING RELATED RELIEF**

  The relief set forth on the following page(s) numbered two (2) through seven (7) is hereby **ORDERED.**

**DATED: August 4, 2022**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159
CAPTION: **Order (i) Authorizing the Continued Use of (a) Existing Cash Management System and (b) Existing Bank Accounts and Business Forms, (ii) Providing the United States Trustee with a 60-Day Objection Period, and (iii) Granting Related Relief**

The Court, having reviewed and considered the *Debtor's Motion for Entry of an Order (i) Authorizing the Continued Use of (a) Existing Cash Management System and (b) Existing Bank Accounts and Business Forms, (ii)Providing the United States Trustee with a 60-Day Objection Period, and (iii) Granting Related Relief* (the "Cash Management Motion")[1]; and the Court having jurisdiction to consider the Cash Management Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Cash Management Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Cash Management Motion having been provided under the circumstances in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), and it appearing that no other further notice need be provided; and upon consideration of the *Declaration of Martin Assuncao in Support of Voluntary Petition and First Day Motion*s, and the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Cash Management Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, its creditors, its stakeholders, and all other parties-in-interest, and that the legal and factual basis set forth in the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Cash Management Motion.

DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159
CAPTION: **Order (i) Authorizing the Continued Use of (a) Existing Cash Management System and (b) Existing Bank Accounts and Business Forms, (ii) Providing the United States Trustee with a 60-Day Objection Period, and (iii) Granting Related Relief**

Cash Management Motion establishes just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

   **IT IS HEREBY ORDERED THAT**:

1.    The Cash Management Motion is GRANTED as set forth herein.

2.    The Debtor is authorized, but not directed, to continue to use its Cash Management System and Bank Accounts and to collect, concentrate, and disburse cash in accordance with the Cash Management System, pursuant to sections 105(a) and 363 of the Bankruptcy Code.

3.    The Debtor is further authorized, but not directed, to implement changes to its Cash Management System in the ordinary course of business, including, but not limited to, opening any new bank accounts or close any existing Bank Accounts as the Debtor deems necessary and appropriate in its reasonable discretion provided that (i) any new bank account opened by the Debtor is with a bank that is (a) insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation, and (b) designated as an authorized depository by the United States Trustee for the District of New Jersey pursuant to the Guidelines; and (ii) the Debtor provides notice to the United States Trustee and Subchapter V Trustee of the opening of a new bank account or closing of an existing Bank Account within five (5) business days of opening or closing such account.  The United States Trustee and the Subchapter V Trustee  will have 14 days from receipt of such notice to file any objection with regard to the opening or closing of a bank account, or such later date as may be extended by the Court or agreed to between the Debtor, the United States Trustee, and the Subchapter V Trustee. Any new debtor-in-possession bank account must bear the designation "Debtor-in-Possession" and be designated as "Debtor-in-

Case 22-16159-CMG    Doc 35    Filed 08/07/22    Entered 08/08/22 00:14:29    Desc Imaged
                        Certificate of Notice    Page 4 of 10

Page 4 of 5
DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159
CAPTION: **Order (i) Authorizing the Continued Use of (a) Existing Cash Management System and (b) Existing Bank Accounts and Business Forms, (ii) Providing the United States Trustee with a 60-Day Objection Period, and (iii) Granting Related Relief**

Possession" accounts with the case number. The Debtor intends to close its existing account with Manasquan Bank and open a new account at Manasquan Bank.

4. The Debtor is further authorized to (i) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including, but not limited to, those accounts identified in the Motion; (ii) treat the Bank Accounts for all purposes as an account of the Debtor as debtor-in-possession; and (iii) use, in their present form, all correspondence and Business Forms (including, but not limited to checks, letterhead, purchase orders, and invoices), though the Debtor shall modify or cause to be modified such Business Forms with a notation bearing a designation of "Debtor-in-Possession" with the case number). Any and all post-petition checks, shall bear either a "DIP" or "debtor-in-possession" designation and case number. In the event the Debtor generates new Business Forms during the pendency of this Subchapter V Case, such Business Forms shall include a legend referring to the Debtor as "Debtor-In-Possession" with the case number. The Debtor shall further immediately advise the Bank to restyle the Bank Account as a "Debtor-in-Possession" account.

5. All Banks at which the Debtor's Bank Accounts are maintained are authorized to continue to service and administer the Bank Accounts without interruption and in the ordinary course of business, including, without limitation, to receive, deposit, process, honor, debit, and pay any and all checks, drafts, wires, ACH payments, and other fund transfers issued by the Debtor and drawn on the Bank Accounts after the Petition Date, provided that any payments drawn, issued, or made prior to the Petition Date shall not be honored absent direction of the Debtor and a separate order of the Court authorizing such pre-petition payment. The Bank may rely on the

Page 5 of 5
DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159
CAPTION: **Order (i) Authorizing the Continued Use of (a) Existing Cash Management System and (b) Existing Bank Accounts and Business Forms, (ii) Providing the United States Trustee with a 60-Day Objection Period, and (iii) Granting Related Relief**

representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtor, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of customary item handling procedures, shall be deemed to be nor shall be liable to the Debtor, its estate, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Order.

6. Any existing deposit agreements between the Debtor and the Bank at which the Debtor's Bank Accounts are maintained shall continue to govern the postpetition cash management relationship between the Debtor and the Bank, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and the Debtor and the Bank may, without further Order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business. Any changes to the cash management systems and procedures must be disclosed in writing to the United States Trustee within five (5) business days prior to any such action.

7. The relief, rights, and responsibilities provided for in this Order shall be deemed to apply to any and all Bank Accounts maintained in the Debtor's name, including, but not limited to, any new bank accounts opened by the Debtor, and any Banks at which new accounts are opened shall be subject to the rights and obligations set forth in this Order.

Page 6 of 5
DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159
CAPTION: **Order (i) Authorizing the Continued Use of (a) Existing Cash Management System and (b) Existing Bank Accounts and Business Forms, (ii) Providing the United States Trustee with a 60-Day Objection Period, and (iii) Granting Related Relief**

8. The United States Trustee shall have sixty (60) days from the date of entry of this Order, or such additional time as may be extended through consent of the Debtor and the United States Trustee or for "cause," to object to the relief granted herein. If the United States Trustee does not file a written objection within sixty (60) days from the date of the entry of this Order, or such additional time as may be extended through consent of the Debtor and the United States Trustee or for "cause," Debtor shall be authorized to maintain and utilize the Cash Management System and Bank Accounts set forth in the Motion on a permanent basis. If the United States Trustee files a written objection within the sixty (60) day period, the Court will schedule the matter for a hearing. In such event, the Debtor shall be authorized to maintain the Bank Accounts set forth in the Motion, and shall be excused from opening debtor-in-possession accounts, pending further Order of the Court.

9. The Debtor is directed to maintain records of all transfers made within its Cash Management System so that all transfers and transactions shall be adequately and promptly documented and readily ascertainable from the Debtor's books and records, to the same extent maintained by the Debtor prior to the Petition Date. The Debtor is also directed to maintain its books and records so as to provide a clear line of demarcation between pre-petition and postpetition transactions.

10. Nothing in this Order shall prejudice the Debtor's right to seek recovery of any payments from any payee of a check as permitted under section 547, 548, 549 or any other applicable provision of the Bankruptcy Code or applicable non-bankruptcy law.

Case 22-16159-CMG    Doc 35    Filed 08/07/22    Entered 08/08/22 00:14:29    Desc Imaged
Certificate of Notice    Page 7 of 10

Page 7 of 5
DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159
CAPTION: **Order (i) Authorizing the Continued Use of (a) Existing Cash Management System and (b) Existing Bank Accounts and Business Forms, (ii) Providing the United States Trustee with a 60-Day Objection Period, and (iii) Granting Related Relief**

11. The Banks at which the Debtor's Bank Accounts are maintained are authorized to debit the Debtor's account in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtor's accounts that are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtor's accounts with such Bank prior to Petition Date that have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such costs and fees prior to Petition Date, and (iii) all undisputed pre-petition amounts outstanding as of the date hereof, if any, owed to any Bank as Bank Charges for the maintenance of the Cash Management System.

12. The Debtor is authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

13. As soon as practicable after the entry of this Order, the Debtor shall serve a copy of this Order on the applicable Banks.

14. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order or any payment made pursuant to this order shall constitute an admission as to the validity or priority of any claim against the Debtor, a waiver of the Debtor's right to subsequently dispute such claim or the assumption or adoption of any agreement, contract or lease under section 365 of the Bankruptcy Code.

15. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

Page 8 of 5
DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159
CAPTION: **Order (i) Authorizing the Continued Use of (a) Existing Cash Management System and (b) Existing Bank Accounts and Business Forms, (ii) Providing the United States Trustee with a 60-Day Objection Period, and (iii) Granting Related Relief**

16. The requirements of Bankruptcy Rule 6004(a) are waived.

17. This Order shall be effective and enforceable immediately upon entry hereof.

18. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

United States Bankruptcy Court
District of New Jersey

In re:  Case No. 22-16159-CMG
Assuncao Bros., Inc.  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3  User: admin  Page 1 of 2
Date Rcvd: Aug 05, 2022  Form ID: pdf903  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol  Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 07, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Assuncao Bros., Inc., 29 Wood Avenue, Edison, NJ 08820-3503 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 07, 2022  Signature:  /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 4, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Curtis M Plaza | on behalf of Creditor Manasquan Bank cplaza@riker.com sdechoyan@riker.com |
| Douglas G. Leney | on behalf of Interested Party Martin Assuncao dleney@archerlaw.com ahuber@archerlaw.com,chansen@archerlaw.com |
| Douglas G. Leney | on behalf of Interested Party Lisa Assuncao dleney@archerlaw.com ahuber@archerlaw.com,chansen@archerlaw.com |
| Joseph A. Caneco | on behalf of Debtor Assuncao Bros. Inc. jcaneco@foxrothschild.com |
| Joseph J. DiPasquale | on behalf of Debtor Assuncao Bros. Inc. Jdipasquale@foxrothschild.com, cbrown@foxrothschild.com;ShavoneGreen@foxrothschild.com |
| Louis A. Modugno | |

| | |
|---|---|
| | on behalf of Other Prof. Vollers Excavating and Contractors Inc. lmodugno@tm-firm.com |
| Margaret Mcgee | |
| | on behalf of U.S. Trustee U.S. Trustee maggie.mcgee@usdoj.gov |
| Michael R. Herz | |
| | on behalf of Debtor Assuncao Bros. Inc. mherz@foxrothschild.com, cbrown@foxrothschild.com |
| U.S. Trustee | |
| | USTPRegion03.NE.ECF@usdoj.gov |
| Virginia T. Shea | |
| | on behalf of Creditor NGM Insurance Company vshea@mdmc-law.com mtaranto@mdmc-law.com;kpatterson@mdmc-law.com;gbressler@mdmc-law.com;lmodugno@mdmc-law.com |

TOTAL: 10