**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**

49 Market St.
Morristown, NJ 07960
Joseph J. DiPasquale, Esq.
Michael R. Herz, Esq.
Joseph A. Caneco, Esq.
jdipasquale@foxrothschild.com
mherz@foxrothschild.com
jcaneco@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:  (973) 992-9125

*Proposed Counsel to the Debtor
And Debtor in Possession*



**Order Filed on August 4, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

ASSUNCAO BROS., INC.,

                                        Debtor.

Chapter 11 (Subchapter V)

Case No. 22-16159-CMG

Judge Christine M. Gravelle

**INTERIM ORDER (I) AUTHORIZING (A) POST-PETITION
FINANCING AND (B) USE OF CASH COLLATERAL AND AFFORDING
ADEQUATE PROTECTION; (II) MODIFYING THE AUTOMATIC
STAY; AND (III) SCHEDULING A FINAL HEARING**

        The relief set forth on the following pages, numbered two (2) through twenty-three (23)**,**

is hereby **ORDERED.**

**DATED: August 4, 2022**

_____
Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2 of 23
DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

**THIS MATTER** having come before the Court upon the motion (the "Motion")[1] of Assuncao Bros., Inc. (the "**Debtor**"), the debtor in the above-captioned chapter 11, subchapter V case (the "**Subchapter V Case**"), seeking entry of an interim order (the "Interim Order"), and a final order (as defined below), pursuant section 105, 361, 362, 363, 364 and 507 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 4001-3 of the *Local Rules of the United States Bankruptcy Court, District of New Jersey* (the "**Local Rules**"): (1) authorizing the Debtor (a) to obtain post-petition financing provided by Vollers Excavating and Construction, Inc. ("**Vollers**" or the "**DIP Lender**") and (b) to use the cash collateral of prepetition lenders, (2) authorizing adequate protection to Manasquan Bank, and (3) scheduling a final hearing (the "**Final Hearing**") pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) to be held before this Court to consider entry of a Final Order authorizing and granting the relief requested in the Motion on a final basis; and granting related relief. [ECF No. 13] (the "**Motion**"); and an initial hearing on the Motion having been held by this Court on August 4, 2022 (the "**Interim Hearing**"); and the Court having considered the Motion, the *Declaration of Martin Assuncao in Support of Voluntary Petition and First Day Motions* (the "**Assuncao Declaration**"), the other filings and pleadings in this Subchapter V Case, and the evidence submitted or adduced and the arguments of counsel made at the Interim Hearing; and notice of the Interim Hearing having been given in accordance with Bankruptcy Rules 2002, 4001(b), (c), and (d), and 9014; and the Interim Hearing to consider the interim relief requested in the Motion having been held and concluded; and all

---

[1]    Capitalized terms used herein but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Page 3 of 23
DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and
Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

objections, if any, to the interim relief requested in the Motion having been withdrawn, resolved,

or overruled by the Court; and it appearing to the Court that granting the relief set forth herein is

necessary to avoid immediate and irreparable harm to the Debtor and its estate pending the Final

Hearing, and otherwise is fair and reasonable, in the best interests of the Debtor, its estate, and its

creditors and equity holders, and essential for the continued operation of the Debtor's remaining

business and to avoid incurring significant administrative expenses; and after due deliberation and

consideration, and for good and sufficient cause appearing therefor; the Court hereby makes the

following:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW[2]**

1.      On August 3, 2022, the Debtor filed a voluntary petition for relief under chapter 11,

subchapter V of the Bankruptcy Code in this Court (the "**Petition Date**").  The Debtor continues

to operate its business and manage its assets as Debtor in possession pursuant to section 1184 of

the Bankruptcy Code.

2.      This Court has jurisdiction over this Subchapter V Case and this Motion under 28

U.S.C. §§ 1334(b) and 157.  The Motion is a core proceeding under 28 U.S.C. § 157(b).  Venue

of this Subchapter V Case and this Motion is proper in this Court under 28 U.S.C. §§ 1408 and

1409.

---

[2]      Subject to further consideration at the Final Hearing, the findings and conclusions set forth herein
constitute the Court's interim findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To
the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any
conclusions of law constitute findings of fact, they are adopted as such.

Page 4 of 23
DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

3.     The statutory and procedural predicates for the relief granted in this Interim Order are sections 105, 361, 362, 363, 364, 503 and 507 of the Bankruptcy Code, Bankruptcy Rules 4001 and 6004(h), and Local Rule 4001-3.

4.     In accordance with Local Rule 9013-5(c), notice of the relief requested in the Motion has been provided to (i) the Office of the United States Trustee; (ii) the entities appearing on the Debtor's list of twenty (20) largest unsecured creditors on a consolidated basis; (iii) counsel to Manasquan Bank and Vollers; (iv) the Office of the United States Attorney; (v) the Attorney General for the State of New Jersey; (vi) the Internal Revenue Service; (vii) the SBA; (viii) NGM; and (ix) those persons who have formally appeared in Subchapter V Case and requested service pursuant to Bankruptcy Rule 2002, which notice was proper, timely, appropriate under the circumstances and sufficient for the Motion, and the entry of this Interim Order; and no further notice of, or hearing on, the entry of this Interim Order is necessary or required.

5.     <u>Cash Collateral</u>. Any and all of the Debtor's cash, including cash and other amounts on deposit or maintained in any account or accounts by or for the Debtor (including but not limited to escrows and reserves) and any amounts generated by the collection of accounts receivable, whenever arising, or any other disposition of the Prepetition Collateral (as defined herein)  or Replacement Collateral (defined below), and the proceeds of any of the foregoing, including without limitation all postpetition accounts, accounts receivable, and proceeds thereof, is Manasquan Bank's cash collateral within the meaning of section 363(a) of the Bankruptcy Code (the "**<u>Cash Collateral</u>**").

6.     <u>Prepetition Surety Bonds</u>. Prior to the Petition Date, NGM executed certain performance and payment bonds (the "**<u>Bonds</u>**") on behalf of the Debtor including the Bonds

4

Page 5 of 23
DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

bearing bond numbers and for certain obligees (the "**Project Owners**") of and for fourteen (14) of the Debtor's ongoing construction projects (the "**Bonded Projects**") which Bonds relate to certain of the contracts which the Debtor was performing under as of the Petition Date.  The Debtor believes that progress payments, retainage, change order and claim proceeds that are outstanding and which may be earned and come due post-petition with respect to the Bonded Projects (collectively, the "**Bonded Project Proceeds**"), when paid by Project Owners m a y constitute trust funds for the benefits of laborers, subcontractors, suppliers, and materialmen of the Bonded Projects pursuant to applicable state statutes.  The Debtor further believes that such Bonded Project Proceeds may be subject to the interests of Surety under (i) the trust provisions of the Indemnity Agreement; (ii) where applicable, state statutes; and (iii) common law principles of subrogation to the extent Surety has made or may make payment under the Bonds (the "**Trust Fund Beneficiaries**").

7.      Prepetition Financing Documents. The Debtor is a party to Manasquan Bank's Loan Documents identified in the Motion (the "**Loan Documents**").

8.      Prepetition Obligations Amount. As of the Petition Date, Manasquan Bank asserts that the outstanding amount due and owing by the Debtor to Manasquan Bank under and in connection with the Loan Documents, inclusive of principal and accrued interest, is approximately $1,309,232.14 plus any and all other amounts required to be paid under and in connection with the Loan Documents (collectively, the "**Secured Obligations**").  As of the Petition Date, the Debtor is in default of its obligations under the Loan Documents.  The Secured Obligations constitute allowed, legal, valid, binding, enforceable and non-avoidable obligations of the Debtor and are not subject to any offset, defense, counterclaim, avoidance, recharacterization or subordination

DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

pursuant to the Bankruptcy Code or any other applicable law.  The Debtor does not possess and shall not assert any claim, counterclaim, setoff or defense of any kind, nature, or description which would in any way affect the validity, enforceability and nonavoidability of any of the Secured Obligations.

9. <u>Prepetition Liens and Collateral</u>. As of the Petition Date, the Secured Obligations were secured pursuant to the Loan Documents and applicable law by valid, perfected, enforceable and non-avoidable first priority security interests and liens (the "**Prepetition Liens**") granted by the Debtor to Manasquan Bank (including any applicable agents), for the benefit of Manasquan Bank, upon certain collateral (as set forth in the Loan Documents) (the "**Prepetition Collateral**"). The Prepetition Liens (i) are valid, binding, perfected and enforceable liens and security interests on all of the Prepetition Collateral, (ii) are not subject to avoidance, recharacterization, recovery, subordination, attack, offset, counterclaim, defense or "claim" (as defined in the Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or other applicable law, and (iii) constitute legal, valid, unavoidable and binding obligations of the Debtor, enforceable in accordance with the terms of the Loan Documents. The Prepetition Liens are subject to any property taxes that are, by law, secured by liens against the Prepetition Collateral that have priority over the Prepetition Liens. This paragraph 9 of this Interim Order shall not be binding on the U.S. Trustee, the Subchapter V Trustee, creditors, or parties in interest other than the Debtor.

10. <u>The DIP Loan</u>.  The Debtor has an immediate and critical need to obtain the DIP Loan.  Debtor's ability to obtain the Postpetition Financing is critical to its ability to continue as a going concern during the course of the Subchapter V Case.  The proceeds of the DIP Loan will, on an interim basis, be used to fund the costs of administering Debtor's estate, including, without

6

Page 7 of 23
DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

limitation, (i) accrued and unpaid payroll as of the Petition Date (net of applicable payroll taxes) and (ii) payroll and labor costs (including applicable payroll taxes) for those certain Non-Bonded Projects for which the Debtor and Vollers will execute a Subcontract at closing if the sale is approved. Debtor's access to sufficient liquidity through the incurrence of the Postpetition Financing under the terms of this Final Order is vital to the preservation and maintenance of the going concern value of Debtor's estate and to Debtor's successful reorganization. Consequently, without the ability to obtain Postpetition Financing to the extent authorized pursuant to this Interim Order, Debtor and its estate would suffer immediate and irreparable harm.

11.    <u>No Other Credit Available</u>. The Debtor is unable to obtain adequate unsecured credit allowable under Bankruptcy Code sections 364(b) and 503(b)(1). The DIP Loan reflects the most favorable terms available to the Debtor. The Debtor requires the DIP Loan to satisfy its postpetition liquidity needs. Vollers has indicated a willingness to provide Debtor with the Postpetition Financing, but solely on the terms and conditions set forth in this Interim Order. After considering all alternatives, the Debtor has concluded, in an exercise of its sound business judgment, that the financing to be provided by Vollers pursuant to the terms of this Interim Order represents the best financing presently available to Debtor.

12.    <u>Appropriate Liens for the DIP Loan</u>. The security interests and liens granted pursuant to this Interim Order to Vollers, which are to secure the first priority liens on all assets of the estate (other than assets secured by Equipment Loans) to secure the DIP Loan up to the Maximum DIP Amount (defined below), are appropriate under Bankruptcy Code section 364(c).

13.    <u>Best Interests of the Estate</u>. Entry of this Interim Order is in the best interest of Debtor, the estate, and creditors. The terms of the DIP Loan are fair and reasonable under the

DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

circumstances, reflect Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and is supported by reasonably equivalent value and fair consideration.

14.    <u>The DIP Loan is Made in Good Faith</u>.  The Debtor and Vollers have negotiated the terms and conditions of the DIP Loan and Interim Order in good faith and at arm's-length, and any credit extended and loans made to the Debtor pursuant to this Interim Order shall be, and hereby is, deemed to have been extended, issued or made, as the case may be, in "good faith" within the meaning of Bankruptcy Code section 364(e).

15.    <u>Adequate Protection for Prepetition Lender</u>. In exchange for the Debtor's authorization for the use, sale or lease of Manasquan Bank's Prepetition Collateral and Cash Collateral, and the imposition of the automatic stay, Manasquan Bank is entitled to receive adequate protection pursuant to sections 361, 362, and 363 of the Bankruptcy Code in respect of any decrease in the value, after the Petition Date, of the Prepetition Collateral and the Cash Collateral resulting from (a) the use of Cash Collateral; (b) the use, sale, lease or depreciation or other diminution in value of the Prepetition Collateral; (c) the imposition of the automatic stay; or (d) otherwise during the Subchapter V Case. As adequate protection, Manasquan Bank will receive the adequate protection described in the Motion and this Order. Furthermore, to the extent that this Court finds that circumstances have materially changed such that Manasquan Bank may be entitled to additional adequate protection, nothing shall preclude Manasquan Bank from seeking additional adequate protection or the Debtor from opposing such request.  In light of such adequate protection, Manasquan Bank has consented to the use of Cash Collateral, solely on the terms set forth in the Motion and this Order, and solely as set forth in the budget attached hereto as **Exhibit 1**, as may be amended from time to time, but only upon the Debtor's consultation with, and advance

DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and
Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

written consent from, Manasquan Bank (the "**Budget**"). The adequate protection provided for herein and other benefits and privileges contained herein are consistent with and authorized by the Bankruptcy Code and are necessary to obtain such consent.

16.     The Debtor has an immediate need to use cash collateral to, among other things, preserve and maximize the value of the Debtor's assets, absent which immediate and irreparable harm will result to the Debtor, its estate, and its creditors. The preservation and maintenance of the Debtor's assets and business is necessary to maximize values available for distribution to stakeholders. Absent the Debtor's ability to use Cash Collateral, the Debtor would not have sufficient available sources of working capital or financing and would be unable to pay its operating expenses, to maintain its assets, or collect and generate future revenue, to the detriment of the Debtor's estate and creditors. Accordingly, the relief requested in the Motion and the terms herein are (i) critical to the Debtor's ability to maximize the value of its estate, (ii) in the best interests of the Debtor and its estate, and (iii) necessary, essential, and appropriate to avoid immediate and irreparable harm to the Debtor and its assets.

17.     Good cause has been shown for entry of this Order, and the entry of this Order is in the best interests of the Debtor and its estate and stakeholders. Among other things, the relief granted herein will permit the Debtor to preserve and maintain the value of its assets. The terms of the Debtor's use of Cash Collateral and proposed adequate protection arrangements, as set forth in this Order, are fair and reasonable under the circumstances, and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

18.     The Debtor's use of Cash Collateral has been negotiated in good faith and at arms' length among the Debtor and Manasquan Bank, and Manasquan Bank's consent to the Debtor's use of Cash Collateral shall be deemed to have been made in "good faith."

19.     The Debtor has made reasonable efforts to afford the best notice possible under the circumstances and such notice is good and sufficient to permit the relief set forth in this Order, and no other or further notice is or shall be required.

Based on the foregoing, it is hereby **ORDERED THAT:**

A.     The Motion is granted as set forth herein.

B.     The Debtor is, during the period through and including the date of the Final Hearing (as defined herein) (the "**Initial Period**"), authorized to accept the maximum commitment of the DIP Loan from Vollers pursuant to the terms set forth in the Motion, but in no event more than $200,000 in principal amount (along with accrued interest on the DIP Loan, the "**Maximum DIP Amount**"), and the Debtor may use the proceeds of the DIP Loan for, if necessary, (i) accrued and unpaid payroll as of the Petition Date (net of applicable payroll taxes), and (ii) payroll and labor costs (including applicable payroll taxes) for those certain Non-Bonded Projects for which the Debtor and Vollers will execute a Subcontract at closing if the sale is approved pursuant to the amount noted in the Budget from the DIP Loan proceeds as set forth in Budget.

C.     To secure the DIP Loan up to the extent of the Maximum DIP Amount, the Debtor is authorized to provide, (i) first priority liens on all assets other than assets that secure the Equipment Loans (the "**DIP Collateral**") to Vollers (the "**DIP Lien**"), which in each case will (a) be subject to and not attach to the Carve-Out (defined below) and (b) not attach to any estate causes of action under chapter V of the Bankruptcy Code. The Senior Secured, Super-Priority Debtor-

10

Page 11 of 23
DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

in-Possession Loan and Security Agreement between the Debtor and Vollers submitted with the Motion is approved by its terms.

  D.  The Debtor is authorized to use any Prepetition Collateral and Cash Collateral of Manasquan Bank as of the Petition Date in accordance with the Motion, the Budget and this Order for the Initial Period.

  E.  The Debtor is authorized to provide, and Manasquan Bank is hereby granted, adequate protection as follows:

    (i)  <u>Adequate Protection Liens</u>: in respect of any decline in the value of the Prepetition Collateral and Cash Collateral resulting from: (a) the use, sale, lease or depreciation or other diminution in value of the Cash Collateral or Prepetition Collateral; (b) the imposition of the automatic stay; or (c) otherwise during the Subchapter V Case, Manasquan Bank is granted replacement security interests and liens, without requiring any additional filing or recordation of statements or documents (the "**<u>Adequate Protection Liens</u>**") on all of the property of the Debtor's estate, including previously unencumbered property, if any (the "**<u>Replacement Collateral</u>**" and together with the Prepetition Collateral and Cash Collateral, the "**<u>Collateral</u>**"). Notwithstanding the foregoing, the Replacement Collateral shall not include (a) the payment of the Carve-Out (as defined herein) from proceeds of settlement payments to be paid to Manasquan Bank, (b) any claims or causes of action of the Debtor under 11 U.S.C. §§ 544, 547, 548, 549, 550, or 551 ("**<u>Avoidance Actions</u>**"), or ( c ) any proceeds o f Avoidance Actions ("**<u>Avoidance Proceeds</u>**"). The Adequate Protection Liens shall be senior in priority over any other liens, except for (i) any fees payable to the Clerk of this Court, (ii) liens that

11

Page 12 of 23
DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

secure the Equipment Loans, subject to review of the extent, validity, priority, and perfection of such loans, and (iii) the Carve-Out (defined below), payable from proceeds of a settlement, and (iv) the DIP Liens, but only to the extent of the Maximum DIP Amount. Except per the immediately preceding sentence,  the Adequate Protection Liens shall at all times be senior in priority to (i) any replacement lien at any time granted by the Debtor in favor of any other person or entity, and (ii) all liens, security interests and priority claims granted to any post-petition lender unless otherwise agreed to in writing by Manasquan Bank.  In consideration of the Carve-Out (defined below) Debtor and its estate have waived any rights under section 506(c) of the Bankruptcy Code and any "equities of the case" exceptions under section 552 of the Bankruptcy Code.

(ii)        Superpriority Claim: Manasquan Bank shall have a superpriority administrative expense claim under section 507(b) of the Bankruptcy Code to the extent of any diminution of Manasquan Bank's Prepetition Collateral and Cash Collateral from the Petition Date.

(iii)        Sale Payment: as further adequate protection, the Debtor shall make payment to Manasquan Bank on the Secured Obligations at the closing of any sale of the Debtor's assets, including, without limitation, (i) any of the Prepetition Collateral, and/or (ii) Replacement Collateral; provided however that Manasquan Bank may consent to different terms for payment in connection with any such sale; provided further that absent the express written consent of Manasquan Bank to any such sale, this provision shall apply to require the proceeds of any such sale to be paid to Manasquan Bank at closing.

DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

(iv)     <u>Weekly Reporting</u>: the Debtor shall provide weekly accountings to Manasquan Bank and the DIP Lender setting forth the cash receipts and disbursements made by the Debtor under this Order.  In addition, the Debtor shall provide Manasquan Bank with all other reports required by the Loan Documents and any other reports reasonably requested by Manasquan Bank.

F.     Notwithstanding anything to the contrary contained herein, Manasquan Bank has agreed to provide a payment of $25,000 from the proceeds of a proposed settlement, upon receipt, to payment to the Debtor for administrative expenses (the "**Carve-Out**"), which the Debtor is authorized to apply to any allowed professional fees.

G.     A final hearing on the Motion to consider any extension of or changes to the Budget and this Order shall be held on August 22, 2022 at 10:00 a.m., Eastern Time before this Bankruptcy Court (the "**Final Hearing**").  Any objection to the Final Order must be filed and served on the counsel for the Debtor, Manasquan Bank, and DIP Lender on or before August 17, 2022, at 4:00 p.m.

H.     This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof. The fourteen (14) day stay provisions of Bankruptcy Rule 6004(h) are waived and shall not apply to this Order.

I.     The terms and provisions of this Order shall be valid and binding upon and shall inure to the benefit of the Debtor, DIP Lender, Manasquan Bank, all other creditors of the Debtor, any Subchapter V Trustee, and all other parties in interest and its respective successors and assigns, including any trustee or other fiduciary hereafter appointed in a case under chapter 11 or any case under chapter 7 of the Bankruptcy Code upon the conversion of the Subchapter V Case, or in any

Page 14 of 23
DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

other proceedings superseding or relating to any of the foregoing, or upon dismissal of this Subchapter V Case.

J.      Except as provided herein, neither the DIP Liens nor the Adequate Protection Liens shall be made subject to or *pari passu* with any lien or security interest by any court order heretofore or hereafter entered in the bankruptcy case or any successor case.  The Adequate Protection liens and DIP Liens shall not be subject to section 510, 549 or 550 of the Bankruptcy Code.

K.      All objections to the relief granted in this Order, to the extent not withdrawn or otherwise resolved, are hereby overruled.

L.      Subject to the terms and conditions set forth in this Order and pursuant to section 363(c)(2) of the Bankruptcy Code, the Debtor is authorized to use Cash Collateral as set forth in the Budget (as may be amended from time to time; provided, however that Manasquan Bank shall have the right to consent to any material modifications but such consent shall not be unreasonably withheld or delayed) during the period from the Petition Date through and including Initial Period. Except as otherwise expressly provided herein, the Debtor may use Cash Collateral during the Initial Period in accordance with the Motion, this Order, and the Budget to pay expenses set forth in the Budget, subject to variances of no more than ten percent (10%).

M.      This Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the DIP Liens and the Adequate Protection Liens, without the necessity of either filing or recording any mortgage, financing statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit control agreement) to

14

Page 15 of 23
DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and
Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

validate or perfect (in accordance with applicable non-bankruptcy law) the DIP Liens, Adequate

Protection Liens, or to entitle DIP Lender or Manasquan Bank to the priorities granted herein. The

Debtor is authorized and directed to execute and deliver promptly to the DIP Lender and/or

Manasquan Bank, or its authorized agent, all such financing statements, mortgages, notices and

other documents as may reasonably be requested. Manasquan Bank, the DIP Lender or their

respective authorized agent may file a photocopy of this Order as a financing statement with any

filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of

such financing statements, notices of lien or similar instrument.

N.      If any or all of the provisions of this Order are hereafter reversed, modified, vacated

or stayed, such reversal, modification, vacatur or stay shall not affect (i) the validity of the DIP

Lien or any adequate protection granted to Manasquan Bank prior to the effective date of such

reversal, modification, vacatur or stay, or (ii) the validity, perfection, priority, allowability

or enforceability of any claim, lien, security interest or priority authorized or created hereby with

respect to the DIP Lien or any adequate protection granted to Manasquan Bank prior to the

effective date of such reversal, modification, vacatur or stay. Notwithstanding any such reversal,

modification, vacatur or stay (other than in accordance with the Final Order), any use of the

Prepetition Collateral or Cash Collateral or the granting of adequate protection to Manasquan Bank

prior to the effective date of such reversal, modification, vacatur or stay, shall be governed in all

respects by the provisions of this Order, and  the DIP Lender and Manasquan Bank shall be entitled

to all of the rights, remedies, protections and benefits granted under this Order with respect to all

uses of the Prepetition Collateral and Cash Collateral and the granting of adequate protection by

the Debtor pursuant to this Order.

Page 16 of 23
DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and
Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

O.      The Debtor shall maintain casualty and loss insurance on all assets of the estate.

P.      Manasquan Bank may, but is not required to, file proofs of claim in this bankruptcy

case for its claims.  Any order entered by the Court in relation to the establishment of a bar date

for any claim (including, without limitation, administrative claims) in this bankruptcy case shall

not apply to Manasquan Bank.

Q.      The Court has and will retain jurisdiction to enforce this Order according to its

terms upon request by any party in interest.

R.      Manasquan Bank's consent or acquiescence to this Order shall not be construed as

a waiver of any rights (including, but not limited to, those connected with surcharges or priming),

title or positions including as related to any subsequent cash collateral order.  Except as otherwise

expressly set forth herein, the entry of this Interim Order is without prejudice to, and does not

constitute a waiver of, expressly or implicitly, or otherwise impair: (a) Manasquan Bank's right to

seek any other or supplemental relief in respect of the Debtor, including the right to seek additional

adequate protection; (b) Manasquan Bank's rights under the Bankruptcy Code or under non-

bankruptcy law, including, without limitation, the right to (i) request modification of the automatic

stay of section 362 of the Bankruptcy Code, (ii) request dismissal of the Chapter 11 Case,

conversion of the Chapter 11 Case to a case under chapter 7; or (c) any other rights, claims, or

privileges (whether legal, equitable, or otherwise) of Manasquan Bank.

S.      To the extent necessary, the automatic stay is modified to permit Manasquan Bank

to apply to the Secured Obligations any payments made to Manasquan Bank hereunder.

DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

T.       The Adequate Protection Liens and the superpriority administrative expense claim granted to Manasquan Bank as adequate protection under this Order are subject to the fees of the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) and any applicable interest thereon.

U.       Suspension and Termination of Authority to Use Cash Collateral:

(i)       Suspension. The Debtor's authority to use Cash Collateral shall be suspended (and Debtor shall therefore not be authorized to use such Cash Collateral for any purpose, except as further ordered by the Court) for so long as any one or more of the following conditions (collectively, an "**Event of Default**") exists: (i) the Debtor has failed to discharge any duty or other obligation imposed upon it in this Order, or has otherwise violated any requirement or condition to use of Cash Collateral provided in this Order, and has not cured such failure or violation within five (5) business days after receiving written notice thereof from Manasquan Bank (provided that the Debtor shall have the ability to seek an emergency hearing within 72 hours to challenge any such written notice, and authority to continue usage of Cash Collateral until the Court rules on such dispute), or (ii) the filing of any motion by the Debtor to dismiss or convert this Subchapter V Case to a case under chapter 7.

(ii)       Termination. The Debtor's authority to use Cash Collateral shall terminate for all purposes (except to pay the Secured Obligations) upon the soonest to occur of the following events or conditions:  (i) the Interim Period expires and no final order or extension has been approved by the Court, (ii) a chapter 11 trustee is appointed for the Debtor, (iii) this Subchapter V Case is converted to a chapter 7 case or dismissed, (iv) the Court enters an order confirming a chapter 11 plan of reorganization or liquidation for

17

Page 18 of 23
DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

the Debtor, (v) the Court enters an order granting Manasquan Bank relief from the

automatic stay to exercise rights and remedies in respect of any property of the Debtor, (vi)

there is a change in the current senior management of the Debtor as evidenced by a notice

thereof filed with the Court by the Debtor (and the Debtor shall file such notice no later

than three (3) business days after any such change in management), (vii) any party seeks

relief from the automatic stay with respect to the Prepetition Collateral or the collateral

subject to the Adequate Protection Liens; (viii) the Debtor files a motion to sell any portion

of the Debtor's estate without first consulting with or obtaining the consent of Manasquan

Bank; (ix) the filing of a motion by the Debtor, without the prior written consent of

Manasquan Bank, seeking authorization to obtain further postpetition financing  that is

senior or *pari passu* to the Secured Obligations or the Adequate Protection Liens, (x) the

Debtor shall create, incur or suffer any other claim which is *pari passu* or senior to the

Superpriority Claim granted to Manasquan Bank hereunder; (x) any misrepresentation of

a material fact made after the Petition Date by the Debtor or its agents about the financial

condition of the Debtor, or the nature, extent, location or quality of any Prepetition

Collateral or the disposition or use of any Prepetition Collateral; (x) a filing by the Debtor

of any motion or application or adversary proceeding challenging the validity,

enforceability, perfection or priority of the Prepetition Liens or any other cause of action

against Manasquan Bank and/or the Secured Obligations, or in the event that the Debtor

supports such a motion, application or adversary proceeding filed by a third party, (xi) any

sale of the Debtor's assets occurs without payment to Manasquan Bank, (xii) September

30, 2022, (xiii) this Order is amended, vacated, stayed, reversed or otherwise modified, as

18

DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and
Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

a result of a motion or other court filing by the Debtor, without the prior written consent of

Manasquan Bank, or (xiv) any default or termination event under the DIP Loan.

(iii)    Upon the occurrence of a Termination Event, Manasquan Bank may seek

relief from the automatic stay provisions of section 362 of the Bankruptcy Code by filing

and serving on the Debtors, the Subchapter V Trustee, all parties filing notices of

appearance, the DIP Lender, the SBA, and the United States Trustee, a notice, including a

certification, that requests relief from the automatic stay and describes in detail the alleged

Termination Event ("Notice of Termination Event").  The Debtors and the Subchapter V

Trustee shall have five (5) days from the receipt of the Notice of Termination Event to

object to Manasquan Bank's required relief from the automatic stay and to seek a hearing

on shortened notice whether a Termination Event has occurred or otherwise to object to

Manasquan Banks' requested relief.  If neither the Debtor not the Subchapter V Trustee

files such an objection to the Notice of Termination Event, the automatic stay provisions

of section 362 of the Bankruptcy Code are hereby vacated and modified solely for

Manasquan Bank to take any or all of the following actions without further order of or

application to the Court: (a) immediately terminate the Debtor's use of Cash Collateral;

and (b) take any other actions or exercise any other rights or remedies permitted under the

Loan Documents or applicable law.  If the Debtor or Subchapter V Trustee files an

objection to the Notice of Termination Event and requests a hearing within the required

timeframe, the Bankruptcy Court shall determine whether a Termination Event has

occurred and whether Manasquan Bank is entitled to relief from the automatic say to

exercise any rights and remedies.

Page 20 of 23
DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

V.     No portion of the Prepetition Collateral, the Cash Collateral, or the assets subject to the Adequate Protection Liens shall be used for the payment of professional fees, disbursements, costs or expenses incurred in connection with or to finance in any way any action, suit, arbitration, proceeding, application, motion or other litigation of any type (or the preparation of any such action, suit, arbitration, proceeding application, motion or other litigation): (i) against Manasquan Bank or seeking relief that would impair the rights or remedies under the Loan Documents or this Order, including without limitation (a) to assert, commence or prosecute any claims or causes of action whatsoever, including without limitation any action under chapter 5 of the Bankruptcy Code, against Manasquan Bank, (b) to prepare or prosecute an objection, or otherwise contest in any manner, or to raise any defense to the validity, extent, amount, perfection, priority or enforceability of any of the rights and remedies of Manasquan Bank or seeking affirmative relief against Manasquan Bank, or (c) for the payment of any service rendered by professionals retained by the Debtors, any Subchapter V Trustee, or any Official Committee of Unsecured Creditors in connection with the assertion or joinder in any claim, counterclaim, action, proceeding, application, motion, objection, defense, or other contested matter, the purpose of which is to seek, or the result of which would be to obtain, any Order, judgment, determination, declaration or similar relief that would impair the ability of Manasquan Bank to recover on the Secured Obligations, (ii) seeking to invalidate, set aside, avoid or subordinate, in whole or in part, the Loan Documents, (iii) for monetary, injunctive or other relief against Manasquan Bank or its collateral that would impart the ability of Manasquan Bank to recover on the Secured Obligations or seeing affirmative relief against Manasquan Bank, or (iv) seeking to prevent, hinder or otherwise delay the exercise by Manasquan Bank of any rights and/or remedies under this Order, the Loan

20

Page 21 of 23
DEBTOR: Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and
Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

Documents or applicable law; or (b) to object to or challenge in a way the claims, liens or interests

held by Manasquan Bank.

W.    Nothing herein shall impair or modify the application of section 507(b) of the

Bankruptcy Code in the event that the adequate protection provided to Manasquan Bank hereunder

is insufficient to compensate for any diminution in value of Manasquan Bank's Prepetition

Collateral and Cash Collateral during the Subchapter V Case. Nothing contained herein shall be

deemed a finding by the Court, or an acknowledgement by Manasquan Bank, that the adequate

protection granted herein does in fact adequately protect Manasquan Bank against any diminution

in value of its interest in the Prepetition Collateral and Cash Collateral.

X.    Except as explicitly provided for herein, this Order does not create any rights for

the benefit of any third party, creditor, equity holder or any direct, indirect or incidental

beneficiary.

Y.    Manasquan Bank's consent hereto shall not be construed as a waiver of any

defaults, rights or remedies under the Loan Documents, or any rights or remedies related thereto

as against any third parties.

Z.    The Adequate Protection Liens and the superpriority administrative expense claim

granted to Manasquan Bank in this Order shall, in the event this Subchapter V Case is converted

to chapter 7, be subject to the reasonable fees and expenses of a chapter 7 trustee, not to exceed

$10,000, that may be allowable under section 724(b) of the Bankruptcy Code.

AA.    Lien Review: Notwithstanding anything to the contrary in the Motion, this Interim

Order, or the DIP Loan documents, the U.S. Trustee, the Subchapter V Trustee, and any creditor

may review the extent, validity, and priority of Manasquan Bank.

Page 22 of 23
DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

BB.    _Surety Bond Obligations_. With respect to each of the Bonded Projects, the Debtor and the Surety are authorized to establish separate escrow accounts as Debtor-in-Possession trust accounts for each such Bonded Project into which all Bonded Project Proceeds shall be deposited. All Bonded Project Proceeds which may be payable to Trust Fund Beneficiaries under or by virtue of any Bond or Bonded Project may be paid into the Debtor-in-Possession trust accounts. Disbursements from the Debtor-in-Possession trust accounts shall be subject to further order of this Court. All parties reserve any and all rights with respect to the validity and extent of any claimed statutory or contractual trust fund rights or obligations, equitable subrogation rights, or rights under the common law of suretyship with respect to the Bonds.  Nothing contained in this Order shall obligate the Surety to extend its Bonds to Debtor, as contracts of financial accommodation, or to otherwise provide additional Bonds to the Debtor.  Nothing in this Interim Order, the Motion or the DIP Loan documents shall in any way prime or affect the rights of NGM Insurance Company, or its past, present or future parents, subsidiaries or affiliates (the "Surety") as to:  (a) any funds that the Surety is holding and/or that are being held for the Surety presently or in the future, whether in trust, as security, or otherwise, including any proceeds due or to become due to the Debtor in relation to contracts bonded by the Surety; (b) any substitutions or replacements of said funds including accretions to and interest earned on said funds; or (c) any letter of credit related to any indemnity, collateral trust, bond or agreements between or involving the Surety and the Debtor (collectively (a) to (c), the "Surety Assets").  Nothing in the Interim Order, the Motion or the DIP Loan documents shall affect the rights of the Surety under any indemnity agreement, collateral trust agreement, and/or any related agreements between or involving the Surety and any of the Debtor or any of the Debtor's non-debtor affiliates as to the

Page 23 of 23
DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

Surety Assets or otherwise, including, but not limited to, the Agreements of Indemnity executed by the Debtor, Martin Assuncao and Lisa Assuncao on or about July 20, 2012 and January 30, 2019.  In addition, nothing in the Interim Order, the Motion or the DIP Loan documents shall prime or otherwise impact:  (x) setoff and/or recoupment rights or trust fund claims and/or the lien rights of the Surety or of any party to whose rights the Surety has or may become subrogated; and/or (y) any subrogation or other common law rights of the Surety.   In addition, notwithstanding anything in the Interim Order, the Motion or the DIP Loan documents to the contrary, the rights, claims and defenses of the Surety, including but not limited to, the Surety's rights under any properly perfected liens and claims and/or claim for equitable rights of subrogation are fully preserved. Nothing herein is an admission by the Surety or the Debtor, or a determination by the Bankruptcy Court, regarding any claims under any bonds, and the Surety and the Debtor reserves any and all rights, remedies and defenses in connection therewith.  Paragraph 9 of this Interim Order shall not be binding on Creditors or Parties in Interest other than the Debtor.  To the extent, if any, that the Debtor's use of funds constitute the use of the Surety's cash collateral, the Surety shall have a replacement lien in the Debtor's assets to the same extent, amount and priorities as existed as of the petition date.  In addition, the Surety reserves its rights as to any issues concerning the Debtor's use of funds.

Page 24 of 23
DEBTOR:  Assuncao Bros., Inc.
CASE NO: 22-16159-CMG
CAPTION: **Interim Order (i) Authorizing (a) Post-Petition Financing and (b) Use of Cash Collateral and Affording Adequate Protection; (ii) Modifying the Automatic Stay; and (iii) Scheduling a Final Hearing**

**<u>Exhibit 1</u>**

**<u>Budget</u>**

**Assuncao Brothers, Inc. Cash flow**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 8/6/2022 | 8/13/2022 | 8/20/2022 | 8/27/2022 | 9/3/2022 | 9/10/2022 | 9/17/2022 | 9/24/2022 | 10/1/2022 | 10/8/2022 | 10/? |
| Sale of Equipment (Net) | | | | | | | | | | | |
| Unbonded Accounts Receivable | | | | | | | | | | | |
| Collections | - | 294,295 | 294,295 | 294,295 | 294,295 | 273,973 | 273,973 | 273,973 | 273,973 | 192,340 | |
| Other | | | | | | | | | | | |
| **TOTAL COLLECTIONS** | **-** | **294,295** | **294,295** | **294,295** | **294,295** | **273,973** | **273,973** | **273,973** | **273,973** | **192,340** | |
| ABI Cash disbursements | | | | | | | | | | | |
| Payroll | | (51,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | |
| Auto | (15,000) | | | | | | | | | | |
| Insurance | (29,842) | | - | | | (22,164) | | - | - | (14,407) | |
| Office and SG&A | (5,000) | (5,000) | (1,200) | (1,200) | (1,200) | (1,200) | (1,200) | (1,200) | (1,200) | (1,200) | |
| Rent | (2,750) | | | | | (2,750) | | | | (2,750) | |
| Utilities | (2,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | |
| Payment for Material and Subs | (66,750) | (196,750) | | | | | | | | | |
| Other | | | | | | | | | | | |
| **Total Operating Disbursements** | **(92,000)** | **(284,092)** | **(5,700)** | **(5,700)** | **(5,700)** | **(30,614)** | **(5,700)** | **(5,700)** | **(5,700)** | **(22,857)** | |
| Pre-Petition Obligations | | | | | | | | | | | |
| Payroll | (51,000) | | | | | | | | | | |
| Payroll Taxes | | | | | | | | | | | |
| Ins and employee benefits | (26,476) | | | | | | | | | | |
| Professional Fee Escrow / Retainers | | | | | (25,000) | | | | | | |
| SubChapter 5 & U.S. Trustee Fees and Escrow | | | (30,000) | | | | | | | | |
| **Total Non-Operating Disbursements** | **(77,476)** | **-** | **(30,000)** | **(25,000)** | **-** | **-** | **-** | **-** | **-** | **-** | |
| **TOTAL DISBURSEMENTS** | **(169,476)** | **(284,092)** | **(35,700)** | **(30,700)** | **(5,700)** | **(30,614)** | **(5,700)** | **(5,700)** | **(5,700)** | **(22,857)** | |
| **NET CASH FLOW** | **(169,476)** | **10,203** | **258,595** | **263,595** | **288,595** | **243,359** | **268,273** | **268,273** | **268,273** | **169,484** | |
| Beginning Cash | $ 17,734 | $ 30,000 | $ 30,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ |
| Total Collections | - | 294,295 | 294,295 | 294,295 | 294,295 | 273,973 | 273,973 | 273,973 | 273,973 | 192,340 | |
| Total Disbursements | (169,476) | (284,092) | (35,700) | (30,700) | (5,700) | (30,614) | (5,700) | (5,700) | (5,700) | (22,857) | |
| Manasquan LOC Advances / (Paydown) | | | | 25,000 | | | | | | | |
| Vollers LOC Advances / (Paydown) | 181,742 | (10,203) | (171,539) | | (74) | | | | | | |
| Vollers Payments For Contracts | | | (92,056) | (288,595) | (288,521) | (243,359) | (268,273) | (268,273) | (268,273) | (169,484) | |
| Ending cash | $ 30,000 | $ 30,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | |
| Vollers Payments Under Agreement | | | | | | | | | | | |
| Payment for Material and Subs | | | 286,750 | 186,750 | 108,000 | 108,000 | 108,000 | 108,000 | 89,250 | 89,250 | |
| Auto | | | | | 12,000 | | | | 12,000 | | |
| Payroll | | | 51,000 | 51,000 | 51,000 | 51,000 | 51,000 | 51,000 | 51,000 | 51,000 | |
| Union Benefits | | | 144,793 | | | 115,835 | | | | 115,835 | |
| Insurance / Other Employee benefits | | | - | - | - | - | 7,678 | - | - | - | |
| Vollers Fee | | | 72,381 | 35,663 | 25,650 | 41,225 | 25,002 | 23,850 | 22,838 | 38,413 | |
| Potential Assumed Contract AP | | | | | | | | | | | |
| Union Benefit Arrearage | - | - | 149,221 | | | | | | | - | |
| **Total Vollers Liability** | **-** | **-** | **704,146** | **273,413** | **196,650** | **316,060** | **191,680** | **182,850** | **175,088** | **294,497** | |
| Beginning Balance Due to Vollers | - | - | - | 612,090 | 596,908 | 505,036 | 577,737 | 501,143 | 415,720 | 322,534 | |
| Disbursements | - | - | 704,146 | 273,413 | 196,650 | 316,060 | 191,680 | 182,850 | 175,088 | 294,497 | |
| Less: (Payment)/Subsidy | - | - | (92,056) | (288,595) | (288,521) | (243,359) | (268,273) | (268,273) | (268,273) | (169,484) | |
| **Ending Balance Due to Vollers** | **-** | **-** | **612,090** | **596,908** | **505,036** | **577,737** | **501,143** | **415,720** | **322,534** | **447,548** | |

Assuncao Brothers, Inc. Cash flow

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 10? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 8/6/2022 | 8/13/2022 | 8/20/2022 | 8/27/2022 | 9/3/2022 | 9/10/2022 | 9/17/2022 | 9/24/2022 | 10/1/2022 | 10/8/2022 | 10?|
| **VOLLERS DIP** | | | | | | | | | | | |
| Loan beginning | | 181,742 | 171,539 | - | - | | | | | | |
| Advances | 181,742 | (10,203) | | | | | | | | | |
| Interest and fees | | | | | 74 | | | | | | |
| Payments | | | (171,539) | - | (74) | | | | | - | |
| loan ending | 181,742 | 171,539 | - | - | - | - | - | - | - | - | |
| **MANASQUAN** | | | | | | | | | | | |
| Loan beginning | 331,053 | 331,053 | 331,053 | 331,053 | 356,053 | 356,053 | 356,053 | 356,053 | 356,053 | 356,053 | |
| Advances | | | | 25,000 | | | | | | | |
| Interest and fees | | | | | | | | | | | |
| Payments | | | | | | - | | | | - | |
| loan ending | 331,053 | 331,053 | 331,053 | 356,053 | 356,053 | 356,053 | 356,053 | 356,053 | 356,053 | 356,053 | |
| **Accounts Receivable UNBONDED (Contracts to be assumed only)** | 1,659,679 | 1,659,679 | 1,365,384 | 1,071,089 | 776,794 | 1,397,499 | 1,123,526 | 849,553 | 575,579 | 301,606 | |
| **Net Billings - Potential Assumed Jobs ONLY:** | | | | | 915,000 | | | | | 535,000 | |
| **Cash receipts (Unbonded jobs)** | - | (294,295) | (294,295) | (294,295) | (294,295) | (273,973) | (273,973) | (273,973) | (273,973) | (192,340) | |
| **Accounts  Receivable Ending UNBONDED** | 1,659,679 | 1,365,384 | 1,071,089 | 776,794 | 1,397,499 | 1,123,526 | 849,553 | 575,579 | 301,606 | 644,266 | |
| **Prepetition Unpaid Payables for Assumed Job excluding Union** | 1,027,949 | 1,027,949 | 1,027,949 | 1,027,949 | 1,027,949 | 1,027,949 | 1,027,949 | 1,027,949 | 1,027,949 | 1,027,949 | |

United States Bankruptcy Court

District of New Jersey

In re:                                                                                          Case No. 22-16159-CMG

Assuncao Bros., Inc.                                                                    Chapter 11

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                        User: admin                                        Page 1 of 2
Date Rcvd: Aug 05, 2022               Form ID: pdf903                        Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 07, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Assuncao Bros., Inc., 29 Wood Avenue, Edison, NJ 08820-3503 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 07, 2022                        Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 4, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Curtis M Plaza | on behalf of Creditor Manasquan Bank cplaza@riker.com  sdechoyan@riker.com |
| Douglas G. Leney | on behalf of Interested Party Martin Assuncao dleney@archerlaw.com  ahuber@archerlaw.com,chansen@archerlaw.com |
| Douglas G. Leney | on behalf of Interested Party Lisa Assuncao dleney@archerlaw.com  ahuber@archerlaw.com,chansen@archerlaw.com |
| Joseph A. Caneco | on behalf of Debtor Assuncao Bros.  Inc. jcaneco@foxrothschild.com |
| Joseph J. DiPasquale | on behalf of Debtor Assuncao Bros.  Inc. Jdipasquale@foxrothschild.com, cbrown@foxrothschild.com;ShavoneGreen@foxrothschild.com |
| Louis A. Modugno | |

on behalf of Other Prof. Vollers Excavating and Contractors  Inc. lmodugno@tm-firm.com

Margaret Mcgee

on behalf of U.S. Trustee U.S. Trustee maggie.mcgee@usdoj.gov

Michael R. Herz

on behalf of Debtor Assuncao Bros.  Inc. mherz@foxrothschild.com, cbrown@foxrothschild.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea

on behalf of Creditor NGM Insurance Company vshea@mdmc-law.com
mtaranto@mdmc-law.com;kpatterson@mdmc-law.com;gbressler@mdmc-law.com;lmodugno@mdmc-law.com

TOTAL: 10