| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**MCELROY, DEUTSCH, MULVANEY**<br> **& CARPENTER, LLP**<br>1300 Mt. Kemble Avenue<br>P.O. Box 2075<br>Morristown, NJ 07962-2075<br>Adam R. Schwartz, Esq.<br>Gary D. Bressler, Esq.<br>Scott A. Levin, Esq.<br>Virginia T. Shea, Esq.<br>aschwartz@mdmc-law.com<br>gbressler@mdmc-law.com<br>slevin@mdmc-law.com<br>vshea@mdmc-law.com<br>Telephone: (973) 993-8100<br>Facsimile: (973) 425-0161<br><br>*Attorneys for NGM Insurance Company* |

| | |
|---|---|
| In re:<br><br>ASSUNCAO BROS., INC.,<br><br>　　　　　　　　　　　　　Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-16159 CMG |

**NGM INSURANCE COMPANY'S LIMITED OBJECTION TO THE DEBTOR'S MOTION FOR ENTRY OF A FINAL ORDER ( I)AUTHORIZING (A) POST-PETITION FINANCING AND (B) USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; AND (II) MODIFYING THE AUTOMATIC STAY.**

Creditor NGM Insurance Company ("NGM" or "Surety") through its undersigned counsel, hereby files this Limited Objection to that portion of the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing (A) Post-Petition Financing and (B) Use of Cash Collateral and Affording Adequate Protection; (II) Modifying the Automatic Stay; and (III) Scheduling a Final Hearing* ("Financing Motion")[Docket Entry 13], that seeks entry of a final order ("Final Financing Order").

　　　　1.　　Assuncao Bros., Inc. ("Debtor") filed a voluntary petition of relief under chapter 11, subchapter V, of the Bankruptcy Code in the United States Bankruptcy Court for the District

1

of New Jersey ("Bankruptcy Court"), on August 3, 2022 ("Petition Date").

2. NGM is a surety which, prior to the Petition Date, issued certain performance and payment bonds ("Bonds") on behalf of the Debtor, as principal, including bonds for certain public owner obligees/counterparties ("Bonded Contract Owners"),[1] arising out of certain public works contracts ("Bonded Contracts"), which Bonds relate to, and under which such Bonded Contracts the Debtor was performing ("Bonded Projects") as of the Petition Date. (See Declaration of Eli Cinq-Mars dated August 17, 2022 at ¶ 3).

3. In order to induce NGM to issue the Bonds on behalf of the Debtor, the Debtor, as well as Martin Assuncao and Lisa Assuncao entered into agreements of indemnity in favor of NGM on or about July 20, 2012 and January 30, 2019 ("Indemnity Agreements"). (*Id*. at ¶ 4).

4. The Indemnity Agreements dated July 20, 2012 and January 30, 2019 contain identical indemnity clauses, provide NGM with a security interest in the Debtor's equipment, and establish a trust fund with respect to payments received by the principal/contractor, as the

---

[1] Bonded Contract Owners and Bonded Contracts include, but are not necessarily limited to: 1) **the City of Jersey City, New Jersey** (Dr. Martin Luther King, Jr. Intersection Safety Improvements – Replacing Existing Curb Ramps with new ADA –compliant Concrete Ramps, Concrete Sidewalks & Curb Work, Providing Pedestrian Signal Upgrades, Resetting Castings [project includes 8 intersections along Dr. Martin Luther King Drive]) **and** (Replacement of County Bridge Contract # 20002); 2) **County of Somerset, New Jersey** (Maintenance Contract Repairs of Various Park Commission Structures) **and** 3) (Replacement of County Bridge Belle Mead-Blawenburg Rd (CR 601) over Back Brook, Township of Montgomery, Somerset County, Replace Bridge, Contract No. 19008); 4) **Township of Raritan** (Sunny Hills Section II Road Reconstruction Improvements, Raritan Township); 5) **Essex County, New Jersey** (Park Avenue – Nine Traffic Signals and Road Improvements in Cities of Orange, East Orange and Newark, New Jersey) **and** 6) (Provide Nine Traffic Signals and Roadway Improvements, Countywide Signals and Roadway Improvements); 7) **Township of Springfield** (Caldwell Place Culvert Repair); 8) **County of Ocean, New Jersey** (Construction of Traffic Signal at the Intersection of Prospect Street & Massachusetts Avenue – Township of Lakewood); 9) **Township of Monroe, New Jersey** (Intersection Improvements Spotswood, Gravel Hill & Machaponix/Pergola Avenue Road Improvements); 10) **County of Hunterdon, New Jersey** (Resurfacing & Drainage Improvements for County Route 616, Road Improvements in the Township of Franklin, County of Hunterdon); 11) **County of Somerset, New Jersey** (Replacement of County Bridge Contract #20002 Replacement of Bridge); 12) **Passaic County, New Jersey** (Replacement of the Kingsland Road Bridge over the Third River, within the City of Clifton); 13) **County of Middlesex, New Jersey** (Improvements to Intersection of Forsgate & Rossmoor, Monroe Township); 14) **Township of Piscataway, New Jersey** (Drake Lane Improvements Phase II); 15) **County of Monmouth, New Jersey** (Replacement of Bridge U-15 on Breza Road over Doctor's Creek, Upper Freehold and Allentown); and 16) **County of Hudson, New Jersey** (Improvement to JFK Boulevard from Pavonia Road). NGM also issued a fringe benefits bond no. S-324394.

Indemnity Agreements state in pertinent part:

> THIRD: The CONTRACTOR and INDEMNITORS shall exonerate, hold harmless, indemnify and keep indemnified the SURETY from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including court costs, counsel fees, investigative costs, and from and against any and all other such losses and expenses which the SURETY may sustain or incur: (A) By reason of having executed or procured the execution of Bonds … (E) in prosecuting or defending any action or claim in connection with any Bond, whether SURETY at its sole option elects to employ its own counsel, or permits or requires CONTRA TOR and INDEMNITORS to make arrangements for the SURETY'S legal representation….
>
> FOURTH: The CONTRACTOR, and the INDEMNITORS as their interests may appear hereby assign, transfer and set over to SURETY the rights and property described hereafter, as collateral, to secure any and all obligations in this Agreement and any other indebtedness or liabilities of the CONTRATOR to the SURETY, whether heretofore or hereafter incurred… (B) All the rights, title and interest of the CONTRACTORS or INDEMNITORS in and to all machinery, equipment, plant, tools, inventory and materials which are now, or may hereafter be, utilized in connection with any contract, regardless of whether they are located at a construction site, in storage elsewhere, or in transit anywhere….
>
> EIGHTH: The CONTRACTOR and INDEMNITORS covenant and agree that all payments received for or on account of any CONTRACT shall be held in trust as a trust fund for the payment of obligations incurred or to be incurred in the performance of any CONTRACT and for labor, materials and services furnished in the prosecution of the work in any CONTRACT or any extension of modification thereof. It is expressly understood and declared that all monies due and to become due under any CONTRACT are also trust funds, whether in the possession of the CONTRACTOR or INDEMNITORS or otherwise. The trust funds shall be for the benefit and payment of all obligations for which the SURETY may be liable under any bonds. The trust shall incur to the benefit of the SURETY for all liability or loss it may have or sustain any bond, and this agreement and declaration constitute notice of such trust.

(*Id*. at ¶ 5).

5. The Debtor has received and expects payments from Bonded Contract Owners on Bonded Contracts ("Bonded Contract Proceeds"), which constitute trust funds for the benefit of the Debtor's laborers, subcontractors, suppliers and materialmen ("Trust Fund Beneficiaries") on the Bonded Contracts, and for the benefit of NGM. (*Id*. at ¶ 6).

6. Upon information and belief, the Debtor is in default as to each of the Bonded Contracts and intends to reject the Bonded Contracts. (*Id*. at ¶ 7).

3

7. On August 12, 2022, NGM served a *Notice of Deposition of the Debtor Assuncao Bros., Inc. Pursuant to Bankruptcy Rules 7-03-(b)(6) and 9014(d), and Federal Rule of Civil Procedure 30(b)(6)*["Deposition Notice"], seeking in part, documents and testimony pertinent to the Financing Motion. The Debtor has provided certain documents in response to the Deposition Notice and further, while the Deposition Notice scheduled a deposition for Friday, August 19, 2022, based upon the schedules of the parties and counsel, the deposition is expected to take place on Saturday, August 20, 2022, which is after the deadline for filing opposition to the Financing Motion. (*Id*. at ¶ 8).

8. The Interim Financing Order provides at paragraph 9 that certain prepetition liens granted by the Debtor to Manasquan Bank are "valid, binding, perfected and enforceable liens and security interests…" among other things, but expressly states that provision is only binding on the Debtor, as it states, "[t]his paragraph 9 of this Interim Order shall not be binding on the U.S. Trustee, the Subchapter V Trustee, creditors, or parities in interest other than the Debtor." To the extent that the Final Financing Order contains similar language pertaining to prepetition liens and collateral as that contained in paragraphs 8 and 9 of the Interim Financing Order, the Final Financing Order should contain language stating that such paragraphs "shall not be binding on the U.S. Trustee, the Subchapter V Trustee, any appointed Trustee, the Estate, creditors or parties in interest other than the Debtor." It also should be made clear that any such paragraphs in the Interim Financing Order shall not be binding on said parties.

9. The Interim Financing Order provides in pertinent part:

BB. <u>Surety Bond Obligations</u>. With respect to each of the Bonded Projects, the Debtor and the Surety are authorized to establish separate escrow accounts as Debtor-in-Possession trust accounts for each such Bonded Project into which all Bonded Project Proceeds shall be deposited. All Bonded Project Proceeds which may be payable to Trust Fund Beneficiaries under or by virtue of any Bond or Bonded Project may be paid into the Debtor-in-Possession trust accounts. Disbursements from the Debtor-in-Possession trust

accounts shall be subject to further order of this Court. All parties reserve any and all rights with respect to the validity and extent of any claimed statutory or contractual trust fund rights or obligations, equitable subrogation rights, or rights under the common law of suretyship with respect to the Bonds. Nothing contained in this Order shall obligate the Surety to extend its Bonds to Debtor, as contracts of financial accommodation, or to otherwise provide additional Bonds to the Debtor. Nothing in this Interim Order, the Motion or the DIP Loan documents shall in any way prime or affect the rights of NGM Insurance Company, or its past, present or future parents, subsidiaries or affiliates (the "Surety") as to (a) any funds that the Surety is holding and/or that are being held for the Surety presently or in the future, whether in trust, as security, or otherwise, including any proceeds due or to become due to the Debtor in relation to contracts bonded by the Surety; (b) any substitutions or replacements of said funds including accretions to and interest earned on said funds; or (c) any letter of credit related to any indemnity, collateral trust, bond or agreements between or involving the Surety and the Debtor (collectively (a) to (c), the "Surety Assets"). Nothing in the Interim Order, the Motion or the Dip Loan documents shall affect the rights of the Surety under any indemnity agreement, collateral trust agreement, and/or any related agreements between or involving the Surety and any of the Debtor or any of the Debtor's non-debtor affiliates as to the Surety Assets or otherwise, including but not limited to the Agreements of Indemnity executed by the Debtor, Martin Assuncao and Lisa Assuncao on or about July 20, 2012 and January 30, 2019. In addition, nothing in the Interim Order, the Motion or the DIP Loan documents shall prime or otherwise impact: (x) setoff and/or recoupment rights or trust fund claims and/or the lien rights of the Surety or of any party to whose rights the Surety has or may become subrogated; and/or (y) any subrogation or other common law rights of the Surety. In addition, notwithstanding anything in the Interim Order, the Motion or the DIP Loan documents to the contrary, the rights, claims and defenses of the Surety, including but not limited to, the Surety's rights under any properly perfected liens and claims and/or claim for equitable rights of subrogation are fully preserved. Nothing herein is an admission by the Surety or the Debtor, or a determination by the Bankruptcy Court, regarding any claims under any bonds, and the Surety and the Debtor reserves any and all rights, remedies and defenses in connection therewith. Paragraph 9 of this Interim Order shall not be binding on Creditors or Parties in Interest other than the Debtor. To the extent, if any, that the Debtor's use of funds constitute the use of the Surety's cash collateral, the Surety shall have a replacement lien in the Debtor's assets to the same extent, amount and priorities as existed as of the petition date. In addition, the Surety reserves its rights as to any issues concerning the Debtor's use of funds.

10. The Final Financing Order should contain substantially similar language, consistent with paragraph BB of the Interim Order.

11. Accordingly, NGM respectfully suggests that the following language be added to the Final Financing Order:

<u>Surety Bond Obligations</u>.  With respect to each of the Bonded Projects, NGM Insurance

Company, or its past, present or future parents, subsidiaries or affiliates (the "Surety") is authorized to have access to and use Bonded Contract Proceeds (which Bonded Contract Proceeds shall be turned over and/or paid to the Surety and need not be kept in a separate account by the Surety), as the Surety so reasonably determines, to complete the Bonded Contracts, to make payments to the Trust Fund Beneficiaries, to make payments for any obligations under the Bonds, and/or to make payment to the Surety for all losses, costs, and expenses of whatsoever kind or nature, including court costs, counsel fees, and/or investigative costs incurred by the Surety by reason of the Surety having executed a Bond or the Bonds. Nothing contained in the Financing Motion, the Interim Financing Order or this Final Financing Order shall obligate the Surety to extend its Bonds to Debtor, as contracts of financial accommodation, or to otherwise provide additional Bonds to the Debtor. Nothing in the Financing Motion, the Interim Financing Order, this Final Financing Order or the DIP Loan documents shall in any way prime or affect the rights of the Surety as to (a) any funds that the Surety is holding and/or that are being held for the Surety presently or in the future, whether in trust, as security, or otherwise, including any proceeds due or to become due to the Debtor in relation to contracts bonded by the Surety; (b) any substitutions or replacements of said funds including accretions to and interest earned on said funds; or (c) any letter of credit related to any indemnity, collateral trust, bond or agreements between or involving the Surety and the Debtor (collectively (a) to (c), the "Surety Assets"). Nothing in the Financing Motion, Interim Financing Order, this Final Financing Order or the DIP Loan documents shall affect the rights of the Surety under any indemnity agreement, collateral trust agreement, and/or any related agreements between or involving the Surety and any of the Debtor or any of the Debtor's non-debtor affiliates as to the Surety Assets or otherwise, including but not limited to the Agreements of Indemnity executed by the Debtor, Martin Assuncao and Lisa Assuncao on or about July 20, 2012 and January 30, 2019. In addition, nothing in the Interim Order, the Motion or the DIP Loan documents shall prime or otherwise impact: (x) setoff and/or recoupment rights or trust fund claims and/or the lien rights of the Surety or of any party to whose rights the Surety has or may become subrogated; and/or (y) any subrogation or other common law rights of the Surety. In addition, notwithstanding anything in the Financing Motion, the Interim Financing Order, this Final Financing Order or the DIP Loan documents to the contrary, the rights, claims and defenses of the Surety, including but not limited to, the Surety's rights under any properly perfected liens and claims and/or claim for equitable rights of subrogation are fully preserved. Nothing herein is an admission by the Surety or the Debtor, or a determination by the Bankruptcy Court, regarding any claims under any bonds, and the Surety and the Debtor reserves any and all rights, remedies and defenses in connection therewith. To the extent, if any, that the Debtor's use of funds constitute the use of the Surety's cash collateral, the Surety shall have a replacement lien in the Debtor's assets to the same extent, amount and priorities as existed as of the petition date. In addition, the Surety reserves its rights as to any issues concerning the Debtor's use of funds.

## **RESERVATION OF RIGHTS**

12.     The submission of this Limited Objection by NGM is not intended as, and shall not be construed as: (a) NGM's admission of any liability or waiver of any defenses or limitation of

any rights of NGM with respect to any claims against any one or more of the bonds or under any indemnity agreements in favor of the NGM; (b) NGM's waiver or release of any right to exoneration it may have against anyone with respect to any of the bonds; (c) NGM's waiver or release of its right to be subrogated to the rights of one or more of the parties paid in connection with the bonds; (d) an election of remedy; or (e) consent to the determination of the Debtor's liability to NGM by any particular court, including, without limitation, the Bankruptcy Court.

13. NGM reserves the rights to object and put forth any argument in relation to any amended financing proposed by the Debtor, and to raise any arguments by any other party in their objection(s) to the Financing Motion or any future financing.

14. NGM reserves the right to object and put forth any argument in relation to any motion filed by the Debtor for the Bankruptcy Court's authorization of assumption and assignment of executory contracts and unexpired leases, and to raise any arguments by any other party in their objection(s) to the Financing Motion.

15. NGM expressly reserves, and does not waive, any and all of its rights, claims, defenses, limitations, and/or exclusions in connection with the Debtor's rights and obligations under the Indemnity Agreements, the bonds, applicable law, or otherwise.  NGM further reserves all rights to assert any and all such rights, claims, defenses, limitations and/or exclusions in any appropriate manner or forum whatsoever (including, without limitation, any of its rights to have any non-core matter relating to the interpretation of its contractual rights and Debtor's contractual obligations adjudicated by the United States District Court).

16. NGM further reserves all of its rights to raise any issues contained in this Limited Objection and any other related issues in any procedurally appropriate contested matter and/or adversary proceeding, including, without limitation, (i) objections to confirmation of any plan; (ii)

a separate adversary proceeding requesting any appropriate declaratory and/or injunctive relief; (iii) or an objection to any subsequent motion seeking approval of an asset sale to any prospective asset purchaser with respect to any contractual rights that may be adversely affected by a sale motion or the confirmation of any plan.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, NGM Insurance Company respectfully requests that the foregoing limited objections be addressed in any Final Financing Order approving the Financing Motion.

                                              **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Dated: August 17, 2022                  /s/ *Gary D. Bressler*
                                              Gary D. Bressler, Esq.
                                              Adam R. Schwartz, Esq.
                                              Scott A. Levin, Esq.
                                              Virginia T. Shea, Esq.
                                              1300 Mount Kemble Ave.
                                              P.O. Box 2075
                                              Morristown, NJ 07960
                                              Telephone: 973-993-8100
                                              Facsimile: 973-425-0161
                                              E-mail: gbressler@mdmc-law.com
                                                            aschwartz@mdmc-law.com
                                                            slevin@mdmc-law.com
                                                            vshea@mdmc-law.com

*Attorneys for NGM Insurance Company*