UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**McElroy, Deutsch, Mulvaney**
**& Carpenter, LLP**
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
Adam R. Schwartz, Esq.
Gary D. Bressler, Esq.
Scott A. Levin, Esq.
Virginia T. Shea, Esq.
aschwartz@mdmc-law.com
gbressler@mdmc-law.com
slevin@mdmc-law.com
vshea@mdmc-law.com
Telephone: (973) 993-8100
Facsimile: (973) 425-0161

*Attorneys for NGM Insurance Company*

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ASSUNCAO BROS., INC., | Case No. 22-16159 CMG |
| Debtor. | |

## DECLARATION OF ELI CINQ-MARS IN SUPPORT OF NGM INSURANCE COMPANY'S LIMITED OBJECTION TO THE DEBTOR'S MOTION FOR ENTRY OF A FINAL ORDER AUTHORIZING (A) POST-PETITION FINANCING AND (B) USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; AND (II) MODIFYING THE AUTOMATIC STAY.

I, ELI CINQ-MARS, of full age, hereby declare as follows:

1.    I am the Manager Bond Claims for NGM Insurance Company ("NGM"). As such, I am fully familiar with the facts contained in this Declaration.

2.    I make this Declaration on behalf of NGM in support of its Limited Objection to that portion of the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing (A) Post-Petition Financing and (B) Use of Cash Collateral and Affording Adequate Protection; (II)*

1

*Modifying the Automatic Stay; and (III) Scheduling a Final Hearing* ("Financing Motion")[Docket Entry 13], that seeks entry of a final order ("Final Financing Order").

3.    NGM is a surety which, prior to August 3, 2022 ("Petition Date"), issued certain performance and payment bonds ("Bonds") on behalf of Assuncao Bros., Inc. ("Debtor"), as principal, including bonds for certain public owner obligees/counterparties ("Bonded Contract Owners"),[1] arising out of certain public works contracts ("Bonded Contracts"), which Bonds relate to, and under which such Bonded Contracts the Debtor was performing ("Bonded Projects") as of the Petition Date.

4.    In order to induce NGM to issue the Bonds on behalf of the Debtor, the Debtor, as well as Martin Assuncao and Lisa Assuncao entered into agreements of indemnity in favor of NGM on or about July 20, 2012 and January 30, 2019 ("Indemnity Agreements").  A copy of the 2012 and 2019 Indemnity Agreements are attached hereto as Exhibit "A."

---

[1]    Bonded Contract Owners and Bonded Contracts include, but are not necessarily limited to:  1) **the City of Jersey City, New Jersey** (Dr. Martin Luther King, Jr. Intersection Safety Improvements – Replacing Existing Curb Ramps with new ADA –compliant Concrete Ramps, Concrete Sidewalks & Curb Work, Providing Pedestrian Signal Upgrades, Resetting Castings [project includes 8   intersections along Dr. Martin Luther King Drive]) and (Replacement of County Bridge Contract # 20002); 2) **County of Somerset, New Jersey** (Maintenance Contract Repairs of Various Park Commission Structures) **and** 3) (Replacement of County Bridge Belle Mead-Blawenburg Rd (CR 601) over Back Brook, Township of Montgomery, Somerset County, Replace Bridge, Contract No. 19008); 4) **Township of Raritan** (Sunny Hills Section II Road Reconstruction Improvements, Raritan Township); 5) **Essex County, New Jersey** (Park Avenue – Nine Traffic Signals and Road Improvements in Cities of Orange, East Orange and Newark, New Jersey) **and** 6) (Provide Nine Traffic Signals and Roadway Improvements, Countywide Signals and Roadway Improvements); 7) **Township of Springfield** (Caldwell Place Culvert Repair); 8) **County of Ocean, New Jersey** (Construction of Traffic Signal at the Intersection of Prospect Street & Massachusetts Avenue – Township of Lakewood); 9) **Township of Monroe, New Jersey** (Intersection Improvements Spotswood, Gravel Hill & Machaponix/Pergola Avenue Road Improvements); 10) **County of Hunterdon, New Jersey** (Resurfacing & Drainage Improvements for County Route 616, Road Improvements in the Township of Franklin, County of Hunterdon); 11) **County of Somerset, New Jersey** (Replacement of County Bridge Contract #20002 Replacement of Bridge); 12) **Passaic County, New Jersey** (Replacement of the Kingsland Road Bridge over the Third River, within the City of Clifton); 13) **County of Middlesex, New Jersey** (Improvements to Intersection of Forsgate & Rossmoor, Monroe Township); 14) **Township of Piscataway, New Jersey** (Drake Lane Improvements Phase II); 15) **County of Monmouth, New Jersey** (Replacement of Bridge U-15 on Breza Road over Doctor's Creek, Upper Freehold and Allentown); and 16) **County of Hudson, New Jersey** (Improvement to JFK Boulevard from Pavonia Road).  NGM also issued a fringe benefits bond no. S-324394.

5.     The Indemnity Agreements dated July 20, 2012 and January 30, 2019 contain identical indemnity clauses, provide NGM with a security interest in the Debtor's equipment, and establish a trust fund with respect to payments received by the principal/contractor, as the Indemnity Agreements state in pertinent part:

THIRD:  The CONTRACTOR and INDEMNITORS shall exonerate, hold harmless, indemnify and keep indemnified the SURETY from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including court costs, counsel fees, investigative costs, and from and against any and all other such losses and expenses which the SURETY may sustain or incur:  (A) By reason of having executed or procured the execution of Bonds … (E) In prosecuting or defending any action or claim in connection with any Bond, whether SURETY at its sole option elects to employ its own counsel, or permits or requires CONTRA TOR and INDEMNITORS to make arrangements for the SURETY'S legal representation….

FOURTH:  The CONTRACTOR, and the INDEMNITORS as their interests may appear hereby assign, transfer and set over to SURETY the rights and property described hereafter, as collateral, to secure any and all obligations in this Agreement and any other indebtedness or liabilities of the CONTRATOR to the SURETY, whether heretofore or hereafter incurred… (B) All the rights, title and interest of the CONTRACTORS or INDEMNITORS in and to all machinery, equipment, plant, tools, inventory and materials which are now, or may hereafter be, utilized in connection with any contract, regardless of whether they are located at a construction site, in storage elsewhere, or in transit anywhere….

EIGHTH:  The CONTRACTOR and INDEMNITORS covenant and agree that all payments received for or on account of any CONTRACT shall be held in trust as a trust fund for the payment of obligations incurred or to be incurred in the performance of any CONTRACT and for labor, materials and services furnished in the prosecution of the work in any CONTRACT or any extension of modification thereof.  It is expressly understood and declared that all monies due and to become due under any CONTRACT are also trust funds, whether in the possession of the CONTRACTOR or INDEMNITORS or otherwise.  The trust funds shall be for the benefit and payment of all obligations for which the SURETY may be liable under any bonds.  The trust shall incur to the benefit of the SURETY for all liability or loss it may have or sustain any bond, and this agreement and declaration constitute notice of such trust.

6.     The Debtor has received and expects payments from Bonded Contract Owners on Bonded Contracts ("Bonded Contract Proceeds"), which constitute trust funds for the benefit of

the Debtor's laborers, subcontractors, suppliers and materialmen ("Trust Fund Beneficiaries") on the Bonded Contracts, and for the benefit of NGM.

7.      Upon information and belief, the Debtor is in default as to each of the Bonded Contracts and intends to reject the Bonded Contracts.

8.      On August 12, 2022, NGM's counsel  served a *Notice of Deposition of the Debtor Assuncao Bros., Inc. Pursuant to Bankruptcy Rules 7-03-(b)(6) and 9014(d), and Federal Rule of Civil Procedure 30(b)(6)*["Deposition Notice"], seeking in part, documents and testimony pertinent to the Financing Motion.  I understand that the Debtor has provided certain documents in response to the Deposition Notice and further, while the Deposition Notice scheduled a deposition for Friday, August 19, 2022, based upon the schedules of the parties and counsel, the deposition is expected to take place on Saturday, August 20, 2022, which is after the deadline for filing opposition to the Financing Motion.

I declare under penalty of perjury that this Declaration is true and correct to the best of my knowledge.

Executed on:  August 17, 2022                    /s/ Eli Cinq-Mars
                                                 ELI CINQ-MARS
                                                 Manager Bond Claims
                                                 NGM Insurance Company

**EXHIBIT A**
**General Indemnity Agreements**



**NGM INSURANCE COMPANY**
A member of The Main Street America Group
Hereinafter called The Company



**OLD DOMINION INSURANCE COMPANY**
A member of The Main Street America Group
Hereinafter called The Company

## AGREEMENT OF INDEMNITY

THIS Agreement of Indemnity (hereinafter called Agreement) made and entered into this _____30th_____ day of _____January_____,
_____2019_____ by and between _____Assuncao Bros., Inc., 29 Wood Avenue, Edison, NJ 08820_____ as CONTRACTOR and
_____Martin Assuncao and Lisa Assuncao, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆

_____ as INDEMNITORS, and The Company(s) (indicated above), as SURETY.

WHEREAS, the CONTRACTOR, in the performance of contracts and the fulfillment of obligations generally, whether solely in its own name or as co-venturer with others may desire, or be required, to give or procure certain BONDS, and;

WHEREAS, at the request of the CONTRACTOR and the INDEMNITORS and upon the express understanding that this Agreement should be given, the SURETY has executed or procured to be executed, and may from time to time hereafter execute or procure to be executed, said bonds on behalf of the CONTRACTOR, and;

WHEREAS, the INDEMNITORS have a substantial, material or beneficial interest in the obtaining, renewing, continuing, or substituting of the bonds, and;

WHEREAS, SURETY has relied upon and will continue to rely upon the representations of CONTRACTOR and INDEMNITORS as to their character, identity, control, beneficial ownership, financial condition and existence in executing or procuring bonds;

NOW THEREFORE, in consideration of the above stated premises, the CONTRACTOR and INDEMNITORS for themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, hereby covenant and agree with the SURETY, its successors and assigns, as follows:

### DEFINITIONS

FIRST: Where they appear in this Agreement, the following terms are defined as set forth in this section:

BOND means an undertaking, a contract of suretyship, guaranty or indemnity, an agreement, consent or letter to provide such an undertaking or contract, and the continuation, extension, alteration, renewal or substitution of such an undertaking, contract, agreement, consent or letter, whether with the same or different penalties and conditions, executed or procured by the SURETY.

CONTRACT means an agreement between CONTRACTOR and a third party, together with all associated documents (including but not limited to general and special conditions, specifications and drawings) for which SURETY executes or procures the execution of a bond.

EVENT OF DEFAULT means any one or more of the following:

(A)  Any declarations of default by an obligee on any BOND, abandonment, forfeiture, or beach of, or failure, refusal or inability to perform, any contract or obligation contained in a bond, whether actual or alleged;

(B)  Any failure, delay, refusal or inability of the CONTRACTOR to pay claims, bills or other indebtedness incurred in, or in connection with the performance of any contract, to the extent due in whole or in part;

(C)  The failure to perform, or comply with any of the terms, covenants or obligations in this Agreement;

(D)  The failure to pay or discharge, when due, any indebtedness of the CONTRACTOR to the SURETY;

(E)  An assignment by the CONTRACTOR for the benefit of creditors, or the appointment, or an application by the CONTRACTOR for the appointment, of a receiver or trustee for the CONTRACTOR or its property, whether insolvent or not, or an application by the CONTRACTOR for reorganization or arrangement under any bankruptcy laws of the United States or of any State, possession or territory of the United States, or if proceedings for the appointment of a receiver or trustee, for liquidation or for the reorganization or arrangement of the CONTRACTOR shall be initiated by other persons;

(F)  If the CONTRACTOR or INDEMNITOR is an individual, the CONTRACTOR'S or INDEMNITOR'S death, absconding, disappearing, incompetency, being convicted of a felony or imprisoned, or if the CONTRACTOR or INDEMNITOR is any other type of entity, any change or threat of change in the character, identity, control, arrangement, beneficial ownership or existence of the CONTRACTOR or INDEMNITOR;

(G)  Any proceeding or the exercise of any rights by any individual or entity which deprives or impairs CONTRACTOR'S use of its plant, machinery, equipment, plans, drawings, tools, supplies or materials;

(H)  The happening of any event other than those specified in (A) through (G) which, in the SURETY'S sole opinion, may expose SURETY to loss, cost or expense.

68-1121 (05/2006)

CONTRACTOR means any one, combination of, or all of the named individuals, firms or corporations set forth including any of their present or future subsidiary corporations which they may now or hereafter control or be affiliated with, or their successors in interest, whether alone or in joint venture with others not named herein, including any such entity for which SURETY executes bonds.

SURETY means The Company(s) (indicated on Page 1), and its successors, assigns, affiliates, associates and subsidiary companies.

### NOTICE TO SURETY OF ANTICIPATED
### CHANGE IN NATURE OF CONTRACTOR OR INDEMNITORS

SECOND:    Written notice must be given by CONTRACTOR or INDEMNITORS to SURETY at its Keene, New Hampshire bond office, located at 55 West Street, Keene, NH 03431, at the earliest practical time of any anticipated change or negotiations entered into by CONTRACTOR or INDEMNITORS for any anticipated change in the character, identity, control, arrangement, beneficial ownership (including, if a corporation, ownership of more than 5% of the stock of CONTRACTOR or INDEMNITOR), or existence of the CONTRACTOR or INDEMNITORS.

### INDEMNITY AND HOLD HARMLESS

THIRD:    The CONTRACTOR and INDEMNITORS shall exonerate, hold harmless, indemnify and keep indemnified the SURETY from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including court costs, counsel fees, investigative costs, and from and against any and all other such losses and expenses which the SURETY may sustain or incur:

(A)  By reason of having executed or procured the execution of Bonds;

(B)  By reason of the failure of the CONTRACTOR or INDEMNITORS to perform or comply with any of the covenants or conditions of this agreement;

(C)  In enforcing any of the covenants or conditions of this Agreement;

(D)  In making any investigation, obtaining or attempting to obtain a release, or recovering or attempting to recover loss or unpaid bond premium in connection with any Bond;

(E)  In prosecuting or defending any action or claim in connection with any Bond, whether SURETY at its sole option elects to employ its own counsel, or permits or requires CONTRACTOR and INDEMNITORS to make arrangements for the SURETY'S legal representation.

Payment shall be made to the SURETY by the CONTRACTOR and INDEMNITORS as soon as liability exists or is asserted against the SURETY, whether or not the SURETY shall have made any payment thereof.  Such payment shall be either equal to the amount of any reserve set by the SURETY, or equal to such amount as the SURETY, in its sole judgment, shall deem sufficient to protect it from loss. The SURETY shall have the right to use the deposit, or any part thereof, in payment or settlement of any liability, loss or expense for which the INDEMNITORS would be obligated to indemnify the SURETY under the terms of this Agreement.

In the event of any payment by the SURETY, the CONTRACTOR and INDEMNITORS further agree that in any accounting between the SURETY and the CONTRACTOR, or between the SURETY and the INDEMNITORS, or either or both of them, the SURETY shall be entitled to reimbursement for any and all disbursements made by it in good faith in and about the matters contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that is was necessary or expedient to make such disbursements, whether or not such liability, necessity, or expediency existed; and that the vouchers or other evidence of any such payments made by the SURETY shall be prima facie evidence of the fact and amount of the liability to the SURETY.  In addition to the payments to be made to SURETY as set forth above, CONTRACTOR and INDEMNITOR agree to pay to SURETY interest on all disbursements made by SURETY at the maximum rate permitted by law calculated from the date of each disbursement.

### ASSIGNMENT

FOURTH:    The CONTRACTOR, and the INDEMNITORS as their interests may appear hereby assign, transfer and set over to SURETY the rights and property described hereafter, as collateral, to secure any and all obligations in this Agreement and any other indebtedness or liabilities of the CONTRACTOR to the SURETY, whether heretofore or hereafter incurred:

(A)  All the rights of the CONTRACTOR in, and arising in any manner out of any CONTRACT;

(B)  All the rights, title and interest of the CONTRACTORS or INDEMNITORS in and to all machinery, equipment, plant, tools, inventory and materials which are now, or may hereafter be, utilized in connection with any contract, regardless of whether they are located at a construction site, in storage elsewhere, or in transit anywhere;

(C)  All the rights, title and interest of the CONTRACTOR in and to all subcontracts and purchase orders let or about to be let in connection with any CONTRACT and in and to all SURETY bonds supporting such subcontracts or purchase orders;

(D)  All the rights, title and interest of the CONTRACTOR in and to any actions, causes of action, claims or demands whatsoever which the CONTRACTOR may have or acquire against any party to the CONTRACT, or actions, causes of action, claims or demands arising out of or in connection with any CONTRACT including but not limited to those against obligees on bonds, design professionals, subcontractors, laborers or materialmen or any person furnishing or agreeing to furnish or supply labor, material, supplies, machinery, tools, inventory or other equipment in connection with or on account of any CONTRACT and against any SURETY or sureties of any obligee, subcontractor, laborer, or materialmen;

(E)  All monies retained and any and all monies that may be due or hereafter become due to amount of any CONTRACT whether bonded or unbonded;

(F)  Any and all rights, title, interest in, or use of any patent, copyright or trade secret which is or may be necessary for the

- 2 -

68-1121 (05/2006)

completion of any bonded work; and

(G) All monies due or to become due to CONTRACTOR on any policy of insurance relating to any claims arising out of the performance of any CONTRACT, including, but not limited to, claims under builders risk, fire, employee dishonesty or workers compensation insurance policies, including premium refunds.

The assignments shall become effective as of the effective date of each bond executed by SURETY. The SURETY agrees to forebear exercising the rights granted to it under this Fourth section until the occurrence of an EVENT OF DEFAULT.

## SETTLEMENTS

FIFTH:   SURETY shall have the exclusive right in its name or in the name of the CONTRACTOR to adjust, settle or compromise any claim, counterclaim, demand, suit or judgment involving any bond or to take whatever other action it may deem necessary, expedient or appropriate. SURETY'S determination as to whether any such claim, counterclaim, demand, suit or judgment should be settled or defended shall be binding and conclusive upon the CONTRACTOR and INDEMNITORS.

## PROSECUTION OF CLAIMS

SIXTH:   SURETY shall have the full and exclusive right, in its name or in the name of the CONTRACTOR, but not the obligation, to prosecute, compromise, release or otherwise resolve any of the claims, causes of action or other rights assigned to SURETY in the fourth paragraph above, entitled assignment, upon such terms as SURETY, in its sole discretion shall deem appropriate.

## PREMIUMS

SEVENTH:  The CONTRACTOR and INDEMNITORS will pay to the SURETY all premiums and charges of the SURETY for the bonds.

## TRUST FUND

EIGHTH:   The CONTRACTOR and INDEMNITORS covenant and agree that all payments received for or on account of any CONTRACT shall be held in trust as a trust fund for the payment of obligations incurred or to be incurred in the performance of any CONTRACT and for labor, materials and services furnished in the prosecution of the work in any CONTRACT or any extension of modification thereof. It is expressly understood and declared that all monies due and to become due under any CONTRACT are also trust funds, whether in the possession of the CONTRACTOR or INDEMNITORS or otherwise. The trust funds shall be for the benefit and payment of all obligations for which the SURETY may be liable under any bonds. The trust shall incur to the benefit of the SURETY for any liability or loss it may have or sustain any bond, and this agreement and declaration constitute notice of such trust.

## PERFECTION OF SECURITY INTEREST

NINTH:   This agreement shall constitute a security agreement for the benefit of the SURETY and also a financing statement, both in accordance with the provisions of the Uniform Commercial Code or similar statute and may be so used by the SURETY without in any way abrogating, restricting or limiting the rights of the SURETY under this Agreement or under law or in equity. SURETY may add such schedules to this Agreement describing specific items of security covered hereunder as shall be necessary.

## TAKEOVER

TENTH:  Upon the occurrence of an EVENT OF DEFAULT, the SURETY shall have the right, but at its option and in its sole discretion and is hereby authorized, with or without exercising any other right or option conferred upon it by law or by the terms of this Agreement, to take possession of any part or all of the work under any CONTRACT, and at the expense of the CONTRACTOR and INDEMNITORS to complete or arrange for the completion of the same.

## CHANGES

ELEVENTH:     The SURETY, at its sole option, is authorized and empowered, without notice to or knowledge of the INDEMNITORS, to agree or refuse to agree to any change whatsoever in any bond, or any CONTRACT, including, but not limited to, any change in the time for the completion of any CONTRACT and to payments or advances thereunder before the same may be due, and to assent to or take any assignment or assignments, to execute or consent to the execution of any continuations, extensions or renewals of any bond and to execute any substitute or substitutes therefore, with the same or different conditions, provisions and obligees and with the same or larger or smaller penalties. It is expressly understood and agreed that the INDEMNITORS shall remain bound under the terms of this Agreement even though any such assent by the SURETY does or might substantially increase the liability of said INDEMNITORS.

## ADVANCES

TWELFTH:  The SURETY, at its sole option, is authorized and empowered to guarantee loans, to advance or lend to, or for the account of, the CONTRACTOR any money, which the SURETY in its sole discretion may see fit to do, reserving to itself, however, the absolute right to cancel any such guarantee and to cease advancing or lending money to the CONTRACTOR or for the account of the CONTRACTOR with or without cause and with or without notice to the CONTRACTOR. All money expended by the SURETY, or lent or advanced from time to, or for the account of, the CONTRACTOR or guaranteed by the SURETY, and all related costs and expenses incurred by the SURETY, shall be loss to the SURETY for which the CONTRACTOR and the INDEMNITORS shall be responsible, notwithstanding that said money or any part thereof should not be so used by the CONTRACTOR.

## BOOKS AND RECORDS

THIRTEENTH:     At any time, and until such time as the liability of the SURETY under all bonds is terminated or SURETY is fully reimbursed all amounts due to it under the Agreement, the SURETY shall have the right of access to the books, records, accounts, and documents of the CONTRACTOR and INDEMNITORS, wherever located, for the purpose of inspection, copying or reproduction. Any financial institution, depository, materialman, supply house, or other person, firm, or corporation, when requested by the SURETY, is hereby authorized to furnish the SURETY any information requested, including, but not limited to, the status of the work under any CONTRACT

- 3 -

being performed by the CONTRACTOR, the condition of the performance of any CONTRACT and payments of accounts. Upon the occurrence of an EVENT OF DEFAULT, CONTRACTOR and INDEMNITORS, upon SURETY'S request, shall immediately turn over to SURETY, or its designee, at a place and in a manner designated by SURETY such books, records, accounts, documents and CONTRACTS in whatever form, as requested by SURETY.

## DECLINE EXECUTION

FOURTEENTH:   CONTRACTOR and INDEMNITORS are not obligated to request the SURETY to execute, provide or procure any bond required of them in the performance and fulfillment of obligations; furthermore the SURETY has the right to decline to execute, provide or procure any bond requested by CONTRACTOR. If SURETY does execute, provide or procure the execution of a bid bond or proposal bond, or agrees or consents to provide such CONTRACT of suretyship, SURETY retains the right to decline to execute the final bond (including, but not limited to, performance, payment or maintenance bond(s)) that may be required in connection with any award that may be made under the bid proposal or tender to which the bid proposal bond or agreement or consent to provide such CONTRACT of suretyship is given.

## WAIVER OF NOTICE

FIFTEENTH:   The INDEMNITORS hereby waive notice of the execution of any bond and of the acceptance of this agreement. CONTRACTOR and INDEMNITORS hereby waive all notice of any default, payment or any other act or acts giving rise to any claim under any bond, as well as notice of any and all liability of the SURETY under any bond, and any and all liability on their part hereunder, to the end and effect that, the CONTRACTOR and the INDEMNITORS shall be and continue liable hereunder.

## SUITS

SIXTEENTH:   Separate suits may be brought by SURETY to enforce the terms of this agreement as causes of action accrue, and the bringing of suit or the recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether previously or subsequently arising.

The CONTRACTOR and each INDEMNITOR is the agent for the CONTRACTOR and all INDEMNITORS for the purpose of accepting service of any process in the jurisdiction on which the CONTRACTOR or INDEMNITORS accepting the process resides, is domiciled, is doing business or is found.

In the event SURETY shall file suit at law or in equity to enforce the terms of this agreement, SURETY shall be entitled to recover its own attorneys' fees and expenses in connection with such suit.

## SET OFF

SEVENTEENTH:   SURETY may reduce the amount of CONTRACTOR'S and INDEMNITOR'S(S') liability to SURETY hereunder by applying to such liability any money payable to CONTRACTOR and/or INDEMNITORS by SURETY. The money payable to CONTRACTOR or INDEMNITORS may be, but is not limited to, any money payable by SURETY as an insurer of CONTRACTOR or INDEMNITORS or as an insurer of any other individual or legal entity, or any money payable to CONTRACTOR or INDEMNITORS as a return of unearned or other premiums, or money payable to settle a claim of CONTRACTOR or INDEMNITORS against SURETY or any individual or other legal entity insured or bonded by SURETY.

## OTHER SURETIES

EIGHTEENTH:   If the SURETY procures the execution of any bond by other sureties, or executes the bonds with co-sureties or reinsures any portion of said bonds with reinsuring sureties, then all the terms and conditions of this agreement shall inure to the benefit of such other sureties, co-sureties and reinsuring sureties, as their interests may appear.

## TERMINATION

NINETEENTH:   If CONTRACTOR or INDEMNITORS previously executed an agreement in favor of SURETY, SURETY'S accepting this agreement neither terminates such previous agreement nor relieves CONTRACTOR or INDEMNITORS from liability to SURETY.

This agreement may be terminated as to CONTRACTOR or any INDEMNITORS upon written notice to SURETY by CONTRACTOR or INDEMNITORS, or by CONTRACTOR'S or INDEMNITOR'S legal representatives or successors, by registered or certified mail addressed to SURETY at its home office at The Bond Department, 55 West Street, Keene, New Hampshire 03431.

Termination of this agreement shall not be effective until thirty (30) days after receipt of said written notice by SURETY.

Termination of this agreement shall not relieve the CONTRACTOR or INDEMNITORS from liability to SURETY arising out of bonds executed, provided or procured by SURETY on behalf of CONTRACTOR prior to the effective date of such termination and for which this agreement is part of the consideration on which SURETY relied in executing, providing or procuring such bonds.

It is understood and agreed that oral notice to or constructive notice to any agent or employee of SURETY shall not constitute effective notice of termination under this agreement.

## NOTIFICATION TO INDEMNITORS

TWENTIETH:   The INDEMNITORS agree among themselves and hereby acknowledge to SURETY that notification by SURETY to any one INDEMNITOR shall constitute notification to all INDEMNITORS.

## SUBORDINATION OF INDEMNITORS

TWENTY-FIRST:   The CONTRACTOR and INDEMNITORS waive and subordinate all rights of indemnity, subrogation and contribution each against the other until all obligations to the SURETY under this agreement, at law or in equity, have been satisfied in full.

- 4 -

## HOMESTEAD

TWENTY-SECOND:   The CONTRACTOR and the INDEMNITORS hereby waive, to the extent permitted by law, so far as their respective obligations under this agreement are concerned, all rights to claim any of their property including their respective homesteads, as exempt from levy, execution, sale or other legal process under the laws of any State, Territory or Possession.

## POWER OF ATTORNEY

TWENTY-THIRD:   The CONTRACTOR and INDEMNITORS hereby irrevocably nominate, constitute, appoint and designate the SURETY, through its authorized representative(s), as their attorney-in-fact with the right but not the obligation, to exercise all of the rights of the CONTRACTOR and INDEMNITORS assigned, transferred and set over to SURETY in this agreement, and in the name of the CONTRACTOR and INDEMNITORS to make, execute, and deliver any and all additional or other assignments, documents, or papers, checks, drafts, warrants or other instruments made or issued in payment of any obligation to which SURETY has the right to receipt of payment pursuant to this agreement deemed necessary and proper by the SURETY in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be herein given to the SURETY under all other provisions of this Agreement.  The CONTRACTORS and INDEMNITORS hereby ratify and confirm all acts and actions taken and done by SURETY as such attorney-in-fact.

## SEVERABILITY AND PARTIAL EXECUTION

TWENTY-FOURTH:   If any provision or provisions, or portion thereof, of this agreement shall be void or unenforceable under the laws of any jurisdiction governing its construction, this agreement shall not be void or vitiated thereby, but shall be construed and enforced within the same effect as though such provision or provisions, or portion thereof, were omitted.

In case any of the parties mentioned in this agreement fail to execute the same, or in case the execution hereof by any of the parties shall be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this agreement of the liability hereunder of any of the parties executing the same, but each and every party so executing shall be and remain fully bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed.

## NOTICE TO SURETY

TWENTY-FIFTH:   The CONTRACTOR and INDMENITORS shall promptly provide written notice to the SURETY at the Bond Department, 55 West Street, Keene, New Hampshire 03431, of either of the following events:

(1)   Notice by any obligee on any bond to the CONTRACTOR that the CONTRACTOR is in default or has failed or refused to perform any CONTRACT obligation;

(2)   Notice by any obligee on any bond to the CONTRACTOR that the CONTRACTOR cure its performance or show cause as to why the CONTRACTOR should not be terminated for default.

## GENERAL PROVISIONS

TWENTY-SIXTH:   SURETY'S rights hereunder shall be deemed to be cumulative with, and in addition to, all other rights of SURETY, however derived.  SURETY is not required to exhaust its remedies or rights against CONTRACTOR or to await receipt of any final dividends from the CONTRACTOR before asserting its rights against any one or more INDEMNITORS.

This agreement is to be liberally construed so as to protect, exonerate and indemnify SURETY.

The paragraph titles as contained in this agreement are descriptive only and do not restrict or modify the terms of this agreement. In the event of any inconsistency between the paragraph titles and the terms of this Agreement, the terms of this Agreement shall control.

## WAIVER AND MODIFICATION

TWENTY-SEVENTH:   The rights and remedies afforded to the SURETY by the terms of this agreement may not be waived or modified orally and no written change or modification shall be effective until signed by an employee of the SURETY.

68-1121 (05/2006)

## MERGER AND CONSOLIDATION

TWENTY-EIGHTH:    THE CONTRACTOR AND INDEMNITORS HAVE READ AND UNDERSTAND THIS AGREEMENT. EXCEPT FOR ANY PREVIOUS INDEMNITY AGREEMENT EXECUTED BY CONTRACTOR OR INDEMNITORS THIS AGREEMENT OF INDEMNITY CONSTITUTES THE ENTIRE AGREEMENT BETWEEN THE PARTIES.  NO OTHER SEPARATE AGREEMENTS OR UNDERSTANDING, PAST, PRESENT OR FUTURE WHETHER ORAL OR WRITTEN CHANGE THE TERMS OF THIS AGREEMENT.

| | |
|---|---|
| Address:<br>29 Wood Avenue | Contractor: (Full Name of Contractor)<br>Assuncao Bros., Inc. |
| Edison, NJ  08820 | By: _____ *President*<br>(Signature and Title) |
| SS # or ID #: ▓▓▓▓ | |
| Address: | Contractor: (Full Name of Contractor) |
| | By: _____<br>(Signature and Title) |
| SS # or ID #: | |
| Address:<br>▓▓▓▓▓▓ | Indemnitor: (Full Name of Indemnitor)<br>Martin Assuncao |
| | By: _____<br>(Signature of Indemnitor) |
| SS #: ▓▓▓▓ | Date of Birth: ▓▓▓▓ |
| Address:<br>▓▓▓▓▓▓ | Indemnitor: (Full Name of Indemnitor)<br>Lisa Assuncao |
| | By: _____<br>(Signature of Indemnitor) |
| SS #: ▓▓▓▓ | Date of Birth: ▓▓▓▓ |
| Address: | Indemnitor: (Full Name of Indemnitor) |
| | By: _____<br>(Signature of Indemnitor) |
| SS #: | Date of Birth: |
| Address: | Indemnitor: (Full Name of Indemnitor) |
| | By: _____<br>(Signature of Indemnitor) |
| SS #: | Date of Birth: |

* * Personal, corporate and partnership acknowledgements and additional signature pages if necessary will be added to this Agreement as addendums.

- 6 -

\* Attention Notaries \* Please type or print your name below your signature and include your address.

### CORPORATION NOTARIZATION(S)

State of ___NEW JERSEY___                                )
                                                          ) ss:
County of ___MIDDLESEX___                                 )

On this __30th__ day of __JANUARY__, __2019__ before me personally came ____Martin Assuncao____ to me known, who, being by me duly sworn, did depose and say that he/she resides in _____Warren, NJ_____ that he/she is the _____President_____ of the _____Assuncao Bros., Inc._____ corporation which executed the foregoing instrument: that he/she knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation; and that he/she signed his/her name to the said instrument by like order.

Notary's Address:                                         Notary: _____
131 NORMANDY CT.                                          My Commission Expires: LINDA ___ ___ JERSEY
ABERDEEN NJ 07747                                         NOTARY PUBLIC ___
                                                          My Commission Expires 3/18/2020

State of _____                     )
                                                          ) ss:
County of _____                     )

On this _____ day of _____, _____ before me personally came _____ to me known, who, being by me duly sworn, did depose and say that he/she resides in _____ that he/she is the _____ of the _____ corporation which executed the foregoing instrument: that he/she knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation; and that he/she signed his/her name to the said instrument by like order.

Notary's Address:                                         
_____                  Notary: _____
_____                  My Commission Expires: _____

68-1121 (05/2006)

**\* Attention Notaries  \*  Please type or print your name below your signature and include your address.**

## INDIVIDUAL NOTARIZATION(S)

State of NEW JERSEY )
                                                       ) ss:
County of SOMERSET )

On this 30th day of JANUARY, 2019, before me personally came  Martin Assuncao and Lisa Assuncao  _____ to me known, and known to me to be the individual(s) who executed the foregoing instrument, and that (she) (he) (they) executed the same.

Notary's Address:

131 NORMANDY CT

ABERDEEN NJ 07747

Notary: _____

My Commission Expires: LINDA L. AURIEMMA
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 3/18/2020

State of _____ )
                                                      )
                                                      ss:
County of _____ )

On this _____ day of _____, _____, before me personally came _____ to me known, and known to me to be the individual(s) who executed the foregoing instrument, and that (she) (he) (they) executed the same.

Notary's Address:

_____

_____

Notary: _____

My Commission Expires: _____

## PARTNERSHIP NOTARIZATION(S)

State of _____ )
                                                      )
                                                      ss:
County of _____ )

On this _____ day of _____, _____, before me personally came _____ to me known, and known to me to be one of the firm of _____ and acknowledge that he/she executed the foregoing instrument as the act of the said firm.

Notary's Address:

_____

_____

Notary: _____

My Commission Expires: _____

State of _____ )
                                                      )
                                                      ss:
County of _____ )

On this _____ day of _____, _____, before me personally came _____ to me known, and known to me to be one of the firm of _____ and acknowledge that he/she executed the foregoing instrument as the act of the said firm.

Notary's Address:

_____

_____

Notary: _____

My Commission Expires: _____

68-1121 (05/2006)

# THE MAIN STREET AMERICA GROUP

NGM Insurance Company • Old Dominion Insurance Company
Main Street America Assurance Company • MSA Insurance Company
Information Systems and Services Corporation



**Trusted Choice**

## ADDENDUM TO AGREEMENT OF INDEMNITY

To be attached to and form a part of Agreement of Indemnity dated January 30, 2019 between Assuncao Bros., Inc. as Contractor, Martin Assuncao and Lisa Assuncao as Indemnitors and NGM Insurance Company as Surety.

It is Agreed that:

Anything in said Agreement of Indemnity to the contrary not withstanding, Surety shall not proceed in any manner against Indemnitors' respective principal personal residence(s), as defined in the Addendum, in enforcing its rights under said Agreement.

Said principal personal residence(s) are at present as follows:

| Address of Residence | Indemnitor(s) |
|---|---|
| ███████████ | Martin Assuncao |
| ███████████ | Lisa Assuncao |

In the event that principal personal residence(s)is sold, assigned, conveyed or in any other manner transferred, this Addendum shall apply only to that real property acquired as a replacement or substitute therefore.

"Principal personal residence", as used in this Addendum, shall mean that place which constitutes as indemnitor's true, fixed and permanent home and principal establishment to which, whenever absent, there is the intention of returning.

This Addendum shall become effective simultaneously with the Execution of the Agreement of Indemnity of which this forms as part of.

NGM Insurance Company
_____
                                    Surety

Name    Dawn M. Jones          Title:  Attorney-in-fact

**Keene Office**
55 West Street, Keene, NH 03431-3374 • (800) 258-5310



NGM INSURANCE COMPANY
A member of The Main Street America Group
**Hereinafter called The Company**

OLD DOMINION
INSURANCE COMPANY
A member of The Main Street America Group
**Hereinafter called The Company**

## AGREEMENT OF INDEMNITY

THIS Agreement of Indemnity (hereinafter called Agreement) made and entered into this 20th day of __July__,

2012 by and between Assuncao Brothers, Inc. as CONTRACTOR and Martin Assuncao and Lisa M. Assuncao as INDEMNITORS,

and The Company(s) (indicated above), as SURETY.

    WHEREAS, the CONTRACTOR, in the performance of contracts and the fulfillment of obligations generally, whether solely in its own name or as co-venturer with others may desire, or be required, to give or procure certain BONDS, and;

    WHEREAS, at the request of the CONTRACTOR and the INDEMNITORS and upon the express understanding that this Agreement should be given, the SURETY has executed or procured to be executed, and may from time to time hereafter execute or procure to be executed, said bonds on behalf of the CONTRACTOR, and;

    WHEREAS, the INDEMNITORS have a substantial, material or beneficial interest in the obtaining, renewing, continuing, or substituting of the bonds, and;

    WHEREAS, SURETY has relied upon and will continue to rely upon the representations of CONTRACTOR and INDEMNITORS as to their character, identity, control, beneficial ownership, financial condition and existence in executing or procuring bonds;

    NOW THEREFORE, in consideration of the above stated premises, the CONTRACTOR and INDEMNITORS for themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, hereby covenant and agree with the SURETY, its successors and assigns, as follows:

## DEFINITIONS

    FIRST: Where they appear in this Agreement, the following terms are defined as set forth in this section:

    BOND means an undertaking, a contract of suretyship, guaranty or indemnity, an agreement, consent or letter to provide such an undertaking or contract, and the continuation, extension, alteration, renewal or substitution of such an undertaking, contract, agreement, consent or letter, whether with the same or different penalties and conditions, executed or procured by the SURETY.

    CONTRACT means an agreement between CONTRACTOR and a third party, together with all associated documents (including but not limited to general and special conditions, specifications and drawings) for which SURETY executes or procures the execution of a bond.

    EVENT OF DEFAULT means any one or more of the following:

    (A)  Any declarations of default by an obligee on any BOND, abandonment, forfeiture, or beach of, or failure, refusal or inability to perform, any contract or obligation contained in a bond, whether actual or alleged;

    (B)  Any failure, delay, refusal or inability of the CONTRACTOR to pay claims, bills or other indebtedness incurred in, or in connection with the performance of any contract, to the extent due in whole or in part;

    (C)  The failure to perform, or comply with any of the terms, covenants or obligations in this Agreement;

    (D)  The failure to pay or discharge, when due, any indebtedness of the CONTRACTOR to the SURETY;

    (E)  An assignment by the CONTRACTOR for the benefit of creditors, or the appointment, or an application by the CONTRACTOR for the appointment, of a receiver or trustee for the CONTRACTOR or its property, whether insolvent or not, or an application by the CONTRACTOR for reorganization or arrangement under any bankruptcy laws of the United States or of any State, possession or territory of the United States, or if proceedings for the appointment of a receiver or trustee, for liquidation or for the reorganization or arrangement of the CONTRACTOR shall be initiated by other persons;

    (F)  If the CONTRACTOR or INDEMNITOR is an individual, the CONTRACTOR'S or INDEMNITOR'S death, absconding, disappearing, incompetency, being convicted of a felony or imprisoned, or if the CONTRACTOR or INDEMNITOR is any other type of entity, any change or threat of change in the character, identity, control, arrangement, beneficial ownership or existence of the CONTRACTOR or INDEMNITOR;

    (G)  Any proceeding or the exercise of any rights by any individual or entity which deprives or impairs CONTRACTOR'S use of its plant, machinery, equipment, plans, drawings, tools, supplies or materials;

    (H)  The happening of any event other than those specified in (A) through (G) which, in the SURETY'S sole opinion, may expose SURETY to loss, cost or expense.

68-1121 (05/2006)

CONTRACTOR means any one, combination of, or all of the named individuals, firms or corporations set forth including any of their present or future subsidiary corporations which they may now or hereafter control or be affiliated with, or their successors in interest, whether alone or in joint venture with others not named herein, including any such entity for which SURETY executes bonds.

SURETY means The Company(s) (indicated on Page 1), and its successors, assigns, affiliates, associates and subsidiary companies.

## NOTICE TO SURETY OF ANTICIPATED
## CHANGE IN NATURE OF CONTRACTOR OR INDEMNITORS

SECOND:    Written notice must be given by CONTRACTOR or INDEMNITORS to SURETY at its Keene, New Hampshire bond office, located at 55 West Street, Keene, NH 03431, at the earliest practical time of any anticipated change or negotiations entered into by CONTRACTOR or INDEMNITORS for any anticipated change in the character, identity, control, arrangement, beneficial ownership (including, if a corporation, ownership of more than 5% of the stock of CONTRACTOR or INDEMNITOR), or existence of the CONTRACTOR or INDEMNITORS.

## INDEMNITY AND HOLD HARMLESS

THIRD:    The CONTRACTOR and INDEMNITORS shall exonerate, hold harmless, indemnify and keep indemnified the SURETY from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including court costs, counsel fees, investigative costs, and from and against any and all other such losses and expenses which the SURETY may sustain or incur:

(A)  By reason of having executed or procured the execution of Bonds;

(B)  By reason of the failure of the CONTRACTOR or INDEMNITORS to perform or comply with any of the covenants or conditions of this agreement;

(C)  In enforcing any of the covenants or conditions of this Agreement;

(D)  In making any investigation, obtaining or attempting to obtain a release, or recovering or attempting to recover loss or unpaid bond premium in connection with any Bond;

(E)  In prosecuting or defending any action or claim in connection with any Bond, whether SURETY at its sole option elects to employ its own counsel, or permits or requires CONTRACTOR and INDEMNITORS to make arrangements for the SURETY'S legal representation.

Payment shall be made to the SURETY by the CONTRACTOR and INDEMNITORS as soon as liability exists or is asserted against the SURETY, whether or not the SURETY shall have made any payment thereof.  Such payment shall be either equal to the amount of any reserve set by the SURETY, or equal to such amount as the SURETY, in its sole judgment, shall deem sufficient to protect it from loss. The SURETY shall have the right to use the deposit, or any part thereof, in payment or settlement of any liability, loss or expense for which the INDEMNITORS would be obligated to indemnify the SURETY under the terms of this Agreement.

In the event of any payment by the SURETY, the CONTRACTOR and INDEMNITORS further agree that in any accounting between the SURETY and the CONTRACTOR, or between the SURETY and the INDEMNITORS, or either or both of them, the SURETY shall be entitled to reimbursement for any and all disbursements made by it in good faith in and about the matters contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that is was necessary or expedient to make such disbursements, whether or not such liability, necessity, or expediency existed; and that the vouchers or other evidence of any such payments made by the SURETY shall be prima facie evidence of the fact and amount of the liability to the SURETY.  In addition to the payments to be made to SURETY as set forth above, CONTRACTOR and INDEMNITOR agree to pay to SURETY interest on all disbursements made by SURETY at the maximum rate permitted by law calculated from the date of each disbursement.

## ASSIGNMENT
FOURTH:    The CONTRACTOR, and the INDEMNITORS as their interests may appear hereby assign, transfer and set over to SURETY the rights and property described hereafter, as collateral, to secure any and all obligations in this Agreement and any other indebtedness or liabilities of the CONTRACTOR to the SURETY, whether heretofore or hereafter incurred:

(A)  All the rights of the CONTRACTOR in, and arising in any manner out of any CONTRACT;

(B)  All the rights, title and interest of the CONTRACTORS or INDEMNITORS in and to all machinery, equipment, plant, tools, inventory and materials which are now, or may hereafter be, utilized in connection with any contract, regardless of whether they are located at a construction site, in storage elsewhere, or in transit anywhere;

(C)  All the rights, title and interest of the CONTRACTOR in and to all subcontracts and purchase orders let or about to be let in connection with any CONTRACT and in and to all SURETY bonds supporting such subcontracts or purchase orders;

(D)  All the rights, title and interest of the CONTRACTOR in and to any actions, causes of action, claims or demands whatsoever which the CONTRACTOR may have or acquire against any party to the CONTRACT, or actions, causes of action, claims or demands arising out of or in connection with any CONTRACT including but not limited to those against obligees on bonds, design professionals, subcontractors, laborers or materialmen or any person furnishing or agreeing to furnish or supply labor, material, supplies, machinery, tools, inventory or other equipment in connection with or on account of any CONTRACT and against any SURETY or sureties of any obligee, subcontractor, laborer, or materialmen;

(E)  All monies retained and any and all monies that may be due or hereafter become due to amount of any CONTRACT whether bonded or unbonded;

(F)  Any and all rights, title, interest in, or use of any patent, copyright or trade secret which is or may be necessary for the

68-1121 (05/2006)

completion of any bonded work; and

(G) All monies due or to become due to CONTRACTOR on any policy of insurance relating to any claims arising out of the performance of any CONTRACT, including, but not limited to, claims under builders risk, fire, employee dishonesty or workers compensation insurance policies, including premium refunds.

The assignments shall become effective as of the effective date of each bond executed by SURETY. The SURETY agrees to forebear exercising the rights granted to it under this Fourth section until the occurrence of an EVENT OF DEFAULT.

## SETTLEMENTS

FIFTH:   SURETY shall have the exclusive right in its name or in the name of the CONTRACTOR to adjust, settle or compromise any claim, counterclaim, demand, suit or judgment involving any bond or to take whatever other action it may deem necessary, expedient or appropriate. SURETY'S determination as to whether any such claim, counterclaim, demand, suit or judgment should be settled or defended shall be binding and conclusive upon the CONTRACTOR and INDEMNITORS.

## PROSECUTION OF CLAIMS

SIXTH:   SURETY shall have the full and exclusive right, in its name or in the name of the CONTRACTOR, but not the obligation, to prosecute, compromise, release or otherwise resolve any of the claims, causes of action or other rights assigned to SURETY in the fourth paragraph above, entitled assignment, upon such terms as SURETY, in its sole discretion shall deem appropriate.

## PREMIUMS

SEVENTH: The CONTRACTOR and INDEMNITORS will pay to the SURETY all premiums and charges of the SURETY for the bonds.

## TRUST FUND

EIGHTH:   The CONTRACTOR and INDEMNITORS covenant and agree that all payments received for or on account of any CONTRACT shall be held in trust as a trust fund for the payment of obligations incurred or to be incurred in the performance of any CONTRACT and for labor, materials and services furnished in the prosecution of the work in any CONTRACT or any extension of modification thereof. It is expressly understood and declared that all monies due and to become due under any CONTRACT are also trust funds, whether in the possession of the CONTRACTOR or INDEMNITORS or otherwise.  The trust funds shall be for the benefit and payment of all obligations for which the SURETY may be liable under any bonds.  The trust shall incur to the benefit of the SURETY for any liability or loss it may have or sustain any bond, and this agreement and declaration constitute notice of such trust.

## PERFECTION OF SECURITY INTEREST

NINTH:   This agreement shall constitute a security agreement for the benefit of the SURETY and also a financing statement, both in accordance with the provisions of the Uniform Commercial Code or similar statute and may be so used by the SURETY without in any way abrogating, restricting or limiting the rights of the SURETY under this Agreement or under law or in equity.  SURETY may add such schedules to this Agreement describing specific items of security covered hereunder as shall be necessary.

## TAKEOVER

TENTH: Upon the occurrence of an EVENT OF DEFAULT, the SURETY shall have the right, but at its option and in its sole discretion and is hereby authorized, with or without exercising any other right or option conferred upon it by law or by the terms of this Agreement, to take possession of any part or all of the work under any CONTRACT, and at the expense of the CONTRACTOR and INDEMNITORS to complete or arrange for the completion of the same.

## CHANGES

ELEVENTH:   The SURETY, at its sole option, is authorized and empowered, without notice to or knowledge of the INDEMNITORS, to agree or refuse to agree to any change whatsoever in any bond, or any CONTRACT, including, but not limited to, any change in the time for the completion of any CONTRACT and to payments or advances thereunder before the same may be due, and to assent to or take any assignment or assignments, to execute or consent to the execution of any continuations, extensions or renewals of any bond and to execute any substitute or substitutes therefore, with the same or different conditions, provisions and obligees and with the same or larger or smaller penalties. It is expressly understood and agreed that the INDEMNITORS shall remain bound under the terms of this Agreement even though any such assent by the SURETY does or might substantially increase the liability of said INDEMNITORS.

## ADVANCES

TWELFTH:  The SURETY, at its sole option, is authorized and empowered to guarantee loans, to advance or lend to, or for the account of, the CONTRACTOR any money, which the SURETY in its sole discretion may see fit to do, reserving to itself, however, the absolute right to cancel any such guarantee and to cease advancing or lending money to the CONTRACTOR or for the account of the CONTRACTOR with or without cause and with or without notice to the CONTRACTOR. All money expended by the SURETY, or lent or advanced from time to, or for the account of, the CONTRACTOR or guaranteed by the SURETY, and all related costs and expenses incurred by the SURETY, shall be loss to the SURETY for which the CONTRACTOR and the INDEMNITORS shall be responsible, notwithstanding that said money or any part thereof should not be so used by the CONTRACTOR.

## BOOKS AND RECORDS

THIRTEENTH:   At any time, and until such time as the liability of the SURETY under all bonds is terminated or SURETY is fully reimbursed all amounts due to it under the Agreement, the SURETY shall have the right of access to the books, records, accounts, and documents of the CONTRACTOR and INDEMNITORS, wherever located, for the purpose of inspection, copying or reproduction.  Any financial institution, depository, materialman, supply house, or other person, firm, or corporation, when requested by the SURETY, is hereby authorized to furnish the SURETY any information requested, including,  but not limited to, the status of the work under any CONTRACT

- 3 -

being performed by the CONTRACTOR, the condition of the performance of any CONTRACT and payments of accounts. Upon the occurrence of an EVENT OF DEFAULT, CONTRACTOR and INDEMNITORS, upon SURETY'S request, shall immediately turn over to SURETY, or its designee, at a place and in a manner designated by SURETY such books, records, accounts, documents and CONTRACTS in whatever form, as requested by SURETY.

### DECLINE EXECUTION

FOURTEENTH:   CONTRACTOR and INDEMNITORS are not obligated to request the SURETY to execute, provide or procure any bond required of them in the performance and fulfillment of obligations; furthermore the SURETY has the right to decline to execute, provide or procure any bond requested by CONTRACTOR.  If SURETY does execute, provide or procure the execution of a bid bond or proposal bond, or agrees or consents to provide such CONTRACT of suretyship, SURETY retains the right to decline to execute the final bond (including, but not limited to, performance, payment or maintenance bond(s)) that may be required in connection with any award that may be made under the bid proposal or tender to which the bid proposal bond or agreement or consent to provide such CONTRACT of suretyship is given.

### WAIVER OF NOTICE

FIFTEENTH:   The INDEMNITORS hereby waive notice of the execution of any bond and of the acceptance of this agreement. CONTRACTOR and INDEMNITORS hereby waive all notice of any default, payment or any other act or acts giving rise to any claim under any bond, as well as notice of any and all liability of the SURETY under any bond, and any and all liability on their part hereunder, to the end and effect that, the CONTRACTOR and the INDEMNITORS shall be and continue liable hereunder.

### SUITS

SIXTEENTH:   Separate suits may be brought by SURETY to enforce the terms of this agreement as causes of action accrue, and the bringing of suit or the recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether previously or subsequently arising.

The CONTRACTOR and each INDEMNITOR is the agent for the CONTRACTOR and all INDEMNITORS for the purpose of accepting service of any process in the jurisdiction on which the CONTRACTOR or INDEMNITORS accepting the process resides, is domiciled, is doing business or is found.

In the event SURETY shall file suit at law or in equity to enforce the terms of this agreement, SURETY shall be entitled to recover its own attorneys' fees and expenses in connection with such suit.

### SET OFF

SEVENTEENTH:   SURETY may reduce the amount of CONTRACTOR'S and INDEMNITOR'S(S') liability to SURETY hereunder by applying to such liability any money payable to CONTRACTOR and/or INDEMNITORS by SURETY.  The money payable to CONTRACTOR or INDEMNITORS may be, but is not limited to, any money payable by SURETY as an insurer of CONTRACTOR or INDEMNITORS or as an insurer of any other individual or legal entity, or any money payable to CONTRACTOR or INDEMNITORS as a return of unearned or other premiums, or money payable to settle a claim of CONTRACTOR or INDEMNITORS against SURETY or any individual or other legal entity insured or bonded by SURETY.

### OTHER SURETIES

EIGHTEENTH:   If the SURETY procures the execution of any bond by other sureties, or executes the bonds with co-sureties or reinsures any portion of said bonds with reinsuring sureties, then all the terms and conditions of this agreement shall inure to the benefit of such other sureties, co-sureties and reinsuring sureties, as their interests may appear.

### TERMINATION

NINETEENTH:   If CONTRACTOR or INDEMNITORS previously executed an agreement in favor of SURETY, SURETY'S accepting this agreement neither terminates such previous agreement nor relieves CONTRACTOR or INDEMNITORS from liability to SURETY.

This agreement may be terminated as to CONTRACTOR or any INDEMNITORS upon written notice to SURETY by CONTRACTOR or INDEMNITORS, or by CONTRACTOR'S or INDEMNITOR'S legal representatives or successors, by registered or certified mail addressed to SURETY at its home office at The Bond Department, 55 West Street, Keene, New Hampshire 03431.

Termination of this agreement shall not be effective until thirty (30) days after receipt of said written notice by SURETY.

Termination of this agreement shall not relieve the CONTRACTOR or INDEMNITORS from liability to SURETY arising out of bonds executed, provided or procured by SURETY on behalf of CONTRACTOR prior to the effective date of such termination and for which this agreement is part of the consideration on which SURETY relied in executing, providing or procuring such bonds.

It is understood and agreed that oral notice to or constructive notice to any agent or employee of SURETY shall not constitute effective notice of termination under this agreement.

### NOTIFICATION TO INDEMNITORS

TWENTIETH:   The INDEMNITORS agree among themselves and hereby acknowledge to SURETY that notification by SURETY to any one INDEMNITOR shall constitute notification to all INDEMNITORS.

### SUBORDINATION OF INDEMNITORS

TWENTY-FIRST:   The CONTRACTOR and INDEMNITORS waive and subordinate all rights of indemnity, subrogation and contribution each against the other until all obligations to the SURETY under this agreement, at law or in equity, have been satisfied in full.

- 4 -

68-1121 (05/2006)

## HOMESTEAD

TWENTY-SECOND:   The CONTRACTOR and the INDEMNITORS hereby waive, to the extent permitted by law, so far as their respective obligations under this agreement are concerned, all rights to claim any of their property including their respective homesteads, as exempt from levy, execution, sale or other legal process under the laws of any State, Territory or Possession.

## POWER OF ATTORNEY

TWENTY-THIRD:   The CONTRACTOR and INDEMNITORS hereby irrevocably nominate, constitute, appoint and designate the SURETY, through its authorized representative(s), as their attorney-in-fact with the right but not the obligation, to exercise all of the rights of the CONTRACTOR and INDEMNITORS assigned, transferred and set over to SURETY in this agreement, and in the name of the CONTRACTOR and INDEMNITORS to make, execute, and deliver any and all additional or other assignments, documents, or papers, checks, drafts, warrants or other instruments made or issued in payment of any obligation to which SURETY has the right to receipt of payment pursuant to this agreement deemed necessary and proper by the SURETY in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be herein given to the SURETY under all other provisions of this Agreement. The CONTRACTORS and INDEMNITORS hereby ratify and confirm all acts and actions taken and done by SURETY as such attorney-in-fact.

## SEVERABILITY AND PARTIAL EXECUTION

TWENTY-FOURTH:   If any provision or provisions, or portion thereof, of this agreement shall be void or unenforceable under the laws of any jurisdiction governing its construction, this agreement shall not be void or vitiated thereby, but shall be construed and enforced within the same effect as though such provision or provisions, or portion thereof, were omitted.

In case any of the parties mentioned in this agreement fail to execute the same, or in case the execution hereof by any of the parties shall be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this agreement of the liability hereunder of any of the parties executing the same, but each and every party so executing shall be and remain fully bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed.

## NOTICE TO SURETY

TWENTY-FIFTH:   The CONTRACTOR and INDMENITORS shall promptly provide written notice to the SURETY at the Bond Department, 55 West Street, Keene, New Hampshire 03431, of either of the following events:

(1)   Notice by any obligee on any bond to the CONTRACTOR that the CONTRACTOR is in default or has failed or refused to perform any CONTRACT obligation;

(2)   Notice by any obligee on any bond to the CONTRACTOR that the CONTRACTOR cure its performance or show cause as to why the CONTRACTOR should not be terminated for default.

## GENERAL PROVISIONS

TWENTY-SIXTH:   SURETY'S rights hereunder shall be deemed to be cumulative with, and in addition to, all other rights of SURETY, however derived. SURETY is not required to exhaust its remedies or rights against CONTRACTOR or to await receipt of any final dividends from the CONTRACTOR before asserting its rights against any one or more INDEMNITORS.

This agreement is to be liberally construed so as to protect, exonerate and indemnify SURETY.

The paragraph titles as contained in this agreement are descriptive only and do not restrict or modify the terms of this agreement. In the event of any inconsistency between the paragraph titles and the terms of this Agreement, the terms of this Agreement shall control.

## WAIVER AND MODIFICATION

TWENTY-SEVENTH:   The rights and remedies afforded to the SURETY by the terms of this agreement may not be waived or modified orally and no written change or modification shall be effective until signed by an employee of the SURETY.

- 5 -

68-1121 (05/2006)

### MERGER AND CONSOLIDATION

**TWENTY-EIGHTH:   THE CONTRACTOR AND INDEMNITORS HAVE READ AND UNDERSTAND THIS AGREEMENT. EXCEPT FOR ANY PREVIOUS INDEMNITY AGREEMENT EXECUTED BY CONTRACTOR OR INDEMNITORS THIS AGREEMENT OF INDEMNITY CONSTITUTES THE ENTIRE AGREEMENT BETWEEN THE PARTIES.  NO OTHER SEPARATE AGREEMENTS OR UNDERSTANDING, PAST, PRESENT OR FUTURE WHETHER ORAL OR WRITTEN CHANGE THE TERMS OF THIS AGREEMENT.**

Address:
29 Wood Avenue

Edison, New Jersey  08820

SS # or ID #: █████████

Contractor: (Full Name of Contractor) Assuncao Brothers, Inc.
Martin Assuncao, President
By: _____ President
(Signature and Title)

---

Address:

SS # or ID #:

Contractor: (Full Name of Contractor)
By: _____
(Signature and Title)

---

Address:
████████████

SS #: ██████

Indemnitor: (Full Name of Indemnitor)
Martin Assuncao
By: _____
(Signature of Indemnitor)
Date of Birth: ██████

---

Address:
████████████

SS #: ██████

Indemnitor: (Full Name of Indemnitor)
Lisa M. Assuncao
By: _____
(Signature of Indemnitor)
Date of Birth: ██████

---

Address:

SS #:

Indemnitor: (Full Name of Indemnitor)
By: _____
(Signature of Indemnitor)
Date of Birth:

---

Address:

SS #:

Indemnitor: (Full Name of Indemnitor)
By: _____
(Signature of Indemnitor)
Date of Birth:

---

* * Personal, corporate and partnership acknowledgements and additional signature pages if necessary will be added to this Agreement as addendums.

68-1121 (05/2006)

\* **Attention Notaries** \* Please type or print your name below your signature and include your address.

## INDIVIDUAL NOTARIZATION(S)

State of _New Jersey_ )
) ss:
County of _Middlesex_ )

On this _28th_ day of _July_ , _2012_, before me personally came _Martin Assuncao_ to me known, and known to me to be the individual(s) who executed the foregoing instrument, and that (she) (he) (they) executed the same.

Notary's Address:

_129 Greenwood Dr_                     Notary: _Cathy A Carroll_
_Cliffwood Beach, NJ 07735_            My Commission Expires:

                                       CATHY A. CARROLL
State of _New Jersey_ )                Notary Public of New Jersey
)                                      Commission Expires 5/19/2016
) ss:
County of _Middlesex_ )

On this _28th_ day of _July_ , _2012_, before me personally came _Lisa M. Assuncao_ to me known, and known to me to be the individual(s) who executed the foregoing instrument, and that (she) (he) (they) executed the same.

Notary's Address:

_179 Greenwood Dr_                     Notary: _Cathy A Carroll_
_Cliffwood Beach, NJ 07735_            My Commission Expires:

                                       CATHY A. CARROLL
## PARTNERSHIP NOTARIZATION(S)        Notary Public of New Jersey
                                       Commission Expires 5/19/2016

State of _____ )
)
) ss:
County of _____ )

On this _____ day of _____ , _____, before me personally came _____ to me known, and known to me to be one of the firm of _____ and acknowledge that he/she executed the foregoing instrument as the act of the said firm.

Notary's Address:

_____    Notary: _____
_____    My Commission Expires: _____

State of _____ )
)
) ss:
County of _____ )

On this _____ day of _____ , _____, before me personally came _____ to me known, and known to me to be one of the firm of _____ and acknowledge that he/she executed the foregoing instrument as the act of the said firm.

Notary's Address:

_____    Notary: _____
_____    My Commission Expires: _____

- 7 -

* Attention Notaries * Please type or print your name below your signature and include your address.

CORPORATION NOTARIZATION(S)

State of _New Jersey_____ )
                                                                            ) ss:
County of _Middlesex_____ )

On this _20th_ day of _July, 2012_ before me personally came _Martin Assuncao_ to me known, who, being by me duly sworn, did depose and say that he/she resides in _7 Hazlewood Court, Warren, NJ 07059_ that he/she is the _President_ of the _Assuncao Brothers, Inc._ corporation which executed the foregoing instrument: that he/she knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation; and that he/she signed his/her name to the said instrument by like order.

Notary's Address: _179 Greenwood Dr._
_Clifford Bch, NJ 0773_

Notary: _Cathy A Carroll_
My Commission Expires: _____

CATHY A. CARROLL
Notary Public of New Jersey
Commission Expires 5/19/2016

State of _____ )
                                                                            ) ss:
County of _____ )

On this _____ day of _____, _____ before me personally came _____ to me known, who, being by me duly sworn, did depose and say that he/she resides in _____ that he/she is the _____ of the _____ corporation which executed the foregoing instrument: that he/she knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation; and that he/she signed his/her name to the said instrument by like order.

Notary's Address: _____

Notary: _____
My Commission Expires: _____

- 8 -

68-1121 (05/2006)