| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>**McELROY, DEUTSCH, MULVANEY &**<br>**CARPENTER, LLP**<br>1300 Mount Kemble Avenue<br>P.O. Box 2075<br>Morristown, NJ  07962-2075<br>Adam R. Schwartz, Esq.<br>Gary D. Bressler, Esq.<br>Scott A. Levin, Esq.<br>Virginia T. Shea, Esp.<br>Telephone: (973) 993-8100<br>Facsimile: (973) 425-0161<br>aschwartz@mdmc-law.com<br>gbressler@mdmc-law.com<br>slevin@mdmc-law.com<br>vshea@mdmc-law.com<br><br>*Counsel to NGM Insurance Company* |

| | |
|---|---|
| In Re:<br><br>Assuncao Bros., Inc.<br><br>                                    Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-16159 (CMG)<br><br>Judge Christine M. Gravelle |

## APPLICATION IN SUPPORT OF ENTRY OF A CONSENT ORDER

TO:   HONORABLE CHRISTINE M. GRAVELLE
         UNITED STATES BANKRUPTCY JUDGE

Creditor NGM Insurance Company (""NGM") and Debtor Assuncao Bros., Inc. ("Debtor," and with NGM, the "Parties"), respectfully move before this Court for approval of a Settlement as follows:

1. Assuncao Bros., Inc. ("Debtor") filed a voluntary petition of relief under chapter 11, subchapter V, of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), on August 3, 2022 ("Petition Date").

2. NGM is a surety which, prior to the Petition Date, issued certain performance and

payment bonds ("Bonds") on behalf of the Debtor, as principal, including bonds for certain public owner obligees/counterparties ("Bonded Contract Owners"),[1] arising out of certain public works contracts ("Bonded Contracts"). (See Declaration of Eli Cinq-Mars dated August 17, 2022 [Docket Entry 61-1] at ¶ 3).

3. In order to induce NGM to issue the Bonds on behalf of the Debtor, the Debtor, as well as Martin Assuncao and Lisa Assuncao entered into agreements of indemnity in favor of NGM on or about July 20, 2012 and January 30, 2019 ("Indemnity Agreements"). (*Id*. at ¶ 4).

4. The Indemnity Agreements dated July 20, 2012 and January 30, 2019 contain identical indemnity clauses, and establish a trust fund with respect to payments received by the principal/contractor, as the Indemnity Agreements state in pertinent part:

> THIRD: The CONTRACTOR and INDEMNITORS shall exonerate, hold harmless, indemnify and keep indemnified the SURETY from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including court costs, counsel fees, investigative costs, and from

---

[1] Bonded Contract Owners and Bonded Contracts include, but are not necessarily limited to: 1) **the City of Jersey City, New Jersey** (Dr. Martin Luther King, Jr. Intersection Safety Improvements – Replacing Existing Curb Ramps with new ADA –compliant Concrete Ramps, Concrete Sidewalks & Curb Work, Providing Pedestrian Signal Upgrades, Resetting Castings [project includes 8 intersections along Dr. Martin Luther King Drive]) and (Replacement of County Bridge Contract # 20002); 2) **County of Somerset, New Jersey** (Maintenance Contract Repairs of Various Park Commission Structures) **and** 3) (Replacement of County Bridge Belle Mead-Blawenburg Rd (CR 601) over Back Brook, Township of Montgomery, Somerset County, Replace Bridge, Contract No. 19008); 4) **Township of Raritan** (Sunny Hills Section II Road Reconstruction Improvements, Raritan Township); 5) **Essex County, New Jersey** (Park Avenue – Nine Traffic Signals and Road Improvements in Cities of Orange, East Orange and Newark, New Jersey) **and** 6) (Provide Nine Traffic Signals and Roadway Improvements, Countywide Signals and Roadway Improvements); 7) **Township of Springfield** (Caldwell Place Culvert Repair); 8) **County of Ocean, New Jersey** (Construction of Traffic Signal at the Intersection of Prospect Street & Massachusetts Avenue – Township of Lakewood); 9) **Township of Monroe, New Jersey** (Intersection Improvements Spotswood, Gravel Hill & Machaponix/Pergola Avenue Road Improvements); 10) **County of Hunterdon, New Jersey** (Resurfacing & Drainage Improvements for County Route 616, Road Improvements in the Township of Franklin, County of Hunterdon); 11) **County of Somerset, New Jersey** (Replacement of County Bridge Contract #20002 Replacement of Bridge); 12) **Passaic County, New Jersey** (Replacement of the Kingsland Road Bridge over the Third River, within the City of Clifton); 13) **County of Middlesex, New Jersey** (Improvements to Intersection of Forsgate & Rossmoor, Monroe Township); 14) **Township of Piscataway, New Jersey** (Drake Lane Improvements Phase II); 15) **County of Monmouth, New Jersey** (Replacement of Bridge U-15 on Breza Road over Doctor's Creek, Upper Freehold and Allentown); and 16) **County of Hudson, New Jersey** (Improvement to JFK Boulevard from Pavonia Road). NGM also issued a fringe benefits bond no. S-324394.

>and against any and all other such losses and expenses which the SURETY may sustain or incur: (A) By reason of having executed or procured the execution of Bonds … (E) in prosecuting or defending any action or claim in connection with any Bond, whether SURETY at its sole option elects to employ its own counsel, or permits or requires CONTRA TOR and INDEMNITORS to make arrangements for the SURETY'S legal representation….
>
>EIGHTH: The CONTRACTOR and INDEMNITORS covenant and agree that all payments received for or on account of any CONTRACT shall be held in trust as a trust fund for the payment of obligations incurred or to be incurred in the performance of any CONTRACT and for labor, materials and services furnished in the prosecution of the work in any CONTRACT or any extension of modification thereof. It is expressly understood and declared that all monies due and to become due under any CONTRACT are also trust funds, whether in the possession of the CONTRACTOR or INDEMNITORS or otherwise. The trust funds shall be for the benefit and payment of all obligations for which the SURETY may be liable under any bonds. The trust shall incur to the benefit of the SURETY for all liability or loss it may have or sustain any bond, and this agreement and declaration constitute notice of such trust.

(*Id*. at ¶ 5).

5. The Debtor has received and expects payments from Bonded Contract Owners on Bonded Contracts ("Bonded Contract Proceeds"), which constitute statutory and contractual trust funds for the benefit of the Debtor's laborers, subcontractors, suppliers and materialmen ("Trust Fund Beneficiaries") on the Bonded Contracts, and for the benefit of NGM pursuant to NGM's rights under the Indemnity Agreements and the doctrine of equitable subrogation. (*Id*. at ¶ 6).

6. According to the Debtor, it intends to reject the Bonded Contracts.

7. On August 16, 2022, the Debtor file a *Notice of Debtor's Motion for Entry of an Order Authorizing Rejection of Certain Executory Contracts and Unexpired Leases Effective as of the Petition Date* (the "Rejection Motion") [Docket No. 57].

8. The Parties have amicably reached a resolution of their disagreements arising out of the Rejection Motion, among other issues between the Parties.

9. The applicant affirms that the attached proposed Consent Order memorializes the agreement reached between the Parties.

10. Based on the foregoing, the parties respectfully request the attached proposed consent order be granted.

| | |
|---|---|
| **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP** | **FOX ROTHSCHILD LLP** |
| */s/ Gary D. Bressler* | */s/ Joseph J. DiPasquale* |
| Gary D. Bressler, Esq.<br>Adam R. Schwartz, Esq.<br>Scott A. Levin, Esq.<br>Virginia T. Shea, Esq.<br>1300 Mt. Kemble Avenue<br>P.O. Box 2075<br>Morristown, NJ 07962-2075<br>Telephone: (973) 993-8100<br>gbressler@mdmc-law.com<br>aschwartz@mdmc-law.com<br>slevin@mdmc-law.com<br>vshea@mdmc-law.com | Joseph J. DiPasquale, Esq.<br>49 Market Street<br>Morristown, NJ 07960<br>Telephone: (973) 548-3368<br>jdipasquale@foxrothschild.com<br><br>*Proposed Attorneys for Debtor* |
| *Attorneys for NGM Insurance Company* | |
| Dated: August 19, 2022 | Dated: August 19, 2022 |