**RIKER DANZIG LLP**
Curtis M. Plaza, Esq. (CP-9111)
Tod S. Chasin, Esq. (TC-0122)
Daniel A. Bloom, Esq. (DB-6392)
Headquarters Plaza, One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey  07962-1981
Telephone: (973) 538-0800
cplaza@riker.com
tchasin@riker.com
dabloom@riker.com

*Counsel to Manasquan Bank*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ASSUNCAO BROS., INC.,<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case. No. 22-16159-CMG<br><br>Hon. Christine M. Gravelle |

**RESPONSE AND RESERVATION OF RIGHTS OF MANASQUAN BANK TO DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS TO VOLLERS EXCAVATING AND CONSTRUCTION, INC., (II) APPROVING SETTLEMENT, (III) AUTHORIZING DEBTOR TO ENTER INTO SUBCONTRACTS WITH VOLLERS FOR CERTAIN NON-BONDED PROJECTS, AND (IV) AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Manasquan Bank, by and through its counsel, hereby submits this response and reservation of Rights ("Response and Reservation of Rights") with respect to Debtor's *Motion for Entry of Order (i) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (ii) Approving Settlement, (iii) Authorizing Debtor to Enter Into Subcontracts with Vollers for Certain Non-Bonded Projects, and (iv) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 25]

("Debtor's Sale/Settlement Motion").  In support of this Response and Reservation of Rights, Manasquan Bank respectfully submits as follows:

## RESPONSE AND RESERVATION OF RIGHTS

Manasquan Bank is Debtor's primary secured creditor with a valid claim of $1,309,232.14 plus additional amounts ("Secured Claim") secured by a lien in Debtor's assets including receivables, contracts, equipment, and proceeds thereof, among other things.[1] Manasquan Bank also has adequate protection claims secured by, among other things, adequate protection liens on all property of the Debtor's estate, including previously unencumbered property, if any.[2]  The Debtor has acknowledged the validity of Manasquan Bank's claims and liens,[3] and the Subchapter V Trustee has reviewed the loan documents and account detail supplied by Manasquan Bank and has found Manasquan Bank's claim and lien position to be well founded.[4]

Through Debtor's Sale/Settlement Motion, Debtor and Vollers Excavating and Construction, Inc., as proposed purchaser ("Vollers"), have agreed to a proposed settlement with Manasquan Bank ("Proposed Settlement").  The Proposed Settlement provides, among other things, for a payment of $975,000 directly from Vollers to Manasquan Bank (with Manasquan Bank to pay $25,000 to Debtor's professionals as a reimbursement of expenses related to the sale, for a net recovery of $950,000) in exchange for the release of Manasquan Bank's liens on

---

[1] See Interim Order (I) Authorizing (A) Post-Petition Financing and (B) Use of Cash Collateral and Affording Adequate Protection; (II) Modifying the Automatic Stay; and (III) Scheduling a Final Hearing, Doc. No. 23 ("Interim Cash Collateral Order") at pp. 8-9.

[2] See id. at p. 11.

[3] See id. at pp. 8-9.

[4] See Response of the Subchapter V Trustee to (i) Debtor's Motion to Use Cash Collateral, and (ii) Debtor's Sale/Settlement Motion, Doc. No. 62, at p. 2.

Debtor's assets.[5]  Debtor and Vollers acknowledge that the proposed sale ("Proposed Sale") cannot proceed without approval and consummation of the Proposed Settlement.[6]

The Proposed Settlement will allow Debtor and Vollers to complete the Proposed Sale, while also providing value to the SBA and other creditors of the estate from assets that otherwise would be subject to Manasquan Bank's valid claims and liens – i.e., payments of cash and other assets including from future receivables that would not be available to other creditors except for the Proposed Settlement.  The Debtor has submitted the Proposed Settlement to the Court for approval as part of Debtor's sale motion.  The Proposed Settlement is well within the range of reasonableness and presents a good bargain to the estate for the resolution of Manasquan Bank's claims.  Manasquan Bank supports the approval of the Proposed Settlement to allow the Proposed Sale to proceed.

The Proposed Settlement is not, however, an admission by Manasquan Bank as to the value of Manasquan Bank's collateral or a waiver of Manasquan Bank's rights, all of which are expressly reserved. Manasquan Bank has agreed to accept the Proposed Settlement as a compromise only in exchange for immediate resolution of its position. Manasquan Bank does not consent to the Proposed Sale, or to a payment less than the full amount of its claim, outside the Proposed Settlement. Instead, absent approval and consummation of the Proposed Settlement, Manasquan Bank reserves all of its rights, including its rights (i) to oppose the sale;

---

[5] The full terms of the Proposed Settlement are set forth in the Debtor's Sale/Settlement Motion and related proposed order.  See Debtor's Sale/Settlement Motion at p. 10-12 and related proposed order.  The Proposed Settlement also specifically provides that Manasquan Bank will continue to have the right to pursue guarantors of the Manasquan Bank loan, including the principal of the Debtor and his spouse ("Guarantors"), for any and all amounts remaining unpaid in connection with the Manasquan Loan, including remaining principal, interest, default interest, fees, expenses, attorneys' fees and costs, all of which may continue to accrue.  See id. at p. 11.  Notice of the Debtor's Sale/Settlement Motion has been provided to counsel for the Guarantors.

[6] "Debtor and Vollers acknowledge that . . . Debtor and Vollers require the consent of Manasquan Bank to proceed with the [Proposed Sale]; . . . Debtor and Vollers likewise acknowledge and agree that the [Proposed Sale] cannot proceed absent the consent of Manasquan Bank and the Manasquan Settlement Amount being paid directly to Manasquan Bank at the time of closing . . . ." Debtor's Sale/Settlement Motion at pp. 10-11.

(ii) to seek payment of Manasquan Bank's secured claim in full ($1.3 million plus expenses); (iii) to seek a determination as to the value of Manasquan Bank's collateral that the Debtor seeks to sell; (iv) to seek a liquidation sale of its collateral including at auction; (v) to credit bid at any sale; (vi) to seek stay relief to obtain Manasquan Bank's collateral; (vii) to oppose further use of cash collateral; and (viii) to seek termination of continuing cash collateral use under the Interim Cash Collateral Order. Indeed, these rights are among the controversies that would otherwise be resolved by way of the Proposed Settlement and must be separately litigated if the Proposed Settlement fails.

Notwithstanding the foregoing, the Proposed Settlement and Proposed Sale to Vollers together provide a way forward for Debtor to preserve certain jobs and ongoing projects while resolving Manasquan Bank's claim and providing value to creditors who might not otherwise receive a recovery. If the Proposed Settlement and Proposed Sale are not approved, the Debtor's assets are likely to be liquidated, and Manasquan Bank would need to be paid in full (i.e., more than $1.3 million) before creditors behind Manasquan Bank would receive a recovery. Manasquan Bank supports the Proposed Settlement to allow the Proposed Sale to proceed.

[continued on next page]

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Manasquan Bank respectfully requests that the Court approve the Proposed Settlement. If the Proposed Settlement is not approved and consummated, Manasquan Bank reserves the right to oppose the Proposed Sale and pursue its rights as set forth herein.

Dated: August 19, 2022
Morristown, New Jersey

**RIKER DANZIG LLP**

By: /s/ *Curtis M. Plaza*
     Curtis M. Plaza

Curtis M. Plaza, Esq. (CP-9111)
Tod S. Chasin, Esq. (TC-0122)
Daniel A. Bloom, Esq. (DB-6392)
Headquarters Plaza, One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey 07962-1981
(973) 538-0800

*Counsel to Manasquan Bank*