UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Joseph J. DiPasquale, Esq.
Michael R. Herz, Esq.
Joseph A. Caneco, Esq.
jdipasquale@foxrothschild.com
mherz@foxrothschild.com
jcaneco@foxrothschild.com
Telephone: (973) 992-4800
Facsimile: (973) 992-9125

*Proposed Counsel to the Debtor
And Debtor in Possession*

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ASSUNCAO BROS., INC., | Case No. 22-16159-CMG |
| Debtor. | Judge: Hon. Christine M. Gravelle |

Recommended Local Form:   ☐ Followed   ■ Modified

**CERTIFICATION OF JACEN A. DINOFF IN SUPPORT
OF APPLICATION FOR RETENTION OF PROFESSIONAL**

I, Jacen A. Dinoff, being of full age, certify as follows:

1. I am seeking authorization for KCP Advisory Group LLC to be retained as: financial advisors to the Debtor, Assuncao Bros., Inc. ("Assuncao" or the "Debtor") in the above-captioned chapter 11, subchapter v case (the "Subchapter V Case").

2. I am a principal of KCP Advisory Group, LLC ("KCP"), a Delaware limited liability company with its principal place of business at 700 Technology Park Drive, Suite 212, Billerica, MA 01821.

137304274.1

3. The terms and conditions of KCP's proposed retention by the Debtor are set for in that certain services agreement between Assuncao and KCP dated July 8, 2022 (the "<u>Agreement</u>"), a copy of which is annexed hereto as **Exhibit "A"**.

4. The Debtor has determined that the services of an experienced restructuring manager will substantially increase its prospects for a streamlined reorganization. KCP is well qualified to assist the Debtor in connection with the Subchapter V Case given the extensive experience of its professionals in dealing effectively with a full range of issues and challenges that arise in corporate restructuring and business reorganizations. KCP's professionals specialize in in interim management, turnaround consulting, financial and transactional advisory, business performance improvement, and forensic analysis. KCP has familiarity with bankruptcies and orderly liquidation recovery analysis processes.

5. In particular, I have extensive knowledge and expertise with respect to chapter 11 proceedings. As principal, founder, and chief executory officer of KCP, I have more than 25 years' experience of accounting, finance management and operations experience that complements my experience in bankruptcy case administration and financial advisory. I am also a Certified Turnaround Professional by the Turnaround Management Association.

6. The services to be performed by KCP as more fully set forth in the Agreement include:

    a. Assistance in ongoing operations, such as forecasting, planning, controlling, managing cash, and developing one or more business plans;
    b. Reviewing, analyzing and negotiating settlements with secured lender(s), vendors and other creditors, and other work as necessary;
    c. Assistance in filing, compliance, and administration of the Subchapter V Case;
    d. Assistance in confirming and consummation of a plan of reorganization in the Subchapter V Case;
    e. Assistance in connection with evaluating and resolving claims;

      f.      Preparing and supporting any legal actions to be undertaken by the Debtor, including but not limited to, the filing of the Subchapter V Case and testifying on behalf of the Debtor; and

      g.      Performing such other services as may be required or are otherwise deemed to be in the interests of the Debtor in accordance with the Debtor's duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

7.     Subject to the Court's approval, and pursuant to sections 328, 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and other procedures which this Court may fix, the Debtor requests that KCP be retained as its financial advisors in the subject proceedings, and requests that KCP be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that KCP incurs, in accordance with KCP's ordinary and customary rates in effect on the date such services are rendered and such expenses are incurred.

8.     KCP's hourly rates for its bankruptcy attorneys are as follows:

| Classification/Experience | Hourly Rate |
|---|---|
| Chief Executive Officer | $585 per person discounted to $450, per hour |
| Senior Managing Directors | $500 per person discounted to $385, per hour |
| Directors | $325 per person discounted to $250, per hour |
| Analysts and Associates | $200 per person, per hour |

9.     Unless otherwise agreed to in writing by the Debtor, KCP shall not (i) have any additional KCP consultants, personnel or staff member perform services, other than (a) Frank Musso (whose rate is $385 per hour), (b) Crystal Doane (whose rate is $250 per hour), and as needed (c) Karen Chase (whose rate is $200 per hour), without the prior written consent of the Company.

10.     KCP has received a retainer from the Debtor in the amount of $98,168.75. Any unused portion of the retainer shall be promptly returned to the Debtor at the completion of KCP's services under the Agreement.

3

11. To the best of my knowledge, after reasonable and diligent investigation, KCP's connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for Region 3, or any person employed in the office of the United States Trustee for the District of New Jersey, is set forth below in paragraphs 13 and 14.

12. In searching for potential connections to this case in connection with this Certification, I caused the names of the parties set forth in **Exhibit B** to this Certification, which is a list of parties-in-interest to be submitted to KCP's internal conflicts procedures. **Exhibit B** includes the following: the Debtor; the member of the Debtor as identified in the First Day Declaration filed on behalf of the Debtor at Doc No. 8 (the "First Day Declaration"); the officers and professionals of the Debtor; the lenders and agents of the Debtor; the top twenty (20) unsecured creditors of the Debtor prior to the Petition Date; certain judgment lien creditors of the Debtor; the Judges of the United States Bankruptcy Court for the District of New Jersey; and the United States Trustee for Region 3 and the employees of the Newark, NJ Office of the United States Trustee.

13. To the best of my knowledge, after reasonable and diligent investigation, the connection of my firm, its members, shareholders, partners, associates, officers and/or employees with the Debtor, creditors, any other party in interest, their respective attorneys, financial advisers, investment bankers and other professionals, the Judges of this District and the designated staff of the office of the United States Trustee, is as set forth in **Exhibit B** hereto. None of the entities listed in **Exhibit C** constitute more than 1% of KCP's gross revenue in KCP's most recent fiscal year.

14. To the best of my knowledge, my firm, its members, shareholders, partners, associates, officers and/or employees and:

- do not hold an adverse interest to the estate.

4

- do not represent an adverse interest to the estate.

- are disinterested under 11 U.S.C. § 101(14).

- do not represent or hold any interest adverse to the Debtor or the estate with

respect to the matter for which I will retained under 11 U.S.C. § 327(e).

15. Is the professional is an auctioneer – N/A

16. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


Dated: August 26, 2022              */s/ Jacen A. Dinoff*
                                    Jacen A. Dinoff

EXHIBIT A
(SERVICES AGREEMENT)

137304274.1



## SERVICES AGREEMENT

SERVICES AGREEMENT dated as of July 8, 2022 (this "Agreement"), by and between Assuncao Bros. Inc. a New Jersey corporation with its principal place of business at 29 North Wood Avenue, Edison, NJ 08820 ("Assuncao" or the "Company"), and KCP Advisory Group LLC, a Delaware limited liability company with its principal place of business at 700 Technology Park Drive, Suite 212, Billerica, MA 01821 ("KCP").

WHEREAS, Assuncao desires to engage KCP to provide advisory (see section 1 below) services subject to and on the terms and conditions hereinafter set forth (collectively, the "Services"); and WHEREAS, KCP has agreed to provide such Services subject to and on such terms and conditions.

NOW, THEREFORE, in consideration of the above premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**1. Engagement and Scope**: Assuncao engages KCP, and KCP hereby agrees to serve Assuncao, by providing the services described in Section 2 hereof (the "Engagement"). KCP will provide Jacen A. Dinoff supported and assisted by other KCP consultants and personnel as required. Mr. Dinoff will assist Assuncao and its management by performing the typical duties associated with a financial advisor, which shall include, but not be limited to, assist them with (1) their ongoing operations (forecasting, planning, controlling, and otherwise managing cash, developing one or more business plans, assist in review, analysis and negotiations for settlements with secured lenders, vendors and other creditors, and other work as necessary); (2) filing, compliance, and administration of Assuncao's case to be commenced under subchapter V of chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"); (3) confirming and consummation of a plan of reorganization in the Bankruptcy Case; (4) establishing a deadline for the filing of proofs of claims in the Bankruptcy Case and a process for evaluating and resolving claims; (5) preparing and supporting any legal actions to be undertaken by Assuncao, including but not limited to, the filing of the Bankruptcy Case and testifying on behalf of Assuncao; and (7) accomplishing Assuncao's overall goals of promptly and efficiently confirming and consummating its plan of reorganization in the Bankruptcy Case.

**2. Term**: The term of this Agreement (the "Term") shall commence as of the date of this Agreement and shall continue until the Engagement is completed unless canceled with or without cause by either party on ten (10) business days prior written notice, in which event all compensation and expenses owing to KCP pursuant to Sections 3 and 4 below shall be immediately due and payable. Notwithstanding the foregoing, this Agreement shall expire no later than the first anniversary hereof.

**3. Compensation**: For providing the consulting services as outlined in Section 1 above, Assuncao shall pay KCP at the following discounted hourly rates:

| | |
|---|---|
| Chief Executive Officer: | $585 per person discounted to $450, per hour |
| Senior Managing Directors: | $500 per person discounted to $385, per hour |
| Directors: | $325 per person discounted to $250, per hour |
| Analysts and Associates | $200 per person, per hour |

Unless otherwise agreed to in writing by the Company, KCP shall not (i) have any additional KCP consultants, personnel or staff member perform services hereunder, other than (a) Frank Musso (whose rate is $385 per hour), (b) Crystal Doane (whose rate is $250 per hour), and as needed (c) Karen Chase (whose

1

rate is $200 per hour), without the prior written consent of the Company. KCP has also received a retainer from Assuncao of $76,730 upon the execution of this Agreement to be applied against unpaid fees and expenses, if any. Any unused portion of the retainer shall be promptly returned to Assuncao at the completion of KCP's services under this Agreement.

**4**. **Expenses**: KCP shall be entitled to reimbursement for all reasonable out of pocket expenses incurred by it in the performance of its duties hereunder (the "Expenses") upon presentation of appropriate documentation to the Company. The Expenses shall include, but not be limited to, transportation of any of KCP personnel (subject to adherence to the Company's existing travel policies), employees or associates on business related to the Engagement, cost of hotels, meals, research, etc. Such Expenses shall also include, but not be limited to, all reasonable out of pocket legal fees incurred by KCP in connection with the performance of the Engagement, provided that Assuncao first consents, in writing, to the retention of such counsel for such services (which consent shall not be unreasonably withheld or delayed).

**5**. **Indemnification**: The Company shall indemnify KCP, its shareholders, directors, officers, employees, and agents from and against any and all claims, liabilities, losses, costs, damages or expenses (including reasonable attorneys' fees) asserted against, or incurred by KCP or any such shareholder, director, officer, employee, or agent by reason of, or arising out of this Agreement or performance under this Agreement, except that Assuncao shall have no obligation to indemnify KCP, or provide contribution or reimbursement to KCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KCP' gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, or bad faith or self-dealing; or (ii) settled prior to a judicial determination as to KCP's gross negligence, willful misconduct, breach of fiduciary duty, if any, or bad faith or self-dealing but determined by this Court after notice and hearing to be a claim or expense for which KCP should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter.

**6. Proprietary Work Product and Confidential Company Information**: Any work product including, without limitation, any information, advice, recommendations or other content of any reports, presentations or other communications produced by KCP, written or oral, will be solely for the information and use of the Company and treated as confidential and may not be disclosed in any manner to any other person without KCP's prior written approval.  The Company acknowledges and agrees that any advice, information, or work product provided to the Company by KCP is for the Company's sole benefit and KCP does not authorize any other party to rely upon such advice, recommendations, information, or work product and any such reliance shall be at such party's sole risk.

**7. Client Cooperation; Reliance on Client's Information**: Assuncao acknowledges and agrees that the ability of KCP to perform the Engagement requires the full cooperation and assistance of Assuncao and its personnel. Accordingly, Assuncao covenants and agrees to furnish to KCP all information, documents and other materials reasonably requested by KCP and to make available to KCP for meetings, conference calls and otherwise all personnel designated by KCP to enable KCP to receive on a timely basis, in writing and verbally, all information reasonably requested by KCP related to the Engagement under this Agreement. Assuncao acknowledges and agrees that KCP, in performance of the Engagement, will be relying on the truth, completeness and accuracy of the written documentation delivered and the verbal communications made by Assuncao and its representatives to KCP in connection with all matters relating to the Engagement.

**8. Conflicts of Interest**: Nothing contained in this Agreement or otherwise, shall diminish or impair the right of KCP to accept engagements, directly or indirectly, from Assuncao' lender(s) or other professionals or other third parties provided such engagements do not involve the relationship of the lender(s), other professionals or other third parties to Assuncao.

**9. Limitation on KCP Liability**: If KCP fails to perform its obligations under or is otherwise in breach of or default under this Agreement, the maximum liability of KCP in respect thereof shall be limited to an

2

amount equal to the aggregate of all fees actually paid to KCP pursuant to this Agreement, provided that such limitation shall not apply in any case involving the gross negligence, willful misconduct or fraud of KCP.

**10. Representations**: Each party represents and warrants to the other that: (a) it has all requisite power and authority to enter into this Agreement and to perform its obligations hereunder, (b) this Agreement has been fully and duly authorized by all necessary action and has been duly executed and delivered by it, and (c) constitutes a valid and binding agreement enforceable against it in accordance with its terms.

**11. Notices**: All notices, requests, demands and other communications provided for by this Agreement shall be in writing addressed to the parties at the address for such party first set forth above, and shall be transmitted by either email, personal or overnight courier delivery or by certified mail. All notices, etc. shall be deemed given when received by the party to whom it is addressed.

**12. Successors and Assigns**: This Agreement shall inure to the benefit of, and be binding upon, each of Assuncao and KCP and their respective successors and assigns. Neither party may assign its rights and/or obligations under this Agreement without the written consent of the other party, which consent shall not be unreasonably withheld or delayed.

**13. Applicable Law**: This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without reference to principles of conflicts of law. Any action arising from or related in any way to the Agreement shall be brought only in the federal or state courts located in New York City.

**14. Amendments**: No amendment, modification, termination or waiver of any provision of this Agreement or consent to any departure by any party therefrom shall be effective unless in writing signed by the parties hereto, and, in any event, shall be effective only in the specific instance and for the specific purpose for which given.

**15. No Waiver; Cumulative Remedies**: No failure or delay on the part of either party in exercising any right, power or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any such right, power or remedy preclude the exercise of any other right, power or remedy. The remedies herein provided are cumulative and not exclusive of any remedies provided by law.

**16. Headings**: Headings in this Agreement are for convenience only and shall not be used to interpret or construe its provisions.

**17. Counterparts**: This Agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

**18. Waiver of Jury Trial**: Each of the parties to this Agreement hereby waives its right to a jury trial with respect to any claim, action, suit or proceeding made or brought by one of the parties against the others in connection with or arising under this Agreement.

**19. Publication**: Upon the prior written consent of Assuncao, KCP may, at its expense, place an announcement in such newspapers, periodicals, electronic publications and other print as KCP may choose stating that KCP has acted as a consultant for the Company in connection therewith.

**20. Independent Contractor Relationship**: The Company and KCP acknowledge and agree that KCP is an independent contractor and is not and shall not be considered an agent, distributor, tax, accounting, or legal advisor, representative, or fiduciary of the Company, the creditors of the Company, or the shareholders of the Company, and the Company agrees to that it shall not make, and hereby waives, any claim based on an assertion of such an agency or fiduciary relationship.

21. **Non-Solicitation**: During the term of this Agreement and for a period of one-year following the expiration or earlier termination of this Agreement, Assuncao will not (A) solicit or cause to be solicited any employee, agent or representative of KCP with whom Assuncao, has had contact, or who became known to Assuncao, during KCP's provision of services; or (B) hire or cause to be hired any employee, agent or representative of KCP, with whom Assuncao, has had contact, or who became known to Assuncao, during KCP's provision of services and who was, within twelve (12) months of such proposed hiring, an employee, agent or representative of KCP.

| Assuncao Bros. Inc. | KCP Advisory Group LLC |
|---|---|
| By: _____ | By: _____ |
| name: Martin Assuncao | Jacen A. Dinoff |
| Title: President | Principal |

4

EXHIBIT B
LIST OF IDENTIFIED PARTIES INCLUDED IN CONFLICT CHECK

| Last/Company Name | First Name |
|---|---|
| Assuncao Bros., Inc. | |
| Dinoff | Jacen |
| KCP Advisory | |
| Vollers Excavating & Construction, Inc. | |
| Assuncao | Martin |
| Manasquan Bank | |
| NGM Insurance Company | |
| Black Rock Enterprises, LLC | |
| A. Azevedo Trucking | |
| Abreu Truck Service | |
| Acrow Corporation of America | |
| Advanced Testing Company, Inc. | |
| Airgas | |
| ASCO | |
| BJR Trucking LLC | |
| Black Rock Enterprises, LLC | |
| Brent Material Company | |
| Buy-Wise | |
| C&H Bonding | |
| Campbell Foundry Company | |
| Cedar Hill Landscaping | |
| Cesario Construction Company, Inc | |
| Contech Engineered Solutions, LLC | |
| County Concrete Corp. | |
| Credit Card - Capital One - 1285 | |
| Custom Bandag, Inc. | |
| D&R Industrial Saw Co. | |
| Dan Swayze & Son Inc. | |
| Dayton Inspection Services, Inc. | |
| Down's Tree Service | |
| East Trading West Investments LLC | |
| Eastern Concrete Materials Inc | |
| EBF Enterprises LLC | |
| Essex County Sheriff's Office | |
| Extra Duty Solutions | |
| FAI-GON Electric, Inc. | |
| FedEx Freight | |
| Ficor Company, Inc | |
| First Insurance Funding | |
| Gamka Equipment, Inc. | |

8

| Last/Company Name | First Name |
|---|---|
| Garden State Precast Inc. | |
| Hedinger & Lawless L.L.C. | |
| Highway Equipment Co, of New Jersey, Inc. | |
| Holt Machinery Company | |
| Insurance - IOA | |
| Insurance - OCA Benefit Services | |
| J.M. Ahle, Inc. | |
| Jesco, Inc. | |
| Jobs 4 Blue | |
| KCP Advisory Group | |
| KIII Surveying & Const, Services | |
| Komatsu Northeast | |
| Lawson Products, Inc. | |
| Liberty Building Products | |
| Lisbon Contractors | |
| Lisbon Trucking | |
| Lopes Trucking | |
| Mandelbaum Salsburg | |
| Mario's Heavy Equipment | |
| Martin Contracting | |
| Michael's Towing Service | |
| Mid Atlantic Truck Center | |
| Middlesex County Utilities Authority | |
| National Payment Center | |
| Nobel Equipment & Supplies, Inc. | |
| P.M. Construction Corp. | |
| Pasquale Casuscelli | |
| Pennsylvania Jersey Concrete | |
| Photo Dynamics & Maintenance Corp. | |
| Piscataway Police Department | |
| POWERPAK | |
| Precast Systems, Inc | |
| Ralph Clayton & Sons | |
| Raritan Pipe & Supply Co. | |
| Road Safety Systems | |
| Roche Miseo Barchetto, LLC | |
| Rockborn Trucking & Excavation, Inc | |
| Samson Metal Service | |
| Serg Construction LLC | |
| Statewide Striping Corp. | |

9

| Last/Company Name | First Name |
|---|---|
| Stavola Asphalt | |
| Stavola Construction | |
| Stavola Flemington Asphalt | |
| Taylor Oil Co. | |
| Tiffany Electric | |
| Tilcon New York Inc. | |
| TMT Transportation LLC | |
| Traffic Lines, Inc. | |
| Trench Technologies | |
| Tulnoy Lumber | |
| ULMA Form Works, Inc. | |
| Union - 825 Operators | |
| Union - Carpenters | |
| Union - Carpenters Audit Settlement | |
| Union Local- 472 Laborers | |
| United Rentals | |
| Verizon Connect | |
| Wayne's Tree Service | |
| White Cap L.P. | |
| Zuccaro Inc. | |
| Vaccaro | James |

10

Court and UST Trustee Personnel

| Last Name | First Name |
|---|---|
| Kaplan | Michael |
| Gambardella | Rosemary |
| Ferguson | Kathryn C. |
| Gravelle | Christine M. |
| Altenburg, Jr. | Andrew B. |
| Papalia | Vincent F. |
| Sherwood | John K. |
| Poslusny Jr. | Jerrold N. |
| Meisel | Stacey L |
| Hildebrandt | Martha |
| Alfaro | Adela |
| Ardelean | Kirsten K. |
| Arendas | Francyne D. |
| Artis | Michael |
| Bielskie | Lauren |
| D'Auria | Peter |
| Fuentes | Neldy |
| Gerardi | David |
| Green | Tia |
| Kern | Joseph |
| Kropiewnicki | Daniel C. |
| McGee | Maggie |
| Nikolinos | Alexandria |
| Oppelt | Tina |
| Ortiz-Ng | Angeliza |
| Schneider Jr. | Robert J. |
| Sponder | Jeffrey |
| Steele | Fran B. |
| Stives | James |
| Ziemer | William J. |

11

**Exhibit C**

**Parties in interest in this case which KCP currently represents
or formerly represented in matters unrelated to this Subchapter V Case:**

- Mandelbaum Barrett PC: KCP was engaged in February 2022 by Mandelbaum Barrett PC while it served as counsel for the Debtor to review financial data, projections, refinancing options and potential sale opportunities. All fees were paid in full pre-petition.
- 

12

137304274