| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**McELROY, DEUTSCH, MULVANEY &**<br>**CARPENTER, LLP**<br>1300 Mount Kemble Avenue<br>P.O. Box 2075<br>Morristown, NJ  07962-2075<br>Adam R. Schwartz, Esq.<br>Gary D. Bressler, Esq.<br>Scott A. Levin, Esq.<br>Virginia T. Shea, Esp.<br>Telephone: (973) 993-8100<br>Facsimile: (973) 425-0161<br>aschwartz@mdmc-law.com<br>gbressler@mdmc-law.com<br>slevin@mdmc-law.com<br>vshea@mdmc-law.com<br><br>*Counsel to NGM Insurance Company* | **Order Filed on August 29, 2022**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In Re:<br><br>Assuncao Bros., Inc.<br><br>　　　　　　　　　　　　　　Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-16159 (CMG)<br><br>Judge Christine M. Gravelle |

# CONSENT ORDER

The relief set forth on the following page of this Consent Order ("Consent Order") is hereby

**ORDERED**.

**DATED: August 29, 2022**

*(signature)*
Honorable Christine M. Gravelle
United States Bankruptcy Judge

(Page 2)
Debtor:         Assuncao Bros., Inc.
Case No.:       22-16159 (CMG)
Caption :       CONSENT ORDER

_____

This matter having come before the Court as a Consent Order executed by counsel for Debtor Assuncao Bros., Inc. ("ABI") as well as counsel for creditor NGM Insurance Company ("NGM" and with ABI, the "Parties"), in the above captioned matter, and as the Parties having conferred regarding the voluntary petition for relief filed by ABI under chapter 11, subchapter V of the Bankruptcy code in the United States Bankruptcy Court for the District of New Jersey on August 3, 2022 ("Petition Date"), and

**WHEREAS**, prior to the Petition Date, NGM executed certain performance and payment bonds ("Bonds") on behalf of ABI, as principal, including bonds for certain public owner obligees/counterparties (the "Bonded Contract Owners"),[1] arising out of certain public work contracts which Bonds relate to, and under which such contracts ABI was performing ("Bonded Contracts") as of the Petition Date, and

---

[1] Bonded Contract Owners and Bonded Contracts include, but are not necessarily limited to:  1) **the City of Jersey City, New Jersey** (Dr. Martin Luther King, Jr. Intersection Safety Improvements – Replacing Existing Curb Ramps with new ADA –compliant Concrete Ramps, Concrete Sidewalks & Curb Work, Providing Pedestrian Signal Upgrades, Resetting Castings [project includes 8  intersections along Dr. Martin Luther King Drive]) and (Replacement of County Bridge Contract # 20002); 2) **County of Somerset, New Jersey** (Maintenance Contract Repairs of Various Park Commission Structures) **and** (Replacement of County Bridge Belle Mead-Blawenburg Rd (CR 601) over Back Brook, Township of Montgomery, Somerset County, Replace Bridge, Contract No. 19008); 3) **Township of Raritan** (Sunny Hills Section II Road Reconstruction Improvements, Raritan Township); 4) **Essex County, New Jersey** (Park Avenue – Nine Traffic Signals and Road Improvements in Cities of Orange, East Orange and Newark, New Jersey) **and** (Provide Nine Traffic Signals and Roadway Improvements, Countywide Signals and Roadway Improvements); 5) **Township of Springfield** (Caldwell Place Culvert Repair); 6) **County of Ocean, New Jersey** (Construction of Traffic Signal at the Intersection of Prospect Street & Massachusetts Avenue – Township of Lakewood); 7) **Township of Monroe, New Jersey** (Intersection Improvements Spotswood, Gravel Hill & Machaponix/Pergola Avenue Road Improvements); 8) **County of Hunterdon, New Jersey** (Resurfacing & Drainage Improvements for County Route 616, Road Improvements in the Township of Franklin, County of Hunterdon); 9) **Passaic County, New Jersey** (Replacement of the Kingsland Road Bridge over the Third River, within the City of Clifton); 10) **County of Middlesex, New Jersey** (Improvements to Intersection of Forsgate & Rossmoor, Monroe Township); 11) **Township of Piscataway, New Jersey** (Drake Lane Improvements Phase II); 12) **County of Monmouth, New Jersey** (Replacement of Bridge U-15 on Breza Road over Doctor's Creek, Upper Freehold and Allentown); and 13) **County of Hudson, New Jersey** (Improvement to JFK Boulevard from Pavonia Road) .  NGM also issued a fringe benefits bond no. S-324394.

(Page 3)
Debtor:        Assuncao Bros., Inc.
Case No.:      22-16159 (CMG)
Caption :      CONSENT ORDER
_____

**WHEREAS**, in order to induce NGM to issue the Bonds on behalf of ABI, ABI, as well as Martin Assuncao and Lisa Assuncao entered into agreements of indemnity in favor of NGM on or about July 20, 2012 and January 30, 2019 ("Indemnity Agreements"), and

**WHEREAS**, ABI states that it is in default as to each of the Bonded Contracts, and

**WHEREAS**, ABI has expressed an intent to reject all Bonded Contracts, and

**WHEREAS**, NGM faces potential exposure in connection with the Bonds because ABI has not yet completed the underlying Bonded Contracts, and

**WHEREAS**, pursuant to paragraphs 22 and 23 of the *Debtor's Motion for Entry of Interim and Final Order (I) Authorizing (A) Post-Petition Financing and (B) Use of Cash Collateral and Affording Adequate Protection; (II) Modifying the Automatic Stay; and (III) Scheduling a Final Hearing* (Docket No. 13), ABI expects payments from the Bonded Contract Owners on Bonded Contracts ("Bonded Contract Proceeds"), which may constitute trust funds for the benefits of ABI's laborers, subcontractors, suppliers and materialmen ("Trust Fund Beneficiaries") on the Bonded Contracts, and will place all Bonded Contract Proceeds in a segregated account in order to comply with statutory, contractual and common law trust obligations, such that the Bonded Contract Proceeds shall be applied exclusively to satisfy Bonded Contract obligations and claims of Trust Fund Beneficiaries.

**WHEREAS**, ABI and NGM have agreed to certain protections to be afforded NGM arising out of the rejection of the Bonded Contracts, and

**WHEREAS**, the Court, having reviewed this Consent Order and for good cause shown, it is hereby

(Page 4)
Debtor: Assuncao Bros., Inc.
Case No.: 22-16159 (CMG)
Caption : CONSENT ORDER

___

**ORDERED THAT:**

1. ABI is authorized to reject the Bonded Contracts, and said Bonded Contracts are hereby rejected as of the date of this Order.

2. The Bonded Contract Owners have relief from the automatic stay under 11 U.S.C. § 362(d) to the extent necessary to terminate any Bonded Contracts.

3. NGM has relief from the automatic stay under 11 U.S.C. § 362(d) to the extent necessary to enter into any agreements to complete work on the Bonded Contracts, and to complete work on the Bonded Contracts.

4. NGM is authorized to have access to and use the Bonded Contract Proceeds (which Bonded Contract Proceeds shall be turned over and/or paid to NGM and need not be kept in a separate account by NGM), as it so reasonably determines, to complete the Bonded Contracts, to make payments to the Trust Fund Beneficiaries, to make payments for any obligations under the Bonds, and/or to make payment to NGM for all losses, costs, and expenses of whatsoever kind or nature, including court costs, counsel fees, and/or investigative costs incurred by NGM by reason of NGM having executed a Bond or the Bonds.

5. ABI and NGM shall, upon request, execute any and all documentation reasonably necessary to effectuate the intentions of this Consent Order.

6. ABI shall provide NGM with access to all contracts, construction records and financial records pertaining to all Bonded Contracts. To the extent that copies of documents are available electronically from ABI and/or KCP Advisory, ABI shall provide those documents to NGM at no cost to NGM. Should the documents not be available for

(Page 5)
Debtor:       Assuncao Bros., Inc.
Case No.:     22-16159 (CMG)
Caption :     CONSENT ORDER
_____

electronic production and reproduction costs would be incurred, ABI shall present NGM with an estimated cost for producing any such documents for NGM's review and approval.

7. Nothing herein shall be construed as an admission against the interests of NGM or shall obligate NGM to take any action of any obligations or otherwise under the Bonds, and NGM reserves all of its rights, claims and defenses with respect to the Indemnity Agreements and the Bonds. The rights of Martin Assuncao and Lisa Assuncao are preserved with respect to ABI, NGM, the Indemnity Agreements, and all other matters set forth herein. The rights of the Debtor are preserved with respect to NGM, the Indemnity Agreements, and all other matters set forth herein.

8. To address Essex County's request, upon the rejection of the Essex County Bonded Projects, Essex County shall have relief from the automatic stay under 11 U.S.C. § 362(d) to the extent necessary to terminate its contracts, make payments to complete work remaining on its projects, make payments to discharge liens, and/or take any and all appropriate actions to complete its Bonded Contracts, including seeking the issuance of any maintenance bonds. Nothing herein shall be deemed a waiver of Essex County's ability to seek relief pursuant to any bonds issued by NGM to Essex County on behalf of the Debtor, which rights are expressly reserved by Essex County along with Essex County's rights under the law and/or contracts concerning payments to be made by Essex County; similarly, NGM reserves all applicable claims, rights and defenses in connection with any such claims by Essex County for such relief or with respect to payments, or with respect to any actions taken by Essex County. Specifically and without limitation, NGM shall retain the right to claim and raise the defense that any payments made, or other actions

(Page 6)
Debtor: Assuncao Bros., Inc.
Case No.: 22-16159 (CMG)
Caption : CONSENT ORDER
_____

taken, by Essex County constitute(s) a discharge of NGM under any bonds issued by NGM in connection with any Essex County Bonded Projects and Contracts.

9. This Consent Order shall be immediately effective and enforceable upon the entry of this Consent Order.

We hereby consent to the terms and conditions stated herein.

| **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP** | **FOX ROTHSCHILD LLP** |
|---|---|
| */s/ Gary D. Bressler* | */s/ Joseph J. DiPasquale* |
| Gary D. Bressler, Esq.<br>Adam R. Schwartz, Esq.<br>Scott A. Levin, Esq.<br>Virginia T. Shea, Esq.<br>1300 Mt. Kemble Avenue<br>P.O. Box 2075<br>Morristown, NJ 07962-2075<br>Telephone: (973) 993-8100<br>gbressler@mdmc-law.com<br>aschwartz@mdmc-law.com<br>slevin@mdmc-law.com<br>vshea@mdmc-law.com | Joseph J .DiPasquale, Esq.<br>49 Market Street<br>Morristown, NJ 07960<br>Telephone: (973) 548-3368<br>jdipasquale@foxrothschild.com<br><br>*Proposed Attorneys for Debtor* |
| *Attorneys for NGM Insurance Company* | |
| Dated: August 26, 2022 | Dated: August 26, 2022 |