UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Maggie H. McGee, Esq
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Email:  Maggie.mcgee@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | : Case No. 22-16159 CMG |
|  | : |
| Assuncao Bros., Inc., | : Chapter 11   (subchapter V) |
|  | : |
|  | : The Hon. Christine M. Gravelle |
| Debtor. | : |
|  | : Hearing Date: 8/22/2022 at 10:00 a.m. |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S APPLICATION FOR RETENTION OF PROFESSIONAL, KCP ADVISORY GROUP, LLC AS FINANCIAL ADVISOR, *NUNC PRO TUNC* TO AUGUST 3, 2022**

Andrew R. Vara, United States Trustee for Regions 3 & 9 ("U.S. Trustee"), by and through his undersigned counsel, hereby objects to the Debtor's Application For Retention Of Professional *Nunc Pro Tunc* To August 3, 2022 ("Retention Application"), and in support thereof, states as follows:

### INTRODUCTION

1. This Court has jurisdiction to hear and determine this Objection.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District.  Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing"

1

under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised by this Objection.

## BACKGROUND AND RELEVANT FACTS

**A.    The Bankruptcy Case.**

4. On August 3, 2022 (the "Petition Date"), Assuncao Bros, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11, subchapter V, of title 11, United States Code. ECF No. 1.

5. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. On August 8, 2022, the U.S. Trustee filed the Notice of Appointment of Scott S. Rever as the subchapter V trustee.  ECF No. 41.

7. The Debtor operates a masonry business specializing in curb, sidewalk, bridge, barriers, and slabs.  ECF No. 8 at ¶ 5 and 6.

8. On August 25, 2022, this Court entered an order (a) authorizing the sale of certain of the Debtor's assets to Vollers Excavating and Construction, Inc., (b) approving settlement with Manasquan Bank as secured lender, (c) authorizing the Debtor to enter into subcontracts with Vollers for non-bonded projections, and (d) authorizing the Debtor to assume and assign certain executory contracts and unexpired leases.  ECF No. 87.  By this sale order, and subsequent motion rejecting executory contracts and unexpired leases, the Debtor sold or otherwise disposed of essentially all of its business.

9. As the U.S. Trustee understands the posture of the case, the remaining work to be done includes the preparation and filing of a plan of reorganization and subsequent distribution to creditors of the sale proceeds not already distributed and presumably the filing of fee applications of professionals. As a subchapter V case, the Debtor's plan is due to be filed on November 1, 2022, two months from now.

10. On August 26, 2022, the Debtor filed the Retention Application seeking to employ KCP Advisory Group, LLC ("KCP") as financial advisors to the Debtor. ECF No. 91.

11. Pursuant to the Retention Application KCP received a retainer of $98,168.75. KCP has not disclosed whether it received any pre-petition payments from the Debtor or the date that the retainer was paid.

12. The Retention Application includes the Services Agreement which indicates that "Nothing contained in this Agreement or otherwise, shall diminish or impair the right of KCP to accept engagements, directly or indirectly, from Assuncao' lender(s) or other professionals or other third parties provided such engagements do not involve the relationship of the lender(s), other professionals or other third parties to Assuncao." ECF No. 91-2 at ¶8.

13. The Services Agreement provides that "KCP has also received a retainer from Assuncao of $76,730 upon the execution of this Agreement to be applied against unpaid fees and expenses, if any. Any unused portion of the retainer shall be promptly returned to Assuncao at the completion of KCP's services under this Agreement." ECF No. 91-2 at ¶ 3.

14. The Services Agreement includes provisions relating to indemnification, conflicts of interests, limitations on liability and arbitration.

**APPLICABLE LAW AND ANALYSIS**

3

### A. If KCP Wants A Nunc Pro Tunc Order It Must Set Forth And Prove The Requisite Criteria Under Relevant Third Circuit Authority.

15. The Court should deny approval of the *nunc pro tunc* relief as KCP failed to provide any information supporting the *nunc pro tunc* request.

16. *Nunc pro tunc* relief is an equitable remedy that is left to the discretion of the court. *See Weil v. Markowitz*, 898 F.2d 198, 200 (D.C. Cir. 1990) (noting that the issue of whether to grant *nunc pro tunc* relief is best left to the discretion of the court). Black's Law Dictionary defines *nunc pro tunc* as relief that has a retroactive legal effect. This discretion is not without parameters.

17. The Third Circuit unequivocally established the "extraordinary circumstances" standard for approval of *nunc pro tunc* employment. *In re Arkansas Co.,* 798 F.2d 645 (3d Cir. 1986) and *In re F/S Airlease II, Inc.,* 844 F2d. 99 (3d Cir 1988), *cert. denied*, 488 U.S. 852, 102 L.Ed.2d 110, 109 S. Ct. 137 (1988). The Third Circuit stated that the determination of what constitutes "extraordinary circumstances" requires consideration of various factors:

> such as whether the applicant or some other person bore the responsibility for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that initial approval had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors.

*In re Arkansas Co.*, *supra*, at 650.

18. The Third Circuit has held that a circumstance must be outside of the control of the applicant before it can be deemed "extraordinary." *See, e.g.*, *In re Arkansas Co.*, 798 F.2d at 649-50. Circumstances created by the applicant's negligence are not sufficient to justify retroactive relief. *Id.* at 650.

4

19. It should also be noted that equitable arguments such as the fact that work may have already been performed or may even have benefitted the estate have been rejected by the Third Circuit. *Cf., In re F/S Airlease*, 844 F.2d at 108.

20. In this case, KCP has provided no basis to allow *nunc pro tunc* relief.

**B. KCP Has Failed To Make Sufficient Disclosures In Its Retention Application**

    **a. KCP Has Failed To Disclose Whether It Received Any Pre-Petition Payments**

21. Professionals is required to disclose all relevant information related to his or her employment in the retention application and the failure to do so required that the application be denied. *See In re Drexal Burnham Lambert Group, Inc.,* 112 B.R. 584 (Bankr. S.D. N.Y. 1990). This information includes information that may be pertinent in determining whether an attorney is disinterested, holds a conflict of interest, and whether the services to be provided are beneficial and necessary. *Id.*

22. In this case, KCP has failed to disclose the date its retainer was paid, whether it received any the payments pre-petition other than the retainer, and if so the amounts of such payments.

    **b. KCP Disclosure Of Its Retainer Is Inconsistent**

23. KCP's certification in support of its Retention Application indicates that it received a retainer of $98,168.75. ECF No. 91-2 at ¶10. However, its Services Agreement attached to the Retention Application indicates that the retainer was $76,730. ECF No. 91.2, Exhibit A at ¶ 3. These figures should be consistent, and disclosure must be accurate.

**C. KCP's Proposed Fees Are Excessive For A Subchapter V Case.**

24. Subchapter V is meant to be offer a streamlined reorganization vehicle for some middle market companies. Brett S. Thiesen and Natasha Sungonga, *Subchapter V Bankruptcy*

*for Middle Market Debtors*, New York Law Journal, September 17, 2021; *See also, In re Seven Stars on the Hudson Corp,* 618 B.R. 333 (Bankr. S.D. Fla. 2020). Subchapter V is intended to provide eligible debtors with a more efficient, less costly, and simpler path to Chapter 11 restructuring. *Id.* It eliminates the official committee of unsecured creditors, eliminates the payment of U.S. Trustee fees, provides a reduced period for the debtor to file a plan, permits a debtor to spread the payments of administrative claims over the life of the plan and relaxes the "absolute priority rule," which allows a debtor's equity holders to retain their ownership interests in the debtor without an infusion of new capital or the payment of all creditors in full. 11 U.S.C. § 1185 et.seq. Subchapter V also permits a debtor to confirm a plan without accepting votes, because the debtor can "cramdown" a plan on all creditors without the approval of an impaired, consenting class of creditors. 11 U.S.C. § 1191(b).

25.     Against this backdrop, KCP's retainer in excess of $98,0000 or $76,000 (whichever is the correct amount) is excessive in a small business case under subchapter V.

    **D. U.S. Trustee Objects to Language In the Services Agreement Relating To Indemnification, Conflicts of Interest, Arbitration, and Limitations of Liability.**

26.     The U.S. Trustee believes the Services Agreement terms relating to Indemnification, Conflicts of Interest, Arbitration and Limitations of KCP Liability include provisions not typically allowed in bankruptcy cases. However, the U.S. Trustee will work with KCP and Fox to propose language that is acceptable and submit an order clarifying those provisions.

WHEREFORE, considering the foregoing, the U.S. Trustee respectfully requests that the Retention Application be denied, and that the Court grant such further relief as is just and equitable.

                                      Respectfully submitted,

                                      ANDREW R. VARA
                                      UNITED STATES TRUSTEE
                                      REGIONS 3 & 9

                                    By:    */s/Maggie McGee*
                                                   Maggie McGee
                                                   Trial Attorney

Dated:  September 2, 2022