**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2(c)

FOX ROTHSCHILD LLP
49 Market St.
Morristown, NJ 07960
Joseph J. DiPasquale, Esq.
Michael R. Herz, Esq.
Joseph A. Caneco, Esq.
jdipasquale@foxrothschild.com
mherz@foxrothschild.com
jcaneco@foxrothschild.com
Telephone: (973) 992-4800
Facsimile: (973) 992-9125

*Proposed Counsel to the Debtor And Debtor in Possession*

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ASSUNCAO BROS., INC., | Case No. 22-16159-CMG |
| Debtor. | Judge: Honorable Christine M. Gravelle |

### DEBTOR'S APPLICATION FOR ENTRY OF A STIPULATION AND CONSENT ORDER REJECTING LEASE WITH ACROW CORPORATION AND MODIFYING THE AUTOMATIC STAY

Assuncao Bros., Inc. (the "Debtor"), the above-captioned debtor and debtor-in-possession, by and through its undersigned proposed counsel, submits this application (the "Application") for entry of a stipulation and consent order (the "Consent Order"), substantially in the form submitted herewith, rejecting a certain lease agreement with ACROW Financial Corporation ("ACROW," and together with the Debtor, the "Parties") and lifting the automatic stay to allow ACROW Financial Corporation to terminate the Lease Agreement (defined below)

and reclaim the Equipment (defined below). In support of this Application, the Debtor respectfully states as follows:

### I.   JURISDICTION AND VENUE

1.   The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012.  Venue is proper in this District pursuant to 28 U.S.C. § § 1408 and 1409.  This motion is a "core" proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (G), (M) and (O).

2.   The statutory predicates for the relief sought herein are section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq. (the "Bankruptcy Code"), Rules 9014 and 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9021-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

### III.   BACKGROUND

**A.   General Background**

3.   On August 3, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "Chapter 11 Case") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

4.   The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Application, no request has been made for the appointment of a trustee or examiner in the Chapter 11 Case.

**B.      The ACROW Equipment Lease**

5.      Prior to the Petition Date, ACROW, as Lessor, and the Debtor, as Lessee, entered into that certain ACROW Birdge Equipment Lease (the "Lease Agreement") dated November 12, 2020.  Pursuant to the Lease Agreement, ACROW leased the Debtor the components comprising a 50-foot panel support bridge (the "Equipment") for use at the Debtor's worksite on Kingsland Road, NJ (the "Worksite").  The term of the Lease Agreement continues month to month until the Equipment is returned.

6.      As of the filing of this Application, the Equipment is disassembled and not otherwise being used by the Debtor.  Further, the Debtor no longer requires the Equipment for its remaining business operations.

## IV.      RELIEF REQUESTED AND BASIS THEREFORE

7.      By this Application, pursuant to Local Rule 9021-1(b), the Debtor seeks entry of the Consent Order, substantially in the form submitted herewith, rejecting the lease agreement pursuant to section 365 of the Bankruptcy Code and lifting the automatic stay pursuant to section 362 of the Bankruptcy Code to allow ACROW to terminate the Lease Agreement and for the Debtor to surrender the equipment to ACROW.

8.      The Consent Order is in the best interest of the Debtor's estate because the Equipment is not necessary to the Debtor's business, and the estate's possession of the equipment subjects the estate to potential administrative claims to the extent that the equipment is damaged.  Accordingly, the Debtor seeks to terminate the Lease Agreement and return the Equipment to ACROW.

9.      Counsel for ACROW has reviewed the Consent Order and has indicated that ACROW is agreed to the relief therein.

**WHEREFORE**, the Debtor respectfully requests that this Court: (a) enter the Consent Order submitted herewith; and (b) grant the Debtor such other and further relief as the Court deems just and proper.

Dated:   September 16, 2022

                                      FOX ROTHSCHILD LLP

                                      Proposed Counsel for the Debtor and Debtor-in-Possession

                                      By: */s/Michael R. Herz*
                                           Michael R. Herz, Esq.