| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)** |
| **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP** |
| 1300 Mount Kemble Avenue |
| P.O. Box 2075 |
| Morristown, NJ  07962-2075 |
| Adam R. Schwartz, Esq. |
| Gary D. Bressler, Esq. |
| Scott A. Levin, Esq. |
| Virginia T. Shea, Esp. |
| Telephone: (973) 993-8100 |
| Facsimile: (973) 425-0161 |
| aschwartz@mdmc-law.com |
| gbressler@mdmc-law.com |
| slevin@mdmc-law.com |
| vshea@mdmc-law.com |
| |
| *Counsel to NGM Insurance Company* |
| In Re: |
| |
| Assuncao Bros., Inc. |
| |
| Debtor. |

Chapter 11 (Subchapter V)

Case No. 22-16159 (CMG)

Judge Christine M. Gravelle

# CONSENT ORDER

The relief set forth on the following page of this Consent Order ("Consent Order") is hereby **ORDERED**.

137743463.1

137853292.2

(Page 2)
Debtor:        Assuncao Bros., Inc.
Case No.:    22-16159 (CMG)
Caption :    CONSENT ORDER
_____

This matter having come before the Court as a Consent Order executed by counsel for Debtor Assuncao Bros., Inc. ("ABI") as well as counsel for creditor NGM Insurance Company ("NGM" and with ABI, the "Parties"), in the above captioned matter, and as the Parties having conferred regarding the voluntary petition for relief filed by ABI under chapter 11, subchapter V of the Bankruptcy code in the United States Bankruptcy Court for the District of New Jersey on August 3, 2022 ("Petition Date"), and

**WHEREAS**, prior to the Petition Date, NGM executed certain performance and payment bonds ("Bonds") on behalf of ABI, as principal, including bonds for certain public owner obligees/counterparties (the "Bonded Contract Owners"),[1] arising out of certain public work contracts which Bonds relate to, and under which such contracts ABI was performing ("Bonded Contracts") as of the Petition Date, and

---

[1] Bonded Contract Owners and Bonded Contracts include, but are not necessarily limited to: 1) **the City of Jersey City, New Jersey** (Dr. Martin Luther King, Jr. Intersection Safety Improvements – Replacing Existing Curb Ramps with new ADA –compliant Concrete Ramps, Concrete Sidewalks & Curb Work, Providing Pedestrian Signal Upgrades, Resetting Castings [project includes 8 intersections along Dr. Martin Luther King Drive]) and (Replacement of County Bridge Contract # 20002); 2) **County of Somerset, New Jersey** (Maintenance Contract Repairs of Various Park Commission Structures) **and** (Replacement of County Bridge Belle Mead-Blawenburg Rd (CR 601) over Back Brook, Township of Montgomery, Somerset County, Replace Bridge, Contract No. 19008); 3) **Township of Raritan** (Sunny Hills Section II Road Reconstruction Improvements, Raritan Township); 4) **Essex County, New Jersey** (Park Avenue – Nine Traffic Signals and Road Improvements in Cities of Orange, East Orange and Newark, New Jersey) **and** (Provide Nine Traffic Signals and Roadway Improvements, Countywide Signals and Roadway Improvements); 5) **Township of Springfield** (Caldwell Place Culvert Repair); 6) **County of Ocean, New Jersey** (Construction of Traffic Signal at the Intersection of Prospect Street & Massachusetts Avenue – Township of Lakewood); 7) **Township of Monroe, New Jersey** (Intersection Improvements Spotswood, Gravel Hill & Machaponix/Pergola Avenue Road Improvements); 8) **County of Hunterdon, New Jersey** (Resurfacing & Drainage Improvements for County Route 616, Road Improvements in the Township of Franklin, County of Hunterdon); 9) **Passaic County, New Jersey** (Replacement of the Kingsland Road Bridge over the Third River, within the City of Clifton); 10) **County of Middlesex, New Jersey** (Improvements to Intersection of Forsgate & Rossmoor, Monroe Township); 11) **Township of Piscataway, New Jersey** (Drake Lane Improvements Phase II); 12) **County of Monmouth, New Jersey** (Replacement of Bridge U-15 on Breza Road over Doctor's Creek, Upper Freehold and Allentown); and 13) **County of Hudson, New Jersey** (Improvement to JFK Boulevard from Pavonia Road) . NGM also issued a fringe benefits bond no. S-324394.

137743463.1

137853292.2

(Page 3)
Debtor:       Assuncao Bros., Inc.
Case No.:     22-16159 (CMG)
Caption :     CONSENT ORDER
_____

**WHEREAS**, on or about August 12, 2022, NGM's counsel served ABI's counsel with a Rule 2004 subpoena for the production of documents, calling for responsive documents to be produced by September 2, 2022, and

**WHEREAS**, counsel for NGM and counsel for ABI discussed NGM's requests and agreed to enter into this Consent Order governing ABI's responses and resolving NGM's Rule 2004 subpoena, and

**WHEREAS**, the Court, having reviewed this Consent Order and for good cause shown, it is hereby

**ORDERED THAT:**

1. ABI's time to respond to NGM's Rule 2004 subpoena is hereby extended through and including September 23, 2022, and the Parties may agree to further extensions of the time to respond without further order of the Court.

2. ABI agrees to make its documents and computer-based information and documentation available for NGM's inspection at ABI's offices beginning on September 6, 2022. NGM may copy/duplicate any of ABI's information and documentation concerning the Bonded Contracts. NGM only intends to review ABI's documents concerning the Bonded Contracts. If ABI's representative(s) cannot direct NGM and/or its attorneys/paralegals/consultants ("NGM's Representatives") to segregated documents/information related to the Bonded Contracts, NGM's Representatives may review groups of documents that relate to Bonded Contracts and other information/documentation unrelated to Bonded Contracts, but in any event NGM's Representatives may only copy/duplicate any of ABI's documents/information that are

137743463.1

137853292.2

(Page 4)
Debtor: Assuncao Bros., Inc.
Case No.: 22-16159 (CMG)
Caption : CONSENT ORDER
_____

related to Bonded Contracts. NGM's Representatives' review of ABI's documents at ABI's offices is done without NGM waiving any of NGM's rights to receive complete responses to NGM's requests made within its Rule 2004 Subpoena. ABI likewise reserves its right to file a motion to quash with respect to NGM's Rule 2004 Subpoena.

3. Any documents to be photocopied, printed, downloaded, saved or otherwise removed from ABI's offices will first be presented to and acknowledged as related to Bonded Contracts by ABI's representative(s) on site.

4. In the event that there is a disagreement on site over the relevancy of a document, counsel for ABI and counsel for NGM shall discuss, and the disputed document may not be photocopied, printed, downloaded, saved or otherwise removed from ABI's offices without agreement by counsel or as may otherwise be ordered by the court.

5. ABI may designate any documents that are produced to NGM as "Confidential" under the terms of this Consent Order if ABI has good cause to believe that such documents satisfy the definition of Confidential Discovery Material.

6. Confidential Discovery Material is defined as, and shall be limited to, any documents that contain: (1) trade secrets; (2) proprietary information, including but not limited to competitively sensitive technical, marketing, financial, sales, or other confidential business information; (3) private or confidential personal information; (4) information received in confidence from third parties; (5) any documentation subject to attorney client privilege or constituting attorney work-product materials; or (6) any information which any Producing Party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c) and applicable Local Rules. Confidential Discovery Material shall

137743463.1

137853292.2

___

not include, *inter alia*: (i) information in the public domain; (ii) information already known by the receiving party through proper means which does not involve a breach of this Stipulation; (iii) information that is or becomes publicly available in substantially the same form in which it is produced, but not if such information becomes publicly available as a result of a breach of this Consent Order; (iv) information that is voluntarily de-designated by ABI; and (v) information that is or becomes available to a party from a source (a) other than the party asserting confidentiality and (b) rightfully in possession of such information on a non-confidential basis.

7. The designation of documents as Confidential Discovery Material shall be made in the following manner: (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (e.g., CD-ROM, DVD).

8. NGM shall have the right to utilize any and all documents and information concerning the Bonded Contracts, excluding any documents and information designated as Confidential Discovery Material. To the extent that NGM should wish to utilize any Confidential Discovery Material or make any Confidential Discovery Material known to third parties, NGM shall confer with ABI's counsel and obtain written consent or otherwise seek court approval to which ABI reserves the right to object to same.

9. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and

(Page 6)

Debtor: Assuncao Bros., Inc.
Case No.: 22-16159 (CMG)
Caption: CONSENT ORDER

___

brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent of mistaken disclosure.

10. NGM's Representatives shall prepare a list of all materials photocopied, printed, downloaded, saved, or otherwise removed from ABI's offices, and provide that list to counsel for ABI.

11. NGM may take the Rule 2004 examinations of one or two of debtors' representative(s) designated by the Debtor in response to NGM's Rule 2004 Subpoena without further Order of the Court.

12. ABI's compliance with this Consent Order shall resolve NGM's Rule 2004 subpoena.

13. Nothing herein shall affect rights of any party in that certain action styled, NGM Insurance Company v. Assuncao Brothers, Inc., Martin Assuncao and Lisa Assuncao, No. MID L 003042-22, in the Superior Court of New Jersey.

14. This Consent Order shall be immediately effective and enforceable upon the entry of this Consent Order.

*[Signature page follows]*

137743463.1

137853292.2

(Page 7)
Debtor:         Assuncao Bros., Inc.
Case No.:       22-16159 (CMG)
Caption :       CONSENT ORDER
_____

We hereby consent to the terms and conditions stated herein.

| **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP** | **FOX ROTHSCHILD LLP** |
|---|---|
| */s/ Gary D. Bressler* | */s/ Joseph J. DiPasquale* |
| Gary D. Bressler, Esq. | Joseph J .DiPasquale, Esq. |
| Adam R. Schwartz, Esq. | 49 Market Street |
| Scott A. Levin, Esq. | Morristown, NJ 07960 |
| Virginia T. Shea, Esq. | Telephone: (973) 548-3368 |
| 1300 Mt. Kemble Avenue | jdipasquale@foxrothschild.com |
| P.O. Box 2075 | |
| Morristown, NJ 07962-2075 | *Proposed Attorneys for Debtor* |
| Telephone: (973) 993-8100 | |
| gbressler@mdmc-law.com | |
| aschwartz@mdmc-law.com | |
| slevin@mdmc-law.com | |
| vshea@mdmc-law.com | |
| | |
| *Attorneys for NGM Insurance Company* | |
| | |
| Dated: September 16, 2022 | Dated: September 16, 2022 |

137743463.1

137853292.2