| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**FOX ROTHSCHILD LLP**<br>49 Market Street<br>Morristown, NJ 07960<br>Joseph J. DiPasquale, Esq.<br>Michael R. Herz, Esq.<br>Joseph A. Caneco, Esq.<br>jdipasquale@foxrothschild.com<br>mherz@foxrothschild.com<br>jcaneco@foxrothschild.com<br>Telephone:  (973) 992-4800<br>Facsimile:   (973) 992-9125<br><br>*Proposed Counsel to the Debtor*<br>*and Debtor in Possession* | |
| In Re:<br><br>ASSUNCAO BROS., INC.,<br><br>               Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-16159-CMG<br><br>Judge:  Hon. Christine M. Gravelle |

### SUPPLEMENTAL CERTIFICATION OF JOSEPH J. DIPASQUALE IN SUPPORT OF DEBTOR'S APPLICATION FOR RETENTION OF FOX ROTHSCHILD LLP AS COUNSEL

      I, Joseph J. DiPasquale, being of full age, hereby certify pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

      1.    I am a partner of Fox Rothschild LLP ("Fox"), proposed counsel for Assuncao Bros., Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11, subchapter v case, and I submit this supplemental certification in support of the Debtor's application to retain Fox as counsel (the "Fox Retention Application") [D.I. 90] and to address certain issues raised by the United States Trustee in its objection to the Fox Retention Application

137916309.2

[D.I. 104].

2.    Unless otherwise stated, all facts set forth herein are based on my personal knowledge and review of relevant documentation.

3.    The following table reflects the dates and amounts of (i) the two (2) retainer installments received by Fox from the Debtor prior to the August 3, 2022 petition date (the "Petition Date"), and (ii) the five (5) invoices issued by Fox to the Debtor prior to the Petition Date, with a column reflecting the remaining retainer balance held by Fox after application to each invoice.

| Retainer Date | Retainer Amount | Invoice Date | Invoice Amount | Invoice Number | Balance |
|---|---|---|---|---|---|
| 7/08/22 | $100,000 | | | | $100,000 |
| | | 7/22/22 | $56,192.50 | 3005390 | $43,807.50 |
| | | 7/22/22 | $9,906 | 3005418 | $33,901.50 |
| | | 7/26/22 | $14,409 | 3006727 | $19,429.50 |
| 7/29/22 | $85,000 | | | | $104,492.50 |
| | | 7/31/22 | $24,013.50 | 3008440 | $80,479 |
| | | 8/3/22 | $12,789 | 3009859 | $67,690 |

4.    Fox did not issue any invoices to the Debtor prior to receiving the initial retainer of $100,000 on July 8, 2022.  The July 22, 2022 invoice for $56,192.50 was the first invoice issued by Fox to the Debtor.

5.    As set forth in the table above and stated in the Revised Disclosure of Compensation of Attorney for Debtor filed on August 26, 2022 [D.I. 89], Fox is holding a retainer balance of $67,690.

6.    Fox has provided the United States Trustee with copies of the invoices listed above as well as the bank wire confirmations reflecting Fox's receipt of the two retainers listed above. Fox has further provided the United States Trustee with a detailed *Pillowtex* analysis based on Fox's individual time entries demonstrating that it was not the recipient of potential avoidable

preferential payments from the Debtor. In particular, Fox provided the United States Trustee with analyses demonstrating: (i) that the total value of its time billed prior to receipt of the first retainer for $100,000 on July 8, 2022 was just $5,441, which is below the statutory threshold of $7,575 for a preference avoidance action pursuant to section 547(c)(9) of the Bankruptcy Code; and (ii) that between receipt of the first retainer on July 8, 2022 and receipt of the second retainer on July 29, 2022, the total value of the time billed by Fox was $88,813, and therefore Fox did not exhaust the first retainer before the second retainer was received.

7. In Exhibit B to my original certification in support of the Fox Retention Application [D.I. 90-2], it was disclosed that NGM Insurance Company is a "[c]urrent client in unrelated matters; conflict waiver letter executed." This disclosure was incorrect and the result of an internal miscommunication. The correct disclosure for Fox's relationship with NGM Insurance Company is: "Former client (relationship belonged to a group of lateral attorneys before they joined Fox in 2018; the files were all closed out 10+ years ago and no work was ever done at Fox); former litigation adversity (2019)."

8. In light of the confusion regarding the NGM Insurance Company disclosure, Fox, at the request of the United States Trustee, re-ran its conflict check using the same parties listed in Exhibit A to my original certification. Attached as Exhibit A hereto is an updated version of Exhibit B to my original certification with modified disclosures (in redline) based on the new conflict check. As set forth in Exhibit A, the new conflict check did not reflect any previously undisclosed current representations or adversities with parties-in-interest. The updates reflect only former representations or adversities.

9. With respect to Fox's request that its retention be effective as of the Petition Date, the record reflects that Fox was occupied addressing multiple urgent and important matters at the

3

137916309.2

outset of the Debtor's case.  In addition to assisting the Debtor with its transition into bankruptcy, during the first few weeks of the case Fox addressed, among other items, (i) issues pertaining to the Debtor's financing and sale motions, including negotiating with multiple parties regarding the terms of financing and sale,[1] (ii) responding to discovery requests from various parties, and (iii) negotiating a consent order with NGM Insurance Company regarding the disposition of the Debtor's bonded projects.  The discovery efforts included producing voluminous documentation and producing the Debtor's financial advisor for deposition on August 20, 2022.  Attending to these critical tasks delayed the filing of Fox's retention application, but even so, the application was still filed within thirty (30) days of the Petition Date.

10. In light of the information and analyses provided to the United States Trustee, counsel for the United States Trustee advised on October 5, 2022 that its objection to the Fox Retention Application has been resolved.

I certify that the foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: */s/ Joseph J. DiPasquale*

Joseph J. DiPasquale

Dated:  October 6, 2022

---

[1] The parties Fox was engaged with on financing and sale issues early in the case included the United States Trustee, the Subchapter V Trustee, secured creditor Manasquan Bank, secured creditor the Small Business Administration, the Debtor's surety, NGM Insurance Company, the buyer, Vollers Excavating and Contractors, Inc., and several other third parties.