**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, NJ 07960
Joseph J. DiPasquale, Esq.
Michael R. Herz, Esq.
Joseph A. Caneco, Esq.
jdipasquale@foxrothschild.com
mherz@foxrothschild.com
jcaneco@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:   (973) 992-9125

*Proposed Counsel to the Debtor
and Debtor in Possession*

In Re:

ASSUNCAO BROS., INC.,

        Debtor.

Chapter 11 (Subchapter V)

Case No. 22-16159-CMG

Judge:  Hon. Christine M. Gravelle

**SUPPLEMENTAL CERTIFICATION OF JACEN DINOFF IN SUPPORT OF
DEBTOR'S APPLICATION FOR RETENTION OF KCP ADVISORY GROUP LLC AS
<u>FINANCIAL ADVISOR TO THE DEBTOR</u>**

      I, Jacen Dinoff, being of full age, hereby certify pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

      1.    I am the Chief Executive Officer of KCP Advisory Group ("<u>KCP</u>"), the proposed financial advisor for Assuncao Bros., Inc. (the "<u>Debtor</u>"), the debtor and debtor-in-possession in the above-captioned chapter 11, subchapter v case, and I submit this supplemental certification in support of the Debtor's application to retain KCP as financial advisor (the "<u>KCP Retention Application</u>") [D.I. 91] and to address certain issues raised by the United States Trustee in its

138223549.2

objection to the KCP Retention Application [D.I. 105].

2. To give more background on KCP's pre-petition relationship with the Debtor, KCP was originally engaged by the Debtor's pre-bankruptcy counsel, Mandelbaum Barrett, P.C. ("Mandelbaum"), in February 2022 to provide certain consulting services to the Debtor. During this time, all of KCP's invoices and fees were processed and paid by the Debtor. KCP received the following retainer payments while it was engaged through Mandelbaum:

- $10,000 on February 25, 2022
- $5,000 on March 30, 2022
- $5,329.09 on April 14, 2022
- $6,366.05 on April 27, 2022
- $5,000 on May 24, 2022
- $10,000 on June 2, 2022
- $11,068.64 on June 27, 2022
- $100,000 on July 8, 2022

3. In early July 2022, it was determined that the Debtor would benefit from directly retaining KCP to assist the Debtor in preparation of a chapter 11, subchapter v, bankruptcy filing, and KCP was then engaged directly by the Debtor on July 8, 2022. At that time, KCP was holding a net retainer balance of $76,730 that KCP originally received while engaged by Mandelbaum, and which was transferred to the direct engagement with the Debtor. This is the amount set forth for the original retainer in the Services Agreement attached as Exhibit A to the KCP Retention Application. Thereafter, on July 29, 2022, KCP received an additional retainer from the Debtor in the amount of $85,000.

4. The following is a chart reflecting the retainers received by KCP and the subsequent invoices issued by KCP to Mandelbaum or the Debtor for services performed by KCP on behalf of the Debtor during the 90 days prior to the date of the Debtor's bankruptcy filing on August 3, 2022 (the "Petition Date"), a period beginning on May 5, 2022:

138223549.2

| Retainer Date | Retainer Amount | Invoice Date | Invoice Amount | Balance Due KCP | Retainer Balance Held by KCP |
|---|---|---|---|---|---|
| | | | | $16,588.64[1] | $0.00 |
| 5/24/22 | $5,000.00 | | | $11,588.64 | $0.00 |
| | | 5/30/22 | $3,725.00 | $15,313.64 | $0.00 |
| 6/2/22 | $10,000.00 | | | $5,313.64 | $0.00 |
| | | 6/6/22 | $1,568.75 | $6,882.39 | $0.00 |
| | | 6/13/22 | $3,806.25 | $10,688.64 | $0.00 |
| | | 6/20/22 | $3,875.00 | $14,563.64 | $0.00 |
| 6/27/22 | $11,068.64 | | | $3,495.00 | $0.00 |
| | | 6/27/22 | $7,812.50 | $11,307.50 | $0.00 |
| | | 7/4/22 | $5,256.25 | $16,563.75 | $0.00 |
| 7/8/22 | $100,000.00 | | | $0.00 | $83,436.25 |
| | | 7/11/22 | $6,706.25 | $0.00 | $76,730.00 |
| | | 7/18/22 | $18,312.50 | $0.00 | $58,417.50 |
| | | 7/25/22 | $18,037.50 | $0.00 | $40,380.00 |
| 7/29/22 | $85,000.00 | | | $0.00 | $125,380.00 |
| | | 8/1/22 | $15,038.75 | $0.00 | $110,341.25 |
| | | 8/3/22 | $12,172.50 | $0.00 | $98,168.75 |

5. As set forth in the chart above, on the Petition Date, KCP held a retainer balance of $98,168.75. The statement in paragraph 10 of my original certification in support of the KCP Retention Application [D.I. 91-2] that "KCP has received a retainer from the Debtor in the amount of $98,168.75," should be clarified to state that "KCP is holding a retainer balance from the Debtor in the amount of $98,168.75."

6. KCP has provided the United States Trustee with copies of the invoices issued during the respective periods it was engaged by Mandelbaum Barrett and the Debtor, as well as proofs of deposit reflecting KCP's receipt of the retainers received during its respective engagements by Mandelbaum Barrett and the Debtor. KCP has further provided the United States Trustee with a detailed *Pillowtex* analysis demonstrating that it was not the recipient of potential avoidable preferential payments from the Debtor during the 90 days prior to the Petition Date. In

---

[1] This is the prior balance due to KCP before the first retainer payment remitted during the preference period.

3

138223549.2

particular, KCP provided the United States Trustee with an analysis reflecting that to the extent the first four (4) retainer payments that KCP received during the preference period[2] ($5,000 on May 24, 2022; $10,000 on June 2, 2022; $11,068 on June 27, 2022; and $100,000 on July 8, 2022) were applied to existing balances due to KCP and could be considered preferential payments, such payments are entirely offset by subsequent new value provided by KCP to the Debtor in the form of services rendered prior to the Petition Date pursuant to 547(c)(4) of the Bankruptcy Code. Additionally, after receipt of the $100,000 retainer on July 8, 2022 and application to KCP's then-existing balance of $16,588.64, KCP held a retainer balance of $83,436.25. After that point, KCP did not exhaust the retainer balance and was never due an outstanding balance, and therefore applications of the retainer balance to invoices after July 8, 2022 did not constitute preferential payments.

7. With respect to KCP's request that its retention be effective as of the Petition Date, the record reflects that the Debtor was occupied addressing multiple urgent and important matters at the outset of its bankruptcy case, requiring significant assistance from KCP. In addition to assisting the Debtor with its transition into bankruptcy, during the first few weeks of the case KCP addressed, among other items, (i) issues pertaining to the Debtor's financing and sale motions, including producing a detailed liquidation analysis, and (ii) assisting the Debtor in responding to discovery requests from various parties. The discovery efforts included producing voluminous documentation and I sat for a deposition with counsel for the Debtor's surety, NGM Insurance Company, on August 20, 2022. Attending to these critical tasks delayed the filing of KCP's Retention Application, but even so, the application was still filed within thirty (30) days of the Petition Date.

---

[2] The first day of the preference period was May 5, 2022.

138223549.2

8. With respect to the United States Trustee's assertion that KCP's retainer is "excessive in a small business case under subchapter v," the United States Trustee has not cited to any examples showing that the retainer is inordinate under the circumstances. The chapter 11 process, even in subchapter v, can be complex for debtors to be able to support and address issues. As noted above and reflected in the record, the early stages of this case involved difficult and complex issues with respect to financing and sale. The Debtor and counsel thus needed a financial advisor able to assist in the limited timeframe of subchapter v to maximize recovery. Additionally, the Debtor's systems and records require senior assistance from an experienced financial advisor. The company lacks resources capable of providing information, identifying and addressing solutions, including with respect to the aforementioned financing and sale issues, or preparing a Plan of Reorganization for the benefit of creditors.

9. With respect to the United States Trustee's concerns about certain terms in KCP's Services Agreement with the Debtor, KCP will work with the Trustee and the Debtor's proposed counsel, Fox Rothschild LLP, on language that is mutually acceptable.

I certify that the foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: *Jacen Dinoff* (signature)
Jacen Dinoff

Dated: October 17, 2022

5

138223549.2