| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**FOX ROTHSCHILD LLP**<br>49 Market Street<br>Morristown, NJ 07960<br>Joseph J. DiPasquale, Esq.<br>Michael R. Herz, Esq.<br>Joseph A. Caneco, Esq.<br>jdipasquale@foxrothschild.com<br>mherz@foxrothschild.com<br>jcaneco@foxrothschild.com<br>Telephone:  (973) 992-4800<br>Facsimile:   (973) 992-9125<br><br>*Counsel to the Debtor and Debtor in Possession* | |
| In Re:<br><br>ASSUNCAO BROS., INC.,<br><br>                    Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-16159-CMG<br><br>Judge:  Hon. Christine M. Gravelle<br><br>Hearing Date:  November 8, 2022<br>Hearing Time:  10:00 a.m. |

**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1189(b) TO EXTEND TIME PERIOD TO FILE CHAPTER 11 PLAN**

Assuncao Bros., Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11, subchapter v case (the "Subchapter V Case"), by and through its undersigned counsel, hereby files this memorandum of law in support of its motion (the "Motion") for entry of an order pursuant to 11 U.S.C. §§ 1189(b) and 105(a) to extend the time period to file its chapter 11 plan by a period of ninety (90) days through and including January 30, 2023.  In support of the Motion, the Debtor respectfully represents as follows:

139072176.1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2021 (Simandle, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of the Debtor's Subchapter V Case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein are sections 1189(b) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

4. The facts set forth in the *Certification of Martin Assuncao* (the "Assuncao Certification") submitted herewith are incorporated herein by reference.

5. On August 3, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter v ("Subchapter V") of chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its assets and continues to manage its business as a debtor-in-possession pursuant to 11 U.S.C. § 1184.

6. As set forth in greater detail in the *Declaration of Martin Assuncao in Support of Voluntary Petition and First Day Motions* (the "First Day Declaration") [D.I. 8], the Debtor is a contractor specializing in concrete services, including, but not limited to, curb, sidewalk, bridge, barriers, and slabs. The Debtor is a family-owned business that has been operating since 1958.

7. On the Petition Date, the Debtor had several contracts to work on both bonded and non-bonded projects throughout the State of New Jersey.

2

8. On the Petition Date, the Debtor filed several motions to continue operations post-petition, including a *Motion for Entry of Interim and Final Orders (I) Authorizing (A) Post-Petition Financing and (B) Use of Cash Collateral and Affording Adequate Protection; (II) Modifying the Automatic Stay; and (III) Scheduling a Final Hearing* (the "Financing Motion") [D.I. 13].

9. On August 5, 2022, the Debtor filed a *Motion for Entry of Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement, (III) Authorizing Debtor to Enter Into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases* (the "Sale Motion") [D.I. 25]. Through the Sale Motion, the Debtor, among other things, requested approval to sell certain assets to Vollers Excavating and Construction, Inc. ("Vollers"), and enter into subcontracts with Vollers whereby Vollers would complete certain of the Debtor's non-bonded projects.

10. On August 8, 2022, Scott S. Rever was appointed as the subchapter v trustee (the "Trustee").

11. On August 16, 2022, the Debtor filed a *Motion for Entry of an Order Authorizing Rejection of Certain Executory Contracts and Unexpired Leases Effective as of the Petition Date* (the "Rejection Motion") [D.I. 57].

12. Several objections were filed to the Financing Motion and Sale Motion, and the Debtor received a number of informal responses as well. Throughout the first few weeks of the Subchapter V Case, the Debtor engaged in extensive negotiations with several parties to resolve their objections and concerns to the relief requested in the Financing Motion and the Sale Motion. The parties included the United States Trustee, the Trustee, secured creditors Manasquan Bank and the Small Business Administration, the Debtor's surety, NGM Insurance Company ("NGM"),

3

and several other third parties. The Debtor also worked during this period and after to address discovery requests from multiple parties, which included producing the Debtor's financial advisor, Jacen Dinoff of KCP Advisory, for a deposition on August 20, 2022.

13.    On August 24, 2022, the Court entered a final order approving the Financing Motion [D.I. 84].[1]

14.    On August 25, 2022, the Court entered an order approving the Sale Motion (the "Sale Order") [D.I. 87]. The closing with Vollers occurred shortly thereafter. Notably, the Sale Order provided that the Debtor would receive (i) 10% of the net proceeds of the accounts receivable collected by Vollers on the Debtor's non-bonded projects continued by Vollers, after application of direct costs and allowed overhead (the "Receivable Kicker"), and (ii) 25% of any proceeds recovered by Vollers with respect to claims against Schiavone Construction Co., LLC (the "Schiavone Claim").

15.    On August 29, 2022, the Court entered a consent order agreed to by the Debtor and NGM providing for the rejection of contracts for bonded projects and related relief [D.I. 95].

16.    On September 6, 2022, the Court entered an order approving the Rejection Motion [D.I. 106].

17.    On September 26, 2022, the Court entered a further consent order agreed to by the Debtor and NGM addressing NGM's remaining discovery requests under a previously issued Bankruptcy Rule 2004 subpoena [D.I. 126].

18.    The Debtor has also negotiated consent orders with other parties providing for certain relief [see D.I. 112, 122, 125].

---

[1] The Court previously entered an interim order approving the financing motion on August 4, 2022 [D.I. 23].

4

19. Additionally, on September 2, 2022, the United States Trustee filed objections to the Debtor's applications to retain Fox Rothschild LLP as its attorneys and KCP Advisory as its financial advisor [*see* D.I. 90 and 91 for applications, and D.I. 104 and 105 for United States Trustee's objections]. The Debtor's professionals/proposed professionals spent several weeks working with the United States Trustee to resolve its objections to the retention applications.[2]

20. The Debtor's meeting of creditors pursuant to section 341 of the Bankruptcy Code was held on September 8, 2022. The Debtor's initial debtor interview with the United States Trustee also occurred on that date.

21. The deadline for creditors to file proofs of claim was October 12, 2022. The deadline for government agencies to file a proof of claim is January 30, 2023 [*see* D.I. 42].

**RELIEF REQUESTED**

22. By this Motion, the Debtor requests, pursuant to sections 1189(b) and 105(a) of the Bankruptcy Code an extension of the time period to file its chapter 11 plan by ninety (90) days, through and including January 30, 2023. As set forth below, additional time is needed for the Debtor to better formulate its plan.

**BASIS FOR RELIEF**

23. Although Subchapter V falls under the "chapter 11" umbrella, the rules governing "who" may file a plan, "when" a plan may be filed, and "why" the deadline to file a plan may be extended differ for Subchapter V debtors and other chapter 11 debtors.

24. Unlike other chapter 11 debtors, the Subchapter V debtor is the only party that may file a plan in the Subchapter V Case. *See* 11 U.S.C. § 1189(a). Another difference between chapter

---

[2] The United States Trustee's objections to Fox Rothschild's and KCP Advisory's retention applications have been resolved.

5

139072176.1

11 cases generally and Subchapter V cases is the timeline in which a plan may be filed. Section 1121 of the Bankruptcy Code allows a chapter 11 debtor a 120-day exclusive period in which the debtor may file its plan. *See* 11 U.S.C. § 1121. Further, a chapter 11 debtor may still file a plan notwithstanding the exclusive period ending. However, Subchapter V debtors are bound by an expedited schedule, in which the timeframe for a debtor to file its plan is ninety (90) days from the petition date. *See* 11 U.S.C. §1189(b).

25. Section 1189(b) of the Bankruptcy Code governs a Subchapter V debtor's time for filing a chapter 11 plan and provides as follows:

> (b) Deadline.—
> The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable.

11 U.S.C. § 1189(b).

26. The Bankruptcy Code permits a Subchapter V debtor to request, and be granted, an extension of the time to file its chapter 11 plan beyond the statutory 90-day limitation "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." *See* 11 U.S.C. § 1189(b). However, neither section 1189(b) nor other sections of the Bankruptcy Code define what circumstances will support the need for an extension of time to file the debtor's plan for which the debtor should "not justly be held accountable."

27. The relative novelty of Subchapter V means that the body of case law interpreting whether to grant an extension under section 1189(b) of the Bankruptcy Code is very limited. Therefore, courts often look to section 1221 of the Bankruptcy Code for guidance because the language governing an extension under section 1189 is identical to section 1221. *See* 11 U.S.C. § 1221 ("The debtor shall file a plan not later than 90 days after the order for relief under this chapter,

6

except that the court *may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable.*") (emphasis added).

28. "Courts interpreting the language used in §§ 1189 and 1221 have held that 'the bankruptcy court may grant an extension only if the debtor's inability to file a timely plan is due to circumstances **beyond the debtor's control**.'" *See In re Baker*, 625 B.R. 27, 34 (Bankr. S.D. Tex. 2020) (internal citations omitted) (emphasis added). Whether a debtor should not justly be held accountable is a fact-driven inquiry. *See id.* at 35 (granting a debtor's second extension of the plan filing deadline under section 1189(b)); *see also In re Trepetin*, 617 B.R. 841, 848-50 (Bankr. D. Md. 2020) (granting a motion to extend the deadline to file a chapter 11 plan under section 1189(b)); *see also In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 345 (Bankr. S.D. Fl. 2020) (explaining the relevant inquiry under section 1189(b) is whether the circumstances surrounding the debtor's inability to file a plan within the statutorily prescribed deadline were "beyond the debtor's control."). At least one bankruptcy court in this district has approved multiple extensions of time pursuant to section 1189(b). *See In re Curto*, Case No. 20-14300 (VFP) [D.I. 53].

29. Additionally, pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). Courts have regularly observed section 105(a) to be a broad provision, endowing bankruptcy courts with equitable powers to craft "necessary and appropriate" remedies that further the aims of the Bankruptcy Code. *See In re United Steel Enterprises*, 2006 WL 3544583, at *6 (D.N.J. Dec. 8, 2006); *In re BWP Gas, LLC*, 354 B.R. 701, 707 (E.D.Pa. 2006); *McHugh v. Otlowski*, 2011 WL 1833370, at *3 (Bankr. D.N.J. May 11, 2011).

7

In this vein, "courts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity." *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004).

30. The Debtor believes that it should not be held "justly accountable" for its need for additional time to file a plan. The Debtor worked in earnest at the outset of its Subchapter V Case to obtain financing and finalize a sale of substantially all of its assets to Vollers. As noted, these important items, which would dictate the course of the Debtor's bankruptcy case, required significant negotiations with several parties, as well as producing various discovery. This occupied a significant portion of the Debtor's focus during the early stages of the Subchapter V Case.

31. Additionally, critical information that will inform the Debtor's plan has not yet been ascertained. In particular, the deadline for non-governmental creditors just occurred on October 12, 2022, and the Debtor and its professionals are reviewing claims to determine the potential extent of the claims body and the possible waterfall through the different classes of claims. Further, the extent of distribution under the Debtor's plan will be dependent on the estate's recovery through the Receivable Kicker and the Schiavone Claim. Additional time will help clarify what the estate may recover through these avenues. The Debtor is also analyzing potential avoidance claims under chapter 5 of the Code, which will also help inform the distribution under a plan.

32. The granting of the Debtor's request for this extension will not prejudice its creditors and will not hinder the administration of this case. If anything, should the Court grant this request, it will allow the Debtor and all parties-in-interest to have a more complete understanding of how the Debtor's plan should be formulated. It is therefore respectfully requested that the Court enter an order extending the time for the Debtor to file a plan through January 30, 2023.

## NOTICE

33. Notice of this Motion has been provided to the Office of the United States Trustee, the Subchapter V Trustee, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order (i) extending the time period in which the Debtor may file its chapter 11 plan by ninety (90) days through and including January 30, 2023; and (ii) granting the Debtor such other and further relief as the Court may deem just and proper.

Dated: October 18, 2022

**FOX ROTHSCHILD LLP**
*Counsel for the Debtor and Debtor-in-Possession*

By: */s/Michael R. Herz*
    Michael R. Herz. Esq.
    Joseph J. DiPasquale, Esq.
    Joseph A. Caneco, Esq.

139072176.1