| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**FOX ROTHSCHILD LLP**<br>49 Market Street<br>Morristown, NJ 07960<br>Joseph J. DiPasquale, Esq.<br>Michael R. Herz, Esq.<br>Joseph A. Caneco, Esq.<br>jdipasquale@foxrothschild.com<br>mherz@foxrothschild.com<br>jcaneco@foxrothschild.com<br>Telephone:  (973) 992-4800<br>Facsimile:   (973) 992-9125<br><br>*Counsel to the Debtor and Debtor in Possession* | |
| In Re:<br><br>ASSUNCAO BROS., INC.,<br><br>    Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-16159-CMG<br><br>Judge:  Hon. Christine M. Gravelle<br><br>Hearing Date:  November 8, 2022<br>Hearing Time:  10:00 a.m. |

**CERTIFICATION OF MARTIN ASSUNCAO IN SUPPORT OF DEBTOR'S MOTION**
**FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1189(b)**
**TO EXTEND TIME PERIOD TO FILE CHAPTER 11 PLAN**

I, Martin Assuncao, being of full age, hereby declare pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1.  I am the President of Assuncao Bros., Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11, subchapter v case (the "Subchapter V Case"), and in that capacity, I am fully familiar with the Debtor's business operations, assets, liabilities, and business records, and I submit this Certification in support of the Debtor's motion (the "Motion") for entry of an order pursuant to 11 U.S.C. §§ 1189(b) and 105(a) to extend the time

139073503.1

period to file its chapter 11 plan by a period of ninety (90) days through and including January 30, 2023.

2.  Unless otherwise stated, all facts set forth herein are based on my personal knowledge, my review of relevant documentation of the Debtor, information provided to me by the Debtor's employees and professionals, or my opinion based on my experience and knowledge with respect to the operations and financial affairs of the Debtor. If I were called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Certification on behalf of the Debtor.

3.  On August 3, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter v of chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor-in-possession in accordance with section 1184 of the Bankruptcy Code.

4.  As set forth in greater detail in my *Declaration in Support of Voluntary Petition and First Day Motions* [D.I. 8] filed shortly after the petition filing, the Debtor is a contractor specializing in concrete services, including, but not limited to, curb, sidewalk, bridge, barriers, and slabs. The Debtor is a family-owned business that has been operating since 1958.

5.  On the Petition Date, the Debtor had several contracts to work on both bonded and non-bonded projects throughout the State of New Jersey.

6.  Unfortunately, the Debtor, like so many other businesses, experienced extraordinary challenges and setbacks over the last two and half years due to the COVID-19 pandemic which resulted in delays starting projects and disruption in management of projects by having to replace managers and workers that were unfamiliar with the projects.

139073503.1

7. The Debtor encountered the following industry challenges especially relating to municipal projects: (i) less gross profit margins for the work while the cost of materials and labor increased significantly; (ii) working capital constraints – long term projects requiring significant time and expense to complete with the majority of payment upon completion; and (iii) collection issues.

8. On the Petition Date, the Debtor filed several motions to continue operations post-petition, including a *Motion for Entry of Interim and Final Orders (I) Authorizing (A) Post-Petition Financing and (B) Use of Cash Collateral and Affording Adequate Protection; (II) Modifying the Automatic Stay; and (III) Scheduling a Final Hearing* (the "Financing Motion") [D.I. 13].

9. On August 5, 2022, the Debtor filed a *Motion for Entry of Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement, (III) Authorizing Debtor to Enter Into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases* (the "Sale Motion") [D.I. 25]. Through the Sale Motion, the Debtor, among other things, requested approval to sell certain assets to Vollers Excavating and Construction, Inc. ("Vollers"), and enter into subcontracts with Vollers whereby Vollers would complete certain of the Debtor's non-bonded projects.

10. On August 8, 2022, Scott S. Rever was appointed as the subchapter v trustee (the "Trustee").

11. On August 16, 2022, the Debtor filed a *Motion for Entry of an Order Authorizing Rejection of Certain Executory Contracts and Unexpired Leases Effective as of the Petition Date* (the "Rejection Motion") [D.I. 57].

3

139073503.1

12. Several objections were filed to the Financing Motion and Sale Motion, and the Debtor received a number of informal responses as well. Throughout the first few weeks of the Subchapter V Case, the Debtor engaged in extensive negotiations with several parties to resolve their objections and concerns to the relief requested in the Financing Motion and the Sale Motion. The parties included the United States Trustee, the Trustee, secured creditors Manasquan Bank and the Small Business Administration, the Debtor's surety, NGM Insurance Company ("NGM"), and several other third parties. The Debtor also worked during this period and after to address discovery requests from multiple parties, which included producing the Debtor's financial advisor, Jacen Dinoff of KCP Advisory, for a deposition on August 20, 2022.

13. On August 24, 2022, the Court entered a final order approving the Financing Motion [D.I. 84].[1]

14. On August 25, 2022, the Court entered an order approving the Sale Motion (the "Sale Order") [D.I. 87]. The closing with Vollers occurred shortly thereafter. Notably, the Sale Order provided that the Debtor would receive (i) 10% of the net proceeds of the accounts receivable collected by Vollers on the Debtor's non-bonded projects continued by Vollers, after application of direct costs and allowed overhead (the "Receivable Kicker"), and (ii) 25% of any proceeds recovered by Vollers with respect to claims against Schiavone Construction Co., LLC (the "Schiavone Claim").

15. On August 29, 2022, the Court entered a consent order agreed to by the Debtor and NGM providing for the rejection of contracts for bonded projects and related relief [D.I. 95].

16. On September 6, 2022, the Court entered an order approving the Rejection Motion [D.I. 106].

---

[1] The Court previously entered an interim order approving the financing motion on August 4, 2022 [D.I. 23].

17. On September 26, 2022, the Court entered a further consent order agreed to by the Debtor and NGM addressing NGM's remaining discovery requests under a previously issued Bankruptcy Rule 2004 subpoena [D.I. 126].

18. The Debtor has also negotiated consent orders with other parties providing for certain relief [*see* D.I. 112, 122, 125].

19. Additionally, on September 2, 2022, the United States Trustee filed objections to the Debtor's applications to retain Fox Rothschild LLP as its attorneys and KCP Advisory as its financial advisor [*see* D.I. 90 and 91 for applications, and D.I. 104 and 105 for United States Trustee's objections]. The Debtor's professionals/proposed professionals spent several weeks working with the United States Trustee to resolve its objections to the retention applications.[2]

20. The Debtor's meeting of creditors pursuant to section 341 of the Bankruptcy Code was held on September 8, 2022. The Debtor's initial debtor interview with the United States Trustee also occurred on that date.

21. The deadline for creditors to file proofs of claim was October 12, 2022. The deadline for government agencies to file a proof of claim is January 30, 2023 [*see* D.I. 42].

22. The Debtor requires additional time to file its plan. First, as noted, the Debtor was heavily engaged with a number of parties during the first several weeks of the case to resolve the Financing Motion and the Sale Motion, as well as to address various discovery requests and the United States Trustee's objections to the retention applications of the Debtor's professionals. Now that the Financing Motion and Sale Motion have been approved, The Debtor requires additional time to analyze claims for distribution under a plan and to gain better clarity with the respect to

---

[2] The United States Trustee's objections to Fox Rothschild's and KCP Advisory's retention applications have been resolved.

the potential extent of recovery from the Receivable Kicker and the Schiavone Claim, as well from potential avoidance actions. Better clarity on these issues will inform how the Debtor's plan is formulated. It is therefore respectfully requested that the Court enter an order extending the time for the Debtor to file a plan through January 30, 2023.

    I certify that the foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: *Martin Assuncao*
      Martin Assuncao

Dated: October 18, 2022