UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**ROBERT Y. COOK, Esq. (#03736-2008)**
**Levinson Axelrod, P.A.**
654 Lacey Road
Forked River, NJ 08731
T: (609) 971-1177
F: (609) 971-1126
rcook@njlawyers.com
*Attorneys for Plaintiff Theresa Kraemer*

                U.S. BANKRUPTCY COURT
              FILED
          NEWARK, NJ

    2022 NOV -9  A 11: 48

   JEANNE A. NAUGHTON

  BY:

In Re:

ASSUNCAO BROTHERS, INC.

    Debtor.

Chapter 11

Bankruptcy No. 22-16159-CMG

Hon. Christine M. Gravelle

Hearing Date:
Time:.

**NOTICE OF MOTION PURSUANT TO *F.R.B.P.* RULE 4001 FOR RELIEF FROM THE AUTOMATIC STAY OF PROCEEDINGS IN THE STATE COURT ACTION ENTITLED KRAEMER *V.* ASSUNCAO BROTHERS, *INC.* SUPERIOR COURT OF NEW JERSEY, ESSEX COUNTY, DOCKET NUMBER ESX-L-2912-20**

To:  United State Bankruptcy Court
District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

Scott S. Rever
Wasserman, Jurista & Stolz
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
**Trustee**

Joseph J. DiPasquale, Esq.
Fox Rothschild, LLP
49 Market Street
Morristown, NJ 07960
**Attorney for Debtor**

All other Attorneys of Service List

**PLEASE TAKE NOTICE** that on _____, 2022 at _____ Robert Y. Cook, Esq.

counsel for Theresa Kraemer in a state court action entitled Kraemer v. Newark Beth Israel

Medical Center, et als, currently venued in the Superior Court of New Jersey, Essex County,

bearing Docket Number ESX-L-2912-20, hereby moves before the Honorable Christine M.

Gravelle, U.S.B.J. at the United States Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark,

New Jersey 07102, Courtroom 3A for an Order granting Theresa Kraemer relief from the

automatic stay of proceedings in his state court tort action such that any relief she may obtain

will be limited to the applicable insurance coverage.

> **PLEASE TAKE FURTHER NOTICE** that in support of the within motion, the
>
> undersigned shall rely upon the certification of Robert Y. Cook, Esq. with exhibits and
>
> memorandum of law submitted herewith. As required by local rule, a proposed form of Order is
>
> submitted herewith.
>
> **Your rights may be affected. You should read these papers carefully and discuss**
>
> **them with your attorney, if you have one in this bankruptcy case. (If you do not have an**
>
> **attorney, you may wish to consult one.)**
>
> If you do not want the Court to grant relief from the stay of proceedings, or if you want
>
> the Court to consider your views, you or your attorney must file with the Clerk at the address
>
> listed below, a written response explaining your position no later than 7 days prior to the hearing
>
> date:

Hearing Date:

Hearing Time:

Hearing Location:        50 Walnut Street, 3rd Floor
                         Newark, New Jersey 07102

Courtroom Number:

If you mail your response to the Court for filing, you must mail it early enough so the

Court will receive it on or before 7 days prior to the hearing date.

You must also mail a copy to:

>Levinson Axelrod, P.A.
>654 Lacey Road
>Forked River, New Jersey 08731
>Attn: Robert Y. Cook, Esq.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the

relief sought in the motion or objection and may enter an order granting that relief.

ROBERT Y. COOK, Esq.

Date:  November 7, 2022

## PROOF OF SERVICE

The undersigned hereby certifies as follows:

1)    I am employed by the law firm of LEVINSON AXELROD.

2)    On this date, the undersigned submitted an original and a copy  via New Jersey
Lawyer Service, the within pleading to the following parties:

United State Bankruptcy Court
District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

3)    On this date, the undersigned sent via NJ Lawyer Service a courtesy paper copy of
the within pleading to:

Joseph J. DiPasquale, Esq.
Fox Rothschild, LLP
49 Market Street
Morristown, NJ 07960
**Attorney for Debtor**

Scott S. Rever
Wasserman, Jurista & Stolz
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
**Trustee**

I certify that the aforesaid statements made by me are true and correct.  I am aware that if
any of the foregoing statements made by me are willfully false, I am subject to punishment.

Michelle K. Baluha

Dated:  November 4, 2022

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**ROBERT Y. COOK, Esq. (#03736-2008)**
**Levinson Axelrod, P.A.**
654 Lacey Road
Forked River, NJ 08731
T: (609) 971-1177
F: (609) 971-1126
rcook@njlawyers.com
Attorneys for Plaintiff Theresa Kraemer

In Re:

ASSUNCAO BROTHERS, INC.

   Debtor.

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

2022 NOV -9  A II: 48

JEANNE A. NAUGHTON

BY:_____
DEPUTY CLERK

Chapter 11

Bankruptcy No. 22-16159-CMG

Hon. Christine M. Gravelle

Hearing Date:
Time:.

**CERTIFICATION OF ROBERT Y. COOK, ESQ. IN SUPPORT OF THE
MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF PROCEEDINGS
IN THE STATE COURT ACTION ENTITLED KRAEMER *V. ASSUNCAO
BROTHERS, INC.* SUPERIOR COURT OF NEW JERSEY, ESSEX COUNTY,
DOCKET NUMBER ESX-L-2912-20**

I, Robert Y. Cook, Esq. of full age, hereby certifies pursuant to Title 28 of the United

States Code, Section 1746:

1. I am an attorney-at-law admitted to practice before this Court. I am partner with the law

   firm of Levinson Axelrod, P.A., attorneys for Theresa Kraemer in the state court action

   entitled Kraemer v. Newark Beth Israel Medical Center, et als, venued in the Superior

   Court of New Jersey, Essex County, bearing Docket Number ESX-L-2912-20.

2. A Complaint on behalf of Theresa Kraemer was filed in New Jersey Superior Court, Somerset County, bearing Docket Number SOM-L-1331-18 on October 25, 2018 for injuries Ms. Kraemer sustained on April 26, 2018 in a fall down incident. (A true and accurate copy of the Complaint is attached hereto as Exhibit A).

3. An Amended Complaint on behalf of Theresa Kraemer was filed in New Jersey Superior Court, Somerset County, bearing Docket Number SOM-L-1331-18 on December 27, 2019 for injuries Ms. Kraemer sustained on April 26, 2018 in a fall down incident. (A true and accurate copy of the Amended Complaint is attached hereto as Exhibit B).

4. An Answer to the Amended Complaint was filed on behalf of Assuncao Brothers, Inc., on December 27, 2019. (A true and accurate of the Assuncao Brothers, Inc.'s Answer is attached hereto as Exhibit C).

5. A motion was filed to change from Somerset County to Essex County was filed and same was granted by the Court. (A true and accurate copy of the April 9, 2020 Order changing venue to Essex County is attached hereto as Exhibit D).

6. Assuncao Brothers, Inc. is being defended and indemnified for Ms. Kraemer's claim through a policy of insurance that provides $1,000,000.00 in liability coverage. (A true and accurate copy of Assuncao Brothers, Inc.'s answers to interrogatories is attached hereto as Exhibit E at Form C, No. 13).

7. Counsel for Ms. Kraemer received notice that Assuncao Brothers, Inc. had filed for bankruptcy on August 3, 2022 through correspondence dated September 28, 2022 sent by counsel representing Assuncao Brothers, Inc. in the state law action. (A true and accurate copy of the September 28, 2022 correspondence is attached hereto as Exhibit F).

8. An automatic stay was requested and entered in the state law action Kraemer v. Newark Beth Israel Medical Center, et als, venued in the Superior Court of New Jersey, Essex County, bearing Docket Number ESX-L-2912-20 on September 30, 2022 as a result of ASSUNCAO BROTHERS, INC. 's bankruptcy filing. (A true and accurate copy of the request for an automatic stay is attached hereto as Exhibit G).

9. Ms. Kraemer agrees to limit any recovery she may receive against Assuncao Brothers, Inc. in the state court negligence action to the liability coverage of the applicable insurance policy.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 27, 2022.

ROBERT Y. COOK, Esq.

Dated: November 7, 2022

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**ROBERT Y. COOK, Esq. (#03736-2008)**
**Levinson Axelrod, P.A.**
654 Lacey Road
Forked River, NJ 08731
T: (609) 971-1177
F: (609) 971-1126
rcook@njlawyers.com
Attorneys for Plaintiff Theresa Kraemer

In Re:

ASSUNCAO BROTHERS, INC.

   Debtor.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Chapter 11

Bankruptcy No. 22-16159-CMG

Hon. Christine M. Gravelle

Hearing Date:
Time:.

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

2022 NOV -9  A 11: 48

JEANNE A. HAUGHTON

BY:

DEPUTY CLERK

---

## BRIEF SUBMITTED IN SUPPORT OF THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF PROCEEDINGS FILED ON BEHALF OF THERESA KRAEMER

---

LEVINSON AXELROD, P.A.
Attorneys for Plaintiff
654 Lacey Road
Forked River, New Jersey 08731
(609) 971-1177

On the brief:  Robert Y. Cook, Esq.

## STATEMENT OF FACTS

A state law negligence was instituted on behalf of Theresa Kraemer currently venued in New Jersey Superior Court, Essex County under Docket Number ESX-L-2912-20 on October 28, 2018 for injuries Ms. Kraemer sustained in an April 26, 2018 fall down incident. *See*, Exhibit A, Complaint.  An Amended Complaint was filed by Theresa Kraemer on December 27, 2019. See Exhibit B, Amended Complaint. An Answer was filed on behalf of Assuncao Brothers, Inc. in the state law action on December 27, 2019.  *See*, Exhibit C, Answer.  Assuncao Brothers, Inc. is being defended and indemnified for Ms. Kraemer's claim through a policy of insurance that provides $1,000,000.00 in liability coverage. *See*, Exhibit E, Assuncao Brothers, Inc.'s Answers to Interrogatories at Form C, No. 13.

Counsel for Ms. Kraemer received notice that Assuncao Brothers, Inc. had filed for bankruptcy on August 3, 2020 through correspondence dated September 28, 2022 sent by counsel representing Assuncao Brothers, Inc. in the state law action. *See*, Exhibit F, September 28, 2022 Correspondence.  An automatic stay was requested and entered in the state law action *Kraemer v. Newark Beth Israel et als*, filed in the Superior Court of New Jersey, Essex County, bearing Docket Number ESX-L-2912-20 on September 30, 2022 as a result of Assuncao Brothers, Inc.'s bankruptcy filing. *See*, Exhibit G, Request for Automatic Stay.  Ms. Kraemer agrees to limit any recovery she may receive against Assuncao Brothers, Inc. in the state court negligence action to the liability coverage of the applicable insurance policy. *See*, Certification of Robert Y. Cook, Esq.

## LEGAL ARGUMENT

**PURSUANT TO 11 *U.S.C.* § 362(d) PLAINTIFF-CREDITOR IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY IMPOSED ON HIS STATE COURT TORT ACTION SUCH THAT HIS POTENTIAL RECOVERY IS LIMITED TO THE PROCEEDS AVAILABLE UNDER THE APPLICABLE INSURANCE POLICY**

While 11 *U.S.C.* § 362(a) provides for an automatic stay of proceedings when a party files for bankruptcy, 11 *U.S.C.* § 362(d) provides that the stay may be lifted for cause. *Elliot v. Hardison*, 25 B.R. 305, 308 (Bkrtcy. E.D.V.A. 1982). 11 *U.S.C.* § 362(d) specifically provides:

> On request of a party in interest and after notice of a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> (2) with respect to a stay of an act against property if—
>     (A) the debtor does not have equity in such property; and
>     (B) such property is not necessary to an effective reorganization.

Since cause is not defined in the bankruptcy Code it is left to the court to determine if cause exists based upon the totality of the circumstances in each particular case. *In the matter of Robertson*, 244 B.R. 880, 882 (Bkrtcy. N.D. Ga. 2000). Cause has generally been found where "lifting the automatic stay might include the lack of any connection with or interference with the pending bankruptcy case" *Id.*, where there is a lack of adequate protection of an interest in property of the party requesting relief or to allow an action to proceed to completion in another court, *In re Fowler*, 259 B.R. 856, 858 (Bkrtcy. E.D. Tex. 2001). Thus, courts routinely lift stays of proceedings to allow tort suits to proceed in state court to determine the defendant-debtor's liability especially when the plaintiff-creditor pledges that he or she will only seek satisfaction of

the judgment from the defendant-debtor's insurance company such that there is no expense to the defendant-debtor. *In re Calsol, Inc.*, 419 F. App'x 753, 754 (9th Cir. 2011).

In order to determine if an automatic stay should be lifted for cause the courts have adopted a three-prong balancing test: (1) whether any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil lawsuit; (2) whether the hardship to the non-debtor party by continuation of the automatic stay considerably outweighs the hardship to the debtor; (3) whether the creditor-plaintiff has a probability of success on the merits of his or her case. *In re Bock Laundry Machine Co.*, 37 B.R. 564, 566 (Bkrtcy. N.D. Ohio 1984); see also; *Matter of McGraw*, 18 B.R. 140 (Bkrtcy. W.D. Wis. 1982). In the present matter, a weighing of these factors clearly establishes that the stay should be lifted such that Ms. Kraemer 's state court action be allowed to proceed as he will only seek recovery from Assuncao Brothers, Inc.'s insurance company.

In this matter, Ms. Kraemer has pledged to only seek recovery against applicable insurance coverage provided by Assuncao Brothers, Inc.'s insurance company. Assuncao Brothers, Inc. has acknowledged that Ms. Kraemer's personal injury claim is covered under a policy of insurance that provides liability coverage in the amount of $1,000,000.00. *See*, Exhibit C at Form C, No. 13. It has been noted that when there is an applicable insurance policy neither the bankruptcy estate nor the defendant-debtor will suffer any prejudice by allowing a plaintiff-creditor to continue prosecution of his or her tort action. *In the matter of Robertson*, 244 B.R. at 882. Simply stated, "[i]f there is a liability of the [defendant-debtor], it is personal only to the extent necessary to sustain the recovery against the insurer." *In re Honosky*, 6 B.R. 667, 670 (S.D.W.Va. 1980).

It has been repeatedly noted that "[w]here the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff." *Elliot*, 25 B.R. at 308; *In re Honosky*, 6 B.R. at 669 citing *In re Gerstenzang*, 52 F.2d 863 (S.D.N.Y. 1931) ("Where a creditor's rights against a surety are contingent upon recovery of a judgment against the bankrupt, permission to prosecute suit in the state courts to this extent is frequently given"); *In the Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) (noting that "debtors-defendants suffer little prejudice when they are sued by plaintiff's who seek nothing more than declarations of liability that can serve as a predicate for recovery against insurers, sureties, or guarantors"). In the present matter, Ms. Kraemer will limit her potential recovery to the applicable insurance coverage. As such, the only party who will benefit financially if the stay is not lifted will be Assuncao Brothers, Inc.'s insurance company. *In the Matter of Robertson*, 244 B.R. at 883. In such instances it would be "grossly unfair" to allow the insurance company to benefit at the plaintiff-creditor's expense. *Id.* If the insurance company were permitted to escape its potential liability in the pending state court action it would in effect be unjustly enriched. *Elliot*, 25 B.R. at 310. The Bankruptcy Code was never intended to covey such a benefit upon insurance companies. *In re Honosky*, 6 B.R. at 669.

While Assuncao Brothers, Inc. will not suffer any prejudice by continuation of the underlying state court action, a continued suspension of Ms. Kraemer's negligence action will work a substantial hardship on her opportunity to adequately prosecute her claim. As was stated by one court:

> Personal injury litigation can consume a considerable length of time before a final award is made. Requiring the [plaintiff-creditor] to forego prosecution of their claims until such time as the stay is no longer in effect will effectively deny them an opportunity to be heard. *In re Bock Laundry Machine Co.*, 37 B.R. at 567.

Thus, many courts attribute considerable weight to the fact that a plaintiff-creditor will in effect be stripped of their cause of action if the stay is not lifted. *Id.* at 566. These decisions "reflect that the Courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding." *Id.*

The third prong of the analysis, whether the creditor-plaintiff has a probability of success on the merits of his or her case, also supports the granting of relief from the stay. The underlying state court action involves injuries that Ms. Kraemer sustained as a result of an unsafe condition on Assuncao Brothers, Inc.'s premises that caused him to trip and fall. *See,* Exhibit A. This is a recognized cause of action and there is a probability that Ms. Kraemer will successfully obtain a recovery in the action. Accordingly, since Assuncao Brothers, Inc. will not suffer any prejudice by allowing Ms. Kraemer 's state court action to proceed in order for Ms. Kraemer to obtain any potential award from the available insurance coverage, and Ms. Kraemer will suffer irreparable harm if his state court action is delayed, it is respectfully requested that the stay of proceedings be lifted.

## CONCLUSION

Based on the foregoing, Thersea Kraemer respectfully requests that the Court lift the

automatic stay of proceedings, allowing him to continue prosecution of his state court action

such that any judgment obtained is limited to the applicable insurance coverage.

Respectfully submitted,

**LEVINSON AXELROD, P.A.**
**Attorneys for Thersea Kraemer**

ROBERT Y. COOK, Esq.

DATED: November 7, 2022