**LEVINSON AXELROD**
A Professional Corporation
Robert Y. Cook, Esq. – Attorney ID #037362008
654 Lacey Road
Forked River, New Jersey 08731
609-971-1177
Attorneys for Plaintiff: THERESA KRAEMER

| | |
|---|---|
| THERESA KRAEMER,<br><br>Plaintiff,<br><br>v.<br><br>NEWARK BETH ISRAEL HOSPITAL, NEWARK BETH ISRAEL MEDICAL CENTER, RWJ BARNABAS HEALTH, INC., JOHN DOES 1-10, and ABC CORPS 1-10 (representing presently unknown individuals and entities responsible for the ownership, operation, maintenance, control, inspection and repair of said premises where Plaintiff fell and sustained injuries),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – SOMERSET COUNTY<br>DOCKET NO.: SOM-L-<br><br>Civil Action<br><br>**COMPLAINT, DEMAND FOR ANSWERS TO FORM C, FORM C(2) AND SUPPLEMENTAL INTERROGATORIES, NOTICE TO PRODUCE, REQUEST FOR PERMISSION TO VIEW PREMISES, DEMAND FOR DISCOVERY OF INSURANCE COVERAGE, REQUEST FOR ADMISSIONS, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL AND CERTIFICATION PURSUANT TO R. 4:5-1** |

Plaintiff, Theresa Kraemer, residing at 45 Stanton Avenue, Pine Beach, County of Ocean, State of New Jersey, by way of Complaint against the above defendants, says:

**FIRST COUNT**

1. On or about April 26, 2018, plaintiff, THERESA KRAEMER, was legally and lawfully on the premises located at 201 Lyons Avenue, Newark, New Jersey, more commonly known as Newark Beth Israel Medical Center.

2. At the aforesaid time and place, it is contended those premises were owned, operated, supervised, constructed, maintained, controlled, inspected and/or repaired, by the defendants, NEWARK BETH ISRAEL HOSPITAL, NEWARK BETH ISRAEL MEDICAL CENTER, RWJ BARNABAS HEALTH, INC., JOHN DOES 1-10, and ABC CORPS 1-10.

3. As a direct and proximate result of the negligence of the defendants, and/or through their agents, servants and employees, in the manner in which they negligently owned, operated, supervised, constructed, maintained, controlled, inspected, and/or repaired the sidewalk in question, and negligently created and/or allowed to persist, and/or failed to warn of or correct, a dangerous condition on these premises, plaintiff, Theresa Kraemer, was caused to fall and suffer severe injuries; she was caused to suffer great pain and will in the future be caused to suffer great pain; she was caused to incur medical expenses and will in the future be caused to incur medical expenses; and she was caused to suffer permanent injuries.

WHEREFORE, plaintiff, Theresa Kraemer, demands judgment against the defendants, NEWARK BETH ISRAEL HOSPITAL, NEWARK BETH ISRAEL MEDICAL CENTER, RWJ BARNABAS HEALTH, INC., JOHN DOES 1-10, and ABC CORPS 1-10, jointly, severally or in the alternative for damages, interest, and costs of suit.

## SECOND COUNT

1. The plaintiff repeats the allegations contained in the First Count as if the same were more fully set forth herein and made a part hereof.

2

2. JOHN DOES 1-10 and ABC CORPS 1-10, are fictitious names intended to identify any and all parties, including individuals, corporations and/or other entities whose identities are presently unknown to plaintiff(s), who together with the named defendant(s) owned, operated, supervised, constructed, maintained, controlled, inspected and/or repaired of the aforesaid premises, and created and/or allowed to persist, and failed to warn of or correct, an unreasonably dangerous condition(s) on the premises and/or property involved in the incident described herein, and were otherwise careless and negligent, or who in any way caused or contributed to the plaintiff's injuries.

3. As a direct and proximate result of the negligence of the defendants, JOHN DOES 1-10 ABC CORPS 1-10, in the manner in which they negligently owned, operated, constructed, maintained, supervised, controlled and repaired the premises in question, the plaintiff, Theresa Kraemer, was caused to fall and suffer injuries; she was caused to suffer great pain and will be caused to suffer great pain in the future; she was caused to incur medical expenses and will be caused to incur medical expenses in the future.

WHEREFORE, plaintiff, Theresa Kraemer, demands judgment against the defendants, NEWARK BETH ISRAEL HOSPITAL, NEWARK BETH ISRAEL MEDICAL CENTER, RWJ BARNABAS HEALTH, INC., JOHN DOES 1-10, and ABC CORPS 1-10, jointly, severally or in the alternative for damages, interest, and costs of suit.

## THIRD COUNT

1. The plaintiff repeats the allegations contained in the First and Second Count as if the same were more fully set forth herein and made a part hereof.

2. The plaintiff alleges that there was a breach of regulations and that constitutes a statutory tort.

WHEREFORE, plaintiff, Theresa Kraemer, demands judgment against the defendants, NEWARK BETH ISRAEL HOSPITAL, NEWARK BETH ISRAEL MEDICAL CENTER, RWJ BARNABAS HEALTH, INC., JOHN DOES 1-10, and ABC CORPS 1-10, jointly, severally or in the alternative for damages, interest, and costs of suit.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made on the defendants to answer fully and responsively Form C and Form C(2) Uniform Interrogatories, Superior Court found in Appendix II as provided by R. 4-17-1 (b)(ii) and other applicable Rule of Court. Demand is hereby made that defendants answer the attached Supplemental Interrogatories as prescribed by the Rules of Court.

## SUPPLEMENTAL INTERROGATORIES

1. Who owned the property on which Newark Beth Israel Medical Center is located at (201 Lyons Avenue, Newark, New Jersey) on April 26, 2018?

2. Who constructed the portions of sidewalk circled in Exhibit A, and when?

4

3. Has answering defendant received notice of any kind that others have fallen while using the sidewalk shown in Exhibit A at any time prior to April 26, 2018? If so, set forth their names, addresses, the date of the occurrence, the circumstances involved in the incident, and provide copies of accident and/or incident reports concerning each incident.

4. Has answering defendant received notice of any kind that others have fallen while using the sidewalk shown in Exhibit A at any time after April 26, 2018? If so, set forth their names, addresses, the date of the occurrence, the circumstances involved in the incident, and provide copies of accident and/or incident reports concerning each incident.

5. If answering defendant(s) contend(s) anyone other than answering defendant(s), its owner(s), operator(s), agent(s), or employee(s) had any interest, custody, possession, or responsibility for maintaining the areas circled in Exhibit A, set forth the name and address of such person, firm, corporation or entity and the nature and extent of such interest, custody, possession or charge.

6. In the event answering Defendants allege they were not responsible for maintaining the sidewalk(s) shown on Exhibit A on April 26, 2018, please provide the name and address of any and all persons and/or entities responsible for maintaining said property on the date of the accident.

5

## **NOTICE TO PRODUCE**

Pursuant to Rule 4:18-1, the Plaintiffs hereby demand that the defendants produce the following documentation within thirty (30) days as prescribed by the Rules of court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendants are therefore required to continuously update their responses thereto as new information or documentation comes into existence.

1. True, accurate and complete copies of any and all records, contracts, invoices, or other documentation concerning any construction, repairs, alterations and/or maintenance which were performed on the sidewalk depicted in Exhibit A, at any time.

2. True, accurate and complete copies of any and all calls, complaints, or other requests, concerning the sidewalk depicted in Exhibit A, at any time.

3. True, accurate and complete copies of any and all incident reports, accident reports, or other documentation concerning the happening of the plaintiff's accident on April 26, 2018.

4. True, accurate and complete copies of any and all incident reports, accident reports, or other documentation concerning the happening of any other accidents involving the areas circled on Exhibit A.

5. True, accurate and complete copies of any and all incident reports, accident reports, legal pleadings and/or discovery, or other documentation concerning any other accident involving the areas circled on Exhibit A.

6

6. True, accurate and complete copies of any and all documentation concerning any inspections which were performed on the area circled on Exhibit A, at any time.

7. True, accurate and complete copies of any and all photographs depicting the condition of the area where plaintiff Theresa Kraemer fell (circled in Exhibit A) from any time.

8. True, accurate and complete copies of any and all video tapes, audio tapes, or other electronic recordings concerning anything relevant to the happening of this accident or injuries, including, but not limited to, video recordings of either the happening of the plaintiff's accident or the location of her accident depicted on Exhibits A, both before and after her accident of April 26, 2018.

9. The amounts of any and all insurance coverage covering the defendants, including but not limited to primary insurance policies, secondary insurance policies, PUPs (Personal Umbrella Policies) and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

10. Copies of any and all documentation or reports, including but not limited to police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

11. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally

7

or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

13. Copies of any and all documentation, including but not limited to, any contracts between the owner of the property involved in the incident in question and any of the parties, persons, or entities involved in this matter.

14. Copies of any and all contracts, work orders, invoices, or payments associated with the construction, repair, renovation, or alteration of the area circled on Exhibit A.

15. Copies of any and all documentation concerning any lease agreements between the lessor(s) and the lessee(s) concerning the property in question.

16. Copies of any and all documentation, including but not limited to safety manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

17. Copies of any and all permits applied for by the parties to the action in question concerning the area circled on Exhibit A.

18. Copies of any and all permits received by the parties to the action in question concerning the area circled on Exhibit A.

8

19. Copies of any and all discovery received from any other parties to the action in question.

20. Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B.) or from any other source.

21. Copies of any and all medical information and/or documentation concerning the plaintiffs in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

22. Copies of any and all records of any type subpoenaed by the defendants or received from any other source concerning the plaintiffs or the incident in question.

23. A copy of the Deed for 201 Lyons Avenue, Newark, New Jersey.

24. Copies of any and all documents including contracts and by-laws regarding the ownership, operation, management, maintenance and repair of the subject premises in effect on the date of the incident.

25. Please be advised that the plaintiffs hereby object to the taking of any photographs, x-rays or other reproductions concerning the plaintiffs or the plaintiff's injuries at the time of the defense examination.

### REQUEST FOR PERMISSION TO VIEW PREMISES

Plaintiff hereby demands, pursuant to R. 4:18-1, that she and/or her legal representatives be permitted entry to the premises of the Defendants located at

9

201 Lyons Avenue, Newark, New Jersey within forty-five (45) days from the service of this Complaint for the purpose of inspecting and/or photographing the area where this incident complained of occurred.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), demand is hereby made that defendants disclose to plaintiffs' attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of such insurance agreements or policies including but not limited to any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess catastrophe and umbrella policies.

## REQUEST FOR ADMISSIONS

1. On April 26, 2018, Defendants owned the area circled on Exhibit A hereto.
2. On April 26, 2018, Defendants exercised sole custody and control of the area circled on Exhibit A hereto.
3. Defendants were responsible for maintaining the sidewalk(s) shown on Exhibit A on April 26, 2018.
4. Defendants were responsible for inspecting the sidewalk(s) shown on Exhibit A on April 26, 2018.
5. The sidewalk(s) shown on Exhibit A hereto were constructed by Defendants or their agents or their employees.

## JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiff pursuant to R. 4:35-1, demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE, that attorney Robert Y. Cook, Esquire is hereby designated as trial counsel in the above captioned litigation for the firm of Levinson Axelrod, pursuant to R. 4:25-4.

## CERTIFICATION PURSUANT TO R. 4:5-1

I HERBY CERTIFY that this matter is not the subject matter of any other suit, pending or contemplated in any other court or arbitration proceeding.

LEVINSON AXELROD, P.A.
Attorneys for Plaintiff

_____
ROBERT Y. COOK, ESQUIRE

DATED: October 25, 2018

**EXHIBIT A**



