Our File No. 41.886600
**KOSTER, BRADY & NAGLER, LLP**
Joseph F. Herbert III, Esq. - Attorney ID No. 039891996
Dorine Sirota, Esq. – Attorney ID No.041061989
328 Newman Springs Road
Red Bank, NJ 07701
Phone #: (732) 345-9333
Fax #: (732) 345-9444
**Attorneys for Defendant Assuncao Brothers, Inc.**

| | |
|---|---|
| THERESA KRAEMER,<br><br>Plaintiff,<br><br>vs.<br><br>NEWARK BETH ISRAEL HOSPITAL; NEWARK BETH ISRAEL MEDICAL CENTER; RWJ BARNABAS HEALTH, INC.; ASSUNCAO BROTHERS, INC. COUNTY OF ESSEX, CITY OF NEWARK, DEWBERRY ENGINEERS, JOHN DOES 1-10; ABC CORPS 1-10 and ABC CORPORATIONS 1-10 (representing presently unknown individuals and entities responsible for the ownership, operation, maintenance, control, inspection and repair of said premises where Plaintiff ell and sustained injuries),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>SOMERSET COUNTY<br><br>Docket No. SOM-L-1331-18<br><br>Civil Action<br><br>**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, SEPARATE DEFENSES, CROSSCLAIMS, ANSWER TO ALL CROSSCLAIMS, DEMAND FOR JURY TRIAL, DEMAND FOR STATEMENT OF DAMAGES CLAIMED, DESIGNATION OF TRIAL COUNSEL AND NOTICE OF ALLOCATION** |

Defendant Assuncao Brothers, Inc. (hereinafter "Assuncao" or "Defendant"), by way of Answer to the Amended Complaint of Plaintiff Theresa Kraemer herein, says:

## FIRST COUNT

1. Assuncao is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Assuncao is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Assuncao denies the allegations contained in paragraph 3.

## SECOND COUNT

1. Assuncao repeats and reiterates is responses to the prior allegations as if same were more fully set forth at length herein.

2. Assuncao is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Assuncao denies the allegations contained in paragraph 3.

**WHEREFORE,** Assuncao requests that this Honorable Court dismiss the Amended Complaint with prejudice and direct judgment in favor of Assuncao, together with an award of attorney's fees, costs of suit, as well as any other, further or different relief as the Court deems just and proper.

## THIRD COUNT

1. Assuncao repeats and reiterates is responses to the prior allegations as if same were more fully set forth at length herein.

2. Assuncao denies the allegations contained in paragraph 2.

**WHEREFORE,** Assuncao requests that this Honorable Court dismiss the Amended Complaint with prejudice and direct judgment in favor of Assuncao, together with an award of attorney's fees, costs of suit, as well as any other, further or different relief as the Court deems just and proper.

## FIRST SEPARATE DEFENSE

Assuncao is not guilty of the negligence charged and violated no duty owing to the Plaintiff.

### SECOND SEPARATE DEFENSE

Whatever injuries or damages were sustained by the Plaintiff were caused by defendants or third parties or instrumentalities over whom Assuncao had no control.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, or at the very least, the damages to which she claims she is entitled are reduced, by virtue of the Doctrine of Comparative Negligence and the Comparative Negligence Act, N.J.S.A. 2A:15-5, *et seq.*

### FOURTH SEPARATE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### FIFTH SEPARATE DEFENSE

Negligence, if any, on the part of Assuncao was not the proximate cause of the injuries which have been sustained by Plaintiff.

### SIXTH SEPARATE DEFENSE

Plaintiff was contributorily negligent, and, therefore, any recovery to which Plaintiff would otherwise be entitled as against Assuncao must be reduced by the application of the standard comparative negligence mandated by N.J.S.A. 2A:15-5.2 and 2:15-5.3.

### SEVENTH SEPARATE DEFENSE

Damages, if any, were the result of the sole negligence of Plaintiff.

### EIGHTH SEPARATE DEFENSE

Any and all risks, hazards and dangers were open, obvious and apparent, natural and inherent and known or should have been known by Plaintiff herein, and Plaintiff assumed all such risks and hazards.

3

## NINTH SEPARATE DEFENSE

Assuncao did not have actual or constructive notice of any defect that allegedly contributed to the accident alleged in the Amended Complaint.

## TENTH SEPARATE DEFENSE

Plaintiff's Amended Complaint is barred by the statute of limitations.

## ELEVENTH SEPARATE DEFENSE

This Court does not have jurisdiction over the subject matter of this suit, and the answering party reserves the right to move to dismiss due to lack of jurisdiction over the subject matter.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims are barred or must be reduced to the extent Plaintiff has/have or will recover any compensation from any source whatsoever apart from Assuncao, pursuant to N.J.S.A. 2A:15-97.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims may be barred or must be reduced to the extent Plaintiff failed to mitigate damages or by the doctrine of avoidable consequences.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's Amended Complaint is barred for lack of personal jurisdiction.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands and setoff.

## CROSSCLAIM FOR CONTRIBUTION

Pursuant to Rule 4:7-5, Defendant, Assuncao, demands contribution under the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 and the Comparative Negligence Act, from defendants, Newark Beth Israel Hospital, Newark Beth Israel Medical Center, RWJ Barnabas Health, Inc., County of Essex, City of Newark, Dewberry Engineers and John Does 1-10 and ABC Corps 1-10 defendants.

WHEREFORE, Assuncao demands judgment against defendants, and contribution from said defendants for all sums as may be found due against them in favor of Plaintiff.

## CROSSCLAIM FOR INDEMNIFICATION

1. While denying liability for the damages alleged, if judgment is recovered by the Plaintiff against Assuncao, it is hereby asserted that their negligence, if any, was not morally culpable, but was merely constructive, technical, imputed or vicarious, and that Plaintiff's damages arose through the direct and primary negligence of defendants, Newark Beth Israel Hospital, Newark Beth Israel Medical Center, RWJ Barnabas Health, RWJ Barnabas Health, Inc., County of Essex, City of Newark, Dewberry Engineers and John Does 1-10 and ABC Corps 1-10 defendants.

2. Accordingly, said defendants are obligated by operation of law and contract and otherwise to indemnify Assuncao and hold them harmless from any or all claims which are the subject of this lawsuit.

**WHEREFORE**, Assuncao demands judgment against defendants and indemnification from said defendants for all sums as may be found due against them in favor of Plaintiff.

5

## ANSWER TO ALL CROSSCLAIMS

Assuncao hereby denies each and every allegation contained in any and all crossclaims asserted against them or to be asserted against them.

## DEMAND FOR JURY TRIAL

Assuncao hereby demand a trial by jury as to all issues.

## DEMAND FOR STATEMENT OF DAMAGES CLAIMED

Please take notice that pursuant to Rule 4:5-2, Assuncao requires that Plaintiff within five days, furnish a statement of damages claimed.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Joseph F. Herbert III, Esq., is hereby designated as trial counsel in the above-captioned litigation on behalf of the firm Koster, Brady & Nagler, LLP.

## NOTICE OF ALLOCATION

Pursuant to Rule 4:7-5, Assuncao hereby advises that if any defendant presently or hereafter named, who is not represented by this law firm, settles the within matter prior to the conclusion of trial, the liability of any settling defendant shall remain at issue and Assuncao shall seek an allocation of the percentage of negligence or other liability by the finder of fact against such settling defendant and/or a credit in favor of Assuncao consistent with such allocation.

KOSTER, BRADY & NAGLER, LLP
Attorneys for Defendant Assuncao Brothers, Inc.

By: /s/ Joseph F. Herbert, III
JOSEPH F. HERBERT III

Dated: December 27, 2019

7

## CERTIFICATION

I hereby certify that an original and one copy of the within document has been electronically filed via eCourts with the Superior Court of New Jersey, Somerset County, and that a copy of same has been served upon all interested parties via eCourts within the period of time allowed in accord with Rules 1:6-4 and 4:6-1.

The within document has been served within the time prescribed by the Rules of Court or as extended by Stipulation between the parties.

The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor are the names known of any other party who should be brought in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: /s/ Joseph F. Herbert, III
JOSEPH F. HERBERT III

Dated: December 27, 2019