Our File No. 41.886600
**KOSTER, BRADY & NAGLER, LLP**
Joseph F. Herbert III, Esq. - Attorney ID No. 039891996
Dorine Sirota, Esq. – Attorney ID No.041061989
328 Newman Springs Road
Red Bank, NJ 07701
Phone #: (732) 345-9333
Fax #: (732) 345-9444
**Attorneys for Defendant Assuncao Brothers, Inc.**

| | |
|---|---|
| THERESA KRAEMER,<br><br>Plaintiff,<br><br>vs.<br><br>NEWARK BETH ISRAEL HOSPITAL; NEWARK BETH ISRAEL MEDICAL CENTER; RWJ BARNABAS HEALTH, INC.; COUNTY OF ESSEX, ASSUNCAO BROTHERS, INC., JOHN DOES 1-10; ABC CORPS 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>SOMERSET COUNTY<br><br>Docket No. SOM-L-1331-18<br><br>Civil Action<br><br>**DEFENDANT ASSUNCAO BROTHERS, INC.'S RESPONSE TO FORM C AND FORM C2 INTERROGATORIES OF PLAINTIFF** |

TO:   Robert Y. Cook, Esq.
      Levinson Axelrod, P.C.
      654 Lacey Road
      Forked River, NJ 08731
      **Counsel for Plaintiff**

**PLEASE TAKE NOTICE,** that Defendant, Assuncao Brothers, Inc., by and through its attorneys, Koster, Brady, and Nagler, LLP, as and for its responses to Form C Uniform Interrogatories, alleges the following upon information and belief:

## GENERAL OBJECTIONS

1. Defendant objects to each interrogatory to the extent it seeks information concerning or the production of privileged, confidential and/or proprietary information, or seeks information concerning the production of the work-product of the defendant's attorneys.

2. Defendant object to each interrogatory to the extent it is unduly burdensome and seeks information which more properly should be pursued through oral depositions.

3. Defendant objects to each interrogatory to the extent it is over broad.

4. Defendant objects to each interrogatory to the extent it is vague and incomprehensible.

5. Defendant objects to each interrogatory to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to each interrogatory to the extent it seeks to elicit legal conclusions rather than factual information.

7. The responses herein are not based solely on the knowledge of the executing party, but may include the knowledge of the parties, their agents, representatives, and unless privileged, their attorneys. Additionally, the word usage and/or sentence structure contained in these responses does not purport to be the exact language of the executing party.

8. These general objections should be deemed to apply to each interrogatory to the extent applicable.

## ANSWERS TO FORM C UNIFORM INTERROGATORIES

1. State:
   a) the full name and residence address of each defendant;
   b) if a corporation, the exact corporate name; and
   c) if a partnership, the exact partnership name and the full name and residence of each partner.

   **ANSWER:**

   a) **Assuncao Brothers, Inc.**
      **29 Wood Avenue**
      **Edison, New Jersey 08820**

   b) **See answer to Question #1(a).**

   c) **N/A**

2. Describe in detail your version of the accident or occurrence setting forth the date, location, time and weather.

**ANSWER:**

**Upon the advice of counsel Defendant is without any independent information as to the accident at issue.**

3. If you intend to set up or plead or have set up or pleaded negligence or any other separate defense as to the plaintiff or if you have or intend to set up a counterclaim or third-party action:
   a) state the facts upon which you intend to predicate such defenses, counterclaim or third-party action; and
   b) identify a copy of every document relating to such facts.

**ANSWER:**

**(a) Upon the advice of counsel, Defendant will rely upon all facts previously and subsequently elucidated in these answers to Interrogatories, all other parties' answers to Interrogatories, depositions, and documentation supplied in response to discovery requests, and all related public records. In addition, Defendant will rely upon all relevant statutory provisions including, but not limited to, all applicable statutes of limitation, the "Landowners Immunity Act," the "Joint Tortfeasors Contribution Act," and the "Comparative Negligence Act."**

**Furthermore, Plaintiff failed to exercise an appropriate degree of due care and circumspection with the existing circumstances, failed to ambulate in a prudent and reasonable manner, failed to keep a lookout and make safety observations, failed to wear appropriate eye wear, failed to take into account known hazards, failed to allow for the effects of weather and third persons, and was otherwise careless and negligent. Defendant will rely on facts stated in these answers to Interrogatories, and on all discovery, as well as direct and cross-examination at trial.**

**(b) Upon the advice of counsel, this is currently under investigation. Defendant reserves the right to amend and/or supplement this answer as discovery continues.**

4. State the names and addresses of all persons who have knowledge of any relevant facts relating to the case.

**ANSWER:**

**Upon the advice of counsel: the parties to this lawsuit, their representatives, agents and/or employees, all persons named in discovery and investigation, including but not limited to, all treating and examining doctors, Plaintiff's family doctor, all medical personnel who have rendered care to Plaintiff in**

the past twenty (20) years, custodians of Plaintiff's medical, work, wage, tax, legal, criminal, social security, educational, insurance claims, driving and athletic records, Plaintiff's immediate employment supervisor, all members of Plaintiff's household, investigating police, investigators, photographers and consulting experts employed by Plaintiff, all persons who investigated or prepared a record for any governmental unit in connection with the allegations, and such other persons as may be revealed by continuing investigation. Defendant reserves the right to amend and/or supplement this answer as discovery continues.

5. State:
   a) the name and address of any person who has made a statement regarding this lawsuit;
   b) whether the statement was oral or in writing;
   c) the date the statement was made;
   d) the name and address of the person to whom the statement was made;
   e) the name and address of each person present when the statement was made; and
   f) the name and address of each person who has knowledge of the statement.

   Unless subject to a claim of privilege, which must be specified:
   g) attach a copy of the statement, if it is in writing;
   h) if the statement was oral, state whether a recording was made and, if so, set forth the nature of the recording and the name and address of the person who has custody of it; and
   i) if the statement was oral and no recording was made, provide a detailed summary of its contents.

   **ANSWER:**

   **Upon the advice of counsel none to the knowledge of this defendant.**

6. If you claim that the plaintiff made any statements or admission as to the subject matter of this lawsuit, state:
   a) the date made;
   b) the name of the person by whom made;
   c) the name and address of the person to whom made;
   d) where made;
   e) the name and address of each person present at the time the admission was made;
   f) the contents of the admission; and
   g) if in writing, attach a copy.

   **ANSWER:**

**Defendant will consider the following as admissions. Plaintiff's Interrogatory answers in this or any prior or subsequent lawsuit, statements to any health care provider or examining physician in connection with the instant injuries, statements or testimony in all prior administrative proceedings, any documents affixed to answers to Interrogatories or referred to therein, and all deposition testimony in this or any prior or subsequent proceedings.**

7. If you contend that the plaintiff's damages were caused or contributed to by the negligence of any other person, set forth the name and address of the other person and the facts upon which you will rely in establishing that negligence.

   **ANSWER:**

   **Objection. Upon the advice of counsel, the question as phrased calls for a legal conclusion on the part of this Defendant which the Defendant is not capable of providing at this time. Without waiving that objection, the Defendant reserves its right to amend this response as more information is gathered during discovery.**

8. State the names and addresses of all eyewitnesses to the accident or occurrence, their relationship to you and their interest in this lawsuit.

   **ANSWER:**

   **None to the knowledge of this defendant.**

9. If any photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the complaint, describe:
   a) the number of each;
   b) what each show or contains;
   c) the date taken or made;
   d) the names and addresses of the persons who made them; and
   e) in whose possession they are at present.

   **ANSWER:**

   **None to the knowledge of this defendant at this time. Defendant reserves the right to amend and/or supplement this response as discovery proceeds.**

10. State the names and addresses of any and all proposed expert witnesses. Set forth in detail the qualifications of each expert named and attach a copy of each expert's current resume. Also attach true copies of all written reports provided to you by any such proposed expert witnesses.

With respect to all expert witnesses, including treating physicians, who are expected to testify at trial, and with respect to any person who has conducted an examination pursuant to Rule 4:19, state each such witness' name, address and area of expertise and attach a true copy of all written reports provided to you. If a report is not written, supply a summary of any oral report provided to you.

State the subject matter on which your experts are expected to testify.

State the substance of the facts and opinions to which your experts are expected to testify and provide a summary of the factual grounds for each opinion.

**ANSWER:**

**Upon the advice of counsel, Defendant has not yet retained experts who will testify at the trial of this action. However, Defendant may have Plaintiff examined by a physician. Upon retention of the same, this response will be amended accordingly.**

11. If you contend or intend to contend at the time of trial that the plaintiff sustained personal injuries in any prior or subsequent accident, state:
    a)   the date of said accident;
    b)   the injuries you contend the plaintiff sustained;
    c)   the parties involved in said accident;
    d)   the source from which you obtained the information; and
    e)   attach a copy of any written documents regarding this information.

    **ANSWER:**

    **None to the knowledge of this defendant at this time
    However, upon the advice of counsel, the Defendant reserves its right to amend this response.**

12. If you intend to rely on any statute, rule, regulation or ordinance, state the exact title ad section.

    **ANSWER:**

    **Defendant will ask the Court to take judicial notice of any applicable statutes, rules, and regulations.**

13. Pursuant to R. 4:10-2(b), state whether there are any insurance agreements including excess policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgement. **YES ( X ) or NO ( ).**

If the answer is "yes", attach a copy of each insurance agreement or policy, or in the alternative state:
a) number;
b) name and address of insurer or issuer;
c) inception and expiration dates;
d) names and addresses of all persons insured thereunder;
e) personal injury limits;
f) property damage limits;
g) medical payment limits;
h) name and address of person who has custody and possession thereof; and
i) where and when each policy or agreement can be inspected and copied.

a) **Policy No. 88A5GL0000416-01**
b) **American Family Home Insurance Company**
**555 College Road East**
**Princeton, New Jersey 08543-5241**
c) **8/23/2017 to 8/23/2018**
d) **Assuncao Brothers, Inc.**
**29 Wood Avenue**
**Edison, New Jersey 08820**
e) **$1,000,000.00**
f) **$2,000,000.00**
g) **$10,000.00**
h) **Koster, Brady & Nagler, LLP, 328 Newman Springs Road, Red Bank, New Jersey 07701**
i) **Koster, Brady & Nagler, LLP, 328 Newman Springs Road, Red Bank, New Jersey 07701**

14. Identify all documents that may relate to this action and attach copies of each such document.

**ANSWER:**

**Plaintiff's medical records; all parties' answers to written discovery, including all attachments; photographs; pleadings; and all correspondence exchanged between counsel.**

15. State whether you have ever been convicted of a crime.
YES ( ) or **NO ( X )**.

If the answer is "yes", state:
a) date;
b) place; and
c) nature.

**ANSWER:**

Defendant is a corporate entity and this Interrogatory is therefore not applicable, however, the certifier of this document has not been convicted of a crime.

## CERTIFICATION

I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I hereby certify that these interrogatory responses were prepared with the assistance of counsel and as such, the wording, phrasing and/or choice of language while accurate, may be that of counsel and not the signer of this certification personally.

**ASSUNCAO BROTHERS, INC.**

By:_____

_____
Print Name

Dated:

Our File No. 41.886600
**KOSTER, BRADY & NAGLER, LLP**
Joseph F. Herbert III, Esq. - Attorney ID No. 039891996
Dorine Sirota, Esq. – Attorney ID No.041061989
328 Newman Springs Road
Red Bank, NJ 07701
Phone #: (732) 345-9333
Fax #: (732) 345-9444
**Attorneys for Third-Party Defendant, Assuncao Brothers, Inc.**

| | |
|---|---|
| THERESA KRAEMER,<br><br>Plaintiff,<br><br>vs.<br><br>NEWARK BETH ISRAEL HOSPITAL; NEWARK BETH ISRAEL MEDICAL CENTER; RWJ BARNABAS HEALTH, INC.; JOHN DOES 1-10; ABC CORPS 1-10,<br><br>Defendants.<br><br>NEWARK BETH ISRAEL MEDICAL CENTER; RWJ BARNABAS HEALTH, INC.,<br>Defendants/Third-Party Plaintiffs,<br><br>vs.<br><br>COUNTY OF ESSEX, ASSUNCAO BROTHERS, INC.,<br><br>Third-Party Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>SOMERSET COUNTY<br><br>Docket No. SOM-L-1331-18<br><br>Civil Action<br><br>**DEFENDANT ASSUNCAO BROTHERS, INC.'S RESPONSE TO FORM C AND FORM C(2) INTERROGATORIES** |

TO:  ALL COUNSEL OF RECORD

**PLEASE TAKE NOTICE,** that Defendant, Assuncao Brothers, Inc., by and through its attorneys, Koster, Brady, and Nagler, LLP, as and for its responses to Form C(2) Uniform Interrogatories, alleges the following upon information and belief:

## GENERAL OBJECTIONS

1. Defendant objects to each interrogatory to the extent it seeks information concerning or the production of privileged, confidential and/or proprietary information, or seeks information concerning the production of the work-product of the defendant's attorneys.

2. Defendant object to each interrogatory to the extent it is unduly burdensome and seeks information which more properly should be pursued through oral depositions.

3. Defendant objects to each interrogatory to the extent it is over broad.

4. Defendant objects to each interrogatory to the extent it is vague and incomprehensible.

5. Defendant objects to each interrogatory to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to each interrogatory to the extent it seeks to elicit legal conclusions rather than factual information.

7. The responses herein are not based solely on the knowledge of the executing party, but may include the knowledge of the parties, their agents, representatives, and unless privileged, their attorneys. Additionally, the word usage and/or sentence structure contained in these responses does not purport to be the exact language of the executing party.

8. These general objections should be deemed to apply to each interrogatory to the extent applicable.

## ANSWERS TO FORM C(2) UNIFORM INTERROGATORIES

1. If the accident or occurrence took place on or about any particular premises, area or location, or involved the use or presence of any object, thing, vehicle, equipment or property, state the name and address of the owner thereof.

   **ANSWER:**

   **Upon information and belief and the assistance of counsel, defendant is without any independent information as to the accident at issue.**

2. If anyone other than the owner had any interest, custody, or possession or was in charge of such premises, area, location, object, thing, vehicle, equipment or property, state:

   a) the name and address of such person, firm or corporation; and
   b) the nature and extent of such interest, custody, possession or charge.

   **ANSWER:**

   **Upon information and belief, and the assistance of counsel, defendant is without any independent knowledge.**

3. If you were not present at the time of the accident or occurrence, state:
   a) whether you had notice or knowledge thereof;
   b) when, where, in what manner and from whom such notice or knowledge was received or acquired; and
   c) whether there was any person(s) acting on your behalf present on the premises at the time of plaintiff's injury and, if so, include their name(s) and address(es).

   **a)** **First notice this defendant receipt of the alleged accident was by way of a complaint served upon them on or about October 8, 2019.**
   **b)** **See answer to Question #3(a).**
   **c)** **No.**

   **The responding defendant reserves the right to supplement and/or amend this response as discovery continues.**

4. If prior to the accident or occurrence, you had actual notice or knowledge of the conditions, artificial or natural, alleged by the plaintiff to have caused or resulted in the accident or occurrence, state: a)  on what date you had such actual notice or first acquired such knowledge; and b) the manner in which such notice or knowledge was received or acquired.

   **ANSWER:**

   **Objection. The question as phrased, is vague, and calls for a legal conclusion on behalf of the Defendant. Without waiving that objection, the responding defendant didn't have knowledge that any action took place. This defendant reserves the right to amend and/or supplement this answer as discovery continues.**

5. If the complaint or any answers to interrogatories by plaintiff allege that artificial conditions caused or resulted in the accident or occurrence or was causally related thereto, state when and by whom such artificial conditions were created.

**ANSWER:**

**Not applicable. This defendant reserves the right to supplement and/or amend this answer as discovery continues.**

6. If you had notice or were in any manner made aware of any such artificial conditions, state when and what steps you took to eliminate them or make them safe or give any notice of their existence.

    **ANSWER:**

    **Not applicable. This defendant reserves the right to supplement and/or amend this answer as discovery continues.**

7. Do you, or does any person acting on your behalf, have any reports concerning the occurrence of plaintiff's injury?

    YES (X) or **NO ( X )**.

    If the answer is "yes", state:
    a) the full name, present or last known address and telephone number of the person making it;
    b) the date made;
    c) the purpose of each report, including, but not limited to, investigatory or accident report;
    d) the field of expertise and relationship to you of the person making it;
    e) whether or not it was made in the regular course of business;
    f) the findings;
    g) whether it was written or oral; and
    h) if written, attach a copy hereto, and if oral, set forth the substance thereof.

8. State whether any repairs were made to the premises or property after plaintiff's injury.

    YES ( ) or **NO ( X )**.

    **Upon information and belief and the assistance of counsel, defendant is without any independent information as to any repairs that took place. This defendant reserves the right to amend and/or supplement this answer as discovery continues.**

    If the answer is "yes", state:
    a) the full name and present or last known address of each person who endeavored to correct the condition;
    b) indicate the nature of work performed; and

    c)    describe in detail the exact nature and location of the condition as it was found to exist prior to any work performed.

9.    Do you claim that plaintiff was not lawfully on said premises at the time of the occurrence of the injury?

YES ( ) or **NO ( X )**.

If the answer is "yes", state:
a)    what you claim to be the legal status of plaintiff at said time; and
b)    the factual basis of your claim.

## CERTIFICATION

    I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

    I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

    I hereby certify that these interrogatory responses were prepared with the assistance of counsel and as such, the wording, phrasing and/or choice of language while accurate, may be that of counsel and not the signer of this certification personally.

**ASSUNCAO BROTHERS, INC.**

By:_____

_____
Print Name

Dated:

## CERTIFICATION

I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I hereby certify that these interrogatory responses were prepared with the assistance of counsel and as such, the wording, phrasing and/or choice of language while accurate, may be that of counsel and not the signer of this certification personally.

ASSUNCAO BROTHERS, INC.

By: _____

Martin Assuncao

Dated: 08/21/2020

Print Name

*Martin Assuncao*