**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ASSUNCAO BROS., INC.,<br><br>      Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-16159<br><br>Judge: Hon. Christine M. Gravelle<br><br>Hearing Date: January 3, 2023 at 2:00 p.m.<br>    (Prevailing Eastern Time) |

**FIRST INTERIM APPLICATION OF KCP ADVISORY GROUP LLC
AS FINANCIAL ADVISORS TO THE DEBTOR FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
PERIOD FROM AUGUST 3, 2022 THROUGH OCTOBER 31, 2022**

  KCP Advisory Group, LLC ("KCP"), as financial advisors to Assuncao Bros., Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), submits this application (the "Application") pursuant to 11 U.S.C. § 330, Fed R. Bankr. P. 2016, and D.N.J. LBR 2016-1, as its first interim fee application for compensation for services rendered and reimbursement of expenses for the period of August 3, 2022, through October 31, 2022 (the "Fee Period"). By this Application, KCP seeks allowance and payment of compensation in the amount of $124,198.00 for services rendered by KCP during the Fee Period and allowance and reimbursement of its actual and necessary expenses in the amount of $803.15 for the Fee Period. In support of the Application, KCP submits the Verification of Jacen A. Dinoff attached hereto as **Exhibit A**, and respectfully represents as follows:

**BACKGROUND**

  1. On August 3, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), commencing the above-captioned chapter 11 case in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. On August 26, 2022, the Debtor filed an Application for Retention of KCP Advisory Group, LLC as Financial Advisor to the Debtor *Nunc Pro Tunc* to the Petition Date (the "Retention Application") [Doc. No. 144]. In the Certification of Jacen A. Dinoff filed in support of the Retention Application, KCP disclosed that it had received a pre-retainer from the Debtor in the amount of $98,168.75 (the "Retainer").

3. The Retention Application set forth the compensation arrangement between KCP and the Debtor, whereby KCP would charge for its services on an hourly basis. KCP agreed to reduce its ordinary and customary hourly rates in effect on the date such services were rendered and for out-of-pocket expenses as more fully set forth in the Certification of Jacen A. Dinoff in Support of Application for Retention of Professional. KCP agreed that it would then apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of New Jersey, the applicable Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "U.S. Trustee Guidelines"), and any orders entered in this case governing the compensation and reimbursement of professionals for services.

4. On October 19, 2022, the Court entered an *Order Approving Retention of KCP Advisory Group, LLC as Financial Advisor to the Debtor Effective August 3, 2022* (the "Retention Order") [Doc. No. 144].

5. KCP has worked diligently through this case as the Debtor's financial advisors. More particularly, KCP worked with the Debtor's management and Fox Rothschild LLP ("Fox Rothschild"), counsel for the Debtor and rendered the following services:

    a. Assistance in ongoing operations, such as forecasting, planning, controlling, managing cash, and developing a business plan;
    b. Reviewing, analyzing and negotiating settlements with secured lender(s), vendors and other creditors, and other work as necessary;
    c. Assistance in filing, compliance, and administration of the Subchapter V case;
    d. Assistance in connection with evaluating and resolving claims;
    e. Assistance in connection with preparing the Debtor's schedules of assets and liabilities and Statement of Financial Affairs;
    f. Assistance in connection with the sale of certain of the Debtor's assets;
    g. Preparing and supporting various legal actions undertaken by the Debtor, including but not limited to, the filing of the Subchapter V case and testifying on behalf of the Debtor in connection with a 2004 subpoena; and
    h. Performing all other services required which were deemed to be in the interests of the Debtor in accordance with the Debtor's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

### KCP'S APPLICATION FOR COMPENSATION
### AND REIMBURSEMENT OF EXPENSES

6. This is KCP's first interim application for compensation filed in this case. To date, there have been no orders entered approving interim fee applications for KCP.

### JURISDICTION, VENUE, AND STATUTORY BASIS

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328 and 330 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2016-1 and 2016-3.

### SUMMARY OF SERVICES RENDERED AND EXPENSES
### INCURRED DURING THE FEE PERIOD

8. The compensation requested in this Application is reasonable based on the nature and extent of the services rendered, the size and complexity of this case, the time, labor required

3

and other related factors. Notably, KCP agreed to significantly reduce its rates by 23% (in total) as an accommodation to the Debtor.

9.  As described in further detail below, during the Fee Period, the professional services performed by KCP were necessary and appropriate to assist the Debtor in this case and were performed in an expeditious and efficient manner. As such, KCP submits that the compensation sought herein is reasonable within the meaning of section 330 of the Bankruptcy Code.

10. As set forth in the Application cover sheet submitted herewith, KCP rendered a total of 301.10 hours of professional services during the Fee Period, for which it seeks compensation of $124,198.00 and $803.15 incurred in out-of-pocket expenses which were "actual, necessary expenses" in connection with rendering the professional services described herein. KCP voluntarily reduced the amount of its fees by 23% or $37,184.50.

11. To apprise the Court of the services rendered during the Fee Period, KCP relies on the following summary:

**BK-01 - BK-Accounting**

This category pertains to services related to maintaining books and records.

Hours: 26.40; Fees: $13,288.50; Reduced Fees: $10,222.50; Discount: $3,066.00

**BK-02 - BK-Business Analysis**

This category relates to services pertaining to preparation of company business plan, development & review of strategies, cash flow forecasts.

Hours: 51.90; Fees: $29,622.00; Reduced Fees: $22,789.50; Discount: $6,832.50

**BK-03 - BK-Business Operations**

This category pertains to services related to the Debtor, such as employee, vendor, tenant issues, etc.

Hours: 12.30; Fees: $6,838.50; Reduced Fees: $5,262.00; Discount: $1,576.50

**BK-04 - BK-Case Administration**

This category pertains to services rendered in connection with preparation of the Debtor's Statement of Financial Affairs; Schedules of Assets and Liabilities; list of contracts; and reports.

Hours: 129.00; Fees: $69,277.00; Reduced Fees: $53,318.00; Discount: $15,959.00

**BK-05 - BK-Claims**

This category pertains to services rendered with respect to specific claim inquiries; bar date motions; analyses, objections and allowance of claims.

Hours: 24.80; Fees: $12,536.00; Reduced Fees: $9,652.00; Discount: $2,884.00

**BK-06 - BK-Corporate Finance**

This category pertains to financial aspects of potential mergers, acquisitions, dispositions.

Hours: 0.50; Fees: $292.50; Reduced Fees: $225.00; Discount: $67.50

**BK-07 - BK-Creditor Meeting**

This category pertains to services rendered in connection with preparing for and attendance Creditors' Meeting.

Hours: 7.20; Fees: $3,744.50; Reduced Fees: $2,882.50; Discount: $862.00

**BK-11 - BK-Litigation**

This category pertains to motions to dismiss; monitor/perform litigation analysis and attend hearings.

Hours: 7.70; Fees: $4,045.50; Reduced Fees: $3,114.00; Discount: $931.50

**BK-12 - BK-Plan**

This category relates to services rendered with regard to formulation of a Plan.

Hours: 3.30; Fees: $1,930.50; Reduced Fees: $1,485.00; Discount: $445.50

**BK-14 -BK-Tax**

This category pertains to services related to tax issues.

Hours: 14.20; Fees: $7,185.00; Reduced Fees: $5,532.00; Discount: $1,653.00

**BK-16 -BK-Asset Sale**

This category relates to services pertaining to sales, leases, abandonment and related transaction work.

Hours: 1.50; Fees: $877.50; Reduced Fees: $675.00; Discount: $202.50.

**BK-17 -BK-Travel**

This category relates to billable travel to and from client. All hours charged are net of a 50% reduction. Actual time incurred was 4.80 hours.

Hours: 2.40; Fees: $1,404.00; Reduced Fees: $1,080.00; Discount: $324.00.

**BK-21 - BK-Reporting**

This category pertains to services rendered with regard to reporting.

Hours: 19.50; Fees: $10,107.00; Reduced Fees: $7,780.50; Discount: $2,326.50.

**BK-56 - BK-Application to Employ**

This category pertains to activity related to the application to employ KCP.

Hours: 0.40; Fees: $234.00; Reduced Fees: $180.00; Discount: $54.00.

12.    In addition to the foregoing, KCP incurred out-of-pocket expenses during the Fee Period in the amount of $803.15 which were "actual, necessary expenses" in connection with

rendering the professional services described above pursuant to section 330(a)(1)(B) of the Bankruptcy Code, specifically attendance at court hearings. Such expenses include, but are not limited to lodging, meals, supplies, parking and car rental and airfare. KCP has made every effort to minimize the expenses in this matter by utilizing the most cost-efficient methods of communication consistent with the necessary time restraints.

## COMPLIANCE WITH GUIDELINES

13. KCP believes that this Application substantially complies with the local rules of this Court and the U.S. Trustee Guidelines. To the extent there has not been material compliance with any particular rule or guideline, KCP respectfully requests a waiver or an opportunity to cure.

## CONCLUSION

**WHEREFORE,** for all of the foregoing reasons, pursuant to sections 328 and 330 of the Bankruptcy Code, KCP respectfully requests (i) allowance of compensation for professional services rendered as counsel to the Debtor during the Fee Period in the amount of $124,198.00; (ii) reimbursement of actual and necessary expenses incurred by KCP during the Fee Period in the amount of $803.15; (iii) payment of the outstanding fees and expenses due to KCP; (iv) authority to apply the Retainer to reduce the awarded fees and expenses; and (v) such other and further relief as this Court deems just and proper.

DATED: December 2, 2022     KCP ADVISORY GROUP, LLC
*Financial Advisors to the Debtor and Debtor-in-Possession*

By:   */s/ Jacen A. Dinoff*
      JACEN A. DINOFF

7