| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>SCOTT S. REVER, ESQ., Subchapter V Trustee<br>110 Allen Road, Suite 304<br>Basking Ridge, New Jersey  07920<br>Tele: (973) 467-2700<br>**SCOTT S. REVER, ESQ. (SR-1425)** | |
| In Re:<br><br>**ASSUNCAO BROS., INC.,**<br><br>            **Debtor.** | Chapter 11<br><br>Case No.: 22-16159 CMG<br><br>Honorable Christine M. Gravelle |

_____

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF FEES AND
REIMBURSEMENT OF EXPENSES TO SUBCHAPTER V TRUSTEE,
SCOTT S. REVER, ESQ.**
_____

TO:    THE HONORABLE CHRISTINE M. GRAVELLE
           UNITED STATES BANKRUPTCY JUDGE

The Application of Scott S. Rever, Esq., Subchapter V Trustee herein, respectfully states to the Court as follows:

1.    On August 3, 2022, Assuncao Bros., Inc. filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2.    On August 8, 2022, Scott S. Rever, Esq. (the "Trustee") was appointed to serve as Subchapter V Trustee.

3.    The within Application represents the Trustee's First Interim Application for Allowance of Fees as Subchapter V Trustee and covers the time period from August 4, 2022 through October 31, 2022.

4.    Annexed hereto and made part hereof as Exhibit "A" are copies of the Trustee's computerized time sheets.  These detail the services rendered by the Trustee, the hourly rate charged, and the actual time expended in the performance of such services.  Said time sheets reflect that the Trustee has expended 70.40 hours in performing services, resulting in charges of $31,680.00.

5. Annexed hereto and made part hereof as Exhibit "B" is a detailed breakdown of all out of pocket disbursements incurred in the performance of my duties as Subchapter V Trustee, which total $112.00.

6. Annexed hereto and made part hereof as Exhibit "C" is the Affidavit of Scott S. Rever, submitted in accordance with the provisions of Section 504 of the Bankruptcy Code.

7. The services performed by applicant in its capacity as the Subchapter V Trustee included:

    a. The Trustee reviewed the bankruptcy docket, petition, schedules, and statement of financial affairs to obtain information regarding the Debtor's assets and financial situation.

    b. The Trustee reviewed all documents filed in the case including, but not limited to, the debtor's motion for use of cash collateral, DIP financing, the debtor's sale motion, etc.

    c. The Trustee appeared at all hearings in the case including the hearing on First Day Motions, and the hearing on the Debtor's sale motion through which it sold substantially all of its assets.

    d. The Trustee appeared at the Debtor's 341 meeting, Initial Debtor Interview, and status conferences.

    e. The Trustee had extensive discussions with Debtor's counsel regarding cash collateral, DIP issues and the sale motion.

    f. The Trustee reviewed various objections to the Debtor's sale motion and assisted the Debtor in resolving same.

    g. The Trustee filed an objection to the Debtor's sale motion which objection was resolved.

    h. The Trustee had extensive discussions with the United States Trustees Office regarding the Debtor's sale motion and its objections to the retentions of certain debtor professionals and regarding other issues in the case including potential avoidable transfers.

      i.      The Trustee reviewed documents requested from the Debtor's primary secured lender and documents requested from the debtor by the U.S. Trustees Office.

      j.      The Trustee had numerous communications with creditors and other parties in interest in the case regarding the case generally and regarding the debtor's sale.

      k.      The Trustee had numerous discussions with debtor's counsel regarding the status of the case, and the formulation of a potential plan.

      l.      The Trustee reviewed the claims filed in the case.

      m.      The Trustee reviewed debtor's motion to extend the time to file a plan.

8.      In addition to the foregoing, your applicant respectfully directs the Court's attention to the detailed time records submitted herewith, which sets forth the specific services rendered.

9.      I believe that these services were both necessary and beneficial to the estate.

**WHEREFORE,** Scott S. Rever, Esq., Subchapter V Trustee respectfully requests the entry of the annexed Order, granting a first interim allowance of compensation in the amount of $31,680.00 together with reimbursement of actual out-of-pocket disbursements in the amount of $112.00 for a total award of $31,792.00.

      Respectfully submitted,

Date:   December 2, 2022            */s/   SCOTT S. REVER, ESQ.*
                                                    SCOTT S. REVER, ESQ.
                                                    Subchapter V Trustee