Jonathan J. Lerner, Esq.
Lisa J. Jurick, Esq.
STARR, GERN, DAVISON & RUBIN, P.C.
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
T: 973.403.9200 | F: 973.364.1403
jlerner@starrgern.com

Bart J. Klein, Esq. (co-counsel)
Law Office of Bart J. Klein
2066 Millburn Avenue, Suite 101
Maplewood, New Jersey 07040
T: 973.763.6060

Attorneys for Extech Building Materials, Inc.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | Chapter 11 (Subchapter V) |
| | : | |
| ASSUNCAO BROS., INC., | : | Case No.  22-16159-CMG |
| | : | |
| Debtor. | : | Judge: Hon Christine M. Gravelle |
| | : | |

**BRIEF IN OPPOSITION TO MOTION FOR ENTRY OF ORDER (I) ENFORCING SALE ORDER AGAINST EXTECH BUILDING MATERIALS, INC., (II) DETERMINING THAT CLAIM AGAINST CONTI ENTERPRISES, INC.'S BONDING COMPANY VIOLATES THE SALE ORDER, (III) DIRECTING LIBERTY TO WITHDRAW THE CLAIM, AND (IV) GRANTING RELATED RELIEF**

Extech Building Materials, Inc. ("Extech") by and through its attorneys, Starr, Gern,

Davison & Rubin, P.C., file this Brief in opposition to Vollers Excavating and Construction, Inc.'s

("Vollers") Motion for Entry of Order (I) Enforcing Sale Order Against Extech Building Materials,

Inc., (II) Determining that Claim Against Conti Enterprises, Inc.'s Bonding Company Violates the

Sale Order, (III) Directing Liberty to Withdraw the Claim, and (IV) Granting Related Relief ("Motion").

## STATEMENT OF FACTS

Extech is a supplier and distributor of building materials in the New York-New Jersey metropolitan area. See Certification of Objection to Vollers Excavating and Construction, Inc.'s Motion for an Order Compelling Withdrawal of Payment Bond Claim ("Manna Cert."), ¶ 2. Extech's address is 61-89 Avenue K, Newark, New Jersey 07105. One of its divisions is Liberty Building Products ("Liberty"), with an address at 193 Christie Street, Newark New Jersey 07105. Liberty's location is purely for sales and none of Extech's officers, departmental managers or administrators are located at its address, but rather are located at the 61-89 Avenue K, Newark, New Jersey address. See Manna Cert., ¶ 3.

During 2022, Liberty sold building materials to Assuncao Bros., Inc. (the "Debtor" or "Assuncao") for use on a Port Authority of New York and New Jersey ("Port Authority") Newark Liberty International Airport Terminal A project ("Project") of which the Debtor was a subcontractor. Because the Port Authority charter precludes the filing of construction or mechanic's liens on its projects, generally the general contractor for a particular Port Authority project (in this case Conti Construction, Inc.) issues a payment bond for the benefit of any unpaid suppliers and others secured by a surety (in this case Travelers Insurance), and generally such a project is considered a "bonded project." Beginning in the spring of 2022, the Debtor became delinquent in its payments owed to Liberty for materials supplied to it for the Project and on or about August 18, 2022, Liberty gave notice of claim to Travelers Insurance, and filed a Certificate of Proof of Claim (claim form) with Travelers Insurance on or about September 12, 2022. The delinquent amount is approximately $110,945.70. See Manna Cert., ¶¶ 4 – 8 & Ex. 1.

The Debtor filed a Chapter 11 voluntary petition in bankruptcy on August 3, 2022 and filed a voluminous Motion to Sell Property Free and Clear of all Liens under Section 363(f) ("Sale Motion") on August 5, 2022.  See Docket Nos. 1 and 25, Chapter 11 Voluntary Petition and Motion to Sell Property Free and Clear of Liens under Section 363(f).   Although it served Liberty with the Sale Motion, it failed to serve Extech, and so Extech's director of credit (as well as other officers) was unaware of the filing.   Accordingly, Extech did not receive notice of the Sale Motion until it received a copy of a November 18, 2022 letter from Vollers' counsel demanding that the claim to the surety be withdrawn.  See Manna Cert., ¶¶ 9-10 and Ex. 2.   The Debtor also failed to serve the August 25, 2022 entered Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases ("entered Sale Order") on Liberty or Extech.  See Docket No. 87, Sale Order.  The entered Sale Order with Exhibit A is a voluminous eighty (80) pages in length; the order itself is thirty-four (34) pages plus an exhibit page followed by forty five (45) pages of an attached Asset Purchase Agreement including schedules.   The proposed Sale Order filed with the Sale Motion is also voluminous: the order itself is twenty-five (25) pages plus an exhibit page followed by forty-five (45) pages of an attached Asset Purchase Agreement including schedules.  See Docket No. 25, Proposed Order.

Buried in the voluminous entered Sale Order at Paragraph 13 is language concerning a confusing or misleading term "Non-Bonded Projects" purporting to prohibit any claims against certain owners on surety bonds.  See Docket No. 87, Sale Order. PP. 22-23.   The designation "Non-Bonded Projects" itself is misleading as the Project was a "bonded" project.   Nothing in Paragraph 13 lists the purported "Non-Bonded Projects" nor refers to Schedule 1.01(a) (which did

list the purported "Non-Bonded Projects") ergo Extech would have had no way of knowing its rights were being extinguished.  See Manna Cert., ¶ 11.  Even if Extech had located the purported list of "Non-Bonded Projects" on Schedule 1.01(a), which was buried on the 73rd page of the overall entered Sale Order, or on the 39th page of the Asset Purchase Agreement attached as Exhibit A, it would have been virtually impossible for Extech to have understood that its claim against Conti Construction, Inc.'s surety was purportedly barred.  Moreover, as stated, the Sale Motion was never served on Extech itself, only Liberty, and there is no proof that the actual entered Sale Order dated August 25, 2022 was served on Liberty or Extech.   The docket entry concerning the entered Sale Order states "[s]ervice of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties.  See BNC Certificate of Notice. Signed on 8/25/2022."  See Docket No. 87, Sale Order.    Even though the Debtor may not have had an obligation pursuant to Rule 9022 to serve Extech with the entered Sale Order, it should have because the entered Sale Order changed from the proposed Sale Order, including a change of the most relevant paragraph from ¶ 11 to ¶ 13, and the entered Sale Order had more paragraphs and pages than the proposed Sale Order.

Moreover, the Extech-Liberty claim was not made directly against the Debtor's surety or Vollers' (the purchaser's) surety, but against a third party's surety (Conti Construction, Inc.'s surety, Travelers Insurance).

Extech's director of credit, Jerry Manna, only learned about the Sale Motion on or about November 2022 (over three months after it was filed), when he received a copy of a letter dated November 18, 2022 from counsel for Vollers mailed to Liberty regarding the Debtor's bankruptcy filing and Sale Motion and demanding that the claim filed with Travelers Insurance be withdrawn and threatening motion practice.  See Manna Cert., ¶¶ 10 and Ex. 2.  The Sale Order was first reviewed by Mr. Manna on January 9, 2023, after the instant motion was filed.  See Manna Cert.,

¶ 13.  Counsel for Vollers filed the instant Motion on January 5, 2023.  See Docket No. 179,

Motion to Enforce.

## LEGAL ARGUMENT

## POINT I

## THE DEBTOR FAILED TO PROVIDE CLEAR NOTICE TO EXTECH THAT CLAIMS AS TO A THIRD PARTY WERE BEING BARRED; THERFORE EXTECH'S NOT OBJECTING TO THE SALE MOTION DOES NOT CONSTITUTE CONSENT PURSUANT TO 11 U.S.C. § 363(f)

When barring of rights of a third party are buried within a voluminous Sale Order, as in

this case, consent pursuant to 11 U.S.C. § 363(f) is not obtained and may not be inferred from a

failure of a creditor with respect to a third party claim to object to a motion for sale.  See In re

Crumbs Bake Shop, Inc., 522 B.R. 766 (Bankr. D.N.J. 2014) (Hon. Michael B. Kaplan, U.S.B.J.).

In In re Crumbs Bake Shop, Inc., a sale of a debtor's assets pursuant to 11 U.S.C. § 363(b)

and (f) did not extinguish the rights of third party licensees in the absence of consent.   The Court

noted that:

> [T]he reference to the third party licenses was a mere ten words,
> buried within a single twenty-nine page document, which itself
> was affixed to a CM/ECF filing totaling one hundred twenty-nine pages.
> Debtors' moving papers collectively failed to direct attention specifically
> to the proposition that the sale would strip Licensees of their rights or
> to bring such consequence to the Licensees' attention . . .   The Court posits
> that the content of the Sale Motion was a calculated effort to camouflage
> the intent to treat the License Agreements as vitiated without raising the
> specter of § 365(n) rights.   Thus it would be inequitable for this
> Court to find that Licensees consented to the termination of their rights.
> The Court is confident that had Licensees not been deprived of adequate
> notice regarding the extinguishment of their rights, they very well would
> have objected in a timely fashion . . .

In re Crumbs Bake Shop, Inc., 522 B.R., *supra*, 522 B.R. at 776-777.

Similarly here, buried on Pages 15-16 of the twenty-five (25) page proposed Sale Order, at

Paragraph 11, filed as part of the Sale Motion, which was part of a document totaling seventy-one

(71) pages, and on Pages 22-23 of the thirty (30) page entered Sale Order, at Paragraph 13, which was part of a document totaling eighty (80) pages, was language barring "all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, subcontractors, vendors, suppliers, materialmen, litigation claimants and other creditors holding any liens, claims, rights, interest, or encumbrances of any kind or nature whatsoever against or in all or any portion of the Purchased Assets and Subcontracts (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated or subordinate), arising under or out of, in connection with, or in any way relating to the Debtor, the Purchased Assets, the operation of Debtor's business prior to the Closing Date or the transfer of the Purchased Assets to the Buyer, hereby are forever barred, estopped and permanently enjoined from asserting against the Buyer, any of its affiliates, successors or assigns, their property, owners on any of the Non-Bonded Projects or their sureties, or the Purchased Assets, such person's or entities' liens, claims, rights, interest or encumbrances, other than with respect to any Assumed Liabilities, in and to the Purchased Assets, including, without limitation the following actions . . . (iii) creating, perfecting or enforcing any lien or claim against the Buyer, or any of its affiliates, successors, assets or properties or any owner or surety on any Non-Bonded Project; . . ." (Cite docket in 2 places)   It is unknown why the entered Sale Order had additional paragraphs and pages, and paragraphs appearing in different order from the proposed Sale Order, for example, Paragraph 11 in the proposed Sale Order became Paragraph 13 in the entered Sale Order.   See Docket Nos. 25 and 87, Motion to Sell Property Free and Clear of Liens under Section 363(f), Proposed Order and Sale Order.

Nowhere in Paragraph 11 of the proposed Sale Order or in Paragraph 13 of the entered Sale Order is there any reference to Schedule 1.01(a), which lists the "Non-Bonded Projects."   See

Docket Nos. 25 and 87, Motion to Sell Property Free and Clear of Liens under Section 363(f),

Proposed Order, ¶ 11 and Sale Order, ¶ 13.   This means that Extech would not have been directed

to Schedule 1.01(a) and would not have understood that its pending claim against Conti

Construction, Inc.'s surety was impacted, and that it should object.

As stated above, the Project was a "bonded" project because the Port Authority charter

does not permit the filing of any construction or mechanics' liens for its projects; therefore the

designation of "Non-Bonded Projects" was in and of itself confusing and misleading and would

have lulled Extech into believing its claim was not implicated even if it had located Schedule

1.01(a).[1]

The In re Crumbs Bake Shop, Inc. Court concluded that "it would be inequitable for this

Court to find that Licensees consented to the termination of their rights.   The Court is confident

that had Licensees not been deprived of adequate notice regarding the extinguishment of their

rights, they very well would have objected in a timely fashion . . . "   Id. at 777.

The Third Circuit eliminated a third party release from a Chapter11 plan because it was not

adequately disclosed to the affected parties.   See In re Lower Bucks Hospital, 571 F. App'x 139

(3d Cir. 2014).   The Third Circuit stated:

> [T]he reference to the Release in the disclosure statement was
> contained in a single paragraph in a 62-page document.   No use
> was made of underlined italicized or boldfaced text to emphasize
> the Release or to distinguish it from the more typical releases
> between the parties to the settlement.

In re Lower Bucks Hospital, *supra*, 571 F. App'x at 143.

Similarly here, no bold face or italicization or any other method was used to distinguish

the language as to claims against owners and sureties.   See Docket Nos. 25 and 87, Motion to Sell

---

[1] Extech itself was never served with the Sale Motion, only Liberty, which was a sales office and was not where
officers of Extech worked.

Property Free and Clear of Liens under Section 363(f), Proposed Order, ¶ 11, and Sale Order, ¶ 13.

Extech, not understanding or knowing from the Sale Motion that its claim against Conti Construction, Inc.'s surety was impacted, did not object to the Sale Motion, and proceeded to file its notice of claim with Travelers Insurance on August 18, 2022, prior to entry of the Sale Order on August 25, 2022.

It is respectfully submitted that Vollers' motion be denied and that Extech specifically be granted the right to pursue its claim with the surety.

## POINT II

### IN THE ABSENCE OF CONSENT UNDER SECTION 363(f)(2)<br>EXTECH MUST NOT BE ORDERED TO WITHDRAW ITS CLAIM

Section 363(f) of the Bankruptcy Code allows for sales free and clear of liens in certain instances.   Section 363(f)(2) provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if . . .

> (2) such entity consents; . . . .

11 U.S.C. § 363(f).

Here, failure to object to the Sale Motion cannot be deemed consent because of the reasons stated above and below (i.e. Extech was not appropriately apprised by the Sale Motion and the proposed Sale Order that its claim against a third party surety may or would be barred). Accordingly, Extech correctly filed its notice of claim with Travelers Insurance on August 18, 2022 and filed its Claim Form on or about September 12, 2022.   It is respectfully submitted that Extech should not be ordered to withdraw its claim, or that the surety be entitled by court order to deny the claim.

## POINT III

## THE DEBTOR DID NOT PROVIDE EXTECH WITH PROPER NOTICE OF THE SALE MOTION AND FAILED TO SERVE LIBERTY OR EXTECH WITH THE ENTERED SALE ORDER

Adequate notice of the Sale Motion pursuant to 11 U.S.C.E. § 363(f) was not provided to Extech.  As stated above, the Debtor served Liberty at 193 Christie Street, Newark New Jersey but that office is purely for sales and none of Extech's officers, departmental managers or administrators are located there, but rather at Extech's address at 61-89 Avenue K, Newark, New Jersey.  See Manna Cert., ¶ 3.  Accordingly, Extech did not receive adequate notice of the Sale Motion and did not become aware of the Sale Motion until it received a copy of a November 18, 2022 letter from Vollers' counsel demanding that the claim to the surety be withdrawn.  See Manna Cert., ¶ 10.

The docket entry concerning the entered Sale Order states "[s]ervice of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties.  See BNC Certificate of Notice. Signed on 8/25/2022."  See Docket No. 87.  Even though the Debtor may not have had an obligation pursuant to Rule 9022 to serve Extech with the entered Sale Order, it should have because the entered Sale Order changed from the proposed Sale Order, including a change of the most relevant paragraph from ¶ 11 to ¶ 13, and the entered Sale Order had more paragraphs and pages than the proposed Sale Order.  Under these circumstances, and considering Extech's rights were significantly affected, the Debtor should have followed Fed.R.Bankr.P. 9014(b) and Fed.R.Civ.P. 5(b).

Fed.R.Bankr.P. 9014(b) states that "[a]ny paper served after the motion shall be served in the manner provided by *Rule 5(b) F.R.Civ.P.*"  Fed.R.Civ.P. 5(b)(2), *Service in General*, states that "[a] paper is served under this rule by: (A) handing it to the person; (B) leaving it: (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous

9

place in the office; or (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (C) mailing it to the person's last known address – in which event service is complete upon mailing; (D) leaving it with the court clerk if the person has no known address; (E ) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing – in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; (F) delivering it by any other means that the person consented to in writing – in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Extech should not be deemed to have consented to entry of the filed Sale Order, or be deemed to have received adequate notice that its claim with the surety was sought to be barred or enjoined by the Debtor.   Therefore, it is respectfully submitted that Vollers' motion be denied for lack of proper notice of the Sale Motion and lack of service of the filed Sale Order, which was different from the proposed Sale Order.

For all of the foregoing reasons, Extech respectfully submits that the Court should deny Vollers' Motion in its entirety, permit Extech to pursue its claim with the surety, not authorize the surety to deny the claim in its entirety, and deny Vollers' request for its attorneys fees and costs incurred as stated in its proposed form of order.

Respectfully submitted,

STARR, GERN, DAVISON & RUBIN, P.C.
Attorneys for Extech Building Materials, Inc.

/s *Jonathan J. Lerner*
By:_____
    JONATHAN J. LERNER

DATED:   January 24, 2023

10