Jonathan J. Lerner, Esq. (008411984)
STARR, GERN, DAVISON & RUBIN, P.C.
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
T:  973.403.9200 | F:  973.364.1403
jlerner@starrgern.com
Bart J. Klein, Esq. (co-counsel)
Law Office of Bart J. Klein
2066 Millburn Avenue, Suite 101
Maplewood, New Jersey 07040
T: 973.763.6060
bart@bartjkleinlaw.com
Attorneys for Extech Building Materials, Inc.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 (Subchapter V) |
| | : | |
| ASSUNCAO BROS., INC., | : | Case No.  22-16159-CMG |
| | : | |
| Debtor. | : | Judge: Hon Christine M. Gravelle |
| | : | |

### CERTIFICATION OF OBJECTION TO VOLLER EXCAVATING AND CONSTRUCTION, INC.'S MOTION FOR AN ORDER COMPELLING WITHDRAWAL OF PAYMENT BOND CLAIM

Jerry Manna, of full age, certifies as follows:

1.  I am the Director of Credit for Extech Building Materials, Inc., ("Extech" or "Extech-Liberty") and am duly authorized to make this certification.

2. I am fully familiar with the books and business of Extech. Extech is a distributor of building materials in the New York-New Jersey metropolitan area.   Extech has several branches and divisions, one being Liberty Building Products ("Liberty").

3. Liberty has a place of business at 193 Christie Street, Newark, New Jersey.
This branch is purely sales oriented, and none of Extech's officers, departmental managers or key administrators are located there. Liberty's branch is headed by a branch manager, who is a senior salesman.

4. One of Liberty's customers was the pre-petition Assuncao Bros.,Inc. ("Assuncao").
Liberty supplied Assuncao on various jobs in the New York-New Jersey metropolitan area. Once such job was the Port Authority project to improve Newark Airport where Assuncao had a

subcontract with Conti Construction, Inc. ("Conti")

5. Unlike private and other public jobs in New York and New Jersey, the Port Authority charter precludes the filing of construction or mechanic's liens on Port Authority projects. Instead, the general contractor of the particular Port Authority project will generally issue a payment bond for the benefit of unpaid suppliers, laborers and subcontractor.

6. On the Port Authority project to improve Newark Airport (hereinafter the "Project"), Conti issued a payment bond with Travelers Insurance as the surety.

7. As the spring of 2022 progressed, Assuncao became delinquent in its payments to Liberty with respect to the Project.

8. On or about August 18, 2022, Liberty gave notice of a claim on the Conti-Travelers payment bond. Travelers requested a Certificate of Proof of Claim shortly afterwards. A true copy of the Notice of Claim is annexed hereto as Exhibit 1.

9. I am advised that Assuncao filed a petition under Chapter 11 of the Bankruptcy Code on or about August 3, 2022. I am further advised that on or about August 5, 2022, counsel for Assuncao filed several "first-day" motions including motions for the use of cash collateral and a motion for the sale of substantially all of the assets of Assuncao to Vollers Excavating and Construction, Inc. ("Vollers") free and clear of all liens and interests. However, neither I nor others in the Extech credit department or in Extech departmental management were made aware of such motions for a lengthy period of time

10. My first awareness of the sale motion was in or about November 2022, when I received a copy of a letter sent to the Liberty branch. A true copy of this letter is annexed hereto as Exhibit 2. Prior to that time, my staff had completed and delivered a Certificate of Proof of Claim to Travelers. A true of this Certificate is annexed hereto as Exhibit 3. The amount of the Assuncao debt and the claim is approximately $110,945.70.

11. The letter (Exhibit 2) revealed hitherto unknown details regarding the Assuncao bankruptcy filing and sales motion. It quoted a paragraph 13 of the Sales Order purporting to enjoin claims **against the Buyer, any of its affiliates, successors or assigns, their property, owners on any of the Non-Bonded Projects or their sureties…"** . This language was confusing to me as I knew the the Project was in fact a Bonded Project by virtue of the Conti-Travelers payment bond. I knew Extech-Liberty had not asserted any claims against Vollers, its sureties or the Port Authority

12. On December 23, 2022, I wrote to counsel requesting, among other things, the application to the Bankruptcy Court so that Extech-Liberty could obtain legal advice. A true copy of the letter is annexed hereto as Exhibit 4

13. Counsel responded by threatening to file a motion to compel withdrawal, but failed to provide any details of the application or motion for the sale of the Assuncao assets other than the Sales Order. I was traveling outside the United States at the time counsel sent the Sales Order and did not see the Sales Order until after my return on January 9, 2023.

14. Had counsel provided proper notice to any managers or departmental heads at Extech at the time of the initial motion for sale of assets, Extech would certainly have objected. Either Assuncao or Vollers received the benefit of the building materials Extech supplied to the Project, yet Extech was neither paid nor provided with adequate assurance of future payment. As an unsecured creditor, the likelihood of any meaningful recovery from a Chapter 11 plan is highly uncertain.

15 . It is also significant that Liberty's Certificate of Proof of Claim was filed without any knowledge of these goings on in the Bankruptcy Court. While no action has been taken by Extech-Liberty since receipt of the letter from counsel (Exhibit 2), it would appear that Conti's surety should be beyond the scope of this Court's protection.

16. Moreover, the benefit to Voller's of performance of the remainder of the Conti-subcontract is fairly minimal, as compared to some of the larger subcontracts set forth in the list of "Non-Bonded" Projects appearing in the Asset Sale Agreement as set forth in Schedule 1.01 (a). The maximum benefit appears to be the difference between the contract amount ($895,300) and the amount billed to date ($701,357). A true copy of Schedule 1.01(a) of the Asset Purchase Agreement is annexed hereto as Exhibit 5.

17. Extech- Liberty never received proper notice of the sale notice, and cannot be said to have meaningfully consented to the sale of assets. Accordingly, Voller's motion should be denied in all respects.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

_____
Jerry Manna

Dated: January 20, 2023