**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**TRIF & MODUGNO, LLC**
89 Headquarters Plaza
Suite 1201
Morristown, New Jersey 07970
lmodugno@tm-firm.com
Telephone: (973) 547-3611
*Counsel to Vollers Excavating and Construction, Inc.*

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ASSUNCAO BROS., INC., | Case No. 22-16159-CMG |
| Debtor. | Judge: Hon. Christine M. Gravelle |
| | Hearing Date: January 31, 2023 |

## CERTIFICATION OF LOUIS A. MODUGNO ESQ.

I, Louis A. Modugno, Esq., hereby certify as follows:

1.      I am attorney at law in the State of New Jersey and counsel for Vollers Excavating and Construction, Inc. ("Vollers") in this matter. As such, I have personal knowledge of the facts set forth herein.

2.      Attached hereto as Exhibit 1 are true and correct copies of certain Liberty Building Products' ("Liberty") invoice sent to the Assuncao Brothers, Inc. ("Debtor").

3.      Attached hereto as Exhibit 2 is a true and correct copy of the Debtor's List of Creditors who have the 20 Largest Unsecured Claims and are Not Insiders.

4.      Attached hereto as Exhibit 3 are pertinent pages of the Debtor's Creditor Matrix.

5.      Attached hereto as Exhibit 4 is the Debtor's Certificate of Service of the Order Shortening Time Period for Notice Setting Hearing and Limiting Notice, Debtor's Sale Motion and proposed order shortening time.

6.      Attached hereto as Exhibit 5 is an email from Debtor's counsel to Chambers transmitting cumulative redlined changes to the draft sale order filed with the Debtor's Sale Motion.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements is willfully false, I am subject to punishment.


                                        /s/    *Louis A. Modugno*
                                        Louis A. Modugno

Dated: January 27, 2023

# EXHIBIT 1



# INVOICE

**Liberty Building Products**
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**

| INVOICE | |
|---|---|
| 9014658 | |
| Invoice Date | Page |
| 4/4/2022 | 1 of 17 |
| ORDER NUMBER | |
| 3281537 | |

**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
60 Carson Road
Newark Liberty International Airport
Newark, NJ 07114

**Customer ID:** 100329

| PO Number | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|---|---|---|---|---|
| Sent Jan 11th 2022 | Net 30 | 5/4/2022 | 5/4/2022 | 0.00 |

| Order Date | Shipment No | Primary Salesrep Name | Taker |
|---|---|---|---|
| 1/20/2022 15:33:41 | 5240800 | John Lobasso | JOHN LOBASSO |

| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | Item ID / Item Description | Pricing UOM Unit Size | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| | | | | | **Customer Note:** * CUSTOMIZED LIBRARY * | | | |
| | | | | | **Delivery Instructions:** Delivery Monday April 4th  Rich 732-690-6612 | | | |
| | | | | | **Carrier:** 02-To Dispatcher for Delivery   **Tracking #:** sgonzalez | | | |
| 2,376.000 | 504.000 | 0.000 SF | 1.0 | C | *HS UL SUPER DECOR 8CM-R<br>UNILOCK S3000 8CM SUPER DECOR RED<br>COLOR: RED<br>TEXTURE:<br>72 SQFT/PALLET | SF 1.0000 | 9.9000 | 4,989.60 |
| 3,312.000 | 144.000 | 0.000 SF | 1.0 | C | *HS UL SUPER DECOR 8CM-G<br>UNILOCK S3000 8CM SUPER DECOR GREEN<br>liCOLOR: GREEN<br>72 SQFT/PALLET | SF 1.0000 | 9.9000 | 1,425.60 |
| 3,384.000 | 72.000 | 0.000 SF | 1.0 | C | *HS UL SUPER DECOR 8CM-N<br>UNILOCK S3000 8CM SUPER DECOR NATURAL<br>COLOR: NATURAL<br>TEXTURE:<br>72 SQFT/PALLET | SF 1.0000 | 9.9000 | 712.80 |
| 132.000 | 10.000 | 0.000 EA | 1.0 | C | *HS UNI PALLET<br>Unilock Pallet 48x38 | EA 1.0000 | 25.0000 | 250.00 |
| 1.000 | 1.000 | 0.000 EA | 1.0 | | DEL SURCHARGE<br>Delivery Surcharge<br>Local deliveries - no tolls | EA 1.0000 | 75.0000 | 75.00 |
| | | | | | **Ordered As:** DEL | | | |

**Shipment Accepted By:** Pedro



*\* \* \* REPRINT \* \* \**

# INVOICE



Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**



| INVOICE | |
|---|---|
| 9014658 | |
| Invoice Date | Page |
| 4/4/2022 | 2 of 17 |
| ORDER NUMBER | |
| 3281537 | |

*Total Lines: 5*

| | |
|---|---|
| **SUB-TOTAL:** | 7,453.00 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 7,453.00 |
| | *U.S. Dollars* |

*\* \* \* REPRINT \* \* \**



Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**

# INVOICE



| INVOICE | |
|---|---|
| 9015343 | |
| Invoice Date | Page |
| 4/4/2022 12:26:59 | 3 of 17 |
| ORDER NUMBER | |
| 3281537 | |

**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
60 Carson Road
Newark Liberty International Airport
Newark, NJ 07114

**Customer ID:** 100329

| PO Number | | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|---|---|---|---|---|---|
| Sent Jan 11th 2022 | | Net 30 | 5/4/2022 | 5/4/2022 | 0.00 |

| Order Date | Shipment No | Primary Salesrep Name | | Taker |
|---|---|---|---|---|
| 1/20/2022 15:33:41 | 5241472 | John Lobasso | | JOHN LOBASSO |

| Quantities | | | | | Item ID / Item Description | Pricing UOM / Unit Size | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | | | | |

**Customer Note:** * CUSTOMIZED LIBRARY *

**Delivery Instructions:** Delivery Monday April 4th  Rich 732-690-6612
**Carrier:** 02-To Dispatcher for Delivery     **Tracking #:**

| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | Item ID / Item Description | Pricing UOM / Unit Size | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| 2,376.000 | 144.000 | 0.000 | SF | C 1.0 | *HS UL SUPER DECOR 8CM-R UNILOCK S3000 8CM SUPER DECOR RED COLOR: RED TEXTURE: 72 SQFT/PALLET | SF 1.0000 | 9.9000 | 1,425.60 |

**Total Lines:** 1

| | |
|---|---|
| **SUB-TOTAL:** | 1,425.60 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 1,425.60 |
| | U.S. Dollars |

* * * REPRINT * * *

# LIBERTY
## BUILDING PRODUCTS

# INVOICE

Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**



| INVOICE | |
|---|---|
| 9016083 | |
| Invoice Date | Page |
| 4/5/2022 | 4 of 17 |
| ORDER NUMBER | |
| 3281537 | |

**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
60 Carson Road
Newark Liberty International Airport
Newark, NJ 07114

**Customer ID:** 100329

| PO Number | | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|---|---|---|---|---|---|
| Sent Jan 11th 2022 | | Net 30 | 5/5/2022 | 5/5/2022 | 0.00 |

| Order Date | Shipment No | Primary Salesrep Name | | Taker |
|---|---|---|---|---|
| 1/20/2022 15:33:41 | 5241929 | John Lobasso | | JOHN LOBASSO |

| Quantities | | | | | Item ID | Pricing UOM | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | Item Description | Unit Size | | |

**Customer Note:**  * CUSTOMIZED LIBRARY *

**Delivery Instructions:**    Delivery   Tuesday   April   5th   NEEDS
PIGGYBACK  Rich 732-690-6612

**Carrier:** 02-To Dispatcher for Delivery    **Tracking #:** mmendez

| Ordered | Shipped | Remaining | | Disp. | Item ID / Description | Pricing UOM | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| 378.000 | 64.000 | 0.000 EA | | C 1.0 | *HS EV POLY SAND GRAY 50LB<br>EL Polymeric Gray Sand 50lg bag<br>63 bags on pallet | EA 1.0000 | 24.2500 | 1,552.00 |
| 792.000 | 792.000 | 0.000 SF | | 1.0 | *HS UL SUPER DECOR 8CM-N<br>UNILOCK S3000 8CM SUPER DECOR NATURAL<br>COLOR: NATURAL<br>TEXTURE:<br>72 SQFT/PALLET | SF 1.0000 | 9.9000 | 7,840.80 |
| 21.000 | 4.000 | 0.000 EA | | C 1.0 | *HS UNI PALLET<br>Unilock Pallet 48x38 | EA 1.0000 | 25.0000 | 100.00 |
| 2.000 | 1.000 | 0.000 EA | | 1.0 | DEL SURCHARGE<br>Delivery Surcharge<br>Local deliveries - no tolls | EA 1.0000 | 75.0000 | 75.00 |

**Ordered As:** DEL

**Shipment Accepted By:** Pedro



*** REPRINT ***



# INVOICE

Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**



| INVOICE | |
|---|---|
| 9016083 | |
| Invoice Date | Page |
| 4/5/2022 | 5 of 17 |
| ORDER NUMBER | |
| 3281537 | |

*Total Lines: 4*

| | |
|---|---|
| **SUB-TOTAL:** | 9,567.80 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | **9,567.80** |
| | *U.S. Dollars* |

*** REPRINT ***



# INVOICE

Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**



| INVOICE | |
|---|---|
| 9016110 | |
| **Invoice Date** | **Page** |
| 4/5/2022 | 6 of 17 |
| **ORDER NUMBER** | |
| 3281537 | |

**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
60 Carson Road
Newark Liberty International Airport
Newark, NJ 07114

**Customer ID:** 100329

| PO Number | | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|---|---|---|---|---|---|
| Sent Jan 11th 2022 | | Net 30 | 5/5/2022 | 5/5/2022 | 0.00 |

| Order Date | Shipment No | Primary Salesrep Name | | | Taker |
|---|---|---|---|---|---|
| 1/20/2022 15:33:41 | 5241933 | John Lobasso | | | JOHN LOBASSO |

| Quantities | | | | | Item ID / Item Description | Pricing UOM / Unit Size | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | | | | |

**Customer Note:** * CUSTOMIZED LIBRARY *

**Delivery Instructions:** Delivery Tuesday April 5th NEEDS PIGGYBACK Rich 732-690-6612

**Carrier:** 02-To Dispatcher for Delivery     **Tracking #:** wpillcorema

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 648.000 | 648.000 | 0.000 SF | 1.0 | | *HS UL SUPER DECOR 8CM-G UNILOCK S3000 8CM SUPER DECOR GREEN COLOR: GREEN 72 SQFT/PALLET | SF 1.0000 | 9.9000 | 6,415.20 |
| 2.000 | 1.000 | 0.000 EA | 1.0 | | DEL SURCHARGE Delivery Surcharge Local deliveries - no tolls | EA 1.0000 | 75.0000 | 75.00 |

**Ordered As:** DEL

**Shipment Accepted By:** Pedro

**Total Lines: 2**

| | |
|---|---|
| **SUB-TOTAL:** | 6,490.20 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 6,490.20 |
| | *U.S. Dollars* |

*** REPRINT ***



# INVOICE

Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
Liberty Building Products
PO Box 51069
Newark, NJ 07101-5169



| INVOICE | |
|---|---|
| 9024709 | |
| Invoice Date | Page |
| 4/14/2022 | 7 of 17 |
| ORDER NUMBER | |
| 3281537 | |

**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
60 Carson Road
Newark Liberty International Airport
Newark, NJ 07114

**Customer ID:** 100329

| PO Number | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|---|---|---|---|---|
| Sent Jan 11th 2022 | Net 30 | 5/14/2022 | 5/14/2022 | 0.00 |

| Order Date | Shipment No | Primary Salesrep Name | Taker |
|---|---|---|---|
| 1/20/2022 15:33:41 | 5247747 | John Lobasso | JOHN LOBASSO |

| Quantities | | | | | Item ID / Item Description | Pricing UOM Unit Size | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | | | | |

**Customer Note:** * CUSTOMIZED LIBRARY *

**Delivery Instructions:** Delivery Tuesday April 5th NEEDS PIGGYBACK Rich 732-690-6612

**Carrier:** 02-To Dispatcher for Delivery     **Tracking #:** amalnikoff

| 3,384.000 | 1,224.000 | 0.000 | SF | C 1.0 | *HS UL SUPER DECOR 8CM-N UNILOCK S3000 8CM SUPER DECOR NATURAL COLOR: NATURAL TEXTURE: 72 SQFT/PALLET | SF 1.0000 | 9.9000 | 12,117.60 |
|---|---|---|---|---|---|---|---|---|
| 132.000 | 17.000 | 0.000 | EA | C 1.0 | *HS UNI PALLET Unilock Pallet 48x38 | EA 1.0000 | 25.0000 | 425.00 |

**Shipment Accepted By:** Pedro

_Pedro (signature)_

Total Lines: 2

| | |
|---|---|
| **SUB-TOTAL:** | 12,542.60 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 12,542.60 |
| | U.S. Dollars |

\* \* \* *REPRINT* \* \* \*



# INVOICE

Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**

| INVOICE | |
|---|---|
| 9024737 | |
| Invoice Date | Page |
| 4/14/2022 | 8 of 17 |
| ORDER NUMBER | |
| 3281537 | |



**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
60 Carson Road
Newark Liberty International Airport
Newark, NJ 07114

**Customer ID:** 100329

| PO Number | | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|---|---|---|---|---|---|
| Sent Jan 11th 2022 | | Net 30 | 5/14/2022 | 5/14/2022 | 0.00 |

| Order Date | Shipment No | Primary Salesrep Name | | Taker |
|---|---|---|---|---|
| 1/20/2022 15:33:41 | 5247742 | John Lobasso | | JOHN LOBASSO |

| Quantities | | | | | Item ID | Pricing UOM | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | Item Description | Unit Size | | |

**Customer Note:** * CUSTOMIZED LIBRARY *

**Delivery Instructions:** Delivery Tuesday April 5th NEEDS PIGGYBACK Rich 732-690-6612

**Carrier:** 02-To Dispatcher for Delivery    **Tracking #:** esalazar

| Ordered | Shipped | Remaining | UOM | Disp. | Item ID / Description | Pricing UOM | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| 3,312.000 | 1,224.000 | 0.000 | SF | C 1.0 | *HS UL SUPER DECOR 8CM-G UNILOCK S3000 8CM SUPER DECOR GREEN liCOLOR: GREEN 72 SQFT/PALLET | SF 1.0000 | 9.9000 | 12,117.60 |
| 132.000 | 17.000 | 0.000 | EA | C 1.0 | *HS UNI PALLET Unilock Pallet 48x38 | EA 1.0000 | 25.0000 | 425.00 |

**Total Lines: 2**

| | |
|---|---|
| **SUB-TOTAL:** | 12,542.60 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 12,542.60 |
| | U.S. Dollars |

* * * REPRINT * * *



# INVOICE

Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**

| INVOICE | |
|---|---|
| 9026067 | |
| Invoice Date | Page |
| 4/15/2022 | 9 of 17 |
| ORDER NUMBER | |
| 3281537 | |



**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
60 Carson Road
Newark Liberty International Airport
Newark, NJ 07114

Customer ID: 100329

| PO Number | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|---|---|---|---|---|
| Sent Jan 11th 2022 | Net 30 | 5/15/2022 | 5/15/2022 | 0.00 |

| Order Date | Shipment No | Primary Salesrep Name | Taker |
|---|---|---|---|
| 1/20/2022 15:33:41 | 5248100 | John Lobasso | JOHN LOBASSO |

| Quantities | | | | | Item ID / Item Description | Pricing UOM / Unit Size | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | | | | |

**Customer Note:** * CUSTOMIZED LIBRARY *

**Delivery Instructions:** Delivery  Tuesday  April  5th    NEEDS
PIGGYBACK Rich 732-690-6612

**Carrier:** 02-To Dispatcher for Delivery          **Tracking #:** amalnikoff

| Quantities | | | | | Item ID / Item Description | Pricing UOM | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| 2,376.000 | 1,224.000 | 0.000 SF | 1.0 | C | *HS UL SUPER DECOR 8CM-R<br>UNILOCK S3000 8CM SUPER DECOR RED<br>COLOR: RED<br>TEXTURE:<br>72 SQFT/PALLET | SF<br>1.0000 | 9.9000 | 12,117.60 |
| 132.000 | 17.000 | 0.000 EA | 1.0 | C | *HS UNI PALLET<br>Unilock Pallet 48x38 | EA<br>1.0000 | 25.0000 | 425.00 |

**Shipment Accepted By:** Carlos

Total Lines: 2

|  | |
|---|---|
| **SUB-TOTAL:** | 12,542.60 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 12,542.60 |
| | U.S. Dollars |

* * * REPRINT * * *



# CREDIT MEMO

Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**



| CREDIT MEMO | |
|---|---|
| 9039816 | |
| Invoice Date | Page |
| 4/28/2022 16:10:27 | 10 of 17 |
| ORDER NUMBER | |
| 3337683 | |

**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
EWR-154.395 Terminal A Redevelopment
Newark Liberty International Airport
Newark, NJ 07114

**Customer ID:** 100329

| PO Number | | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|---|---|---|---|---|---|
| | | | | | 0.00 |

| Order Date | Shipment No | Primary Salesrep Name | Taker |
|---|---|---|---|
| 4/28/2022 16:08:44 | 5257940 | John Lobasso | JOHN LOBASSO |

| Quantities | | | | | Item ID | Pricing UOM | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | Item Description | Unit Size | | |

**Carrier:**  **Customer Note:** * CUSTOMIZED LIBRARY *

**Tracking #:**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| -8.000 | -8.000 | 0.000 EA | 1.0 | | *HS UNI PALLET<br>Unilock Pallet 48x38 | EA<br>1.0000 | 25.0000 | -200.00 |

*Total Lines: 1*

**SUB-TOTAL:**  -200.00
**TAX:**  0.00
**AMOUNT DUE:**  -200.00

*U.S. Dollars*

* * * REPRINT * * *



# INVOICE

Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**

| INVOICE | |
|---|---|
| 9041194 | |
| Invoice Date | Page |
| 4/29/2022 16:12:01 | 11 of 17 |
| ORDER NUMBER | |
| 3337659 | |

**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
60 Carson Road
Newark Liberty International Airport
Newark, NJ

**Customer ID:** 100329

| PO Number | | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|---|---|---|---|---|---|
| Term A | | Net 30 | 5/29/2022 | 5/29/2022 | 0.00 |

| Order Date | Shipment No | Primary Salesrep Name | | Taker |
|---|---|---|---|---|
| 4/28/2022 14:55:25 | 5258825 | John Lobasso | | JOHN LOBASSO |

| Quantities | | | | | Item ID / Item Description | Pricing UOM / Unit Size | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | | | | |

**Customer Note:**   * CUSTOMIZED LIBRARY *
**Delivery Instructions:**  Rich 732-690-6612
**Carrier:** 02-To Dispatcher for Delivery        **Tracking #:**

| Ordered | Shipped | Remaining | UOM | Disp. | Item ID / Description | Pricing UOM | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| 252.000 | 252.000 | 0.000 EA | | 1.0 | *HS EV POLY SAND GRAY 50LB<br>EL Polymeric Gray Sand 50lg bag<br>63 bags on pallet | EA<br>1.0000 | 24.2500 | 6,111.00 |
| 4.000 | 4.000 | 0.000 EA | | 1.0 | *HS UNI PALLET<br>Unilock Pallet 48x38 | EA<br>1.0000 | 25.0000 | 100.00 |
| 1.000 | 1.000 | 0.000 EA | | 1.0 | DEL SURCHARGE<br>Delivery Surcharge<br>Local deliveries - no tolls | EA<br>1.0000 | 50.0000 | 50.00 |

**Ordered As:**  DEL

**Total Lines: 3**

| | |
|---|---|
| **SUB-TOTAL:** | 6,261.00 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 6,261.00 |
| | U.S. Dollars |

*  *  * REPRINT *  *  *



# INVOICE

Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**

| INVOICE | |
|---|---|
| 9052191 | |
| Invoice Date | Page |
| 5/12/2022 | 12 of 17 |
| ORDER NUMBER | |
| 3344673 | |

**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
60 Carson Road
Newark Liberty International Airport
Newark, NJ 07114

**Customer ID:** 100329

| PO Number | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|---|---|---|---|---|
| 1st Truck Thurs May 12th | Net 30 | 6/11/2022 | 6/11/2022 | 0.00 |

| Order Date | Shipment No | Primary Salesrep Name | | Taker |
|---|---|---|---|---|
| 5/10/2022 12:33:58 | 5265397 | John Lobasso | | JOHN LOBASSO |

| Quantities | | | | | Item ID / Item Description | Pricing UOM / Unit Size | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | | | | |

**Customer Note:** * CUSTOMIZED LIBRARY *

**Delivery Instructions:** Del Thursday May 12th 1st truck of day  Rich
732-690-6612

**Carrier:** 02-To Dispatcher for Delivery          **Tracking #:** esalazar

| Ordered | Shipped | Remaining | UOM | Disp. | Item ID / Description | Pricing UOM | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| 1,224.000 | 1,224.000 | 0.000 | SF | 1.0 | *HS UL SUPER DECOR 8CM-G UNILOCK S3000 8CM SUPER DECOR GREEN COLOR: GREEN 72 SQFT/PALLET | SF 1.0000 | 9.9000 | 12,117.60 |
| 17.000 | 17.000 | 0.000 | EA | 1.0 | *HS UNI PALLET Unilock Pallet 48x38 | EA 1.0000 | 25.0000 | 425.00 |
| 1.000 | 1.000 | 0.000 | EA | 1.0 | DEL SURCHARGE Delivery Surcharge Local deliveries - no tolls | EA 1.0000 | 75.0000 | 75.00 |

**Ordered As:** DEL

**Shipment Accepted By:**

**Total Lines: 3**

| | |
|---|---|
| **SUB-TOTAL:** | 12,617.60 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | **12,617.60** |
| | U.S. Dollars |

* * * REPRINT * * *



# INVOICE

Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**

| INVOICE | |
|---|---|
| 9052576 | |
| Invoice Date | Page |
| 5/12/2022 | 13 of 17 |
| ORDER NUMBER | |
| 3344687 | |

**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
60 Carson Road
Newark Liberty International Airport
Newark, NJ 07114

**Customer ID:** 100329

| PO Number | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|---|---|---|---|---|
| 2nd truck Thurs May 12th | Net 30 | 6/11/2022 | 6/11/2022 | 0.00 |

| Order Date | Shipment No | Primary Salesrep Name | Taker |
|---|---|---|---|
| 5/10/2022 13:41:33 | 5265748 | John Lobasso | JOHN LOBASSO |

| Quantities | | | | | Item ID / Item Description | Pricing UOM / Unit Size | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | | | | |

**Customer Note:** * CUSTOMIZED LIBRARY *

**Delivery Instructions:** Del Thursday May 12th 2nd Truck Rich 732-690-6612

**Carrier:** 02-To Dispatcher for Delivery       **Tracking #:** esalazar

| Ordered | Shipped | Remaining | UOM | Disp. | Item ID / Description | Pricing UOM | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| 1,224.000 | 1,224.000 | 0.000 SF | | 1.0 | *HS UL SUPER DECOR 8CM-R<br>UNILOCK S3000 8CM SUPER DECOR RED<br>COLOR: RED<br>TEXTURE:<br>72 SQFT/PALLET | SF 1.0000 | 9.9000 | 12,117.60 |
| 17.000 | 17.000 | 0.000 EA | | 1.0 | *HS UNI PALLET<br>Unilock Pallet 48x38 | EA 1.0000 | 25.0000 | 425.00 |
| 1.000 | 1.000 | 0.000 EA | | 1.0 | DEL SURCHARGE<br>Delivery Surcharge<br>Local deliveries - no tolls | EA 1.0000 | 75.0000 | 75.00 |

**Ordered As:** DEL

**Shipment Accepted By:**

*＊＊ REPRINT ＊＊＊*

# INVOICE



Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**



| INVOICE | |
|---|---|
| 9052576 | |
| Invoice Date | Page |
| 5/12/2022 | 14 of 17 |
| ORDER NUMBER | |
| 3344687 | |

*Total Lines: 3*

| | |
|---|---|
| **SUB-TOTAL:** | 12,617.60 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 12,617.60 |
| | *U.S. Dollars* |

*REPRINT*



Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**

# INVOICE



| INVOICE | |
|---|---|
| 9053478 | |
| Invoice Date | Page |
| 5/13/2022 | 15 of 17 |
| ORDER NUMBER | |
| 3344693 | |

**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
60 Carson Road
Newark Liberty International Airport
Newark, NJ 07114

**Customer ID:** 100329

| PO Number | | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|---|---|---|---|---|---|
| Truck for May 13th | | Net 30 | 6/12/2022 | 6/12/2022 | 0.00 |

| Order Date | Shipment No | Primary Salesrep Name | | Taker |
|---|---|---|---|---|
| 5/10/2022 13:47:34 | 5266340 | John Lobasso | | JOHN LOBASSO |

| Quantities | | | | | Item ID | Pricing UOM | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | Item Description | Unit Size | | |
| | | | | | **Customer Note:** * CUSTOMIZED LIBRARY * | | | |
| | | | | | **Delivery Instructions:** Del Friday May 13th Rich 732-690-6612 | | | |
| | | | | | **Carrier:** 02-To Dispatcher for Delivery    **Tracking #:** esalazar | | | |
| 1,224.000 | 1,224.000 | 0.000 | SF | 1.0 | *HS UL SUPER DECOR 8CM-N | SF 1.0000 | 9.9000 | 12,117.60 |
| | | | | | UNILOCK S3000 8CM SUPER DECOR NATURAL | | | |
| | | | | | COLOR: NATURAL | | | |
| | | | | | TEXTURE: | | | |
| | | | | | 72 SQFT/PALLET | | | |
| 17.000 | 17.000 | 0.000 | EA | 1.0 | *HS UNI PALLET | EA 1.0000 | 25.0000 | 425.00 |
| | | | | | Unilock Pallet 48x38 | | | |
| 1.000 | 1.000 | 0.000 | EA | 1.0 | DEL SURCHARGE | EA 1.0000 | 75.0000 | 75.00 |
| | | | | | Delivery Surcharge | | | |
| | | | | | Local deliveries - no tolls | | | |
| | | | | | **Ordered As:** DEL | | | |

**Shipment Accepted By:**

Total Lines: 3

| | |
|---|---|
| **SUB-TOTAL:** | 12,617.60 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | **12,617.60** |
| | *U.S. Dollars* |

*** REPRINT ***



**INVOICE**

Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**

| INVOICE | |
|---------|---|
| 9057437 | |
| Invoice Date | Page |
| 5/17/2022 16:25:46 | 16 of 17 |
| ORDER NUMBER | |
| 3344702 | |



**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
60 CArson Road
Newark Liberty International Airport
Newark, NJ 07114

**Customer ID:** 100329

| PO Number | | Terms Description | Net Due Date | Disc Due Date | Discount Amount |
|-----------|---|------------------|--------------|---------------|-----------------|
| Last truck May 13th | | Net 30 | 6/16/2022 | 6/16/2022 | 0.00 |

| Order Date | Shipment No | | Primary Salesrep Name | Taker |
|-----------|-------------|---|----------------------|-------|
| 5/10/2022 13:51:28 | 5269351 | | John Lobasso | JOHN LOBASSO |

| Quantities | | | | | Item ID / Item Description | Pricing UOM / Unit Size | Unit Price | Extended Price |
|---------|---------|-----------|------------------|------|---------------------------|-------------------------|------------|----------------|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | | | | |

**Customer Note:** * CUSTOMIZED LIBRARY *
**Delivery Instructions:** Rich 732-690-6612
**Carrier:** 02-To Dispatcher for Delivery    **Tracking #:**

| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | Item ID / Item Description | Pricing UOM / Unit Size | Unit Price | Extended Price |
|---------|---------|-----------|---------------|-------|---------------------------|-------------------------|------------|----------------|
| 216.000 | 216.000 | 0.000 SF | 1.0 | | *HS UL SUPER DECOR 8CM-G<br>UNILOCK S3000 8CM SUPER DECOR GREEN<br>COLOR: GREEN<br>72 SQFT/PALLET | SF 1.0000 | 9.9000 | 2,138.40 |
| 144.000 | 144.000 | 0.000 SF | 1.0 | | *HS UL SUPER DECOR 8CM-N<br>UNILOCK S3000 8CM SUPER DECOR NATURAL<br>COLOR: NATURAL<br>TEXTURE:<br>72 SQFT/PALLET | SF 1.0000 | 9.9000 | 1,425.60 |
| 5.000 | 5.000 | 0.000 EA | 1.0 | | *HS UNI PALLET<br>Unilock Pallet 48x38 | EA 1.0000 | 25.0000 | 125.00 |
| 1.000 | 1.000 | 0.000 EA | 1.0 | | DEL SURCHARGE<br>Delivery Surcharge<br>Local deliveries - no tolls | EA 1.0000 | 50.0000 | 50.00 |

**Ordered As:** DEL

**Total Lines: 4**

| | |
|---|---|
| **SUB-TOTAL:** | 3,739.00 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 3,739.00 |
| | *U.S. Dollars* |

*＊＊REPRINT＊＊＊*



# INVOICE

Liberty Building Products
193 Christie Street, Newark, N.J. 07105
(908) 276-5122 FAX# (908) 276 - 7205

**Please Remit Payments to:**
**Liberty Building Products**
**PO Box 51069**
**Newark, NJ 07101-5169**

| INVOICE | |
|---|---|
| 9058231 | |
| Invoice Date | Page |
| 5/18/2022 11:53:03 | 17 of 17 |
| ORDER NUMBER | |
| 3350118 | |



**Bill To:**

ASSUNCAO BROTHERS
29 Wood Avenue
Edison, NJ 08820

**Ship To:**

EWR-154.395 Terminal A Redevelopment
EWR-154.395 Terminal A Redevelopment
Newark Liberty International Airport
Newark, NJ 07114

**Customer ID:** 100329

| PO Number | | Terms Description | Net Due Date | Disc Due Date | Discount Amount | |
|---|---|---|---|---|---|---|
| | | Net 30 | 6/17/2022 | 6/17/2022 | 0.00 | |

| Order Date | Shipment No | Primary Salesrep Name | | Taker |
|---|---|---|---|---|
| 5/18/2022 07:33:50 | 5269943 | John Lobasso | | JOHN LOBASSO |

| Quantities | | | | | Item ID / Item Description | Pricing UOM / Unit Size | Unit Price | Extended Price |
|---|---|---|---|---|---|---|---|---|
| Ordered | Shipped | Remaining | UOM Unit Size | Disp. | | | | |

**Customer Note:** * CUSTOMIZED LIBRARY *
**Carrier:** 01-Customer Pickup          **Tracking #:**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 94.000 | 94.000 | 0.000 | EA | 1.0 | LP SP54316<br>5/4X3X16FT #3 Spruce HT | EA 1.0000 | 7.7500 | 728.50 |

**Total Lines: 1**

**SUB-TOTAL:** 728.50
**TAX:** 0.00
**AMOUNT DUE:** 728.50

*U.S. Dollars*

*** REPRINT ***

# EXHIBIT 2

Fill in this information to identify the case:

Debtor name **Assuncao Bros., Inc.**

United States Bankruptcy Court for the: **DISTRICT OF NEW JERSEY**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| American Express National Bank c/o Doyle & Hoefs, LLC 2043 Springwood Road Attn: Michael J. Hoefs, Esq. York, PA 17403 | | Breach of Contract Lawsuit | Disputed | | | $216,390.58 |
| Black Rock Enterprises, LLC 1316 Englishtown Road Old Bridge, NJ 08857 | | Trade debt | Disputed | | | $522,565.85 |
| County Concrete Corp. PO BOX F Kenvil, NJ 07847 | | Trade debt | Disputed | | | $103,077.16 |
| Diamond Sand and Gravel, Inc. c/o McELROY, DEUTSCH, MULVANEY 1300 Mount Kemble Ave. Attn: Michael R. Morano | | Pending Lawsuit | Disputed | | | $129,944.00 |
| Essex County Sheriff's Office Special Services 50 West Market St. Room 201 Attn: James Spango PR 00710-2000 | | Trade Debt | | | | $98,890.00 |

Debtor **Assuncao Bros., Inc.**
    Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| JM Ahle, Inc. 190 William St Suite 2D South River, NJ 08882 | | Trade debt | | | | $173,052.40 |
| Liberty Building Products 193 Christie Street Newark, NJ 07101 | | Trade debt | | | | $137,259.00 |
| NGM Insurance Company c/o MCELROY, DEUTSCH, MULVANEY, et al 1300 Mount Kemble Avenue Attn: ADAM R. SCHWARTZ Morristown, NJ 07962-2017 | | Pending Litigation | Disputed | | | $531,540.13 |
| Operating Engineers Local 825 65 Springfield Ave Springfield, NJ 07081 | | Union Dues & Benefits | | | | $157,386.00 |
| Pennsylvania Jersey Concrete 2819 Fire Road Egg Harbor Township, NJ 08234 | | Trade debt | | | | $172,053.00 |
| Precast Systems, Inc 57 Sharon Station Road Allentown, NJ 08501 | | Trade Debt | | | | $89,500.00 |
| Ralph Clayton & Sons PO Box 3015 Lakewood, NJ 08701 | | Trade Debt | | | | $297,197.16 |
| Roman Asphalt Corp. 32 O'Brien Street Kearny, NJ 07032 | | Trade debt | | | | $687,868.66 |
| Shore Systems Group, LLC PO Box 188 Clarksburg, NJ 08510 | | Trade debt | | | | $341,298.00 |

Debtor   **Assuncao Bros., Inc.**                                              Case number *(if known)*
_____Name_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Statewide Striping Corp.** 499 Pomeroy Rd Parsippany, NJ 07054 | | **Trade debt** | | | | $82,535.27 |
| **Stavola Flemington Asphalt** PO Box 482 Red Bank, NJ 07701 | | **Trade debt** | | | | $82,862.89 |
| **Tiffany Electric** 5 Eastmans Rd Parsippany, NJ 07054 | | **Trade debt** | **Unliquidated** | | | $281,665.30 |
| **Union Carpenters** 91 Fieldcrest Ave Edison, NJ 08837 | | **Union Dues and Benefits** | | | | $132,175.00 |
| **Union Local- 472 Laborers** 700 Raymond Blvd Newark, NJ 07105 | | **Union Dues and Benefits** | | | | $616,092.62 |
| **Zuccaro Inc.** 64 Commerce St. Garfield, NJ 07026 | | **Trade debt** | | | | $64,568.71 |

# EXHIBIT 3

Lakewood, NJ 08701

Lawson Products Inc.
PO BOX 734922
Chicago, IL 60673-4922

LC Equipment, Inc
PO Box 595
394 Route 49
Tuckahoe, NJ 08250

Leisure Village Association
19 Buckingham Drive
Lakewood, NJ 08701

Leon S. Avakian, Inc.
788 Wayside Road
Neptune, NJ 07753

Liberty Building Products
193 Christie Street
Newark, NJ 07101

Lincoln Benefit Life Company
PO Box 856764
Minneapolis, MN 55485

Lisbon Contractors
40 Coyle Street
Parlin, NJ 08859

Lisbon Trucking
40 Coyle Street
Parlin, NJ 08859

**United States Bankruptcy Court**
**District of New Jersey**

In re   Assuncao Bros., Inc.

Debtor(s)

Case No.
Chapter   11

# VERIFICATION OF CREDITOR MATRIX

I, the President and Chief Executive Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **August 3, 2022**

Martin Assuncao/President and Chief Executive Officer
Signer/Title

# EXHIBIT 4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

FOX ROTHSCHILD LLP
49 Market Street
Morristown, NJ 07960
Joseph J. DiPasquale Esq.
jdipasquale@foxrothschild.com
Telephone: 973-992-4800
Facsimile: 973-992-9125
*Proposed Counsel to the Debtor and Debtor in
Possession*

In Re:

ASSUNCAO BROS., INC.,

               Debtor.

Chapter 11

Case No 22-16159-CMG

Judge: Hon. Christine M. Gravelle

## CERTIFICATE OF SERVICE

1.    I, Cathi Brown:

    ☒   am the legal assistant to Joseph J. DiPasquale at Fox Rothschild, LLP, attorney to debtor in the above-mentioned matter.

2.    On August 5, 2022 I sent a copy of the following pleadings and/or documents via first class mail to the parties listed on Schedule A attached:

- Order Shortening Time Period for Notice Setting Hearing and Limiting Notice (Signed);

- Debtor's Motion of Entry of An Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement, (III) Authorizing Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing The Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases;

- Proposed Order Shortening Time Period for Notice Setting Hearing and Limiting Notice.

3.    On August 5, 2022, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:

136610033.1

- Order Shortening Time Period for Notice Setting Hearing and Limiting Notice (Signed);

- Debtor's Motion of Entry of An Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement, (III) Authorizing Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing The Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases;

- Proposed Order Shortening Time Period for Notice Setting Hearing and Limiting Notice.

4.   I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated:  August 5, 2022

/s/*Cathi Brown*
Cathi Brown

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Small Business Administration<br>2 North 20th Street<br>Suite 320<br>Birmingham, AL 35203<br>jamesrivera@sba.gov | Secured creditor | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>x E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _Federal Express_<br>   (as authorized by court*) |
| Eamonn OHagan<br>Senior Bankruptcy Counsel<br>US Attorneys Office<br>District Of New Jersey<br>970 Broad Street<br>Newark, NJ 07102<br>Eamonn.OHagan@usdoj.gov | Attorney for SBA | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>x E-mail<br>☐ Notice of Electronic Filing (NEF)<br>X Other ___telephone<br>   (as authorized by court*) |
| Scott Rever, Esq.<br>Genova Burns<br>110 Allen Road<br>Basking Ridge, NJ 07920<br>srever@genovaburns.com | Proposed Subchapter V Trustee | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>x E-mail<br>☐ Notice of Electronic Filing (NEF)<br>X Other ___telephone<br>   (as authorized by court*) |

136610033.1

2

Iron Workers Distict Local 399
Council Benefit and Pension Fund
26 East Fleming Pike
Hammonton, NJ 08037-2410

Ironworkers Local No. 11 Benefits Funds
12 Edison Place
Springfield, NJ 07081-1310

J.J. Keller & Associates, Inc.
P.O. 6609
Carol Stream, IL 60197-6609

J.M. Santos Trucking, LLC
24 North 9th Street
Kenilworth, NJ 07033-1540

J.W. Goodlife & Son,Inc.
PO Box 69034
Baltimore, MD 21264-9034

JCP&L
Box 3687
Akron, OH 44309-3687

JL Landscaping, LLC
630 Main Street, Suite C
Sayreville, NJ 08872-1338

JL Services
630 Main Street Suite C
Sayreville, NJ 08872-1338

JM Ahle, Inc.
190 William St Suite 2D
South River, NJ 08882-1100

Jerry's Towing and Diesel Repair
1156 Toms River Road
Jackson, NJ 08527-5242

Jersey Coast Fire Equip
377 Asbury Road
Farmingdale, NJ 07727-3604

Jesco, Inc
118 St.Nicholas Avenue South
South Plainfield, NJ 07080-1892

John Deere Credit
PO Box 4450
Carol Stream, IL 60197-4450

Jomig Investments
224C Foxsgate Drive
Spotswood, NJ 08884

K&M Construction Services, LLC
6 Wilcox Ave
South River, NJ 08882-1951

KCP Advisory Group
700 Technology Park Drive Suite 212
Billerica, MA 01821-4134

KIll Surveying & Construction Services
4 Margo Place
Trenton, NJ 08620-2434

KTS Heavy Hauling Inc.
9 Pace Drive
Edison, NJ 08820-2208

Kenco Corp.
170 PA -271
Ligonier, PA 15658

KobelCo Financial / Wells Fargo
Wells Fargo Vendor Financial Services
PO Box 07024
Philadelphia, PA 19149-0024

(p)KOMATSU AMERICA CORP
ATTN BEA BARRY
8770 W BRYN MAWR AVENUE STE 100
CHICAGO IL 60631-3782

Kubota Credit Corporation, U.S.A.
P.O. Box 2046
Grapevine, TX 76099-2046

LC Equipment, Inc
PO Box 595
394 Route 49
Tuckahoe, NJ 08250-0595

Lakewood Township Police
231 3rd Street
Lakewood, NJ 08701-3220

Lawson Products Inc.
PO BOX 734922
Chicago, IL 60673-4922

Leisure Village Association
19 Buckingham Drive
Lakewood, NJ 08701-6297

Leon S. Avakian, Inc.
788 Wayside Road
Neptune, NJ 07753-2766

Liberty Building Products
193 Christie Street
Newark, NJ 07105-3915

Lincoln Benefit Life Company
PO Box 856764
Minneapolis, MN 55485-6764

Lisbon Contractors
40 Coyle Street
Parlin, NJ 08859-1006

# EXHIBIT 5

## Louis Modugno

| | |
|---|---|
| **From:** | Caneco, Joseph <JCaneco@foxrothschild.com> |
| **Sent:** | Wednesday, August 24, 2022 11:02 AM |
| **To:** | 'chambers_of_cmg@njb.uscourts.gov' |
| **Cc:** | DiPasquale, Joseph J.; Herz, Michael R.; McGee, Maggie (USTP); srever@genovaburns.com; Louis Modugno; Curtis M. Plaza Esq. (cplaza@riker.com); Daniel A. Bloom; OHagan, Eamonn (USANJ); gbressler@mdmc-law.com; Virginia T. Shea; Scott A. Levin; 'timothy.neumann25@gmail.com'; Rick Schlaifer; Etzel, Kevin J.; John Morton; Allen G. Kadish |
| **Subject:** | In re Assuncao Bros., Inc., 22-16159 - Final Sale Order [Re: D.I. 25] |
| **Attachments:** | Assuncao - Sale Motion - Draft Order-C.pdf; Assuncao - Sale Motion - Draft Order(135951287.12)-C.docx; EX A - APA-C.pdf; Redline - Sale Order - Cumulative-C.pdf |

Dear Judge Gravelle:

Please find attached the proposed final order relating to the Debtor's motion to sell assets and authorize settlement [Motion: D.I. 25]. There is a word and pdf version of the order (note only the pdf contains Exhibit A, the Asset Purchase Agreement, though it is also attached separately) and a redline of comments/changes that have been made to the proposed form of order submitted with the motion. All parties have reviewed and approve this form and are copied.

Respectfully,

**Joseph A. Caneco**
Associate
**Fox Rothschild LLP**
101 Park Ave.
Ste. 1700
New York, NY 10178
(646) 601-7655 - direct
(212) 692-0940 - fax
JCaneco@foxrothschild.com
www.foxrothschild.com

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, NJ 07960
Telephone: (973) 992-4800
Fax: (973) 992-9125
Joseph J. DiPasquale, Esq.
Michael R. Herz, Esq.
Joseph A. Caneco, Esq.
jdipasquale@foxrothschild.com
mherz@foxrothschild.com
jcaneco@foxrothschild.com
*Proposed Attorneys for Debtor, Assuncao Bros. Inc.*

In Re:

ASSUNCAO BROS., INC.,

                    Debtor.

Chapter 11, Subchapter V

Case No. 22-16159

Judge: Christine M. Gravelle

**ORDER (I) AUTHORIZING THE SALE OF CERTAIN OF THE
DEBTOR'S ASSETS TO VOLLERS EXCAVATING AND
CONSTRUCTION, INC., (II) APPROVING SETTLEMENT WITH
MANASQUAN BANK AS SECURED LENDER, (III) AUTHORIZING
THE DEBTOR TO ENTER INTO SUBCONTRACTS WITH VOLLERS
FOR NON-BONDED PROJECTS, AND (IV) AUTHORIZING THE
DEBTOR TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES**

The relief set forth on the following pages, numbered two (2) through ~~twenty-five~~

~~(25~~thirty-four (34), is hereby **ORDERED**.

Page 2 of 2534
DEBTOR:     Assuncao Brothers Inc.
CASE NO:     22-16159-CMG
CAPTION:     **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

**THIS MATTER** having been brought before the Court upon the motion (the "Motion")[1] of Assuncao Brothers Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11, subchapter v case (the "Subchapter V Case"), by and through its proposed attorneys, Fox Rothschild LLP, seeking entry of an order pursuant to 11 U.S.C. §§ 105(a), 363, and 365, Rules 6003, 6004, 6006 and 9019 of the Federal Rules of Bankruptcy Procedure, and D.N.J. LBR 6004-1, (i) authorizing the Debtor to sell certain of its assets (the "Purchased Assets") to Vollers Excavating and Construction, Inc. (the "Buyer" or "Vollers") as more particularly set forth in sections 1.01 and 1.02 of the Asset Purchase Agreement (the "Purchased Assets~~attached hereto as Exhibit A to the Motion (the "Asset Purchase Agreement") free and clear of any and all claims, liens, rights, interests, and encumbrances, (ii) approving a settlement among Debtor, Vollers, and Manasquan Bank as secured lender to Debtor, (iii) authorizing the Debtor to enter into the Subcontracts with Vollers for Vollers to perform Debtor's remaining obligations under the Subcontracted Projects free and clear of any and all claims of Debtor's pre-petition subcontractors, vendors, suppliers and materialmen~~ (the "Asset Purchase Agreement")~~, and (iv) authorizing the Debtor to assume and assign to Vollers the Assigned Equipment Loans set forth in schedule 1.03(d) to the Asset Purchase Agreement; and due and sufficient notice of the Motion having been provided; and the Court having considered the papers submitted, including opposition, if any, as well as the arguments presented at the hearing held on

---

[1] Capitalized terms not otherwise defined shall have the same meaning as set forth in the Motion.

Page 3 of 2534
DEBTOR:            Assuncao Brothers Inc.
CASE NO:           22-16159-CMG
CAPTION:           **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                   Excavating and Construction, Inc., (II) Approving Settlement with
                   Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                   into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                   Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                   and Unexpired Leases**

August 22, if any2022 (the "Sale Hearing"); and the Court having jurisdiction over the

Debtor's Subchapter V Case and the Motion under 28 U.S.C. §§ 1334(b) and 157, and the

*Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States

District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.);

and the Court having found and determined that the relief requested in the Motion and

provided for herein is proper, lawful, necessary, appropriate, and in the best interest of the

Debtor, its estate, creditors, and all parties-in-interest; and for the reasons set forth on the

record at the Sale Hearing; and for good cause shown, it is hereby

   **FOUND AND DETERMINED THAT:[2]**

   A.    The statutory predicate for the relief granted herein are sections 105(a), and

363 of the Bankruptcy Code, Bankruptcy Rule 6003, 6004, 6006 and 9019, and D.N.J.

LBR 6004-1.

   B.    Good and sufficient notice of the Motion and the Debtor's proposed entry

of the Subcontracts and assumption and assignment of the Assigned Equipment Loans and

related cure costs, if any, was given to Subcontracted Project owners and other interested

parties including, but not limited to, Debtor's pre-petition subcontractors, vendors,

suppliers and materialmen on Non-Bonded Projects, as well as counterparties to the

Assigned Equipment Loans, in accordance with the directive of the Court and as otherwise

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law
pursuant to Bankruptcy Rule 7052. To the extent any findings of fact constitute conclusions of law, they are
adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

Page 4 of 2534
DEBTOR:            Assuncao Brothers Inc.
CASE NO:           22-16159-CMG
CAPTION:           **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                   Excavating and Construction, Inc., (II) Approving Settlement with
                   Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                   into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                   Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                   and Unexpired Leases**

required by applicable law, and was fair, reasonable, and sufficient under the circumstances.

     C.     The record establishes that there are (i) good, valid, and sound business purposes for the sale of the Purchased Assets[3] under the Asset Purchase Agreement, the execution of the Subcontracts, and assumption and assignment to the Buyer of the Assigned Equipment Loans free and clear of any claim or interest of any of Debtor's prepetition subcontractors, vendors, suppliers and materialmen on the Non-Bonded Projects, and (ii) compelling circumstances for the Debtor to enter into the Asset Purchase Agreement and consummation of the transactions contemplated therein (the "Sale" or "Vollers Transaction") pursuant to section 363(b) of the Bankruptcy Code prior to confirmation of a chapter 11 plan.

     D.     Manasquan Bank (i) is owed at least $1,309,232.14, plus additional fees, costs, and expenses, as of the Petition Date; and (ii) has properly perfected lien rights in all of the Debtor's assets through the prepetition liens related to the Manasquan Loan and through the Adequate Protection Liens provided under the Cash Collateral/DIP Motion.

     E.     D.Manasquan Bank has asserted that the value of its collateral, along with certain litigation rights against the Debtor, would result in the repayment in full of the Manasquan Loan, an assertion disputed by the Debtor. In lieu of costly litigation that

---

[3] As set forth below, this Order modifies the scope of the Purchased Assets listed in section 1.01 of the Asset Purchase Agreement to remove and preserve for the Debtor's estate: (1) cash held by the Debtor, including receivables collected from completed worked on Non-Bonded Projects as of the Closing Date, and (2) Claims and Causes of Action (defined below), including avoidance actions under chapter 5 of the Bankruptcy Code.

Page 5 of ~~25~~ 34
DEBTOR:           Assuncao Brothers Inc.
CASE NO:          22-16159-CMG
CAPTION:          **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

would burden the estate with substantial administrative expense and reduce recoveries to

creditors, the Debtor, Manasquan Bank, and Vollers have agreed to the following

settlement, the terms of which are hereby approved pursuant to Fed. R. Bankr. P. 9019 (the

"Manasquan Bank Settlement"):

> (1) Debtor and Vollers acknowledge that through the prepetition liens
> related to the Manasquan Loan and through the Adequate Protection
> Liens to be provided under the Cash Collateral/DIP Motion, Manasquan
> Bank has properly perfected lien rights in all of the Debtor's assets, and
> that Debtor and Vollers require the consent of Manasquan Bank to
> proceed with the Vollers Transaction;
>
> (2) In settlement of the properly perfected prepetition liens and Adequate
> Protection Liens provided under the Cash Collateral/DIP Motion in
> favor of Manasquan Bank, and the other consideration to be provided
> by Manasquan Bank, Vollers has agreed to pay Manasquan Bank
> $975,000 (the "Manasquan Settlement Amount") on the Closing Date
> (as defined in section 2.01 of the Asset Purchase Agreement);
>
> (3) Manasquan Bank has agreed to accept the Manasquan Settlement
> Amount in exchange for the release of its liens and consent to the
> Vollers Transaction if, and only if, the Manasquan Settlement Amount
> is actually paid directly to Manasquan Bank at the closing of the Vollers
> Transaction; Manasquan Bank will not consent to the Vollers

5

Page 6 of 25~~34~~
DEBTOR:
CASE NO:
CAPTION:

Assuncao Brothers Inc.
22-16159-CMG
**Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

Transaction or the release of its liens if, for any reason, payment of the Manasquan Settlement Amount is delayed beyond, or otherwise cannot be made directly to Manasquan Bank at or before the Closing Date; Debtor and Vollers likewise acknowledge and agree that the Vollers Transaction cannot proceed absent the consent of Manasquan Bank and the Manasquan Settlement Amount being paid directly to Manasquan Bank on the Closing Date;

(4) Upon receipt of the Manasquan Settlement Amount, Manasquan Bank will immediately pay $25,000 from the Manasquan Settlement Amount to an account established by KCP Advisory Group, LLC with Bank of America for the benefit of the Subchapter V Case professionals ~~as a reimbursement of expenses related to the Vollers Transaction~~;

(5) After payment of the Manasquan Settlement Amount to Manasquan Bank, Manasquan Bank will have an agreed upon allowed unsecured deficiency claim against Debtor of $359,232.14;

(6) Notwithstanding this settlement and its receipt of the Manasquan Settlement Amount, Manasquan Bank will continue to have the right to pursue any guarantors of the Manasquan Loan for any amounts of the Manasquan Loan remaining unpaid, including remaining principal, interest, default interest, fees, expenses, attorney's fees, and costs, and the guarantors do not waive and shall maintain any rights, claims, and

6

Page 7 of ~~25~~34
DEBTOR:                    Assuncao Brothers Inc.
CASE NO:                   22-16159-CMG
CAPTION:                   **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

defenses in connection therewith;

(7) On the Closing Date, Debtor and its estate, and Vollers shall ~~release~~

~~Manasquan Bank and related parties from~~ be conclusively deemed to

have released any and all claims ~~and causes of action~~, causes of action,

rights, liabilities, obligations, suits, debts, accounts, promises,

warranties, damages and consequential damages, judgments, demands,

agreements, costs, expenses, claims or demands whatsoever, of any kind

or nature, whether known or unknown, ~~that may exist~~ liquidated or

unliquidated, disputed or undisputed, contingent or non-contingent, in

law or in equity, existing from the beginning of time to the Closing Date,

that may relate in any way to this Subchapter V Case,    against

Manasquan Bank, its shareholders, directors, officers, parents,

subsidiaries, affiliates, successors and assigns, and their respective

attorneys, accountants, agents, and representatives.   On the Closing

Date, subject to receipt of the Manasquan Settlement Amount,

Manasquan Bank shall ~~release Vollers and related parties from~~ be

conclusively deemed to have released any and all claims ~~and causes of~~

~~action~~, causes of action, rights, liabilities, obligations, suits, debts,

accounts, promises, warranties, damages and consequential damages,

judgments, demands, agreements, costs, expenses, claims or demands

whatsoever, of any kind or nature, whether known or unknown, ~~that~~

7

Page 8 of 25~~34~~
DEBTOR:
CASE NO:
CAPTION:

Assuncao Brothers Inc.
22-16159-CMG
**Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

~~Manasquan Bank may possess against Vollers as may be related in any~~ ~~way to this Subchapter V Case~~liquidated or unliquidated, disputed or underlined undisputed, contingent or non-contingent, in law or in equity, existing from the beginning of time to the Closing Date, that may relate in any way to this Subchapter V Case, against Vollers, its shareholders, directors, officers, parents, subsidiaries, affiliates, successors and assigns, and their respective attorneys, accountants, agents, and representatives. Nothing in this paragraph, however, shall be deemed or construed to release compliance with this settlement and the releases contained in this paragraph (collectively, the "Releases"). In no event shall the releases contained in this Manasquan Bank Settlement be deemed to release any claims against any principal or related party of the Debtor, including without limitation any guarantor of the Manasquan Loan.

F.       E.The foregoing Manasquan Bank Settlement is fair and reasonable and falls within the range of reasonableness under Fed. R. Bankr. P. 9019 under the circumstances of this Subchapter V Case, and is approved.

G.       On the Petition Date, the U.S. Small Business Administration (the "SBA") held a pre-petition secured claim that is subordinate to the pre-petition secured claim of Manasquan Bank.

H.       The Debtor's surety, NGM Insurance Company ("NGM"), asserts secured

8

Page 9 of 2534
DEBTOR:              Assuncao Brothers Inc.
CASE NO:             22-16159-CMG
CAPTION:             **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                     Excavating and Construction, Inc., (II) Approving Settlement with
                     Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                     into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                     Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                     and Unexpired Leases**

claims, and further asserts that the Debtor may be in possession of disbursed funds or come

into possession of said funds in the future generated from certain Bonded Projects that

constituted trust funds for, among others, subcontractors on those projects and NGM

(including, but not limited, to approximately $348,075 in trust funds that should have been

paid to Shore Systems, L.L.C., in connection with the Monmouth County "Renovation of

Bridge U-15" bonded project (the "Shore Systems Trust Claim")) as described in the

Declaration of Eli Cinq-Mars and its related exhibits filed at Docket. No. 76.

     I.     To resolve the objections of the SBA to the Motion and related transactions

(including the Sale, the Manasquan Bank Settlement, and the Cash Collateral/DIP Motion

(as defined in the Motion)), and subject to the approval and consummation of the

Manasquan Bank Settlement, the Debtor, Vollers, and the SBA have agreed as follows (the

"SBA Resolution"):

> (1) Within 30-days of the closing of the Sale, Vollers shall pay $75,000.00
>     to the SBA in partial satisfaction of the SBA's secured claim against the
>     Debtor;
>
> (2) The "Kicker Provision" (as defined in the Motion) shall be increased
>     from 15% to 25% (the "Enhanced Kicker") and the Asset Purchase
>     Agreement shall be deemed to be modified to reflect the Enhanced
>     Kicker;
>
> (3) The Enhanced Kicker shall be allocated as follows: 10% to the Debtor's
>     estate, 10% to the SBA on account of SBA's secured claim against the

Page 10 of 2534
DEBTOR:
CASE NO:
CAPTION:

Assuncao Brothers Inc.
22-16159-CMG
**Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

Debtor (which allocation to SBA shall not be subject to surcharge under

11 U.S.C. § 506(c)), and 5% to NGM as part of the NGM Resolution as

set forth below;

(4) The SBA consents to the Sale and related transactions.

I.      To resolve the objections of NGM to the Motion and related transactions

(including the Sale, the Manasquan Bank Settlement, and the Cash Collateral/DIP Motion

(as defined in the Motion), and in full and final settlement of the Shore Systems Trust

Claim against the Debtor, and subject to the approval and consummation of the Manasquan

Bank Settlement, the Debtor, Vollers, and NGM have agreed as follows (the "NGM

Resolution"):

(1) NGM hereby agrees that it will not assert a claim against the Debtor's

estate that any funds being held by the Debtor's estate or any funds that

come into the Debtor's estate hereafter shall be turned over to NGM in

connection with the Shore System Trust Claim. This waiver shall not

affect in any way and/or waive and release: (i) any other claim to trust

funds in connection with funds being held or later held by the estate or

any trust fund claims to accounts receivable for any other matter; (ii)

any unsecured claim against the Debtor's estate on account of any

amounts paid by NGM to the Shore Systems, L.L.C. as a result of the

failure of the Debtor to pay Shore Systems, Inc., the $348,075 plus fees

and costs incurred by NGM in connection therewith, and (iii) any claim

10

Page 11 of 2534
DEBTOR:
CASE NO:
CAPTION:

Assuncao Brothers Inc.
22-16159-CMG
**Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

of NGM against any other party by way of indemnity or otherwise in connection with the Shore Systems Trust Claim including but not limited any claim of a liability as a transferee of any such trust funds or any claim for failing to cause the Debtor to properly pay said trust funds to Shore Systems, Inc., except that any such claim shall be reduced by any sums paid to NGM (net of costs to NGM) as a result of the litigation to be brought against Schiavone as described in Paragraph J(3) hereof. Nothing herein is a waiver of any defense by NGM to any claim brought by Shore Systems, Inc. against NGM or shall be deemed as an admission by NGM in connection therewith. Except as provided herein as to the Shore System Trust Claim, nothing herein shall affect the rights, lien, claims, and trust fund claims of NGM and its bond beneficiaries and the priority thereof as to any assets that are not part of the Vollers Transaction. The rights and defenses of the Debtor, the Debtor's estate, and third parties with respect to any rights and claims reserved for NGM under this paragraph are preserved.

(2) NGM shall receive 5% of the Enhanced Kicker Provision as set forth in paragraph I(3) above.

(3) Buyer shall pursue recovery of the Debtor's claims against Schiavone Construction Co., LLC ("Schiavone") at Buyer's expense, and any amounts recovered by Buyer from Schiavone (net of attorneys' fees and

11

Page 12 of ~~25~~34
DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                 Excavating and Construction, Inc., (II) Approving Settlement with
                 Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                 into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                 Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                 and Unexpired Leases**

costs in pursuing the recovery) shall be allocated as follows: 50% to

Buyer, 25% to the Debtor's estate, and 25% to NGM. Buyer shall be

authorized to compromise the claim against Schiavone in its sole

discretion. If Buyer determines not to pursue or to no longer pursue the

claim against Schiavone, the Buyer shall notify Debtor and NGM that

the Buyer is no longer willing to pursue the claim. The Debtor and/or

NGM may thereafter pursue the claim at their respective costs and

expense and, to the extent Debtor and/or NGM recover on the claim,

they shall equally split the proceeds of any recovery.

(4) NGM Consents to the Sale and related transactions. To the extent that

the Buyer holds books and records relevant to any claim brought against

NGM pursuant to a Bond, Buyer shall make such book and records

available to NGM upon its request.

K.   The foregoing SBA Resolution and NGM Resolution are fair and

reasonable and fall within the range of reasonableness under Fed. R. Bankr. P. 9019 under

the circumstances of this Subchapter V Case, and is approved.

L.   ~~F.~~Each party that claims any interest in any of the Purchased Assets to be

sold under the Asset Purchase Agreement has either consented to the Sale or could be

compelled in a legal or equitable proceeding to accept a money satisfaction of such interest

pursuant to section 363(f) of the Bankruptcy Code.

M.   ~~G.~~The Debtor is the sole and lawful owner of the Purchased Assets.

12

Page 13 of 2534
DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

Accordingly, the transfer of the Purchased Assets to the Buyer will be a legal, valid, and
effective transfer of the Purchased Assets, free and clear of all claims (including any
"claim" as defined in section 101(5) of the Bankruptcy Code), reclamation claim and/or
claims for reimbursement, covenants, restrictions, judgments, and/or orders of any court,
product liability claims, successor liability, tax and other claims of any nature, causes of
action, and any other manner of claim, liens (including consensual and non-consensual
liens and statutory liens), security interests, rights, other interests, or encumbrances,
whether known or unknown pursuant to section 363(f) of the Bankruptcy Code and all
other applicable laws, except with respect to such liens and claims expressly assumed by
the Buyer in the Asset Purchase Agreement.

N.      H.Adequate assurance exists that the Buyer will fully perform all future
obligations under the Assigned Equipment Loans.  Assumption and assignment of such
executory contracts and unexpired leases is an appropriate exercise of the Debtor's
business judgment.

O.      I.The Buyer is not an "insider" or "affiliate" of the Debtor as those terms
are defined in the Bankruptcy Code. The Debtor and the Buyer have at all times acted in
good faith and in accordance with applicable law. The Buyer is acting in good faith within
the meaning of section 363(m) of the Bankruptcy Code. The Sale of the Purchased Assets
to the Buyer pursuant to the Asset Purchase Agreement and this Order is a sale in good
faith within the meaning of section 363(m) of the Bankruptcy Code, and the Buyer is
entitled to the protections of section 363(m) of the Bankruptcy Code.  The Buyer has not

13

Case 22-16159-CMG   Doc 188-1   Filed 01/27/23   Entered 01/27/23 13:01:43   Desc
Certification     Page 49 of 69

DEBTOR:            Assuncao Brothers Inc.
CASE NO:           22-16159-CMG
CAPTION:           **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                   Excavating and Construction, Inc., (II) Approving Settlement with
                   Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                   into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                   Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                   and Unexpired Leases**

violated section 363(n) of the Bankruptcy Code by any action or inaction, and there has

been no evidence that any activity prohibited under section 363(n) of the Bankruptcy Code

occurred.

P.    ~~J.~~The Debtor has full authority and power to execute and deliver the Asset

Purchase Agreement and related agreements and all other documents contemplated by the

Asset Purchase Agreement, to perform the obligations thereunder, and to consummate the

transactions contemplated therein. No other consent or approvals are necessary or required

for the Debtor to perform its obligations under the Asset Purchase Agreement and to

consummate the transactions contemplated therein.

Q.    ~~K.~~The Seller may sell the Purchased Assets to the Buyer free and clear of

all liens, claims, rights, interest, and encumbrances against the Debtor, the Debtor's estate,

or any of the Purchased Assets, because one or more of the requirements set forth in section

363(f)(1) through (5) of the Bankruptcy Code has been satisfied. Those holders of liens or

claims against the Debtor, the Debtor's estate, or any of the Purchased Assets, who did not

object, or who withdrew their objections to the Motion are deemed to have consented to

the Sale pursuant to section 363(f)(2) of the Bankruptcy Code, *provided, however,* that

secured creditor Manasquan Bank shall be deemed to have consented to the Sale only upon

receipt of the settlement payment in accordance with the terms of the Manasquan Bank

Settlement approved herein. Subject to the proviso in the preceding sentence, those holders

of liens or claims against the Debtor, the Debtor's estate, or any of the Purchased Assets,

who did object, who did not object, or who withdrew their objections fall within one more

14

Page 15 of 2534
DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

of the other subsections of section 363(f) and are deemed adequately protected.

R.    L.The Buyer would not have entered into the Asset Purchase Agreement

and would not have consummated the transactions contemplated therein, thus materially

affecting the Debtor, the Debtor's estate, and creditors, if the Sale of the Purchased Assets

and the assumption and assignment to the Buyer of certain executory contracts and

unexpired leases were not, as to the Debtor free and clear of all liens, claims, rights, interest,

and encumbrances, or if the Buyer would be liable for any Excluded Liabilities as such

term is defined in section 1.04 of the Asset Purchase Agreement.

S.    M.Except for the Assumed Liabilities as defined in section 1.03 of the Asset

Purchase Agreement, the transfer of the Purchased Assets to the Buyer, and (ii) the

assumption and assignment to the Buyer of the Assigned Equipment Loans does not and

will not subject the Buyer to any liability whatsoever with respect to the operation of the

Debtor's business before the Closing Date or by reason of such transfer under the laws of

the United States, any state, territory, or possession thereof, based on, in whole or in part,

directly or indirectly, any theory of law or equity, including, without limitation, any theory

of equitable law, including without limitation, any theory of antitrust or successor or

transferee liability.

T.    N.Pursuant to Bankruptcy Rule 6003, entry of this Order approving the

proposed Sale to the Buyer, approving the Manasquan Bank Settlement, approving the

SBA Resolution, approving the NGM Resolution, approving the Debtor to enter into the

Subcontracts free and clear of any lien, claim or interest of any of Debtor's prepetition

15

Page 16 of 2534
DEBTOR:
CASE NO:
CAPTION:

Assuncao Brothers Inc.
22-16159-CMG
**Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

subcontractors, vendors, suppliers or materialmen on the Non-Bonded Projects, and approving assumption and assignment of the Assigned Equipment Loans sooner than ~~14~~ 21 days after the ~~Petition Date~~ entry of this Order is necessary and appropriate to avoid immediate and irreparable harm to the Debtor and the estate.

U. ~~O.~~This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and (d), the Court finds that there is no just reason for delay in the implementation of this Order.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.   The Motion is granted in accordance with the provisions of this ~~order~~Order.

2.   Any and all objections or responses to the Motion and the relief requested therein that have not been withdrawn, resolved, or addressed in this Order, are overruled.

3.   The Asset Purchase Agreement attached hereto as **Exhibit A** and the transactions contemplated therein including the Sale of the Purchased Assets and the execution of the Subcontracts free and clear of any lien, claim or interest of any lien, claim, right, interest, and encumbrance including, but not limited to any lien, claim, right, interest and encumbrance of the Debtor's creditors, subcontractors, vendors, supplier and materialmen are hereby approved, subject to the modifications set forth in this Order. Pursuant to section 363 of the Bankruptcy Code, the Debtor is hereby authorized to sell, or cause to be sold, the Purchased Assets to the Buyer. Pursuant to section 105 and of the Bankruptcy Code, the Debtor is authorized to execute the Subcontracts, without further application to or order of the Court. Pursuant to section 365 of the Bankruptcy Code the

Page 17 of 2534
DEBTOR:              Assuncao Brothers Inc.
CASE NO:             22-16159-CMG
CAPTION:             **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

Debtor is authorized to assume and assign to the Buyer the Assigned Equipment Loans.

   4.    The scope of the Purchased Assets set forth in section 1.01 of the Asset
Purchase Agreement is hereby amended as follows:

   a. The Purchased Assets shall not include any cash held by the Debtor,
   including any receivables collected by the Debtor from completed work
   on Non-Bonded Projects prior to the Closing Date, and any such funds
   shall not be a part of the Sale and shall remain property of the Debtor
   for the benefit of the Debtor's estate which shall be deposited with KCP
   Advisory Group LLC in a separate bank account with Bank of America
   for the benefit of Debtor's estate ("Debtor's Estate Account").

   b. Except with respect to any amounts payable and to be paid by owners
   on the Non-Bonded Projects, the Purchased Assets shall not include any
   claims, rights, rights of credits, causes of action and rights of set-off of
   the Debtor (whether known or unknown, contingent or otherwise)
   against any third party, related to the Purchased Assets, contractual or
   otherwise, accruing or arising prior to the Closing, including, but not
   limited to any avoidance actions under chapter 5 of the Bankruptcy
   Code (collectively, "Claims and Causes of Actions"), and any such
   Claims and Causes of Action shall be retained by the Debtor's estate
   with no prejudice to any other parties' rights, claims or defenses. For
   the avoidance of doubt section 1.01(e) shall be deleted from the Asset

17

Page 18 of ~~25~~34
DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                 Excavating and Construction, Inc., (II) Approving Settlement with
                 Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                 into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                 Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                 and Unexpired Leases**

Purchase Agreement.

<u>5.</u>  ~~4.~~The terms of the Manasquan Bank Settlement~~-~~<u>, the SBA Resolution, and</u>
<u>the NGM Resolution</u> are hereby approved pursuant to Fed. R. Bankr. P. 9019. Buyer shall
pay the Manasquan Settlement Amount (i.e., $975,000) to Manasquan Bank on the Closing
Date. Upon the receipt by Manasquan Bank of the Manasquan Settlement Amount by or
on the Closing Date:

  a.  Manasquan Bank shall release its liens on the Debtor's assets;

  b.  Manasquan Bank shall immediately pay $25,000 of the Manasquan
      Settlement Amount to <u>an account established by KCP Advisory Group,</u>
      <u>LLC for the benefit of</u> the Subchapter V Case professionals ~~as a~~
      ~~reimbursement of expenses related to the Vollers Transaction~~<u>(subject to</u>
      <u>further order of the Court) which shall be deposited with KCP Advisory</u>
      <u>Group LLC in a Bank of America account. The $75,000 payment by</u>
      <u>Vollers as set forth in section 1.06(a) of the Asset Purchase Agreement</u>
      <u>shall also be deposited in the aforementioned Bank of America account</u>
      <u>("Subchapter V Professional Fee Account");</u>

  c.  Manasquan Bank shall possess an agreed upon allowed unsecured
      deficiency claim against Debtor of $359,232.14;

  d.  Debtor, its estate, and Vollers shall be deemed to have released
      Manasquan Bank ~~(and its agents, employees, officers, directors,~~
      ~~affiliates, and counsel) from any and all claims and causes of action,~~

18

Page 19 of 2534
DEBTOR:            Assuncao Brothers Inc.
CASE NO:           22-16159-CMG
CAPTION:           **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                   Excavating and Construction, Inc., (II) Approving Settlement with
                   Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                   into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                   Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                   and Unexpired Leases**

whether known or unknown, that may exist against Manasquan

Bankconsistent with the Releases;

e. Manasquan Bank shall be deemed to have released Vollers (and its

agents, employees, officers, directors, affiliates, and counsel) from any

and all claims and causes of action, whether known or unknown, that

Manasquan Bank may possess against Vollers as may be related in any

way to this Subchapter V Case; consistent with the Releases; and

f. In no event shall the releases contained in the preceding subparagraphs

be deemed to have released any claims against any principal or related

party of the Debtor, including without limitation any guarantor of the

Manasquan Loan;.

6. 5.Notwithstanding its participation in the Manasquan Bank Settlement and

its receipt of the Manasquan Settlement Amount, Manasquan Bank shall retain and

continue to possess all of its rights to pursue any guarantors of the Manasquan Loan for

any amounts remaining unpaid under the Manasquan Loan documents and guarantees,

including the deficiency claim and any remaining principal, interest, default interest, fees,

expenses, attorney's fees, and costs, with no prejudice to the purported guarantors or any

other parties reserving any rights, claims or defenses.

7. 6.Notwithstanding any other provision of this Order to the contrary, the

relief provided in this Order, including the approval of the Sale and the release of liens on

the Debtor's assets, shall be expressly subject to the payment of the Manasquan Settlement

19

Page 20 of 2534
DEBTOR:           Assuncao Brothers Inc.
CASE NO:          22-16159-CMG
CAPTION:          **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

Amount on or before the Closing Date.

    8. Notwithstanding any other provisions of (i) this Order to the contrary, or
(ii) the final order granting the relief sought in the Cash Collateral/DIP Motion and any
budget attached thereto, the Debtor is authorized to immediately draw down on the full
amount of the DIP Loan (as defined in the Cash Collateral/DIP Motion) and such amount
shall increase the Purchase Price set forth in section 1.06(a) of the Asset Purchase
Agreement by $200,000.00.

    9. 7.Subject to the full payment by Buyer of the Manasquan Settlement
Amount to Manasquan Bank on the Closing Date, the transfer of the Purchased Assets, the
execution of the Subcontracts, and assumption and assignment to the Buyer of the Assigned
Equipment Loans pursuant to this Order and the Asset Purchase Agreement shall a
constitute legal, valid, binding, and effective transfer, and shall vest the Buyer with good
and valid title to the Purchased Assets and with all rights under the Subcontracts and the
all documents and agreement pertaining to the Assigned Equipment Loans pursuant to
section 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, free and clear of all liens,
claims, rights, interests, and encumbrances, except for those Assumed Liabilities as defined
in section 1.03 of the Asset Purchase Agreement.

    10. 8.Subject to the full and timely payment by Buyer of the Manasquan
Settlement Amount to Manasquan Bank, on the Closing Date, all liens, claims, rights,
interests, and encumbrances against or upon the Purchased Assets and all liens, claims,
rights, interests, and encumbrances of any of Debtor's prepetition subcontractors,

20

Page 21 of 2534
DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

suppliers, vendors and materialmen, shall be unconditionally released, terminated, and

discharged ~~and shall attach to the Sale proceeds with the same priority, validity, force, and~~

~~effect that they had before the Sale of the Purchased Assets, subject to any claims and~~

~~defenses that the Debtor and the Debtor's estate may have with respect thereto~~, and no

person or entity may assert any liens, claims, rights, interests, and encumbrances against

the Buyer in any way related (i) the Purchased Assets and incurred or otherwise arising

prior to the Closing Date; (ii) the Subcontracts or the Buyer's interest in the Purchased

Assets; or (iii) by reason of the Sale of the Purchased Assets to and execution of the

Subcontract with the Buyer, except that the rights of the Debtor's estate, the SBA and

NGM, to certain payments by Vollers, as provided by this Order, shall survive closing of

the Sale of the Purchased Assets by the Debtor to the Buyer notwithstanding this paragraph

or any other paragraph of the Order which could be read otherwise.

    11. 9.The provisions of this Order (i) authorizing the Sale of the Purchased

Assets by the Debtor to the Buyer free and clear of all liens, claims, rights, interests, and

encumbrances, (ii) authorizing the Debtor to execute the Subcontracts, and (iii) authorizing

the Debtor to assume and assign the Assigned Equipment Loans to the Buyer, shall be self-

executing and neither the Debtor, the Buyer, nor any other party shall be required to execute

or file releases, termination statements, assignments, cancellations, consents, or other

instruments to effectuate, consummate, and/or implement the provisions hereof with

respect to such Sale and Subcontracts; provided, however, that this paragraph shall not

excuse such parties from performing any and all of their respective obligations under the

Page 22 of 2534
DEBTOR:           Assuncao Brothers Inc.
CASE NO:          22-16159-CMG
CAPTION:          **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                  Excavating and Construction, Inc., (II) Approving Settlement with
                  Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                  into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                  Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                  and Unexpired Leases**

Manasquan Bank Settlement and Asset Purchase Agreement.

        12.      10.To the extent necessary or appropriate, this Order shall constitute a bill

of sale of the Purchased Assets to the Buyer and authority to enter into the Subcontracts,

free and clear of all liens, claims, rights, interests, and encumbrances, and assumption and

assignment to the Buyer of the Assigned Equipment Loans as provided herein. All persons

and entities (including, without limitation, all filing, registration, or recording officers or

agents, title agents, title companies, recorders of mortgages, recorders of deeds, registrars

of deeds, administrative agencies, governmental departments, secretaries of state, federal,

state, and local officials, and all others that may be required by operation of law, the duties

of their offices, or contract, to accept, file, register, or record or release any documents or

instruments, or that may be required to report or insure any title or state of title in or to any

of the Purchased Assets are hereby authorized to (i) accept this Order as sole and sufficient

evidence of the transfers of all right, title, and interest in, to, and under the Purchased

Assets, and may rely on this Order in consummating, or facilitating the consummation of,

the transactions contemplated by the Asset Purchase Agreement and this Order, including

the assumption and assignment of the Assigned Equipment Loans to the Buyer and (ii)

accept, file, register, and/or record all documents and instruments of transfer including,

without limitation, deeds, leases, and assignments, modifications, and terminations of

leases (if any), that may be filed, registered, and/or recorded under the terms of this Order

or the Asset Purchase Agreement, and are forever barred, prohibited and enjoined from

taking any action that would adversely affect or interfere with the ability of the Buyer to

22

Page 23 of 2534
DEBTOR:
CASE NO:
CAPTION:

Assuncao Brothers Inc.
22-16159-CMG
**Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

transfer the Purchased Assets to the Buyer, including with respect to the assumption and

assignment of the Assigned Equipment Loans to Buyer in accordance with the terms of

this Order and the Asset Purchase Agreement, free and clear of all liens, claims, interests,

rights and encumbrances, and from otherwise interfering with the Buyer's enjoyment of

the Purchased Assets, the Subcontracts, and the Assigned Equipment Loans.

13.    11.Except with respect to the Assumed Liabilities as defined in section 1.03

of the Asset Purchase Agreement, and subject to the full payment by Buyer of the

Manasquan Settlement Amount to Manasquan Bank on the Closing Date, all persons and

entities, including, but not limited to, all debt security holders, equity security holders,

governmental, tax and regulatory authorities, lenders, trade creditors, subcontractors,

vendors, suppliers, materialmen, litigation claimants and other creditors holding any liens,

claims, rights, interest, or encumbrances of any kind or nature whatsoever against or in all

or any portion of the Purchased Assets and Subcontracts (whether legal or equitable,

secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or

unliquidated or subordinate), arising under or out of, in connection with, or in any way

relating to the Debtor, the Purchased Assets, the operation of the Debtor's business prior

to the Closing Date or the transfer of the Purchased Assets to the Buyer, hereby are forever

barred, estopped and permanently enjoined from asserting, against the Buyer, any of its

affiliates, successors or assigns, their property, owners on any of the Non-Bonded Projects

or their sureties, or the Purchased Assets, such persons' or entities' liens, claims, rights,

interest, or encumbrances, other than with respect to any Assumed Liabilities, in and to the

Page 24 of 2534
DEBTOR:
CASE NO:
CAPTION:

Assuncao Brothers Inc.
22-16159-CMG
Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases

Purchased Assets, including, without limitation the following actions: (i) commencing or

continuing in any manner any action or other proceeding against the Buyer, any of its

affiliates, successors, assets or properties or any owner or surety on any Non-Bonded

Project; (ii) enforcing, attaching, collecting or recovery in any manner any judgment,

award, decree or order against the Buyer, any of its affiliates, successors, assets or

properties or any owner or surety on any Non-Bonded Project; (iii) creating, perfecting or

enforcing any lien or claim against the Buyer, or any of its affiliates, successors, assets or

properties or any owner or surety on any Non-Bonded Project; (iv) asserting any setoff or

right of subrogation of any kind against any obligation of the Buyer, any of its affiliates or

successors; (v) commencing or continuing any action in any manner or place, that does not

comply or is inconsistent with the provisions of this Order other orders of the Court, or the

agreements or actions contemplated or taken in respect thereof; or (vi) revoking,

terminating or failing or refusing to transfer or renew any license, permit or authorization

to operate any of the Purchased Assets or conduct any of the business operated with the

Purchased Assets.

14.    12.Subject to the full payment by Buyer of the Manasquan Settlement

Amount to Manasquan Bank on the Closing Date:

> a. The sale of the Purchased Assets, execution of the Subcontracts, and
> assumption assignment to the Buyer of the Assigned Equipment Loans,
> with the exception of any liens, claims, rights, and interests held by any
> counterparties to the Assigned Equipment Loans, shall be free and clear

24

Page 25 of 2534

DEBTOR:
CASE NO:
CAPTION:

Assuncao Brothers Inc.

22-16159-CMG

Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases

of all liens, claims, rights, and interests, and encumbrances pursuant to section 363(f) and 105 of the Bankruptcy Code;

b.  The holders of any liens, claims, rights, and interests, and encumbrances that did not object, or that withdrew their objections, to the Motion are hereby deemed to have consented to the Sale of the Purchased Assets, the execution of the Subcontracts, and the assumption and assignment of the Assigned Equipment Loans (except for counterparties to the Assigned Equipment Loans as noted above) free and clear of their liens, claims, rights, interests, and encumbrances pursuant to section 363(f)(2) of the Bankruptcy Code.

c.  To the extent the consideration to be received under the Asset Purchase Agreement exceeds the value of all liens, claims, rights, interests, and encumbrances in the Purchased Assets, section 363(f)(3) is satisfied.

d.  Section 363(f)(5) is satisfied because, among other things, under applicable state law, the holders of liens, claims, rights, interests, and encumbrances could be compelled in a legal or equitable proceeding to accept money satisfactions of their interests.

e.  All liens, claims, rights, interests, and encumbrances are adequately protected as they will attach to the Sale proceeds with the same priority, validity, force, and effect that they had before the Sale of the Purchased Assets and assumption assignment of executory contracts and unexpired

25

Page 26 of 2534
DEBTOR:                  Assuncao Brothers Inc.
CASE NO:                 22-16159-CMG
CAPTION:                 **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

~~leases to the Buyer, subject to any claims and defense that the Debtor~~

~~and the Debtor's estate may have with respect thereto.~~

15.    ~~13.~~All persons and entities that are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed at such person's or entity's sole expense, to surrender possession of the Purchased Assets prior to the Closing Date, or as otherwise directed by the Buyer and in accordance with the Asset Purchase Agreement.

16.    ~~14.~~Except for the Assumed Liabilities as defined in section 1.03 of the Asset Purchase Agreement, the consummation of the transactions contemplated by the Asset Purchase Agreement, including, without limitation, the transfers of the Purchased Assets, the execution of the Subcontracts, and the assumption and assignment of the Assigned Equipment Loans, shall not subject the Buyer or their respective affiliates, successors, and assigns to any liability or responsibility for any liability or other obligation of the Debtor or the Debtor's estate arising prior to the Closing Date, including, without limitation, liabilities arising, accruing, or payable under, out of, in connection with, or in any way relating to the Purchased Assets, the Non-Bonded Projects, the Assigned Equipment Loans, or other assets, operations, activities, or businesses of the Debtor, except that (i) Buyer shall be responsible for payment to Manasquan Bank of the Manasquan Settlement Amount on the Closing Date, and (ii) subject to the procedures set forth in the following paragraph in the event of a disputed cure amount with respect to any of the Assigned Equipment Loans, Buyer shall cure any outstanding balances due on any of the Assigned Equipment

26

Page 27 of 2534
DEBTOR:              Assuncao Brothers Inc.
CASE NO:             22-16159-CMG
CAPTION:             **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers**
**Excavating and Construction, Inc., (II) Approving Settlement with**
**Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter**
**into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)**
**Authorizing the Debtor to Assume and Assign Certain Executory Contracts**
**and Unexpired Leases**

Loans shall be cured prior to the assumption and assignment of any such Assigned

Equipment Loan to the Buyer, and the Buyer shall thereafter be responsible for all ongoing

and future obligations arising under any of the Assigned Equipment Loans.

17.    In the event of a disputed cure amount (a "Cure Dispute") with respect to

any of the Assigned Equipment Loans, Buyer shall pay any undisputed portion to the

respective counterparty and place in escrow the amount in dispute subject to further

discussions between Buyer and the counterparty to resolve the dispute.  An Assigned

Equipment Loan subject to a Cure Dispute under this paragraph may still be assumed and

assigned to Buyer on the Closing Date notwithstanding the pending Cure Dispute.  In the

event that Buyer and the counterparty to an Assigned Equipment Loan subject to a Cure

Dispute are unable to mutually resolve the Cure Dispute, either party may make a request

to the Court in writing and on notice to the other party that the Court hold a hearing to

address the Cure Dispute.

18.    Buyer shall pay Komatsu Financial Limited Partnership ("Komatsu") a cure

payment of $7,774.74 in connection with the Debtor's assumption and assignment to the

Buyer of an Assigned Equipment Loan by and between Debtor and Komatsu, pursuant to

which Komatsu maintains a perfected, first-priority security interest in and lien on one (1)

2021 Komatsu PC138USLC-11 Hydraulic Excavator (S/N 59033), together with a 36"

HDP Bucket, Set Bucket Pins for Coupler, MPLR4 Hydraulic Coupler with Pins and Kit,

and such payment shall cure any and all amounts due or asserted to be due from the Debtor

to Komatsu under such Assigned Equipment Loan as of the Closing Date.

27

Page 28 of 2534
DEBTOR:            Assuncao Brothers Inc.
CASE NO:           22-16159-CMG
CAPTION:           **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

19.     The Debtor is authorized to assume and assign to Buyer certain material

supply contracts (the "Ralph Clayton Contracts") between the Debtor and Ralph Clayton

& Sons, Inc. ("Ralph Clayton"), and in connection therewith, Buyer shall pay a cure

payment of $100,000 to Ralph Clayton (the "Ralph Clayton Cure Payment"), and such

payment shall cure any and all amounts due or asserted to be due from the Debtor to Ralph

Clayton under the Ralph Clayton Contracts as of the Closing Date.  The Ralph Clayton

Cure Payment shall be due within five (5) days from when Buyer receives the first payment

from the respective general contractor or respective project owner, as the case may be.

20.     The Debtor is authorized to assume and assign to Buyer a certain material

supply contract (the "PJ Concrete Contract") between the Debtor and Pennsylvania Jersey

Concrete Products, Inc. ("PJ Concrete"), and in connection therewith, Buyer shall pay a

cure payment of $76,955.64 to PJ Concrete (the "PJ Concrete Cure Payment"), and such

payment shall cure any and all amounts due or asserted to be due from the Debtor to PJ

Concrete under the PJ Concrete Contract as of the Closing Date.  The PJ Concrete Cure

Payment shall be due the earlier of five (5) days from when Buyer receives any payment

from the general contracted on the applicable project (regardless of the amount paid by the

general contractor), or October 5, 2022.  In the event Buyer fails to timely make payment

by the deadlines set forth herein, PJ Concrete may file a proof of claim in the Subchapter

V Case for the full balance it asserts to be owed of $222,190.04.

21.     The Debtor is authorized to assume and assign to Buyer certain material

supply contracts on certain of the Non-Bonded Projects (as such term is defined in

28

Page 30 of 2534
DEBTOR:              Assuncao Brothers Inc.
CASE NO:             22-16159-CMG
CAPTION:             **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

24.    Beginning with the close of the first full quarter after the Closing Date, the

Buyer shall deliver to the Debtor and NGM quarterly reports no later than 30 days after

close of each quarter regarding revenue and expenses relating to the Non-Bonded Projects.

In addition, the Buyer will provide the Debtor or NGM with responses to reasonable

requests for information regarding the status of Debtor's claims against Schiavone

25.    ~~16.~~To the greatest extent available under applicable law, the Buyer shall be

authorized, as of the Closing Date, to operate under any transferred license, permit,

registration and governmental authorization or approval of the Debtor with respect to the

Purchased Assets, and all such licenses, permits, registrations and governmental

authorizations and approvals are deemed to have been, and hereby are, directed to be

transferred to the Buyer as of the Closing Date.

26.    ~~17.~~Consummation of the Asset Purchase Agreement does not effect a de

facto merger of the Debtor and the Buyer, nor does it result in the continuation of the

Debtor's businesses under the Buyer's control. Except to the extent the Buyer assumes the

Assumed Liabilities pursuant to the Asset Purchase Agreement, the Buyer shall not be

deemed a "successor" or alter-ego of the Debtor or the Debtor's estate by reason of any

theory of law or equity, and except as expressly provided in the Asset Purchase Agreement

or this Order, the Buyer shall not assume, nor be deemed to assume, or in any way be

responsible for any liability or obligation of the Debtor and/or the Debtor's estate

including, but not limited to, any bulk sales law, successor liability, liability or

responsibility for any liens, claims, rights, interests, or encumbrances against the Debtor or

Page 31 of 2534
DEBTOR:       Assuncao Brothers Inc.
CASE NO:      22-16159-CMG
CAPTION:      **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
Excavating and Construction, Inc., (II) Approving Settlement with
Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
Authorizing the Debtor to Assume and Assign Certain Executory Contracts
and Unexpired Leases**

against an insider of the Debtor, or similar liability except as otherwise expressly provided

in the Asset Purchase Agreement, provided that Buyer provides payment to Manasquan

Bank of the Manasquan Settlement Amount on the Closing Date.

27.   18.As of the Closing Date, the Buyer shall have any and all rights, claims,

defenses, and offsets held by the Debtor or the Debtor's estate with respect to the Assumed

Liabilities under the Asset Purchase Agreement.

28.   19.Any provision in any of the Assigned Equipment Loans purporting in

any way to restrict, condition, or prohibit the Debtor's ability to assume and assign such

contract or lease to the Buyer or to impose any similar restraints on alienation is

unenforceable and no such provision shall prevent or in any way impair the Debtor's ability

to assume and assign such Assigned Equipment Loans to the Buyer or interfere with the

Buyer's enjoyment of the Debtor's rights thereunder following such assignments.

29.   20.Subject to the terms of the Manasquan Settlement and the Asset Purchase

Agreement, all requirements and conditions under sections 363 and 365 of the Bankruptcy

Code are satisfied.  The Debtor is authorized to assume and assign to the Buyer the

Assigned Equipment Loans pursuant to and in accordance with sections 105 and 365 of the

Bankruptcy Code without further application to or order of the Court, and upon the Closing

(as defined in section 2.01 of the Asset Purchase Agreement), the Assigned Equipment

Loans shall be assumed by the Debtor and assigned to and vested in the Buyer.  Such

assignments shall be free and clear of all liens, claims, rights, interests, and encumbrances,

except for the Assumed Liabilities set forth in section 1.03 of the Asset Purchase

31

Page 32 of 2534
DEBTOR:                  Assuncao Brothers Inc.
CASE NO:                 22-16159-CMG
CAPTION:                 **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                         Excavating and Construction, Inc., (II) Approving Settlement with
                         Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                         into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                         Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                         and Unexpired Leases**

Agreement, with all such liens, claims, rights, interests, and encumbrances deemed

unconditionally released, terminated, and discharged and, following assignment, the Buyer

shall be fully and irrevocable vested with all such assigned executory contracts and

unexpired leases. Pursuant to section 365(k) of the Bankruptcy Code, the Debtor and the

Debtor's estate shall be relieved from any liability for any breach of an executory contract

and unexpired lease assigned to the Buyer pursuant to this Order and the Asset Purchase

Agreement occurring after the effective date of the applicable assignment.

30. 21. The counterparties to any of the Assigned Equipment Loans assigned to

the Buyer pursuant to this Order and the Asset Purchase Agreement shall be obligated to

perform under their respective lease or contract, subject to the terms thereof. Any provision

in any executory contract or unexpired lease assumed and assigned to the Buyer pursuant

to this Order and the Asset Purchase Agreement that purports to declare a breach, default

or payment right as result of an assignment or a change of control in respect of the Debtor

is unenforceable, and all such assumed and assigned executory contracts and unexpired

leases shall remain in full force and effect, subject only to payment of the appropriate cure

amount, if any. No sections or provisions of any executory contract or unexpired lease

assumed and assigned to the Buyer pursuant to this Order and the Asset Purchase

Agreement that purports to provide for additional payments, rent accelerations, assignment

fees, increases, payments, charges or any other fees charged to the Buyer or the Debtor as

a result of the assumption and the assignment of any such executory contract or unexpired

lease shall not have any force and effect with respect to the transactions contemplated by

DEBTOR: Assuncao Brothers Inc.
CASE NO: 22-16159-CMG
CAPTION: **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases**

the Asset Purchase Agreement and as authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under Section 363(f) of the Bankruptcy Code. The Buyer shall not be required, pursuant to section 365(l) of the Bankruptcy Code or otherwise, to provide any additional deposit or security with respect to any assumed and assigned executory contract or unexpired lease to the extent not previously provided by the Sellers.

31. 22.The Buyer has satisfied all requirements under sections 365(b)(1) and (f)(2) of the Bankruptcy Code to provide adequate assurance of future performance under the Assigned Equipment Loans to be assumed and assigned to the Buyer.

32. 23.The Asset Purchase Agreement may not be modified, amended, or supplemented by the parties thereto without further order of the Court, provided that Manasquan Bank has consented to any such modification, amendment, or supplement, and that it is either (a) not material or (b) not less favorable to the Debtor than existing applicable provisions.

33. 24.This Court shall retain exclusive jurisdiction to (a) enforce this Order, the Asset Purchase Agreement, any and all amendments or modifications to any of the foregoing, and any and all waivers or consents under or in connection with any of the foregoing, (b) compel delivery of the Purchased Assets to the Buyer, payment of the Manasquan Settlement Amount to Manasquan Bank, and assignment of the Assigned Equipment Loans, (c) resolve any disputes arising under or relating to this Order or the Asset Purchase Agreement, (d) enjoin and adjudicate the assertion of any lien, claim, right,

Page 34 of 25~~34~~
DEBTOR:          Assuncao Brothers Inc.
CASE NO:         22-16159-CMG
CAPTION:         **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                 Excavating and Construction, Inc., (II) Approving Settlement with
                 Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                 into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                 Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                 and Unexpired Leases**

interest, or encumbrance against or in respect of the Buyer, or any assignee of the Buyer,

the Purchased Assets, or any of the Assigned Equipment Loans, and (e) otherwise interpret,

implement, and enforce the provisions of this Order and the Asset Purchase Agreement.

34. ~~25.~~Unless otherwise expressly agreed by the Buyer or Manasquan Bank in

writing, nothing contained in any subsequent order of this Court or in any plan of

reorganization or liquidation confirmed in this Subchapter V Case shall alter, conflict with,

or derogate from the provisions of the Asset Purchase Agreement or the terms of this Order.

35. ~~26.~~The Buyer is hereby granted and is entitled to all of the protections

provided to a good faith purchaser under section 363(m) of the Bankruptcy Code,

including, without limitation, the transfer of the Purchased Assets and the assignment of

executory contracts and unexpired leases in connection therewith, as provided in this Order

and the Asset Purchase Agreement.

36. ~~27.~~The failure to include specifically any particular provision of the Asset

Purchase Agreement in this Order shall not diminish or impair the effectiveness of such

provision, it being the intent of this Court that the Asset Purchase Agreement be authorized

and approved in its entirety.

37. ~~28.~~The terms of this Order and the Asset Purchase Agreement shall in all

respects be binding upon and enforceable against all persons and entities, including,

without limitation, the Debtor and the Debtor's estate, any and all trustees thereof, any

committees appointed in the Debtor's bankruptcy proceedings, all creditors of ~~any~~ the

Debtor, and all other parties in interest and their respective successors and assigns,

Page 35 of 2534
DEBTOR:            Assuncao Brothers Inc.
CASE NO:           22-16159-CMG
CAPTION:           **Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers
                   Excavating and Construction, Inc., (II) Approving Settlement with
                   Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter
                   into Subcontracts with Vollers for Certain Non-Bonded Projects, and (IV)
                   Authorizing the Debtor to Assume and Assign Certain Executory Contracts
                   and Unexpired Leases**

including but not limited to any creditor asserting any lien, claim, right, interest, or

encumbrance against any of the Purchased Assets.

    38.  29. This Order shall be effective immediately upon entry and any stay of

execution pursuant to Bankruptcy Rules 6004(h) or 6006(d) is hereby waived.

    39.  30. No bulk sales law, bulk transfer law or similar law of any state or other

jurisdiction shall apply in any way to the transactions contemplated by the Asset Purchase

Agreement or this Order.  Except as otherwise expressly provided in the Asset Purchase

Agreement, all obligations of the Debtor relating to taxes, whether arising under any law,

by the Asset Purchase Agreement, or otherwise, shall be the obligation of and fulfilled and

paid by the Debtor.

    40.  31. To the extent permitted by section 525 of the Bankruptcy Code, no

governmental unit may revoke or suspend any permit or license relating to the operation of

the Purchased Assets sold, transferred or conveyed to the Buyer on account of the filing or

pendency of this Subchapter V Case, or the consummation of the transaction contemplated

by the Asset Purchase Agreement.

    41.  32. The Buyer shall not be required to seek or obtain relief from the

automatic stay under section 362 of the Bankruptcy Code to enforce any of its rights or

remedies under or in connection with the Asset Purchase Agreement.

135951287