| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-1(b) |
| **CHARLES ALLEN YUEN LLC**<br>(Mail/Deliveries) 300 Main St., Suite 21 PMB650<br>Madison, NJ 07940<br>Charles Allen Yuen, Esq.<br>cyuen@cyuen-law.com<br>Tel: 862-350-4300<br>Fax: 862-350-4235<br>*Attorneys for Wiggins Plastics, Inc. and Knickerbocker Bed Company*<br><br>**FOX ROTHSCHILD LLP**<br>49 Market Street<br>Morristown, NJ 07960<br>Joseph J. DiPasquale, Esq.<br>Michael R. Herz, Esq.<br>Joseph A. Caneco, Esq.<br>jdipasquale@foxrothschild.com<br>mherz@foxrothschild.com<br>jcaneco@foxrothschild.com<br>Telephone:  (973) 992-4800<br>Facsimile:   (973) 992-9125<br>*Counsel to the Debtor and Debtor in Possession* |

| | |
|---|---|
| In re:<br><br>ASSUNCAO BROS., INC.,<br><br>                 Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-16159-CMG<br><br>Judge: Hon. Christine M. Gravelle |

**JOINT APPLICATION FOR ENTRY OF A CONSENT ORDER GRANTING LIMITED RELIEF FROM AUTOMATIC STAY FOR WIGGINS PLASTICS, INC. AND <u>KNICKERBOCKER BED COMPANY</u>**

Assuncao Bros., Inc. (the "<u>Debtor</u>"), the debtor and debtor-in-possession in the above-captioned chapter 11, subchapter v case (the "<u>Subchapter V Case</u>"), by and through its counsel, Fox Rothschild LLP, and Wiggins Plastics, Inc. ("<u>Wiggins</u>") and Knickerbocker Bed Company ("<u>Knickerbocker</u>," and together with Wiggins, "<u>Wiggins/Knickerbocker</u>"), by and through their counsel, Charles Allen Yuen LLC, hereby jointly request the entry of a consent order granting

143175692.1

Wiggins and Knickerbocker limited relief from the automatic stay so that they may pursue certain claims against the Debtor in state court to recover solely against applicable insurance proceeds and third parties, and in support thereof, respectfully states:

1. On August 3, 2022 (the "Petition Date"), the Debtor commenced this Subchapter V Case by filing a voluntary petition for relief under chapter 11, subchapter v, of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor-in-possession in accordance with section 1184 of the Bankruptcy Code.

2. The Debtor is a contractor specializing in concrete services, including, but not limited to, curb, sidewalk, bridge, barriers, and slabs. On the Petition Date, the Debtor was contracted to perform services on several bonded and non-bonded projects throughout the State of New Jersey.

3. On October 12, 2022, Wiggins filed an unliquidated unsecured proof of claim in the amount of $11,053,938.63 (as amended), designated as claim number 56-2 (the "Wiggins Claim").

4. Also on October 12, 2022, Knickerbocker filed an unliquidated unsecured proof of claim in the amount of $267,772.49, designated as claim n umber 57-1 (the "Knickerbocker Claim").

5. Both the Wiggins Claim and Knickerbocker Claim assert claims for damages against the Debtor with respect to contract work the Debtor performed for a project in Passaic County, New Jersey (the "Passaic County Project"). In particular, and as more fully detailed in their proofs of claim, Wiggins/Knickerbocker assert that work performed by the Debtor caused river water to divert and overflow into commercial property owned by Wiggins and Knickerbocker. The Debtor disputes the claims.

143175692.1

6. Previously, on September 29, 2022, Wiggins/Knickerbocker filed a complaint in the Superior Court of New Jersey, Law Division, Passaic County, docket number PAS-L-002441-22 (the "Action"), asserting claims against various parties with respect to Wiggins/Knickerbocker's asserted damages related to the Passaic County Project. The Debtor was not included as a defendant in the Action in light of the automatic stay.

7. As set forth in the proposed consent order submitted herewith and agreed to by the Debtor and Wiggins/Knickerbocker, the Debtor has consented to allowing Wiggins/Knickerbocker limited relief from the automatic stay so that they may add the Debtor as a defendant to the Action, with any recovery in favor of Wiggins/Knickerbocker to be solely against non-debtor defendants and the proceeds of any applicable insurance policies, and not against the Debtor or the Debtor's bankruptcy estate. As further set forth in the proposed consent order, the Debtor shall provide Wiggins/Knickerbocker with copies of specified insurance policies[1] and shall also complete an interrogatory pursuant to N.J. R. 4:10-2(b) regarding the existence of potentially applicable insurance policies within thirty (30) days of entry of the consent order. Upon receipt and acceptance of the interrogatory by Wiggins/Knickerbocker with an affirmative acknowledgement by the Debtor, the Wiggins Claim and the Knickerbocker Claim shall be deemed automatically withdrawn without the need for further filing or order of the Court. In the event the interrogatory is not completed to Wiggins/Knickerbocker's satisfaction, the Debtor's right to object to the Wiggins Claim and the Knickerbocker Claim is preserved.

8. The Debtor and Wiggins/Knickerbocker believe the consent order provides for a likely expeditious resolution of the Wiggins Claim and the Knickerbocker Claim, which presently

---

[1] The Debtor, to the best of its knowledge and belief, has already fulfilled this obligation.

3

143175692.1

compromise the vast majority of the asserted general unsecured claims against the Debtor's estate,[2] and would otherwise necessitate the Debtor filings objections to the claims given their unliquidated and (to be) disputed status. The consent order dispenses with potential protracted and expensive claims objection litigation and provides Wiggins/Knickerbocker with a path to pursue their claims in state court to recover against insurance and third parties.

9. Based on the foregoing, it is respectfully requested that the proposed consent order submitted herewith, the form of which has been agreed to by or on behalf of each of the Debtor and Wiggins/Knickerbocker, be entered, and that the Court grant such other and further relief as it deems just and proper.

>Respectfully submitted,
>
>**FOX ROTHSCHILD LLP**
>*Counsel for the Debtor*
>
>By: */s/Michael R. Herz*
>    Michael R. Herz, Esq.
>
>
>CHARLES ALLEN YUEN LLC
>*Attorneys for Wiggins and Knickerbocker*
>
>By:*/s/Charles Allen Yuen*
>    Charles Allen Yuen, Esq.

Dated: February 28, 2023

---

[2] As noted in Debtor's proposed plan [D.I. 189], the aggregate amount of filed general unsecured proofs of claim is approximately $14,239,000. The withdrawal of the Wiggins Claim and the Knickerbocker Claim pursuant to the consent order would reduce the total to $2,917,288.88.