**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**CHARLES ALLEN YUEN LLC**
(Mail/Deliveries) 300 Main St., Suite 21 PMB650
Madison, NJ 07940
Charles Allen Yuen, Esq.
cyuen@cyuen-law.com
Tel: 862-350-4300
Fax: 862-350-4235
*Attorneys for Wiggins Plastics, Inc. and Knickerbocker*
*Bed Company*

**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, NJ 07960
Joseph J. DiPasquale, Esq.
Michael R. Herz, Esq.
Joseph A. Caneco, Esq.
jdipasquale@foxrothschild.com
mherz@foxrothschild.com
jcaneco@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:  (973) 992-9125
*Counsel to the Debtor and Debtor in Possession*

| | |
|---|---|
| In re:<br><br>ASSUNCAO BROS., INC.,<br><br>    Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-16159-CMG<br><br>Judge:  Hon. Christine M. Gravelle |

**CONSENT ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**
**FOR WIGGINS PLASTICS, INC. AND KNICKERBOCKER BED COMPANY**

    The relief set forth on the following pages numbered two (2) through five (5) is hereby

**ORDERED**.

142950823.2

Page 2
Debtor:         Assuncao Bros., Inc.
Case No.:       22-16159-CMG
Caption:        Consent Order Granting Limited Relief from Automatic Stay for Wiggins
                Plastics, Inc. and Knickerbocker Bed Company

**THIS MATTER** having been brought before the Court upon the joint application of Wiggins Plastics, Inc. ("Wiggins") and Knickerbocker Bed Company ("Knickerbocker") (together, Wiggins/Knickerbocker) and Assuncao Bros., Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11, subchapter v case, for entry of the within Consent Order granting relief from the automatic stay so that Wiggins/Knickerbocker may commence and prosecute litigation claims against the Debtor as provided for in this Consent Order, by way of filing of a motion for leave to file and serve an amended complaint in *Wiggins Plastics, Inc. and Knickerbocker Bed Company v. County of Passaic, et al.*, No. PAS-L-002441-22 (the "Action"), pending in Passaic County, New Jersey, adding the Debtor as a party to that Action; and Wiggins having filed an unliquidated unsecured proof of claim, as amended, in the amount of $11,053,938.63 designated as claim number 56-2, and Knickerbocker having filed an unliquidated unsecured proof of claim in the amount of $267,772.49 designated as claim number 57-1 (together, the "Wiggins/Knickerbocker Claims"); and good cause appearing therefore, it is hereby

**ORDERED** that the automatic stay pursuant to 11 U.S.C. § 362(a) is hereby modified to permit Wiggins/Knickerbocker to proceed with the Action with respect to claims against the Debtor subject to the terms of this Consent Order; and it is further

**ORDERED,** that the Debtor shall fulfill and perform its obligations under the Debtor's policies of insurance and shall cooperate with Wiggins/Knickerbocker in connection with the efforts of Wiggins/Knickerbocker to recover from the Debtor's insurance carriers; and it is further

**ORDERED,** that the Debtor shall only be required to defend the Action or any other proceeding commenced by Wiggins/Knickerbocker related to the claims underlying the Action to the extent required under any applicable insurance policy, and Wiggins/Knickerbocker shall seek recovery in the Action and from any claims related to the Action solely against non-debtor defendants and the

Page 3
Debtor:        Assuncao Bros., Inc.
Case No.:      22-16159-CMG
Caption:       Consent Order Granting Limited Relief from Automatic Stay for Wiggins
               Plastics, Inc. and Knickerbocker Bed Company

proceeds of any insurance coverage applicable to the Debtor and not against the Debtor's bankruptcy

estate; and it is further

     **ORDERED**, that the Debtor shall, within three (3) days of the entry of this Consent Order,

provide to Wiggins/Knickerbocker true, complete, and unredacted copies of insurance policies with nos.

GY90756148 issued by Pennsylvania National Security Insurance Co. for the policy period June 7, 2021

to June 7, 2022 and UL90756148 issued by Pennsylvania National Mutual Casualty Company; and it is

further

     **ORDERED,** that within thirty (30) days of the entry of this Consent Order, the Debtor shall

serve on the appearing counsel for Wiggins/Knickerbocker an answer on behalf of the Debtor, sworn by

a legal representative of the Debtor, to the following standard New Jersey state court interrogatory:

> "Pursuant to R. 4:10-2(b), state whether there are any insurance
> agreements including excess policies under which any person or firm
> carrying on an insurance business may be liable to satisfy part or all of a
> judgment that may be entered in this action or to indemnify or reimburse
> for payments made to satisfy the judgement. YES ( ) or NO ( ). If the
> answer is "yes", attach a copy of each insurance agreement or policy, or
> in the alternative state:  If the answer is "yes", attach a copy of each
> insurance agreement or policy, or in the alternative state: (a) number; (b)
> name and address of insurer or issuer; (c) inception and expiration dates;
> (d) names and addresses of all persons insured thereunder; (e) personal
> injury limits; (f) property damage limits; (g) medical payment limits; (h)
> name and address of person who has custody and possession thereof; and
> (i) where and when each policy or agreement can be inspected and
> copied." (New Jersey state court uniform interrogatory Form C,
> interrogatory no. 13)"

and it is further

     **ORDERED** that upon the receipt and acceptance by Wiggins/Knickerbocker of the Debtor's

positive ("Yes") answer and supporting detail to the foregoing interrogatory, the Wiggins/Knickerbocker

Claims shall be deemed automatically withdrawn without need for further filing or order of the Court,

Page 4

| | |
|---|---|
| Debtor: | Assuncao Bros., Inc. |
| Case No.: | 22-16159-CMG |
| Caption: | Consent Order Granting Limited Relief from Automatic Stay for Wiggins Plastics, Inc. and Knickerbocker Bed Company |

and the Debtor's estate shall have no corporate or personal liability as a result of any judgment that may be entered in Wiggins/Knickerbocker's favor, and Wiggins and Knickerbocker each shall be deemed to waive any and all claims they might hold against the Debtor or the Debtor's estate, including the right to receive any distribution from the Debtor's estate, and Wiggins/Knickerbocker's right to recover from the Debtor and the Debtor's estate shall be limited to amounts recoverable from the Debtor's applicable liability insurance limits (without limiting any amounts which may be recovered by Wiggins/Knickerbocker from any other non-debtor third parties); and it is further

**ORDERED**, that except as stated above herein, including in the event the Wiggins/Knickerbocker Claims are deemed automatically withdrawn as provided in the preceding paragraph, nothing in this Consent Order or any plan shall be deemed to compromise the Wiggins/Knickerbocker Claims, and the Debtor's right to object to said claims is expressly preserved; and it is further

**ORDERED**, that if the answer to the interrogatory served and filed is anything other than an unqualified "Yes," with the supporting detail as stated above, then the parties shall have twenty-one (21) days from the date of this Consent Order to file any supplemental applications concerning the issues and the Debtor's right to object to the Wiggins/Knickerbocker Claims are preserved; and it is further

**ORDERED**, that the entry of this Consent Order shall not be deemed to be a waiver of (a) the Debtor's right to contest any claims asserted against the Debtor's estate in any action arising from any findings, legal conclusions or decisions rendered in the Action or any related proceeding, or (b) the Debtor's right to assert any affirmative claims that the Debtor's estate may hold against any party to the Action or any related proceeding; and it is further

Page 5
Debtor:          Assuncao Bros., Inc.
Case No.:        22-16159-CMG
Caption:         Consent Order Granting Limited Relief from Automatic Stay for Wiggins
                 Plastics, Inc. and Knickerbocker Bed Company

       **ORDERED**, that this Court shall retain jurisdiction over any and all matters arising from or

related to the implementation or interpretation of this Consent Order.

The undersigned hereby consent to the substance
and entry of this Consent Order.

                         FOX ROTHSCHILD, LLP
                         Attorneys for Debtor


                         By:/s/*Joseph J. DiPasquale*
Dated:  February 28, 2023          Joseph J. DiPasquale, Esq.



                         CHARLES ALLEN YUEN LLC
                         Attorneys for Wiggins and Knickerbocker


                         By:/s/*Charles Allen Yuen*
Dated:  February 28, 2023          Charles Allen Yuen, Esq.