**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
Vipin P. Varghese, Esq.
61 South Paramus Road, Suite 250
Telephone: (201) 928-1100
vvarghese@decotiislaw.com
*Attorneys for Creditors the International Union*
*of Operating Engineers Local 825 Benefit Funds*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | Case No. 22-16159 |
| | : | |
| ASSUNCAO BROS., INC., | : | Chapter 11 (Subchapter V) |
| | : | |
| Debtor.: | | Honorable Christine M. Gravelle |
| | : | |

**LIMITED OBJECTION OF THE INTERNATIONAL UNION OF**
**<u>OPERATING ENGINEERS LOCAL 825 BENEFIT FUNDS</u>**

Creditors International Union of Operating Engineers Local 825 Benefit Funds (the "Funds"), by their undersigned attorneys, pursuant to 11 U.S.C. § 1191(a), Federal Rule of Bankruptcy 3020, and the Local Rules of this Court, file this objection, (the "Objection"), to the Small Business Debtor's Plan of Reorganization (the "Plan") filed by Assuncao Bros., Inc. (the "Debtor") at ECF 189. In support of this Objection, the undersigned respectfully state as follows:

**<u>RELEVANT BACKGROUND</u>**

1. On August 8, 2022 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, (the "Code") and has elected that Subchapter V apply to its case.

2. Debtor was, and still is, a party to a collective bargaining agreement (the "CBA") with the Funds' corresponding labor union, namely, the International Union of Operating Engineers Local 825 (the "Union").

#3269719

3. Under the terms of its CBA with the Union, as well as the Funds' Trust Agreements and Collection Policies and Procedures, the Debtor was, and still is, required to remit employee benefit contributions, to the Funds, on behalf of bargaining unit members performing covered work for the Debtor.

4. Prior to the Petition Date, the Debtor failed to pay contributions to the Funds, resulting in pre-petition debt totaling $268,908.71, inclusive of owed employee benefits contributions, interest, liquidated damages, attorneys' fees, and arbitration fees.

5. Of this amount, $111,246.49 was for employee benefit contributions entitled to the priority afforded under 11 U.S.C. § 507(a)(5) ("Funds Priority Unsecured Claim").

6. On October 12, 2022, the Funds filed a Proof of Claim in amount of $268,908.71, which includes the Funds Priority Unsecured Claim of $111,246.49. The remainder of the Funds' Proof of Claim is treated as a General Unsecured Claim.

7. On January 30, 2023, the Debtor filed the Plan. Concurrently, the Debtor filed its Disclosure Statement in support of the Proposed Plan.

8. The Funds Priority Unsecured Claims are classified as Class 17 claims under the Proposed Plan. The Plan provides that allowed Priority Unsecured Claims will be paid in full in equal payments over five (5) years. See ECF 189, p. 23. Such claims are classified as Class 17 claims. Id.

9. The Plan provides that General Unsecured Claims will be paid on a pro rata basis "as soon as practicable." See ECF 189, p. 24. These are classified as Class 18 claims. Id.

10. The Plan does not name any specific creditor by name in Class 17, and only a small sample of the creditors in Class 18. See ECF 189, pp. 23–24. Nor does the Plan state the treatment for either class of claim asserted by the Funds.

11. Upon receipt of the Plan, the Funds received only a Class 18 ballot.

## THE OBJECTION

12. The Funds are a party in interest as an unsecured creditor and has standing to file this Objection under § 1109(b) of the Bankruptcy Code.

13. Pursuant to 11 U.S.C. § 1125, a disclosure statement must contain "adequate information" of "a kind, and in sufficient detail … that would enable a hypothetical investor typical of holders of claims or interests in the case … to make an informed judgment about the plan[.]" 11 U.S.C. § 1125(a)(1). Courts in the Third Circuit recognize that debtors have an express obligation of candid disclosure. Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 417 (3d Cir. 1988), *cert. den.* 488 U.S. 967 (1988). In this regard, the Third Circuit "cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of adequate information." See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 322 (3d Cir. 2003) (citing Oneida, 848 F.2d at 417); see also In re Lower Bucks Hosp., 488 B.R. 303, 317 (E.D. Pa. 2013), aff'd, 571 F. App'x 139 (3d Cir. 2014).

14. The determination of what constitutes adequate information is within the sound discretion of the bankruptcy court and is done on a case-by-case basis. In re Lower Bucks Hosp., 488 B.R. at 317 (citing In re Texas Extrusion Corp., 844 F.2d 1142, 1156–57 (5th Cir. 1988)). In practice, the Texas Extrusion standard defines "adequate information" as information sufficient to enable a reasonable creditor to make an informed decision about a proposed plan. See Gen. Elec. Credit Corp. v. Nardulli & Sons, Inc., 836 F.2d 184, 188 (3d Cir. 1988).

15. In this case, Debtor's Proposed Plan and Disclosure Statement does not meet the required "adequate information" vis-à-vis the Funds' pre-petition claims. The Plan provides no clear information regarding the proposed treatment, either specifically or generally, of the Funds'

Priority Unsecured Claims. Rather, it provides estimated amounts of claims without stating which creditors are receiving this treatment.

16. The Funds' received only a Class 18 ballot for its General Unsecured Claims. While the Funds can infer, from receiving this single ballot, that all of its claims are being treated as general unsecured claims, it would be improper to do so considering that Debtor has not objected to the Funds' claim, or otherwise engaged with the Funds to discuss its validity.

17. Due to this lack of adequate information, the Funds cannot make an informed judgment about the merits of the Plan.

18. The Funds recognize that the Debtor may revise the Proposed Plan and Disclosure Statement to provide additional information with respect to the treatment of the Funds' claims. The Funds reserve its rights to revise, amend, or supplement this Objection if and when that occurs. However, at this time, the Funds simply lack sufficient information regarding the Debtor's Plan.

## **RESERVATION OF RIGHTS**

19. The Funds hereby reserve all rights, including, without limitation: (i) the right to revise, amend, or supplement this Limited Objection; and (ii) the right to object to confirmation of the Proposed Plan on any and all grounds.

## **CONCLUSION**

WHEREFORE, the Funds respectfully request that the Court enter an Order:

A. Sustaining this objection and denying confirmation of the Plan; and

B. Granting such other and further relief as is just and proper in this case.

Dated: February 28, 2023                              **DECOTIIS, FITZPATRICK,
                                                       COLE & GIBLIN, LLP**

                                                      By:   /s/ *Vipin P. Varghese*
                                                            Vipin P. Varghese, Esq.

#3269719

61 South Paramus Road, Suite 250<br>
Paramus, NJ 07652<br>
(T): 201-347-2151<br>
(F): 201-928-0588<br>
*Attorneys for Creditors International Union of Operating Engineers Local 825 Benefit Funds*

#3269719