| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**FOX ROTHSCHILD LLP**<br>49 Market Street<br>Morristown, NJ 07960<br>Joseph J. DiPasquale, Esq.<br>Michael R. Herz, Esq.<br>Joseph A. Caneco, Esq.<br>jdipasquale@foxrothschild.com<br>mherz@foxrothschild.com<br>jcaneco@foxrothschild.com<br>Telephone: (973) 992-4800<br>Facsimile: (973) 992-9125<br><br>*Counsel to the Debtor and Debtor in Possession* | Chapter 11 (Subchapter V) |
| In Re:<br><br>ASSUNCAO BROS., INC.,<br><br>Debtor. | Case No. 22-16159-CMG<br><br>Judge: Hon. Christine M. Gravelle |

## ORDER CONFIRMING CONSENSUAL SUBCHAPTER V PLAN

The relief set forth on the following pages, numbered two (2) through five (5), are hereby ORDERED.

143257970.1

(Page 2)

| | |
|---|---|
| Debtor: | Assuncao Bros., Inc. |
| Case No. | 22-16159-CMG |
| Order Caption: | Order Confirming Consensual Subchapter V Plan |

The Court, having reviewed and considered the *Subchapter V Plan of Reorganization* (the "Plan") [D.I. 189] filed on January 30, 2023 by Assuncao, Bros., Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11, subchapter v case (the "Subchapter V Case"), a copy of which Plan is attached hereto as **Exhibit A**; and the Debtor having filed a *Certification of Balloting* on March 2, 2023 [D.I. 209] reflecting that no class entitled to vote on the Plan voted to reject the Plan; and due and sufficient notice of the Plan having been provided pursuant to Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules; and all objections to the Plan, including the limited objections filed by the County of Essex, New Jersey ("Essex County") [D.I. 204] and the International Union of Operating Engineers Local 825 Benefit Funds ("IUOE Local 825") [D.I. 207] having been consensually resolved; and upon the record of the confirmation hearing held on March 7, 2023, where the Court determined and made findings that the requirements for confirmation of the Plan under section 1129(a) and 1191(a) of the Bankruptcy Code have been satisfied; and it appearing that confirmation of the Plan is in the best interests of the Debtor, its estate, and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Plan is confirmed pursuant to Section 1191(a) of the Bankruptcy Code.

2. As set forth in the Plan and pursuant to D.N.J. LBR 3020-1, the Effective Date of the Plan shall be thirty (30) days after entry of this Order.

3. The Debtor shall serve as disbursing agent under the Plan and will disburse all funds in accordance with the Plan.

Debtor:         Assuncao Bros., Inc.
Case No.        22-16159-CMG
Order Caption:  Order Confirming Consensual Subchapter V Plan

4. In accordance with the Plan, the Debtor's status as a Disadvantaged Business Enterprise ("DBE") and Commercially Useful Function ("CUF") shall remain in place with respect to each of the Debtor's contracts with each Non-Bonded Project owner as defined in the Plan. Pursuant to the Plan, the Debtor shall satisfy any and all commercially useful functions to maintain its DBE status for all current and future projects.

5. In accordance with section 1183(c)(1) of the Bankruptcy Code, the Subchapter V Trustee's services shall automatically terminate upon the Plan's substantial consummation.

6. No later than fourteen (14) days after the Plan's substantial consummation, the Debtor shall (i) file the notice required under section 1183(c)(2) of the Bankruptcy Code, and (ii) file a motion for the case to be closed, for the Debtor's discharge, and for a final decree.

7. Subject to the terms of the Plan, a discharge under section 1141(d) of the Bankruptcy Code shall be granted to the Debtor subject to the occurrence of the Effective Date.

8. Sari Placona, Esq., is hereby appointed as the Plan Administrator with respect to investigating and pursuing Avoidance Claims (as defined in the Plan) on behalf of the Debtor's estate.

9. The Plan is hereby amended to include the following:

   a. For the avoidance of doubt, all rights, liens, and claims of NGM Insurance Company ("NGM" or "Surety") as set forth in (1) the *Interim Order (I) Authorizing (A) Post-Petition Financing and (B) Use of Cash Collateral and Affording Adequate Protection; (II) Modifying the Automatic Stay; and (III) Scheduling a Final Hearing* [D.I. 23]; (2) the *Final Order (I) Authorizing (A) Post-Petition Financing and (B) Use of Cash Collateral and Affording*

3

143257970.1

(Page 4)
Debtor:              Assuncao Bros., Inc.
Case No.             22-16159-CMG
Order Caption:       Order Confirming Consensual Subchapter V Plan

*Adequate Protection; and (II) Modifying the Automatic Stay* [D.I. 84]; (3) the *Order (I) Authorizing the Sale of Certain of the Debtor's Assets to Vollers Excavating and Construction, Inc., (II) Approving Settlement with Manasquan Bank as Secured Lender, (III) Authorizing the Debtor to Enter into Subcontracts with Vollers for Non-Bonded Projects, and (IV) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases* [D.I. 87]; and (4) the *Consent Order* entered on August 29, 2022 (the "Bonded Projects Consent Order") [D.I. 95], shall remain in full force and effect and survive confirmation and the Effective Date of the Plan. To the extent that the Surety was previously granted relief form the automatic stay, it is also granted relief from any post effective date injunction otherwise imposed by the Plan, this Confirmation Order and/or under the Bankruptcy Code.

b.  Notwithstanding anything to the contrary set forth in this Confirmation Order or the Plan, the provisions of the Bonded Projects Consent Order shall remain in full force and effect and shall control concerning the rights, claims, and defenses of the Debtor, NGM, and Essex County with respect to the two Bonded Contracts (as defined in the Bonded Projects Consent Order) involving Essex County.

c.  For the avoidance of doubt, that portion of IUOE Local 825's proof of claim (claim number 52) asserting a priority unsecured claim in the amount of $111,246.49, shall be treated as a priority unsecured claim under Class 17 of the Plan, with the balance of the claim to be treated as a general unsecured claim

4

143257970.1

(Page 5)
Debtor: Assuncao Bros., Inc.
Case No. 22-16159-CMG
Order Caption: Order Confirming Consensual Subchapter V Plan

under Class 18 of the Plan, subject to the Debtor's right to object to both the priority unsecured and general unsecured portions of the claim.

10. This Order shall be incorporated into and made a part of the Plan.

11. The Debtor shall serve copies of this Order upon all creditors and parties-in-interest.

12. This Court shall retain jurisdiction to hear and determine all matters arising or related to the implementation or interpretation of this Order.

143257970.1